IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

| | |
|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased,  )<br>)<br>)<br>)<br>) | Case No. _____<br><br>Removed from Montgomery County Circuit Court, CV No.: CV-06-2362 |

2005 SEP 27 P 12: 37

Plaintiff,    )
)
v.    )
)
U S A TRUCK, Inc; THEODORE    )
LEVERNE JOHNSON; et al.,    )
)
Defendants.    )

2:06 CV 868-1D

---

### REMOVAL PETITION

---

COME NOW the Defendants, **USA Truck, Inc.** , and **Theodore Leverne Johnson**, (hereinafter the "Defendants"), and file their Notice of Removal and show unto the Court as follows:

1.    The Plaintiff filed this action in the Circuit Court of Montgomery County, Alabama, on or about September 6, 2006. This removal petition is filed in the United States District Court for the Middle District of Alabama, Northern Division, within the time allowed by law for the removal of actions to United States District Court. The documents attached hereto as "Exhibit 1", are the courtesy copies of the Complaint and written discovery provided by Plaintiff's counsel.

2.    The Defendants file this notice of removal with the Court pursuant to 28 U.S.C. §§ 1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This notice of removal is timely filed because it is submitted within thirty (30) days of the day the Defendants received a copy of, or otherwise received notice of, the Summons and Complaint in

this action. Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

3.    Pursuant to 28 U.S.C. § 1446(d), the Defendants show that a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama. Further, the Defendants represent to this Court that a copy of this notice of removal is also being served upon counsel for the Plaintiff.

4.    Complete diversity exists between the parties to this action. The Plaintiff, Landria Britt, is a resident and citizen of the State of Alabama. (Compl. ¶ 1). Defendant USA Truck, Inc., is incorporated in the State of Delaware with its principle place of business located in Van Buren, Arkansas. Therefore, USA Truck, Inc., is not a citizen of the State of Alabama, but is a citizen of the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Defendant Theodore Leverne Johnson is a resident and citizen of the State of Delaware. No named Defendant is a resident of the State of Alabama and, consequently, complete diversity of citizenship exists amongst the parties. Without waiver of any defenses or objections, including but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendants submit this notice of removal.

5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 (a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and No Cents ($75,000.00), inclusive of interest and costs, and this action is between citizens of different states. The longstanding federal rule for determining a case's amount in controversy is to examine the Plaintiff's Complaint. *See Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001). Here, the Plaintiff's Complaint does not specify a total amount of damages. According to the United States Court of Appeals for the Eleventh Circuit, when the plaintiff does not specify a monetary amount of damages in the complaint, the defendant "bears a lighter burden to prove merely by a preponderance of the evidence that the amount in

-2-

controversy more likely than not exceeds the jurisdictional amount." *Lindsay*, 133 F. Supp. 2d at 1266. The Defendants aver that based upon the damages alleged in the Plaintiff's Complaint, the preponderance of the evidence indicates that the amount in controversy in this cause exceeds the sum or value of Seventy-Five Thousand Dollars and No Cents ($75,000.00), exclusive of interest and costs. The Plaintiff asserts in the Complaint that the Defendants' conduct proximately caused the *wrongful death* of John W. Britt, deceased.

      6.     When ascertaining a case's amount in controversy, "state law is relevant to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce. This includes applying state law rules regarding the applicable measure of damages and the availability of special and punitive damages." *Lindsay*, 133 F. Supp. 2d at 1277. Under Alabama law, the only type of damages recoverable in a wrongful death lawsuit are punitive damages. *Omni Ins. Co. v. Foreman*, 802 So. 2d 195 (Ala. 2001). The Federal District Court for the Middle District of Alabama has stated that "[e]xemplary damages are included in the amount in controversy as a general rule if they are legally recoverable." *Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1417 n.5 (M.D. Ala. 1986). Because the Plaintiff has alleged wrongful death, which can only give rise to a punitive damage award, this Court should consider the potential award of such damages when deciding whether the Defendants have satisfied the amount in controversy requirement. Furthermore, the Fifth Circuit Court of Appeals has stated that "allegations as to punitive damages have as much bearing on the questions of federal jurisdiction as allegations as to compensatory damages." *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir.1977)(quoting *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 64 S. Ct. 5, 6, 88 L. Ed. 15, 18 (1943)).

      7.     In the instant case, if liability, injuries and damages are proven according to the law that controls the theories set forth in the Plaintiff's Complaint, the jury in this cause could reasonably return a verdict in excess of Seventy-Five Thousand Dollars ($75,000.00). Defendants do not admit or contend that they are liable to the Plaintiff and do not admit or contend that

Plaintiff's damages necessarily exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Instead, the Defendants reasonably believe that based upon the legal theories asserted in the Plaintiff's Complaint, and the applicable Alabama law governing damages under those theories, the Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in this cause.

8.    The Defendants cannot be deprived of their right to remove this cause to the United States District Court by Plaintiff's failure to demand a specific monetary figure. *See Steele v. Underwriter's Adjusting Co., Inc.*, 649 F. Supp. 1414 (M.D. Ala. 1986).

9.    In the event the Plaintiff disputes that the amount in controversy exceeds the jurisdictional requisite, the Defendants request leave to conduct discovery to determine the extent of the Plaintiff's claim to damages.

10.    There are fictitious party Defendants designated in the Complaint. However, 28 U.S.C. § 1441(a) provides that "for purposes of removal under this Chapter, the citizenship of Defendants sued under fictitious name shall be disregarded."

11.    The events complained of in this Complaint occurred in the State of Alabama, and said action is one over which the District Courts of the United States are given original jurisdiction and there is complete diversity of citizenship between the parties, and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

WHEREFORE, the Defendants give notice that the above-action now pending in the Circuit Court of Montgomery County, Alabama, is removed therefrom to this Court.

Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-I74R)
**ATTORNEYS FOR DEFENDANTS**

-4-

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:     (205) 822-2006
Facsimile:     (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the 27th day of September, 2006,  as follows:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Montgomery, Alabama 36117

OF COUNSEL

-5-

# EXHIBIT 1

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
RECEIVED
2006 SEP -6 PM 2: 35

2006 SEP 27 P 12: 37

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| LANDRIA BRITT, as | * | |
| ADMINISTRATRIX of the ESTATE OF | * | |
| JOHN W. BRITT, deceased, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV: 06- |
| | * | |
| U S A TRUCK, Inc; THEODORE | * | |
| LEVERNE JOHNSON;  FICTITIOUS | * | |
| DEFENDANT "A", whether singular or | * | |
| plural, the person, corporation or other | * | |
| entity, that was the employer and/or | * | |
| principal and/or master of Defendant | * | |
| Johnson at the time of the subject wreck; | * | |
| FICTITIOUS DEFENDANT "B", | * | |
| whether singular or plural, the person, | * | |
| corporation or other entity, who owned or | * | |
| leased the tractor at the time of the | * | |
| subject wreck; FICTITIOUS | * | |
| DEFENDANT "C", whether singular or | * | |
| plural, the person, corporation or other | * | |
| entity, who owned or leased the trailer at | * | |
| the time of the subject wreck; | * | |
| FICTITIOUS DEFENDANT "D", | * | |
| whether singular or plural, the person, | * | |
| corporation or other entity, who or which | * | |
| are otherwise liable to the Plaintiff all | * | |
| whose identities are not known at the | * | |
| present time, but will be substituted by | * | |
| amendment when ascertained, | * | |
| | | |
| Defendants. | | |

## COMPLAINT

### Statement of Parties

1.     Plaintiff, Landria Britt, is over the age of nineteen years and resides in Deatsville,

Alabama.  She is the duly appointed Administratrix of the Estate of her deceased husband, John

W. Britt.

2.      Defendant, U S A Truck, Inc., is believed to be an Arkansas corporation with its principal place of business at 3200 Industrial Park Road, Van Buren, Arkansas 72956. At all material times, Defendant U S A Truck, Inc. was qualified to do business and was doing business in Alabama.

3.      Defendant Theodore Leverne Johnson is over the age of nineteen and is believed to reside at #2 Canoe Court, Newark, Delaware 19702.

4.      Fictitious Defendant "A", whether singular or plural, is the person, corporation or other entity that was the employer and/or master and/or principal of Defendant Johnson at the time of the subject wreck.

5.      Fictitious Defendant "B", whether singular or plural, the person, corporation or other entity, who owned or leased the tractor at the time of the subject wreck.

6.      Fictitious Defendant "C", whether singular or plural, the person, corporation or other entity, who owned or leased the trailer at the time of the subject wreck.

7.      Fictitious Defendant "D", whether singular or plural, is the person, corporation or other entity, who or which are otherwise liable to the Plaintiff all whose identities are not known at the present time, but will be substituted by amendment when ascertained.


### Statement of the Facts

8.      On or about February 20, 2006, John Britt was driving his Mazda pickup, heading west on West South Boulevard in Montgomery, Alabama.

2

9.    On the same date and time, Defendant Johnson was operating a U S A tractor-trailer and was traveling east on West South Boulevard.

10.    With a clear view of John Britt approaching, Johnson attempted to make a left-hand turn into the TA Truckstop in front of Mr. Britt's vehicle, causing a collision with Mr. Britt.

11.    Mr. Britt sustained severe injuries in this collision which caused his death.

12.    At all material times, Defendant Johnson was an employee or agent of Defendant U S A Truck, Inc. and/or Fictitious Defendant "A", "B", and/or "C" and was acting within the line and scope of his employment or agency with those Defendants.

## COUNT I

### (Negligence/Wantonness)

13.    The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

14.    Defendant Johnson, while acting within the scope of his employment with U S A Truck, Inc. and/or Fictitious Defendant "A", "B", and/or "C", negligently or wantonly operated the tractor-trailer he was driving causing the collision with John Britt.

15.    As a proximate result of the Defendants' negligence or wantonness, John Britt suffered injuries which caused his death.

WHEREFORE, Plaintiff demand judgment against Defendants in a fair and reasonable amount of damages, plus costs.

3

## COUNT II

### (Negligent Entrustment)

16.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

17.     Defendant Johnson had a history of violating motor vehicle laws of several states and violating the Federal Motor Carrier Safety Regulations and Code of Federal Regulations.

18.     With knowledge of Defendant Johnson's incompetence and violations of the law, Defendants U S A Truck, Inc. and/or the Fictitious Defendants negligently or wantonly entrusted a tractor-trailer to Defendant Johnson.

19.     While operating the tractor-trailer entrusted by Defendants U S A Truck, Inc. and/or the Fictitious Defendants,  Defendant Johnson negligently or wantonly drove in an unsafe manner causing the collision with the Plaintiffs.

20.     The negligent entrustment by U S A Truck, Inc. and the Fictitious Defendants proximately caused or contributed to cause the death of John Britt.

WHEREFORE, Plaintiffs demand judgment against Defendants U S A Truck, Inc., and/or Fictitious Defendant "A", "B", and/or "C" in a fair and reasonable amount of damages, plus costs.

## COUNT III

### (Negligent Hiring)

4

21.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

22.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants had a duty to act reasonably in hiring truck drivers, including Defendant Johnson.

23.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants knew or should have known that Defendant Johnson was not a reasonably safe driver.

24.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants negligently hired Defendant Johnson.

25.     The proximate cause of the wreck which thereby caused the death of John Britt, was Defendant Johnson's operation of the U S A Truck in an unsafe manner.

26.     The negligent hiring of Defendant Johnson by Defendant U S A Truck, Inc. and/or the Fictitious Defendants proximately contributed to the death of John Britt.

WHEREFORE, Plaintiffs demand judgment against Defendants U S A Truck, Inc., and/or Fictitious Defendant "A", "B", and/or "C" in a fair and reasonable amount of damages, plus costs.

## COUNT IV

### (Negligent Retention)

27.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

28.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants had a duty to act

5

reasonably in retaining truck drivers, including Defendant Johnson.

29.    During his employment with U S A Truck, Inc. and/or the Fictitious Defendants, Defendant Johnson committed several violations of the Federal Motor Carrier Safety Regulations and Code of Federal Regulations.

30.    Defendant U S A Truck, Inc. and/or the Fictitious Defendants knew or should have known that Defendant Johnson was not a reasonably safe driver.

31.    Defendant U S A Truck, Inc. and/or the Fictitious Defendants negligently retained Defendant Johnson as a truck driver.

32.    Defendant U S A Truck, Inc. and/or the Fictitious Defendants negligently retained Defendant Johnson as a truck driver.

33.    The proximate cause of the wreck which thereby caused the death of John Britt, was Defendant Johnson's operation of the U S A Truck in an unsafe manner.

34.    The negligent retention of Defendant Johnson by Defendant U S A Truck, Inc. and/or the Fictitious Defendants proximately contributed to the death of John Britt.

WHEREFORE, Plaintiffs demand judgment against Defendants U S A Truck, Inc., and/or Fictitious Defendant "A", "B", and/or "C" in a fair and reasonable amount of damages, plus costs.


## COUNT V

### (Negligence of U S A Truck, Inc.)

35.    The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

6

36.     Defendant U S A Truck, Inc. had a duty to use reasonable care to see that its truck drivers, including Defendant Johnson, obeyed the laws, including the Federal Motor Carrier Safety Regulations and Code of Federal Regulations..

37.     Defendant U S A Truck, Inc. negligently failed to enforce the federal statutes and regulations and allowed is drivers, including Defendant Johnson, to operate its trucks in violation of the law; to drive unsafe vehicles; and to drive in violation of these safety regulations and the laws of the various states in the country.

38.     The negligence of Defendant U S A Truck, Inc. proximately contributed to cause the death of John Britt.

WHEREFORE, Plaintiffs demand judgment against Defendants U S A Truck, Inc., and/or Fictitious Defendant "A", "B", and/or "C" in a fair and reasonable amount of damages, plus costs.

_____
KENNETH J. MENDELSOHN   MEN001

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THIS

7

**CASE.**

OF COUNSEL

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2006 SEP -6  PM 2:36

RECEIVED
2006 SEP 27  P 12:37

### IN THE CIRCUIT COURT FOR
### MONTGOMERY COUNTY, ALABAMA

LANDRIA BRITT, as Administratrix of    *
the Estate of John W. Britt, deceased.    *
                                          *
          **Plaintiff,**                  *
                                          *
v.                                        *
                                          *        **CV: 06-**
U S A TRUCK, Inc.;THEODORE               *
LEVERNE JOHNSON, et al.,                  *
                                          *
          **Defendants.**                 *


### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT THEODORE LEVERNE JOHNSON

Pursuant to Rule 33, *Alabama Rules of Civil Procedure*, Plaintiff requests that Defendant

Theodore Leverne  Johnson answer the following interrogatories within the time required by law:

1.    Please give your legal name, current address and age.

2.    Have you ever been convicted of any of the following driving offenses:

    a.    Driving a commercial motor vehicle while under the influence of alcohol

          where your blood alcohol concentration was 0.04 percent or more or

          driving under the influence of alcohol as prescribed by state law?

    b.    Refusing to undergo alcohol  testing as required by any state or

          jurisdiction?

    c.    Driving a commercial motor vehicle while under the influence of a

          controlled substance?

    d.    Leaving the scene of an accident involving a commercial motor vehicle?

    e.    A felony involving the use of a commercial motor vehicle?

3.     For each traffic violation you have had for ten years before this collision, give the date and location of the alleged violation and the result of any citation.

4.     Have you ever been involved in any other motor vehicle collision in which you were driving and, if so, please give a brief description of each such collision including the name, address, and telephone number of all other persons involved, the date, place and time of the collision, the owner of the vehicle which you were driving, and the name and current address of the person who was at fault.

5.     Have you ever been cited by any law enforcement agency for violations related to a U S A Truck tractor trailer driven by you?

6.     If your driver's license has ever been suspended or revoked, please give the date, state and reason for same.

7.     How many commercial driving licenses did you possess at the time of the collision?

8.     Give the state, drivers license number and expiration date for each CDL you have ever had.

9.     Have you ever received an out of service order? If so, state the violation, the data received and the amount of fine and costs paid.

10.    Has the company for which you were driving at the time of the collision provided you with a copy of the Federal Motor Carrier Safety Regulations? Is so, when?

11.    State the name of all liability insurance companies or carriers that protect you for this accident, including your basic motor vehicle coverage and all excess or umbrella policies.

12.    State the limits of insurance on each policy identified in the preceding interrogatory.

13.    At the time of the collision who were you acting on behalf of?

14.    State the full name and owner of the vehicle you were driving at the time of the collision.

15.    At the time of the collision, who where you employed by?

16.    Give the name and address of the person who gave you permission or authority to use the tractor-trailer on the day of the accident.

17.    State the number of hours you had been on duty in the 24 hours before the collision.

18.    State the number of hours you had been on duty in the 7 days before the collision.

19.    State the number of consecutive hours and/or minutes you had been driving prior to the accident.

20.    State each activity you were performing for the entire 7 day period leading up to the accident and include the amount of time for each such activity.

21.    State the purpose of the trip you were making at the time of the collision, from where you departed, and your intended destination.

22.    Describe the exact route that you followed on the date of the collision from the point where your trip commenced to the point where the collision occurred.

23.    State the exact time you left the place of departure.

24.    State each time, if any, you stopped between the time of departure and the time of the collision.

25.    Did you deviate in any manner from your planned route prior to the collision?  If so, explain.

26.    Describe in your own words how this collision occurred.

27.     What type of maneuver were you making at the time of the collision?

28.     Why were you going to the T A Truckstop?

29.     If you contend that John Britt was in any way negligent in causing this wreck, describe your position in detail.

30.     Identify all equipment in the cab of the tractor you were driving at the time of the collision that provided satellite communication or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

31.     State the name, address and phone number of each person who witnessed or claims to have witnessed the collision.

32.     Identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.


KENNETH J. MENDELSOHN  (MEN001)

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served along with the Complaint and Summons on this _6_ day of September, 2006

Of Counsel



IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

LANDRIA BRITT, as                              *
ADMINISTRATRIX of the ESTATE OF                *
JOHN W. BRITT, deceased,                       *
                                               *
     Plaintiff,                               *
                                               *
v.                                             *    CV: 06-
                                               *
U S A TRUCK, Inc; THEODORE                     *
LEVERNE JOHNSON; et al,                        *
                                               *
     Defendants.                              *

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, USA TRUCK, INC.

Pursuant to Rule 33, *Alabama Rules of Civil Procedure*, Plaintiff requests that all

Defendant USA Truck, Inc. answer the following interrogatories within the time required by law:

1.     Identify by name and title each and every person who has answered or helped

answer these Interrogatories.

2.     State the full and correct name of the Defendant business entity and all parent

companies and subsidiaries.

3.     State the name and address of the owner(s) of the tractor and attached trailer that

were involved in the incident described in the Plaintiff's Complaint.

4.     Was Theodore Leverne Johnson employed by USA Truck, Inc. at the time of the

collision. If Theodore Leverne Johnson was <u>not</u> an employee of USA Truck, Inc., state the

nature of the business relationship between Theodore Leverne Johnson and USA Truck, Inc.

5.    If USA Trucks, Inc. claims that Theodore Leverne Johnson was <u>not</u> acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

6.    Immediately following the incident of February 20, 2006, please state:

   a.) The person at USA Trucking, Inc. who was first notified of the accident?

   b.) The date and time this person was notified?

   c.) Whether anyone created a written record of the accident, and if so, whom?

   d.) Is this record kept in any Vehicle Accident Investigation File or its equivalent?

   e.) Is this record kept in the ordinary course of business.

7.    Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

8.    At the time of the incident in question:

   a.) List the name of any motor vehicle insurance, excess insurance, "umbrella" coverage, general liability insurance and/or other insurance which arguably provides coverage for USA Trucking, Inc. and/or Theodore Leverne Johnson.

   b.) Liability coverage limit of each type of insurance identified.

   c.) The amount any liability deductible and/or self insured retention which requires payment from the Defendant, and;

9.    Identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is

2

expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

10.    List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

11.    Identify any non-party who you claim is or may be liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a party and the facts upon which you base this assertion.

12.    Other than the incident at issue, please list all other incidents involving alleged personal injury or death in which Theodore Leverne Johnson above, has been involved, either as an operator or passenger.

13.    Describe all maintenance that had been performed on the tractor or trailer of the subject vehicle for the 6 months prior to the collision.  For each such maintenance, please list the following:

      a.      What prompted the maintenance visit;

      b.      Who performed the maintenance;

      c.      Who diagnosed the necessity for maintenance;

      d.      What diagnosis was rendered;

      e.      When were the repairs performed;

      f.      What, if any, parts were replaced; and,

      g.      Did the problem reoccur?  If so, when?

3

18.    Describe the load when the tractor trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

19.    Is there a bill of lading or any other document describing in detail, the entire cargo loaded in the trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

20.    Identify the US DOT number displayed on the tractor-trailer on the date of the incident.

21.    Please state in detail the method of calculating Theodore Leverne Johnson's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

22.    Please state the name, address, phone number, and title of the individual(s) at USA Trucking, Inc. who would verify whether Theodore Leverne Johnson was in compliance with federal safety regulations at the time of the motor vehicle collision with Plaintiff?

23.    Please state all training that USA Trucking, Inc. provides or requires for its drivers/operators.

24.    Identify all equipment in the cab of the tractor driven by Theodore Leverne Johnson at the time of the collision that provided satellite communication or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

25.    Identify and describe any all systems your company uses to review and/or audit drivers logs to check to see if drivers are in compliance with the Federal Regulations.

4

26.    List the engine manufacturer of the tractor (i.e. Detroit Diesel, Cummins, Mack,

Caterpillar) and the year it was made.

_____
KENNETH J. MENDELSOHN   MEN001


OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served along with the
Complaint and Summons on this the ___6___ day of September, 2006.

_____
Of Counsel

5



FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 SEP -6 PM 2:36

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

LANDRIA BRITT, as                              *
ADMINISTRATRIX of the ESTATE OF                *
JOHN W. BRITT, deceased,                       *
                                               *
        Plaintiff,                             *
                                               *
v.                                             *        CV: 06-
                                               *
U S A TRUCK, Inc; THEODORE                     *
LEVERNE JOHNSON; et al,                        *
                                               *
        Defendants.                            *

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, USA TRUCK, INC.

Pursuant to Rule 33, *Alabama Rules of Civil Procedure*, Plaintiff requests that all

Defendant USA Truck, Inc. answer the following interrogatories within the time required by law:

1.      Identify by name and title each and every person who has answered or helped

answer these Interrogatories.

2.      State the full and correct name of the Defendant business entity and all parent

companies and subsidiaries.

3.      State the name and address of the owner(s) of the tractor and attached trailer that

were involved in the incident described in the Plaintiff's Complaint.

4.      Was Theodore Leverne Johnson employed by USA Truck, Inc. at the time of the

collision. If Theodore Leverne Johnson was <u>not</u> an employee of USA Truck, Inc., state the

nature of the business relationship between Theodore Leverne Johnson and USA Truck, Inc.

5.    If USA Trucks, Inc. claims that Theodore Leverne Johnson was <u>not</u> acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

6.    Immediately following the incident of February 20, 2006, please state:

   a.) The person at USA Trucking, Inc. who was first notified of the accident?

   b.) The date and time this person was notified?

   c.) Whether anyone created a written record of the accident, and if so, whom?

   d.) Is this record kept in any Vehicle Accident Investigation File or its equivalent?

   e.) Is this record kept in the ordinary course of business.

7.    Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

8.    At the time of the incident in question:

   a.) List the name of any motor vehicle insurance, excess insurance, "umbrella" coverage, general liability insurance and/or other insurance which arguably provides coverage for USA Trucking, Inc. and/or Theodore Leverne Johnson.

   b.) Liability coverage limit of each type of insurance identified.

   c.) The amount any liability deductible and/or self insured retention which requires payment from the Defendant, and;

9.    Identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is

2

expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

10.    List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

11.    Identify any non-party who you claim is or may be liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a party and the facts upon which you base this assertion.

12.    Other than the incident at issue, please list all other incidents involving alleged personal injury or death in which Theodore Leverne Johnson above, has been involved, either as an operator or passenger.

13.    Describe all maintenance that had been performed on the tractor or trailer of the subject vehicle for the 6 months prior to the collision. For each such maintenance, please list the following:

    a.    What prompted the maintenance visit;

    b.    Who performed the maintenance;

    c.    Who diagnosed the necessity for maintenance;

    d.    What diagnosis was rendered;

    e.    When were the repairs performed;

    f.    What, if any, parts were replaced; and,

    g.    Did the problem reoccur? If so, when?

3

18.    Describe the load when the tractor trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

19.    Is there a bill of lading or any other document describing in detail, the entire cargo loaded in the trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

20.    Identify the US DOT number displayed on the tractor-trailer on the date of the incident.

21.    Please state in detail the method of calculating Theodore Leverne Johnson's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

22.    Please state the name, address, phone number, and title of the individual(s) at USA Trucking, Inc. who would verify whether Theodore Leverne Johnson was in compliance with federal safety regulations at the time of the motor vehicle collision with Plaintiff?

23.    Please state all training that USA Trucking, Inc. provides or requires for its drivers/operators.

24.    Identify all equipment in the cab of the tractor driven by Theodore Leverne Johnson at the time of the collision that provided satellite communication or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

25.    Identify and describe any all systems your company uses to review and/or audit drivers logs to check to see if drivers are in compliance with the Federal Regulations.

4

26.    List the engine manufacturer of the tractor (i.e. Detroit Diesel, Cummins, Mack,

Caterpillar) and the year it was made.

KENNETH J. MENDELSOHN    MEN001

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served along with the
Complaint and Summons on this the ___6___ day of September, 2006.

Of Counsel

5

**IN THE CIRCUIT COURT FOR**
**MONTGOMERY COUNTY, ALABAMA**

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 SEP -6  PM 2: 35

| | |
|---|---|
| **LANDRIA BRITT, as** | * |
| **ADMINISTRATRIX of the ESTATE OF** | * |
| **JOHN W. BRITT, deceased,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | *    **CV: 06-** |
| | * |
| **U S A TRUCK, Inc; THEODORE** | * |
| **LEVERNE JOHNSON; et al,** | * |
| | * |
| **Defendants.** | * |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, USA TRUCK, INC.

Pursuant to Rule 35, *Alabama Rules of Civil Procedure*, Plaintiffs request that all

Defendant, USA Truck, Inc., produce the following documents and things within the time

required by law:

1.    Produce any and all accident and/or incident reports and investigations prepared by

this Defendant as a result of the crash other than the police report.

2.    Produce the accident register maintained as required in 49 CFR 390.15(b) to

include the motor vehicle collision with Plaintiff and all accidents 3 years prior to February 20,

2006.

3.    If ISO certified, please produce all ISO Certification documents.

4.    Produce all documents prepared concerning all inspections performed on the

tractor and trailer involved in this accident.

5.    Produce all leases and contracts that were in effect for the cab and trailer on the

day of the accident.

6.    Produce the entire personnel file of Theodore Leverne Johnson.

7.    Produce the entire driver qualification file of Theodore Leverne Johnson.

8.    Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.    Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10.    Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11.    Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

12.    Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

13.    Produce all logs–official or unofficial–of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

14.    Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

15.    Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and for the day of the collision.  Specifically, produce the supporting documents listed below which the Defendant is required to maintain under 49 CFR 395.8(k).

    a.    Bills of lading;

2

b.      Carrier pros;

c.      Freight bills;

d.      Dispatch records;

e.      Driver call-in records;

f.      Gate record receipts;

g.      Weight/scale tickets;

h.      Fuel billing statements and/or summaries;

i.      Toll receipts;

j.      International registration plan receipts;

k.      International fuel tax agreement receipts;

l.      Trip permits;

m.      Lessor settlement sheets;

n.      Port of entry receipts;

o.      Cash advance receipts;

p.      Delivery receipts;

q.      Lumper receipts;

r.      Interchange and inspection reports;

s.      Over/short and damage reports;

t.      Agricultural inspection reports;

u.      Commercial Vehicle Safety Alliance reports;

v.      Accident reports;

w.      Telephone billing statements;

3

x.      Credit card receipts;

y.      Driver fax reports;

z.      On-board computer reports

aa.     Border crossing reports

bb.     Custom declarations

cc.     Traffic citations

dd.     Overweight/oversize reports and citations

ee.     And/or other documents directly related to the motor carrier's operation which are
retained by the motor carrier in connection with the operation of its transportation
business.

16.     Produce any and all cellular and telephone records and bills of the Defendant for
the day of the motor vehicle collision with Plaintiff and seven days prior.

17.     Produce any and all credit card bills and receipts for Theodore Leverne Johnson the
month of the motor vehicle collision with Plaintiff.

18.     Produce copies of any and all fuel tax reports of Theodore Leverne Johnson for the year
of this collision.

19.     Produce any and all state safety audits of Theodore Leverne Johnson for the year of this
collision and three years prior.

20.     Produce any and all federal accident reports filed by Theodore Leverne Johnson the year
of this collision and three years prior.

21.     Produce any and all DOT inspection reports filed by Theodore Leverne Johnson for the
year of this collision and three years prior.

4

22.    Produce any and all long form DOT physicals of Theodore Leverne Johnson.

23.    Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Theodore

Leverne Johnson for the month of this collision.

24.    Produce any and all DOT and State inspections of the tractor involved in the crash

for the year of the collision and one year prior.

25.    Produce any photographs taken of the semi-tractor trailer operated by the driver at the

scene of the collision, or anytime after.

26.    Produce copies of any documentation evidencing the completion or non-completion of

training programs and driver orientation programs by Theodore Leverne Johnson.

27.    Produce copies of any and all satellite communications and e-mail for the day of the

collision and seven days prior, as well as all recorded ECM (electronic control module), EDR

(event data recorder), and/or SDM (sensing & diagnostic module) chronological data with

reference to all data available, including but not limited to:

    a. trip distance

    b. total vehicle driving time

    c. load factor

    d. vehicle speed limit

    e. maximum vehicle speed recorded

    f.  number of hard brake incidents

    g. current engine speed (rpm)

    h. maximum and minimum cruise speed limits

    I.  total vehicle driving distance

5

j.  fuel consumption (gal./hr.)

k.  idle time

l.  engine governed speed

m. maximum engine speed recorded

n.  current throttle position

o.  brake switch status (on/off)

p.  odometer

q.  trip driving time

r.  overall fuel economy (MPG)

s.  average driving speed

t.  # of engine overspeeds

u.  # of vehicle overspeeds

v.  current vehicle speed (MPH)

w.  clutch switch status (on/off)

x.  clock

y.  jake brake status

28.    Produce all policies including liability, general liability, excess umbrella for the tractor
and trailer and any other insurance that will cover or arguably cover this collision.

29.    Produce a copy of the completion or non-completion of any safe driving programs
by Theodore Leverne Johnson.

30.    Produce a copy of the driver manual or handbook issued to Theodore Leverne Johnson.

31.    Produce a copy of the company safety rules issued to Theodore Leverne Johnson.

6

32.    Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with Plaintiff.

33.    Please produce the printout(s) from any database identified in Interrogatory No. 29 for the one year preceding the February 20, 2006 motor vehicle collision with Plaintiff.

_____
KENNETH J. MENDELSOHN   MEN001

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served along with the Complaint and Summons on this the ___6___ day of September, 2006.

_____
Of Counsel

7