IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LANDRIA BRITT, as ADMINISTRATRIX** of the **ESTATE OF JOHN W. BRITT,** deceased, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **U S A TRUCK, Inc; THEODORE LEVERNE JOHNSON; et al.,** | )<br>) |
| | ) |
| Defendants. | ) |

Case No. 2:06cv868-ID-CSC

## ANSWER

COME NOW the Defendants, **USA Truck, Inc.**, and **Theodore Leverne Johnson**, (hereinafter the "Defendants"), and for Answer to the Complaint separately and severally set down and assign the following defenses:

### Statement of the Parties

1. Upon information and belief, the Defendants admit that the Plaintiff Landria Britt is over the age of nineteen (19) years and resides in Deatsville, Alabama. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Plaintiff's Complaint, such that same are hereby denied and the Defendants demand strict proof thereof.

2. The Defendants admit the averments contained in paragraph 2 of the Plaintiff's Complaint.

3. The Defendants admit the averments contained in paragraph 3 of the Plaintiff's Complaint.

4. Paragraph 4 of the Plaintiff's Complaint does not require a response from these Defendants.

5. Paragraph 5 of the Plaintiff's Complaint does not require a response from these Defendants.

6. Paragraph 6 of the Plaintiff's Complaint does not require a response from these Defendants.

7. Paragraph 7 of the Plaintiff's Complaint does not require a response from these Defendants.

## Statement of the Facts

8. The Defendants admit the averments contained in paragraph 8 of the Plaintiff's Complaint.

9. The Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Compliant and demand strict proof thereof.

10. The Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Compliant and demand strict proof thereof.

11. The Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Compliant and demand strict proof thereof.

12. The Defendants admit the averments contained in paragraph 12 of the Plaintiff's Complaint.

## COUNT I - Negligence/Wantonness

13. The Defendants hereby adopt and incorporate by reference the foregoing paragraphs as if fully stated herein.

14. The Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Compliant and demand strict proof thereof.

15. The Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Compliant and demand strict proof thereof.

The Defendants deny that the Plaintiff is entitled to the relief requested in this unnumbered paragraph and demand strict proof thereof.

### COUNT II - Negligent Entrustment

16. The Defendants hereby adopt and incorporate by reference the foregoing paragraphs as if fully stated herein.

17. The Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Compliant and demand strict proof thereof.

18. The Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Compliant and demand strict proof thereof.

19. The Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Compliant and demand strict proof thereof.

20. The Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Compliant and demand strict proof thereof.

The Defendants deny that the Plaintiff is entitled to the relief requested in this unnumbered paragraph and demand strict proof thereof.

### COUNT III - Negligent Hiring

21. The Defendants hereby adopt and incorporate by reference the foregoing paragraphs as if fully stated herein.

22. The Defendants admit the averments contained in paragraph 22 of the Plaintiff's Complaint.

23. The Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Compliant and demand strict proof thereof.

24. The Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Compliant and demand strict proof thereof.

25. The Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Compliant and demand strict proof thereof.

26. The Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Compliant and demand strict proof thereof.

The Defendants deny that the Plaintiff is entitled to the relief requested in this unnumbered paragraph and demand strict proof thereof.

## COUNT IV - Negligent Retention

27. The Defendants hereby adopt and incorporate by reference the foregoing paragraphs as if fully stated herein.

28. The Defendants admit the averments contained in paragraph 28 of the Plaintiff's Complaint.

29. The Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Compliant and demand strict proof thereof.

30. The Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Compliant and demand strict proof thereof.

31. The Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Compliant and demand strict proof thereof.

32. The Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Compliant and demand strict proof thereof.

33. The Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Compliant and demand strict proof thereof.

34. The Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Compliant and demand strict proof thereof.

The Defendants deny that the Plaintiff is entitled to the relief requested in this unnumbered paragraph and demand strict proof thereof.

### COUNT V - Negligence of USA Truck, Inc.

35. The Defendants hereby adopt and incorporate by reference the foregoing paragraphs as if fully stated herein.

36. The Defendants admit the averments contained in paragraph 36 of the Plaintiff's Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Plaintiff's Compliant and demand strict proof thereof.

38. The Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Compliant and demand strict proof thereof.

The Defendants deny that the Plaintiff is entitled to the relief requested in this unnumbered paragraph and demand strict proof thereof.

### FIRST DEFENSE

The Defendants plead the general issue and say that they are not guilty of the matters with which they are charged in the Complaint and demand strict proof thereof.

### SECOND DEFENSE

The Complaint fails to state a claim against one or more Defendants upon which relief can be granted.

### THIRD DEFENSE

The Complaint is vague and indefinite and does not apprise the Defendants of what they are called upon to defend against.

## FOURTH DEFENSE

The Defendants deny that they are guilty of negligence and/or wantonness as alleged in the Complaint and demand strict proof thereof.

## FIFTH DEFENSE

The Defendants aver that there is no causal connection or relationship between any alleged negligence and/or wantonness on the part of these Defendants and the alleged injuries or damages contained in the Complaint.

## SIXTH DEFENSE

The Defendants plead the applicable statute of limitations.

## SEVENTH DEFENSE

The Defendants contend that the Plaintiff lacks standing and/or is not the real party at interest to assert the claims contained in the Plaintiff's Complaint.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of spoliation and by Plaintiff's failure to preserve evidence in this matter.

## NINTH DEFENSE

Defendants aver that the Plaintiff's claims are barred by the intervening or superseding negligence of others over whom these Defendants had no control.

## TENTH DEFENSE

The Defendants plead the last clear chance rule.

## ELEVENTH DEFENSE

The Defendants plead contributory negligence.

## TWELFTH DEFENSE

The Defendants plead sudden emergency.

-6-

### THIRTEENTH DEFENSE

The Defendants deny that they violated Alabama's wrongful death statute.

### FOURTEENTH DEFENSE

The Defendants plead insufficient process and/or insufficient service of process.

### FIFTEENTH DEFENSE

The Defendants assert that some or all of the Plaintiff's claims are barred due to the principals of res judicata.

### SIXTEENTH DEFENSE

The Defendants assert that the Plaintiff's Complaint is due to be dismissed for failure to join a necessary and indispensable party.

### SEVENTEENTH DEFENSE

Defendants claim as a set off any monies received by or paid on behalf of Plaintiff or decedent for the acts or injuries alleged in Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

### EIGHTEENTH DEFENSE

The Defendants aver that some or all of the Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

### NINETEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

### TWENTIETH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive or exemplarily damages, violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. Same also violates Defendants' right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

### TWENTY-FIRST DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

### TWENTY-SECOND DEFENSE

Any award of punitive damages to Plaintiff in this case would violate the constitutional safeguards provided to the Defendants under the due process clause of the Fourteenth Amendment of the United States Constitution in that punitive damages are vague and not rationally related to legitimate government concern or interest.

### TWENTY-THIRD DEFENSE

Any award of punitive damages to Plaintiff in this case would violate Article I, § 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and not rationally related to legitimate government concern or interest.

### TWENTY-FOURTH DEFENSE

Any award of punitive damages to Plaintiff in this case would violate the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants are entitled to

the same procedural safeguards afforded to criminal defendants.

## TWENTY-FIFTH DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

## TWENTY-SIXTH DEFENSE

It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose against Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

## TWENTY-SEVENTH DEFENSE

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose against Defendants punitive damages, which are penal in nature, by requiring a burden of proof by Plaintiffs, which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## TWENTY-EIGHTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will violate the Eighth Amendment of the United States Constitution in that said damages would be an excessive fine in violation of the Excessive Fine Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTY-NINTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

**THIRTIETH DEFENSE**

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights to order, liberty, and of access to the courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based upon the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective, and specific standard for appellate review for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

**THIRTY-FIRST DEFENSE**

The imposition of punitive damages in this case violates the Equal Protection Clause amendments V and XIV of the United States Constitution and deprives Defendants of the right to equal protection under the law provided in Article I, sections 1, 6, and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and

specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

### THIRTY-SECOND DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00.

### THIRTY-THIRD DEFENSE

The Alabama Wrongful Death Statute, and the procedures pursuant to which punitive damages are awarded thereunder, amount to a denial of equal protection of the law under the Fourteenth Amendment of the United States Constitution, in that they allow an award of punitive damages for simple negligence.

### THIRTY-FOURTH DEFENSE

Defendants are denied due process and equal protection of the law because limitations and safeguards applicable to damages awards in other tort cases are not applicable in this wrongful death action against Defendants.

### THIRTY-FIFTH DEFENSE

Defendants reserve the right to amend their Answer to include any other matter that might constitute an avoidance or affirmative defense.

s/ Lea Richmond, IV
Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-l74R)
**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

## CERTIFICATE OF SERVICE

      I hereby certify that on October 30, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Montgomery, Alabama 36117

                                          s/ Lea Richmond, IV
                                          OF COUNSEL