## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as | ) | |
| ADMINISTRATRIX of the | ) | |
| ESTATE OF JOHN W. BRITT, | ) | |
| deceased, | ) | Case No. 2:06cv868-ID-CSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U S A TRUCK, Inc.; THEODORE | ) | |
| LEVERNE JOHNSON; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## BRIEF IN SUPPORT OF MOTION
## FOR PARTIAL SUMMARY JUDGMENT

---

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"),and in support of their Motion for Partial Summary Judgment, present the following points of fact and law:

## I. INTRODUCTION

The Plaintiff filed this lawsuit on or about September 6, 2006, in the Circuit Court of Montgomery County, Alabama. The Defendants removed the lawsuit to this Court under diversity of citizenship jurisdiction within the time allowed by law.

Thereafter, the Defendants filed an Answer denying all of the material allegations in the Plaintiff's Complaint. This litigation is based upon a motor vehicle accident that occurred on the evening of February 20, 2006, at the intersection of West South Boulevard and Sassafras Circle in Montgomery, Alabama. According to the Plaintiff, at the aforementioned time and place, a tractor-trailer driven by Theodore L. Johnson collided with a vehicle driven by the decedent, John W. Britt.

In the Complaint, the Plaintiff alleges that the accident occurred because Mr. Johnson negligently and/or wantonly operated his tractor-trailer. (Compl. ¶¶ 13-15, attached hereto as Exhibit 1). Additionally, the Plaintiff alleges that USA Truck, Inc., negligently/wantonly entrusted the tractor-trailer to Mr. Johnson. (Compl. ¶¶ 16-20). Further, the Plaintiff contends that USA Truck, Inc., negligently hired and retained Mr. Johnson. (Compl. ¶¶ 21-34). Finally, the Plaintiff contends that USA Truck, Inc., acted negligently by failing to enforce particular statutes and laws applicable to Mr. Johnson. (Compl. ¶¶ 35-38). The Defendants' Motion for Partial Summary Judgment only addresses these claims and does not seek dismissal of the Plaintiff's negligent operation claim.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. Swain v. Hillsborough County School Bd., 146 F.3d 855, 857 (11th Cir. 1998).

The party seeking summary judgment has the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). **The moving party may discharge this burden by "pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."** Celotex Corp., 477 U.S. at 325 (emphasis added). Once the moving party meets that burden, the non-moving party must set forth **specific facts** demonstrating that there is a genuine issue of fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986) (emphasis added). A genuine issue of material fact exists for trial if a reasonable jury could return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

To avoid an adverse ruling on a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of [their] pleadings." Fed. R. Civ. P. 56(e). Nor may the non-moving party defeat a summary judgment motion

by simply providing a mere "scintilla" of evidence.  <u>Burger King Corp. v. Weaver</u>,

169 F.3d 1310, 1321 (11th Cir. 1999).  Instead, there must be a genuine factual

conflict in the evidence to support a jury question.  <u>Burton v. City of Belle Glade</u>, 178

F.3d 1175, 1187 (11th Cir. 1999).

### III.  <u>THE PLAINTIFF'S CONTENTIONS AND CITED EVIDENCE</u>

The Plaintiff alleges that Mr. Johnson failed to yield the right-of-way to Mr.

Britt.  Specifically, the Plaintiff contends that Mr. Johnson caused the subject

accident by turning left across West South Boulevard in front of Mr. Britt's vehicle.

(Pl.'s Resp. Interrog. 4, attached hereto as Exhibit 2).

To support the negligent/wanton entrustment claims and the negligent hiring

and retention claims, the Plaintiff has cited Mr. Johnson's hours of service records

and his qualification file as supporting evidence for those legal theories.  (Pl.'s Resp.

Interrogs. 26-28).

As outlined in more detail below, the Defendants argue, for purposes of Rule

56, that even if Mr. Johnson failed to yield the right-of -way to Mr. Britt, his doing

so only amounted to negligence, not wantonness.  Additionally, the Defendants argue

that nothing contained in documents produced (hours of service records and

qualification file) and referenced by the Plaintiff in her interrogatory responses

supports either the negligent/wanton entrustment claims, the negligent hiring and

retention claims, or the "negligence of USA Truck, Inc." claim.  Stated differently, the Defendants point out to the Court that there is an "absence of evidence" to support these claims.

## IV.  ARGUMENT

### A.    The Plaintiff Cannot Set Forth Specific Evidence that USA Truck, Inc., Negligently Entrusted a Vehicle to Mr. Johnson.

The Alabama Supreme Court described the claim of negligent entrustment in the following manner:

> Negligent Entrustment is defined in Restatement (Second) of Torts 390, as follows: One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Pryor v. Brown & Root USA, 674 So. 2d 45, 51 (Ala. 1995)(quoting Wilbanks v. Brazil, 425 So. 2d 1123 (Ala. 1983), quoting in turn Brown v. Vanity Fair Mills, Inc., 291 Ala. 80, 82, 277 So. 2d 893 (1973)).  In Pryor, the court set out the precise burden a plaintiff must satisfy in order to succeed on a negligent entrustment claim. The court specifically stated the elements for a negligent entrustment cause of action are: "(1) an entrustment, (2) to an incompetent; (3) with knowledge that he [or she]

is incompetent; (4) proximate cause; and (5) damages." Pryor, 674 So. 2d at 51.

Finally, the court paraphrased the most important element of the claim by stating, "the doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with the manifestations of the incompetence of the driver as a basic requirement of the negligent entrustment action." Id. at 51.

In Pryor, the plaintiff, Ms. Pryor, sued Brown & Root for injuries she sustained as a result of a motor vehicle accident. Id. at 46. Specifically, Ms. Pryor claimed that Brown & Root negligently entrusted a vehicle to the driver who struck her vehicle. Id. at 51. Brown & Root moved for summary judgment on the entrustment claim at the trial court level and prevailed. Id. In affirming the summary judgment, the Alabama Supreme Court considered the driving record of the employee involved in the subject accident. The court noted that the employee was charged with a DUI ten years prior to the subject accident, which resulted in a "deferred adjudication" due to the employee's participation in an alcohol education class. Pryor, 674 So. 2d at 51. The employee also received two speeding tickets within the five years preceding the subject accident. Id. Finally, the court noted that the employee was never involved in any accidents before he struck Ms. Pryor. Id.

After examining this evidence, the court concluded that the employee's "prior driving record – two speeding tickets and a suspended prosecution of a DUI charge over a 10 year period – is not sufficient to support a claim of negligent entrustment against Brown & Root." <u>Id.</u> at 52.  The court stated that, "Pryor failed to present substantial evidence that [the employee] was an incompetent driver or that Brown & Root had any knowledge that would indicate [the employee] was incompetent." <u>Id.</u> Finally, while affirming the trial court's entry of summary judgment, the court noted, "Pryor did not overcome Brown & Root's prima facie showing that there was no genuine issue of material fact regarding the negligent entrustment claim." <u>Pryor</u>, 674 So. 2d at 51.

In the case at bar, this Court is faced with no specific evidence to support a negligent entrustment claim, only blanket references to documents produced by the Defendants.  Because the Plaintiff has not set forth any specific evidence indicated that Mr. Johnson was an incompetent driver, the Plaintiff cannot establish the key element of her negligent entrustment claim.  To be sure, the driver in <u>Pryor</u> had two citations for speeding on his record, each of which occurred less than five years before the subject accident, plus a DUI citation.  Contrastingly, the record in the instant case is void of ANY specific evidence, other than vague references to a collection of unauthenticated documents, suggesting that Mr. Johnson was an

incompetent driver.  Secondarily, even if the Plaintiff could demonstrate that Mr. Johnson was an incompetent driver, the Plaintiff cannot show that USA Truck, Inc., knew, or reasonably should have known, of his incompetency.  The Plaintiff has set forth NO evidence that USA Truck, Inc., failed to properly investigate Mr. Johnson's record and/or his credentials as a driver, or otherwise.  Due to these evidentiary insufficiencies, the Plaintiff's claim for negligent entrustment is factually unsupported and should be disposed of on summary judgment.

**B.    The Plaintiff Cannot Set Forth Specific Evidence that USA Truck, Inc., Negligently Hired or Supervised Mr. Johnson.**

While defining the elements of the tort of negligent hiring or supervision, the Alabama Supreme Court has stated that "'[i]n the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. . . .' A party alleging negligent or wanton supervision and hiring must also prove the underlying wrongful conduct of employees." <u>Hester v. Brown</u>, 2007 U.S. Dist. LEXIS 38454, *24 (M.D. Ala. 2007)(internal citations omitted).

In the instant matter, the Plaintiff has not cited any particular acts or omissions committed by Mr. Johnson that should have suggested to a motor carrier that he was

unfit to be hired as a driver.  For that reason, the Plaintiff's negligent hiring claim fails as a matter of law.

### C.    The Plaintiff Cannot Set Forth Specific Evidence that USA Truck, Inc., Negligently Retained Mr. Johnson.

A claim for negligent retention is substantively similar to a claim of negligent supervision in the employment arena.  See generally Gardner v. State Farm Mut. Automotive Ins. Co., 842 So. 2d 1, 10 (Ala. Civ. App. 2002).  For negligent retention, the plaintiff must prove that the retainor, through the exercise of due care and diligence, would have recognized the incompetency of the retainee. See id. at 10.  This burden can be met if the plaintiff presents substantial evidence of repeated, specific acts of incompetency on the part of the retainee, that due to their nature and frequency, should have come to the attention of the retainor. See id. at 10.

Once again, the Plaintiff has not shown any repeated, specific acts of incompetency on the part of Mr. Johnson.  What is more, the Plaintiff cannot show that USA Truck, Inc., failed to exercise due diligence in monitoring Mr. Johnson during his employment with USA Truck, Inc.  For these reasons, the Plaintiff cannot maintain her negligent retention action as a matter of law.

**D.    The Plaintiff Cannot Set Forth Specific Evidence that Mr.**
**Johnson Wantonly Operated His Vehicle.**

The Eleventh Circuit Court of Appeals has commented on the distinction between negligence and wantonness.  See Rommell v. Automobile Racing Club of America, Inc., 964 F.2d 1090 (11th Cir. 1992).  Simply put, the court has emphasized that under Alabama law, negligence and wantonness are two separate theories of tort recovery.  Wantonness requires some "degree of conscious culpability," whereas negligence can easily arise from inadvertence.  Rommell, 964 F.2d at 1096.  Specifically, the court has acknowledged that,

> Wantonness is not merely a higher degree of culpability than negligence.  Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability.  **Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury...**"

Rommell, 964 F.2d at 1097 (emphasis added).

In the instant case, even if the Plaintiff's allegation that Mr. Johnson failed to yield the right-of-way when he made a left-hand turn is taken in the light most favorable to the Plaintiff for purposes of Rule 56, the Defendants are still entitled to a judgment as a matter of law on the wantonness count because the Plaintiff cannot prove by substantial evidence that Mr. Johnson operated his tractor-trailer "with

knowledge of danger, or with consciousness" that how he operated his tractor would likely cause injury to others. According to the Plaintiff, Mr. Johnson failed to yield the right-of-way while making a left-hand turn. Even if that is true, which the defense adamantly disputes for purposes of trial, that evidence shows, at worst, that Mr. Johnson was guilty of inattentiveness. Such conduct would only amount to negligence, not wantonness.

The case of <u>Haynes v. Sarsfield</u>, 2007 U.S. Dist. LEXIS 61869 (M.D. Ala. 2007), demonstrates that the Plaintiff's wanton operation claim should not go to the jury. There, the plaintiff, Mr. Haynes, was involved in an accident with a tractor-trailer driven by the defendant, Ms. Sarsfield. <u>Id.</u> at *4. Just before the accident, Mr. Haynes drove north in U.S. Highway 231's right lane. As Mr. Haynes approached a parking lot to his right, Ms. Sarsfield attempted to turn right out of that parking lot onto U.S. 231 to also head north. <u>Id.</u> at *5. From a "dead stop", Ms. Sarsfield slowly edged out of the parking lot onto U.S. 231. <u>Id.</u> Although Ms. Sarsfield said that she looked to her left before making the turn and did not see Mr. Haynes, she also admitted to adverting her focus during the turn to a pothole in the road. <u>Id.</u>

On those facts, Ms. Sarsfield moved for partial summary judgment on the wantonness count. In deciding that motion, the court stated that "[t]o survive summary judgment, Haynes must establish a genuine issue of fact as to whether

Sarsfield (1) acted consciously by turning onto the highway without spotting Haynes, and (2) was conscious, based on existing conditions, that injury was a likely or probably result of her actions." <u>Haynes</u>, 2007 U.S. Dist. LEXIS at *9. The court concluded that although a question of fact remained as to whether Ms. Sarsfield acted negligently by diverting her attention away from Mr. Haynes' direction of travel, "'there [was] a total lack of evidence from which the jury could reasonably infer wantonness.'" <u>Id.</u> at *9.

Here, just as in <u>Haynes,</u> there is complete lack of evidence from which a jury could reasonably infer that Mr. Johnson operated his vehicle wantonly at the time of the subject accident. Like Ms. Sarsfield, Mr. Johnson pulled a tractor-trailer from a stop and attempted to make a turn across oncoming traffic. There is no evidence, however, that Mr. Johnson, like Ms. Sarsfield, became distracted and turned his attention away from the driving task at hand. Even if Mr. Johnson failed to yield the right-of-way while making his left-hand turn, his conduct equated to negligence, not wantonness.

A comparison of this case's facts to Alabama case law interpreting wantonness illustrates that no reasonable jury could determine that Mr. Johnson operated his truck wantonly. In <u>South Cent. Bell Tel. Co. v. Branum</u>, 568 So. 2d 795 (Ala. 1990), the defendant driver, Davis, hit a pedestrian. <u>Id.</u> at 796. Just before the accident, Davis

maintained the speed limit, but a car drifted toward his lane and distracted his attention. Id. Davis did not see the pedestrian who had stepped out in front of him until about fifteen or twenty feet before he struck her. Id. at 797. The plaintiff-pedestrian argued that the testimony at trial constituted substantial evidence showing that Davis failed to maintain a proper lookout for approximately one-hundred fifty to one-hundred sixty feet. Id. Further, the plaintiff-pedestrian argued that Davis' complete failure to maintain a proper lookout, coupled with Davis' knowledge that people frequently crossed the road in the area in which the plaintiff-pedestrian crossed, constituted wanton conduct. Branum, 586 So. 2d at 798. However, the Supreme Court of Alabama disagreed and held that the wantonness claim was not supported by the evidence and therefore should not have been submitted to the jury. Id. In the analysis of Branum, the court noted several key factors for determining whether a wantonness claim is appropriate. The court first stated that, **"[n]egligence is usually characterized as inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act."** Branum, 586 So. 2d at 797 (emphasis added). The court went on to note that, "[s]imple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted." Id.

Page 13 of  19

Under that standard, **the driver's mere inattention did not meet the burden of showing that he acted wantonly**. Id. at 798. The same can be said of Mr. Johnson's possible inattention – i.e., he did not act consciously with a purpose or design. Again, if the Plaintiff's version of how the accident occurred is accepted by the Court for purposes of Rule 56, Mr. Johnson is at most guilty of inattention or inadvertence, not wantonness.

In another similar case, the Supreme Court of Alabama found insufficient facts to support a claim of wantonness. In Ex Parte Anderson, 682 So. 2d 467 (Ala. 1996), the defendant, Anderson, drove a friend to the doctor in the rain. Id. at 468. Anderson attempted to turn left at an intersection when another vehicle blocked her view of oncoming traffic. Id. at 469. She did not see an oncoming vehicle until she had already crossed into the oncoming lane of traffic. Id. Due to wet conditions, the oncoming vehicle could not stop and it struck Anderson's car on the passenger side. Id. The plaintiff-passenger alleged wantonness on the part of Anderson, and Anderson moved for summary judgment, which the trial court granted. Ex Parte Anderson, 682 So. 2d at 469. In affirming the summary judgment, the Supreme Court of Alabama stated, "viewing the evidence most favorably to [the plaintiff], we find no substantial evidence that the defendant Anderson acted "with knowledge of

danger, or with consciousness, that the doing [of the act] would likely result in injury." Id. at 470.

Another case in this line of analysis is George v. Champion Ins. Co., 591 So. 2d 852, 853-54 (Ala. 1991). This case involved a plaintiff-passenger who sued for wantonness when the driver with whom she rode ran a red light and collided with another vehicle. The plaintiff-passenger, the driver, and another passenger all engaged in conversation just prior to the collision. Id. at 854. As the car approached the intersection, the defendant-driver saw that the light was green, so she glanced back in conversation. Id. By the time the driver turned her attention back to the road, the traffic light was red. The driver then tried to put her foot on the brake pedal, but missed and hit the clutch pedal. Consequently, the car ran the light and collided with another vehicle. Id.

The Supreme Court of Alabama stated that those facts, when viewed in a light most favorable to the plaintiff, did not provide substantial evidence of the requisite elements of wantonness on the part of the defendant-driver. Id. Rather, the facts in George amounted to mere inattention, or negligence. Specifically, the court held that the **"facts show inadvertence on the part of the driver, they do not amount to wantonness, which requires some degree of conscious culpability."** George, 591

So. 2d at 854 (emphasis added).    Accordingly, the Supreme Court of Alabama affirmed the summary judgment entered in favor of the defendant-driver.  Id.

Pursuant to the analysis found in the above cases, the facts in this case do not support the Plaintiff's claim of wanton driving against Mr. Johnson.  Here, at most, Mr. Johnson's actions amounted to mere inattention, heedlessness, or inadvertence. Again, when viewing the facts in favor of the Plaintiff, the accident occurred only because Mr. Johnson misjudged distance relative to his turn.  There is no evidence of corresponding wantonness.  In fact, the instant case presents far less in terms of evidence that could potentially be construed to support wantonness than the cited cases.  In Branum, Anderson, and George, there was evidence indicating that the drivers were engaging in inappropriate activities as they drove.  In Branum, the driver failed to pay attention to the road ahead for at least 150 feet.  In Anderson, the driver attempted to turn across oncoming traffic despite the fact that her vision was obscured and it was raining.  In George, the driver glanced into the back seat to speak with her passengers.  Nonetheless, the Supreme Court of Alabama found that the activity on behalf of each of those drivers amounted to nothing more than mere "inattention, thoughtlessness, or heedlessness" -- all of which are acts that are incapable of supporting a claim of wantonness.  Here, the Plaintiff cannot present any evidence showing that Mr. Johnson acted "with knowledge of danger, or with consciousness,

that the doing [of the act] would likely result in injury."  As a result, summary judgment is due to be entered on the Plaintiff's claim for wanton operation of a motor vehicle.

**E.    The Plaintiff Cannot Set Forth Specific Evidence that USA Truck, Inc., Breached Any Standard of Care Relative to the Enforcement of Regulations or Laws.**

In the Complaint, the Plaintiff alleges that USA Truck, Inc., failed to ensure that Mr. Johnson obeyed the Federal Motor Carrier Safety Regulations and other laws.  While the Defendants dispute whether this is in fact a cognizable legal theory, defense counsel located another case in which a plaintiff asserted a similar theory that the Middle District disposed of on partial summary judgment.  See Maendele v. Rhett Butler Trucking, Inc., 2005 U.S. Dist. LEXIS 15520 (M.D. Ala. 2005).  In Maendele, the plaintiff asserted a theory "failure to exercise reasonable care in the operations of the business."  When the defendant moved for partial summary judgment on this claim, the Plaintiff clarified this legal theory as one asserting that the motor carrier's failure to enforce the Federal Motor Carrier Safety Regulations caused the subject accident.  The court construed this claim as one for negligent supervision, i.e., that the motor carrier "negligently supervised [the employee's] driving and failed to realize that [the employee] was violating federal regulations."  Maendele, 2005 U.S. Dist. LEXIS at *15-16.  Because the plaintiff in Maendele could not offer specific

evidence that the motor carrier had knowledge of incompetency prior to the accident, the court dismissed the claim via summary judgment. For the same reason, the Court should dismiss this Plaintiff's claim for "negligence of USA Truck, Inc."

## V.  CONCLUSION

Incompetence on the part of an employee and knowledge (actual or presumed) of that incompetence on the part of the employer are necessary elements for negligent entrustment, hiring, retention, or supervision claims. Here, there is no specific evidence set forth by the Plaintiff indicating that Mr. Johnson was an incompetent driver. Even if Mr. Johnson was an incompetent driver, there is no evidence that USA Truck, Inc., should have known of Mr. Johnson's supposed incompetency. In addition, the Plaintiff's claim for wanton operation fails as a matter of law because there is no specific evidence that Mr. Johnson acted in a manner that he knew would likely cause injury to others. Therefore, the only remaining issue for trial is whether Mr. Johnson acted negligently in operating his vehicle on the evening in question and whether Mr. Britt negligently contributed to the cause of the accident and his death.


s/ Lea Richmond, IV
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

I, Lea Richmond, IV, do hereby Certify that on the 4th day of September, 2007, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

s/ Lea Richmond, IV
**OF COUNSEL**

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2006 SEP -6 PM 2: 35

| | | |
|---|---|---|
| LANDRIA BRITT, as<br>ADMINISTRATRIX of the ESTATE OF<br>JOHN W. BRITT, deceased, | * <br> * <br> * <br> * | |
| Plaintiff, | * <br> * | |
| v. | * <br> * | CV: 06- |
| U S A TRUCK, Inc; THEODORE<br>LEVERNE JOHNSON; FICTITIOUS<br>DEFENDANT "A", whether singular or<br>plural, the person, corporation or other<br>entity, that was the employer and/or<br>principal and/or master of Defendant<br>Johnson at the time of the subject wreck;<br>FICTITIOUS DEFENDANT "B",<br>whether singular or plural, the person,<br>corporation or other entity, who owned or<br>leased the tractor at the time of the<br>subject wreck; FICTITIOUS<br>DEFENDANT "C", whether singular or<br>plural, the person, corporation or other<br>entity, who owned or leased the trailer at<br>the time of the subject wreck;<br>FICTITIOUS DEFENDANT "D",<br>whether singular or plural, the person,<br>corporation or other entity, who or which<br>are otherwise liable to the Plaintiff all<br>whose identities are not known at the<br>present time, but will be substituted by<br>amendment when ascertained, | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | |
| Defendants. | | |

## COMPLAINT

### Statement of Parties

1.     Plaintiff, Landria Britt, is over the age of nineteen years and resides in Deatsville,

Alabama.  She is the duly appointed Administratrix of the Estate of her deceased husband, John

W. Britt.

2.      Defendant, U S A Truck, Inc., is believed to be an Arkansas corporation with its principal place of business at 3200 Industrial Park Road, Van Buren, Arkansas 72956. At all material times, Defendant U S A Truck, Inc. was qualified to do business and was doing business in Alabama.

3.      Defendant Theodore Leverne Johnson is over the age of nineteen and is believed to reside at #2 Canoe Court, Newark, Delaware 19702.

4.      Fictitious Defendant "A", whether singular or plural, is the person, corporation or other entity that was the employer and/or master and/or principal of Defendant Johnson at the time of the subject wreck.

5.      Fictitious Defendant "B", whether singular or plural, the person, corporation or other entity, who owned or leased the tractor at the time of the subject wreck.

6.      Fictitious Defendant "C", whether singular or plural, the person, corporation or other entity, who owned or leased the trailer at the time of the subject wreck.

7.      Fictitious Defendant "D", whether singular or plural, is the person, corporation or other entity, who or which are otherwise liable to the Plaintiff all whose identities are not known at the present time, but will be substituted by amendment when ascertained.


**<u>Statement of the Facts</u>**

8.      On or about February 20, 2006, John Britt was driving his Mazda pickup, heading west on West South Boulevard in Montgomery, Alabama.

2

9.    On the same date and time, Defendant Johnson was operating a U S A tractor-trailer and was traveling east on West South Boulevard.

10.    With a clear view of John Britt approaching, Johnson attempted to make a left-hand turn into the TA Truckstop in front of Mr. Britt's vehicle, causing a collision with Mr. Britt.

11.    Mr. Britt sustained severe injuries in this collision which caused his death.

12.    At all material times, Defendant Johnson was an employee or agent of Defendant U S A Truck, Inc. and/or Fictitious Defendant "A", "B", and/or "C" and was acting within the line and scope of his employment or agency with those Defendants.

## COUNT I

### (Negligence/Wantonness)

13.    The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

14.    Defendant Johnson, while acting within the scope of his employment with U S A Truck, Inc. and/or Fictitious Defendant "A", "B", and/or "C", negligently or wantonly operated the tractor-trailer he was driving causing the collision with John Britt.

15.    As a proximate result of the Defendants' negligence or wantonness, John Britt suffered injuries which caused his death.

WHEREFORE, Plaintiff demand judgment against Defendants in a fair and reasonable amount of damages, plus costs.

3

## COUNT II

### (Negligent Entrustment)

16.    The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

17.    Defendant Johnson had a history of violating motor vehicle laws of several states and violating the Federal Motor Carrier Safety Regulations and Code of Federal Regulations.

18.    With knowledge of Defendant Johnson's incompetence and violations of the law, Defendants U S A Truck, Inc. and/or the Fictitious Defendants negligently or wantonly entrusted a tractor-trailer to Defendant Johnson.

19.    While operating the tractor-trailer entrusted by Defendants U S A Truck, Inc. and/or the Fictitious Defendants, Defendant Johnson negligently or wantonly drove in an unsafe manner causing the collision with the Plaintiffs.

20.    The negligent entrustment by U S A Truck, Inc. and the Fictitious Defendants proximately caused or contributed to cause the death of John Britt.

WHEREFORE, Plaintiffs demand judgment against Defendants U S A Truck, Inc., and/or Fictitious Defendant "A", "B", and/or "C" in a fair and reasonable amount of damages, plus costs.

## COUNT III

### (Negligent Hiring)

4

21.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

22.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants had a duty to act reasonably in hiring truck drivers, including Defendant Johnson.

23.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants knew or should have known that Defendant Johnson was not a reasonably safe driver.

24.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants negligently hired Defendant Johnson.

25.     The proximate cause of the wreck which thereby caused the death of John Britt, was Defendant Johnson's operation of the U S A Truck in an unsafe manner.

26.     The negligent hiring of Defendant Johnson by Defendant U S A Truck, Inc. and/or the Fictitious Defendants proximately contributed to the death of John Britt.

WHEREFORE, Plaintiffs demand judgment against Defendants U S A Truck, Inc., and/or Fictitious Defendant "A", "B", and/or "C" in a fair and reasonable amount of damages, plus costs.


## **COUNT IV**

### **(Negligent Retention)**


27.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

28.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants had a duty to act

reasonably in retaining truck drivers, including Defendant Johnson.

29.     During his employment with U S A Truck, Inc. and/or the Fictitious Defendants, Defendant Johnson committed several violations of the Federal Motor Carrier Safety Regulations and Code of Federal Regulations.

30.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants knew or should have known that Defendant Johnson was not a reasonably safe driver.

31.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants negligently retained Defendant Johnson as a truck driver.

32.     Defendant U S A Truck, Inc. and/or the Fictitious Defendants negligently retained Defendant Johnson as a truck driver.

33.     The proximate cause of the wreck which thereby caused the death of John Britt, was Defendant Johnson's operation of the U S A Truck in an unsafe manner.

34.     The negligent retention of Defendant Johnson by Defendant U S A Truck, Inc. and/or the Fictitious Defendants proximately contributed to the death of John Britt.

WHEREFORE, Plaintiffs demand judgment against Defendants U S A Truck, Inc., and/or Fictitious Defendant "A", "B", and/or "C" in a fair and reasonable amount of damages, plus costs.


## COUNT V

### (Negligence of U S A Truck, Inc.)

35.     The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

36.    Defendant U S A Truck, Inc. had a duty to use reasonable care to see that its truck drivers, including Defendant Johnson, obeyed the laws, including the Federal Motor Carrier Safety Regulations and Code of Federal Regulations..

37.    Defendant U S A Truck, Inc. negligently failed to enforce the federal statutes and regulations and allowed is drivers, including Defendant Johnson, to operate its trucks in violation of the law; to drive unsafe vehicles; and to drive in violation of these safety regulations and the laws of the various states in the country.

38.    The negligence of Defendant U S A Truck, Inc. proximately contributed to cause the death of John Britt.

WHEREFORE, Plaintiffs demand judgment against Defendants U S A Truck, Inc., and/or Fictitious Defendant "A", "B", and/or "C" in a fair and reasonable amount of damages, plus costs.



KENNETH J. MENDELSOHN    MEN001

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323


## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THIS**

CASE.

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as Administratrix        )
of the Estate of JOHN W. BRITT,         )
Deceased,                               )
                                        )
          *Plaintiff,*             )
                                        )
vs.                                     )     CIVIL ACTION NO. 06-cv-868-JD-CSC
                                        )
U S A TRUCK, INC.; THEODORE             )
LEVERNE JOHNSON, *et al.,*              )
                                        )
          *Defendants.*           )

## PLAINTIFF'S RESPONSES
## TO DEFENDANTS' INTERROGATORIES

NOW COMES the plaintiff and responds to the defendants' Interrogatories as follows:

1.     Identify yourself, giving your name, address, date of birth, social security number, and current place of employment.

*Response:*    *Landria Tyler, 1260 West Central Road, Wetumpka, Alabama, 36092; date*

                 *of birth – September 12, 1973; social security number – 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; current*

                 *place of employment – Turner Insurance and Bonding.*

2.     Identify each and every communication or transaction you have had with any defendant or employee, representative, and/or agent of any defendant, and identify each employee, representative, and/or agent of any defendant with whom you have had each such communication or transaction, and for each communication or transaction, state the date when the communication or transaction took place, as well as the substance of the communication or transaction.

*Response:*    *None.*

3.     Please identify your decedent, John W. Britt, giving his full name, address, birth date, social security number, and place of employment at the time of his death.

*Response:*     *John William Britt, 640 Carpenter Road, Deatsville, Alabama, 36022; date*

*of birth – April 20, 1961; social security number – 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; employment*

*– Firestone, 2899 East South Boulevard, Montgomery, Alabama.*

4.     Please state, in detail, each and every way in which you contend the defendants caused or contributed to the death of John W. Britt, including in your response each and every statement, fact, document, or other piece of evidence upon which you base your contentions.

*Response:*     *The defendant failed to yield the right of way to John Britt by turning in*

*front of him.  As a result, John Britt was killed.  Discovery has not yet been*

*completed in this matter.*

5.     State fully the purpose of the trip that John W. Britt made in his vehicle at the time of the alleged accident, including in your answer the place from which he had left and the place to which he traveled.

*Response:*     *He was on his way home.*

6.     Describe each and every skid mark, gouge mark, or tire mark which you contend were placed by any of the vehicles involved in this accident.

*Response:*     *I have no personal knowledge of the subject matter of this interrogatory.*

7.     State your best judgment, if any, of the speed in miles per hour of all vehicles that you allege caused or contributed to the subject accident.

*Response:*     *See response to number 6.*

8.     State fully, specifically and in detail, each and every act or thing done by John W. Britt during the last 300 feet of his vehicle's approach to the point of the subject collision, stating in your answer the chronological order in which John W. Britt did each of said acts or things.

*Response:*     *See responses to numbers 6 and 7.*

9.    State in your best judgment the speed in miles per hour of the vehicle operated by John W. Britt on the occasion of said accident during the course of its travel during the last 300 feet prior to impact.

*Response*:    *See responses to numbers 6, 7, and 8.*

10.    State in your best judgment the speed in miles per hour of the vehicle operated by Theodore Johnson on the occasion of said accident during the course of its travel during the last 300 feet prior to impact.

*Response*:    *See responses to numbers 6–9.*

11.    State fully, specifically and in detail, all information upon which you rely in answering interrogatories number one (1) through (10).

*Response*:    *My personal knowledge, and the reports from law enforcement officers.*

12.    State whether you know or believe that the driver of any of the vehicles involved in the events made the basis of this suit had been drinking any alcoholic beverages, taken prescription medication or used any drugs within 24 hours preceding the subject accident. If your answer to this interrogatory is in the affirmative, please identify the driver(s) you contend had been drinking, taking prescription medication or using drugs, the amounts, times of consumption, and specific substances consumed, and the source(s) of information upon which you base your response.

*Response*:    *No.*

13.    If the operator of any of the vehicles involved in the subject incident made any statements at the scene that you are aware of, please state when, where, and what was said and identify your source of knowledge of each such statement.

*Response*:    *None.*

14.    If any witnesses to the subject accident have made any statements to you, your counsel, or any other person, either at the scene or afterwards, please state when, where, and what was said by such witnesses, and the source of your knowledge regarding each statement.

*Response*:    *None.*

-3-

15.      Please state the names and addresses of all doctors, hospitals, or other medical providers who may have examined or treated John W. Britt for any injuries you claim that he sustained in the accident made the subject of this lawsuit prior to his death.

*Response:*      *None, I understand that my husband was pronounced dead at the scene of*

                   *the wreck.*

16.      Please state whether John W. Britt's estate, or any of his heirs have received any payment or settlement from any source related to or because of the subject accident. If your answer is in the affirmative, please identify the source, amount and date of payment, the basis of the payment, and to whom payment was made.

*Response:*      *There have been no liability settlements. There was a small amount of life*

                   *insurance.*

17.      If John W. Britt or his employer maintained under-insured motorist coverage on the vehicle he operated at the time of the subject accident, please identify the carrier of said insurance, the limits of the policy of insurance, and the number of vehicles insured by said policy.

*Response:*      *We had uninsured motorist coverage in the amount of $20,000 to $40,000 on*

                   *our personal auto policies, which were with Progressive.*

18.      Please identify and describe the vehicle being operated by John W. Britt , at the time of his death, stating in your answer the type of vehicle, the date of its purchase, from whom it was purchased, and the vehicle identification number.

*Response:*      *1993 Mazda B26, 2 door, purchased from Capitol Motor Company around*

                   *1998 or 1999, VIN Number JM2UF3148PO352283.*

19.      Identify each and every person whom you believe has discoverable knowledge of the claims made the basis of this suit, including in your response the names and addresses of each such person(s).

*Response:*      *See the police report.*

20.     Please identify any and all other lawsuits you have ever filed.  For each, please identify date of commencement, the venue, and the parties.  Please also provide a brief description of the subject matter of each such lawsuit.

*Response:*     *A lawsuit was filed against Horton Homes in 1998 for faulty workmanship regarding a mobile home that was not set up properly.  The suit was settled in 2001 for an undisclosed amount.*

21.     Identify each person, save counsel, to whom you have spoken about this case, and state when this communication took place and the substance of the communication.

*Response:*     *Plaintiff objects to this request insofar as it seeks information that is subject to the attorney/client privilege.*

22.     If you have ever been arrested, indicted, plead guilty, or convicted of a criminal offense, please provide the state, county, and date of the arrest, indictment plea or conviction and state what the arrest, indictment or conviction was for.

*Response:*     *None.*

23.     Was John W. Britt working at the time of his death?  If so, please state whether John W. Britt had or maintained workers' compensation insurance coverage and if so, please state with whom said coverage was maintained and the status of any claims under that policy.

*Response:*     *My husband was employed on February 20, 2006, but he was not on the job when the defendants pulled out in front of him and caused his death.*

24.     If John W. Britt was ever arrested, indicted, plea guilty, or convicted or a criminal offense, please provide the state, county, and date of the arrest, indictment plea or conviction and state what the arrest, indiction or conviction was for.

*Response:*     *Plaintiff objects to this request insofar as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.*

25.    Identify each person who you expect to use as an expert witness in connection with the trial of this case, and as to each individual, also state and identify the following information:

(a)    the subject upon which the individual is expected to testify and the opinions and conclusions that the individual is expected to provide at trial;

(b)    the facts upon which the individual's opinion and conclusions are based;

(c)    summary of the grounds for each of the individual's opinions or conclusions;

(d)    each school attended, the dates of attendance, the date of graduation, and the degrees received;

(e)    each employer including the date of employment, job titles held, and reasons for leaving that employment;

(f)    each honorary society, professional society and/or professional organization to which the individual belongs or has belonged, and any offices in those organizations or societies which the individual has held or holds and the dates each office was held;

(g)    each article or publication that the individual has authored or to which the individual has contributed;

(h)    each judicial or administrative proceeding which the individual has testified in the last five (5) years or is currently expected to testify;

(i)    the identification of each person with whom the individual has communicated in connection with the case and the substance of the communication;

(j)    the identification of all material including without limitation, articles, manuals, treatises, books, tables, charts, statistical analysis, calculations, notes and published materials of any nature that the individual reviewed in connection wit this proceeding or which the individual may utilize at the trial; and

(k)    the identity of each document created by the individual in connection with this proceeding.

*Response:*    *Plaintiff has not yet determined which, if any, expert witnesses will be called to testify at the trial of this matter. This response will be supplemented in accord with the Federal Rules of Civil Procedure and any Court order regarding discovery.*

26.     Please identify each and every fact, statement, document, or other piece of evidence upon which you rely to support your contention that U S A Truck, Inc. negligently/wantonly entrusted a motor vehicle to Theodore Johnson as alleged in Count II of your Complaint.

*Response*:     *The driver logs of Theodore Johnson and his driver qualification file.*

*Discovery has not yet been completed, however.*

27.     Please identify each and every fact, statement, document, or other piece of evidence upon which you rely to support your contention that U S A Truck, Inc. negligently/wantonly hired Theodore Johnson as alleged in County III of your Complaint.

*Response*:     *See response to number 26.*

28.     Please identify each and every fact, statement, document, or other piece of evidence upon which you rely to support your contention that U S A Truck, Inc. negligently/wantonly retained Theodore Johnson as alleged in Count IV of your Complaint.

*Response*:     *See responses to numbers 26 and 27.*

LANDRIA TYLER

STATE OF ALABAMA          )
                          )
COUNTY OF MONTGOMERY      )

BEFORE ME, the undersigned authority, a notary public in and for the said State and County, personally appeared LANDRIA TYLER, who, after being duly sworn, deposes that the same is true, and that after reading the same, or having the same read to her, and with a full understanding of the terms and effect thereof, she executed the same as her free act and deed and for the uses and purposes therein expressed.

-7-

SWORN TO AND SUBSCRIBED BEFORE ME this the 8t day of _March_, 2007.

_____

(SEAL)

NOTARY PUBLIC

My commission expires: 10/25/08

-8-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Plaintiff's Responses to Defendants'*

*Interrogatories* has been served upon the following counsel of record in this cause by placing

a copy of same in the United States Mail, first-class postage prepaid, on this the 2nd day of

March, 2007:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> CARR ALLISON
> 100 Vestavia Parkway
> Birmingham, Alabama 35216


_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:   (334) 213-5663