IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al.,<br><br>    Defendants. | Case No. 2:06cv868-ID-CSC |

**MOTION FOR PROTECTIVE ORDER**
**REGARDING DEPOSITION OF THEODORE JOHNSON**

  **COMES NOW** the Defendant, Theodore Johnson, (hereinafter the "Defendant"), and moves this Honorable Court for a Protective Order under Federal Rule of Civil Procedure 26 as to the Plaintiff's notice of taking the deposition of the Defendant as follows:

1. On September 18, 2007, Plaintiffs noticed the deposition of Mr. Johnson. ("Notice of Deposition")(attached as Exhibit 1). The deposition was noticed in Birmingham, Alabama.

2. Theodore Johnson is a long distance truck driver who resides in Newark, Delaware. (See Complaint and para. #3 in Defendant's Answer, Court Document # 3).

3. Defendant has filed its objection to the taking of Defendant's deposition. (See Objection attached hereto as Exhibit 2).

4. Mr. Johnson does not maintain a residence in Alabama. Mr. Johnson does not have any intention of visiting the state of Alabama in the near future. Because Mr. Johnson is a professional truck driver by trade, he would incur substantial

      expenses and loss of time, while away from work, in traveling to Alabama for his deposition.

5. Mr. Johnson's expense and loss of work time places an undue burden on him.

6. Federal Courts have ordered protective orders under substantially similar facts to the case at hand. Specifically, refusing to order a defendant truck driver to travel to New Mexico from his home in Pagosa Springs, Colorado. **See O'Sullivan v. Rivera,** 229 F.R.D. 187, 188 (D. N.M. 2004). The Court held that the deposition should occur near the location of the out of state deponent. Id. Similarly in **Mothersbaugh v. GTX Inc.**, the driver with a residence in Idaho was scheduled for a deposition in Oregon and requested a protective order. No. 89-1202-FR 1990 U.S. Dist. LEXIS 4022 at *2 (D. Ore. March 28, 1990). The Court found that requiring the truck driver to go to Oregon placed an undue burden on him because his residence was in Idaho and reset the deposition . Id.

Wherefore, premises considered, Defendant Theodore Johnson, requests that this Honorable Court enter a Protective Order that his deposition be had in the federal district of his residence.

**MOVANT REQUESTS ORAL ARGUMENT**

                                      s/ Thomas L. Oliver, II
                                      Thomas L. Oliver, II (ASB-3153-r53t)
                                      Lea Richmond, IV (ASB-8479-l74r)
                                      Attorneys for Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

      I, Lea Richmond, IV, do hereby Certify that on the 8th day of October, 2007, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

                                        s/ Thomas L. Oliver, II
                                        **OF COUNSEL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased,<br><br>*Plaintiff,*<br><br>vs.<br><br>U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 06-cv-868-ID-CSC<br>)<br>)<br>)<br>)<br>)<br>) |

## RE-NOTICE OF DEPOSITION DUCES TECUM

To:  Thomas L. Oliver, II, Esq.
     Lea Richmond, IV, Esq.
     **CARR ALLISON**
     100 Vestavia Parkway
     Birmingham, Alabama 35216

Please take notice that the undersigned will take the deposition upon oral examination of the person named below at the time and place designated before a court reporter or some other person authorized by law to administer oaths.

Deponent:  Theodore Leverne Johnson

Date:  Monday, October 8, 2007

Time:  10:00 a.m.

Place:  **Office of Carr Allison**
        **100 Vestavia Parkway**
        Birmingham, Alabama  35216

Defendant is hereby requested at the time of deposition to produce the documents and things set out on Exhibit "A" attached hereto. The deposition will be taken stenographically before a court reporter who is authorized to administer oaths and report oral deposition testimony pursuant to the *Alabama Rules of Civil Procedure*. You are invited to attend and cross-examine.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Re-Notice of Deposition Duces Tecum* has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 18th day of September, 2007:

>Thomas L. Oliver, II, Esq.
>Lea Richmond, IV, Esq.
>CARR ALLISON
>100 Vestavia Parkway
>Birmingham, Alabama 35216

_____
OF COUNSEL

## EXHIBIT A

1. Produce any and all accident and/or incident reports and investigations prepared by this defendant as a result of the crash other than the police report.

2. Produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with plaintiff and all accidents 3 years prior to February 20, 2006.

3. If ISO certified, please produce all ISO Certification documents.

4. Produce all documents prepared concerning all inspections performed on the tractor and trailer involved in this accident.

5. Produce all leases and contracts that were in effect for the cab and trailer on the day of the accident.

6. Produce the entire personnel file of Theodore Leverne Johnson.

7. Produce the entire driver qualification file of Theodore Leverne Johnson.

8. Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9. Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10. Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11. Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

12. Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

13. Produce all logs–official or unofficial–of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

14. Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

15. Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and for the day of the collision. Specifically, produce the supporting documents listed below which the defendant is required to maintain under 49 CFR 395.8(k).

    a. Bills of lading;

    b. Carrier pros;

    c. Freight bills;

    d. Dispatch records;

    e. Driver call-in records;

    f. Gate record receipts;

    g. Weight/scale tickets;

    h. Fuel billing statements and/or summaries;

    i. Toll receipts;

    j. International registration plan receipts;

    k. International fuel tax agreement receipts;

    l. Trip permits;

    m. Lessor settlement sheets;

    n.    Port of entry receipts;

    o.    Cash advance receipts;

    p.    Delivery receipts;

    q.    Lumper receipts;

    r.    Interchange and inspection reports;

    s.    Over/short and damage reports;

    t.    Agricultural inspection reports;

    u.    Commercial Vehicle Safety Alliance reports;

    v.    Accident reports;

    w.    Telephone billing statements;

    x.    Credit card receipts;

    y.    Driver fax reports;

    z.    On-board computer reports;

    aa.    Border crossing reports;

    bb.    Custom declarations;

    cc.    Traffic citations;

    dd.    Overweight/oversize reports and citations;

    ee.    And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

16.    Produce any and all cellular and telephone records and bills of the defendant for the day of the motor vehicle collision with plaintiff and seven days prior.

17. Produce any and all credit card bills and receipts for Theodore Leverne Johnson the month of the motor vehicle collision with plaintiff.

18. Produce copies of any and all fuel tax reports of Theodore Leverne Johnson for the year of this collision.

19. Produce any and all state safety audits of Theodore Leverne Johnson for the year of this collision and three years prior.

20. Produce any and all federal accident reports filed by Theodore Leverne Johnson the year of this collision and three years prior.

21. Produce any and all DOT inspection reports filed by Theodore Leverne Johnson for the year of this collision and three years prior.

22. Produce any and all long form DOT physicals of Theodore Leverne Johnson.

23. Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Theodore Leverne Johnson for the month of this collision.

24. Produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

25. Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or anytime after.

26. Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Theodore Leverne Johnson.

27. Produce copies of any and all satellite communications and e-mail for the day of the collision and seven days prior, as well as all recorded ECM (electronic control

module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

a. trip distance;

b. total vehicle driving time;

c. load factor;

d. vehicle speed limit;

e. maximum vehicle speed recorded;

f. number of hard brake incidents;

g. current engine speed (rpm);

h. maximum and minimum cruise speed limits;

i. total vehicle driving distance;

j. fuel consumption (gal./hr.);

k. idle time;

l. engine governed speed;

m. maximum engine speed recorded;

n. current throttle position;

o. brake switch status (on/off);

p. odometer;

q. trip driving time;

r. overall fuel economy (MPG);

s. average driving speed;

t. number of engine overspeeds;

      u.    number of vehicle overspeeds;

      v.    current vehicle speed (MPH);

      w.    clutch switch status (on/off);

      x.    clock;

      y.    jake brake status;

28. Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

29. Produce a copy of the completion or non-completion of any safe driving programs by Theodore Leverne Johnson.

30. Produce a copy of the driver manual or handbook issued to Theodore Leverne Johnson.

31. Produce a copy of the company safety rules issued to Theodore Leverne Johnson.

32. Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with plaintiff.

33. Please produce the printout(s) from any database identified in Interrogatory No. 29 for the one year preceding the February 20, 2006 motor vehicle collision with plaintiff.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased, <br><br> Plaintiff, <br><br> v. <br><br> U S A TRUCK, Inc; THEODORE LEVERNE JOHNSON; et al., <br><br> Defendants. | Case No. 2:06cv868-ID-CSC |

## OBJECTION TO PLAINTIFF'S NOTICE OF TAKING THE DEPOSITION OF THEODORE L. JOHNSON

COMES NOW the Defendant, **Theodore Leverne Johnson**, (hereinafter the "Defendant"), and hereby objects to the Plaintiff's notice of deposition as follows:

### OBJECTIONS TO DOCUMENT REQUESTS

1. Produce any and all accident and/or incident reports and investigations prepared by this Defendant as a result of the crash other than the police report.

**OBJECTION: The Defendant objects to the extent that this inquiry would require the Defendant to divulge information or materials prepared in anticipation of litigation or for trial.**

4. Produce all documents prepared concerning all inspections performed on the tractor and trailer involved in this accident.

**OBJECTION: The Defendant objects to the extent that this inquiry is overly broad. Additionally, the Defendant objects to the extent that this request imposes an obligation on**

the Defendant beyond that imposed by 49 CFR 396.3.

    6.    Produce the entire personnel file of Theodore Leverne Johnson.

**OBJECTION:** **The Defendant objects to the extent that this request would require the Defendant to violate the confidentiality requirements imposed by 49 CFR 382.405. Additionally, the Defendant objects to the extent that this request seeks documents that have no bearing on this case and are subject to Mr. Johnson's right of privacy.**

    7.    Produce the entire driver qualification file of Theodore Leverne Johnson.

**OBJECTION:** **The Defendant objects to the extent that this request would require the Defendant to violate the confidentiality requirements imposed by 49 CFR 382.405. Additionally, the Defendant objects to the extent that this request seeks documents that have no bearing on this case and are subject to Mr. Johnson's right of privacy.**

    8.    Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

**OBJECTION:** **The Defendant objects to the extent that this request would require the Defendant to violate the confidentiality requirements imposed by 49 CFR 382.405.**

    10.    Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

**OBJECTION:** **The Defendant objects to the extent that this request would require the Defendant to violate the confidentiality requirements imposed by 49 CFR 382.405. Additionally, the Defendant avers that this request is vague and overly broad.**

    11.    Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

**OBJECTION: The Defendant avers that this request is overly broad. Mr. Johnson's**

benefit records are irrelevant to the claims contained in the Plaintiff's Complaint. As to payroll records, only those records for the day of and the six days preceding the subject accident would be reasonably calculated to lead to the discovery of admissible evidence. Any payroll records subsequent to the subject accident are irrelevant and requests for such documents are not reasonably calculated to lead to the discovery of admissible evidence.

12.   Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

**OBJECTION:** The Defendant avers that this request is overly broad. Further, the Defendant avers that only canceled checks for the day of and the six days preceding the subject accident would be reasonably calculated to lead to the discovery of admissible evidence. Any checks cancelled subsequent to the subject accident are irrelevant and requests for such documents are not reasonably calculated to lead to the discovery of admissible evidence.

13.   Produce all logs-official or unofficial-of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

**OBJECTION:** The Defendant objects to the extent that Johnson's logbooks after the accident are irrelevant to the claims filed in this lawsuit. Additionally, the Defendant objects to the extent that this request imposes an obligation on the Defendant beyond that imposed by 49 CFR 395.8.

14.   Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

**OBJECTION:** The Defendant objects to the extent that this request would require the Defendant to violate HIPAA and Mr. Johnson's right of privacy. Additionally, the Defendant avers that this request is overly broad.

15. Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and for the day of the collision. Specifically, produce the supporting documents listed below which the Defendant is required to maintain under 49 CFR 395.8(k).

   a. Bills of lading;
   b. Carrier pros;
   c. Freight bills;
   d. Dispatch records;
   e. Driver call-in records;
   f. Gate record receipts;
   g. Weight/scale tickets;
   h. Fuel billing statements and/or summaries;
   i. Toll receipts;
   j. International registration plan receipts;
   k. International fuel tax agreement receipts;
   l. Trip permits;
   m. Lessor settlement sheets;
   n. Port of entry receipts;
   o. Cash advance receipts;
   p. Delivery receipts;
   q. Lumper receipts;
   r. Interchange and inspection reports;
   s. Over/short and damage reports;
   t. Agricultural inspection reports;
   u. Commercial Vehicle Safety Alliance reports;

  v.  Accident reports;

  w.  Telephone billing statements;

  x.  Credit card receipts;

  y.  Driver fax reports;

  z.  On-board computer reports;

  aa.  Border crossing reports

  bb.  Custom declarations

  cc.  Traffic citations

  dd.  Overweight/oversize reports and citations

  ee.  And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

**OBJECTION: The Defendant objects to the extent that this request imposes a burden upon the Defendant beyond that required by 49 CFR 395.8(k) insofar as the subparts enumerated in this request are not "supporting documents" as contemplated by the Federal Motor Carrier Safety Regulations. Additionally, the Defendant avers that the scope of this request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

  16.  Produce any and all cellular and telephone records and bills of the Defendant for the day of the motor vehicle collision with Plaintiff and seven days prior.

**OBJECTION: The Defendant objects by stating that only the telephone records or bills reflecting communications between the Defendant and Mr. Johnson on the day of the subject accident would be relevant to the claims contained in the Plaintiff's Complaint. A request for documentation beyond this scope is overly broad, unduly burdensome and not**

reasonably calculated to lead to the discovery of admissible evidence.

17.    Produce any and all credit card bills and receipts for Theodore Leverne Johnson the month of the motor vehicle collision with Plaintiff.

**OBJECTION: The Defendant avers that this request is overly broad. Only the credit card bills and receipts reflecting transactions that Mr. Johnson made on the Defendant's behalf of the day of and six days preceding the subject accident would be relevant to the claims contained in the Plaintiff's Complaint. A request for documentation beyond this scope is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

24.    Produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

**OBJECTION: The Defendant objects to the extent that this inquiry is overly broad. Only those DOT and State inspections for the tractor involved in the collision for the year of the motor vehicle collision would be relevant to the claims contained in the Plaintiff's Complaint. A request for documentation beyond this scope is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.**

32.    Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with Plaintiff.

**OBJECTION: The Defendant objects to the extent that this inquiry is overly broad. Additionally, the Defendant objects to the extent that this request imposes an obligation on the Defendant beyond that imposed by 49 CFR 396.3.**

33.     Please produce the printout(s) from any database identified in Interrogatory No. 29 for the one year preceding the February 20, 2006 motor vehicle collision with Plaintiff.

**OBJECTION**: The Defendant objects to the extent that the Plaintiff did not propound a 29th Interrogatory on this Defendant.

									_____
									Thomas L. Oliver, II (ASB-3153-R53T)
									Lea Richmond, IV (ASB-8479-I74R)
									**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the 25th of April, 2007, as follows:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred, Esq.
**LAW OFFICES OF DAVID E. ALLRED**
Post Office Box 241594
Montgomery, AL 36124-1594

									_____
									OF COUNSEL

-7-