IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LANDRIA BRITT, as ADMINISTRATRIX** ) <br> of the **ESTATE OF JOHN W. BRITT,** ) <br> deceased, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **U S A TRUCK, Inc; THEODORE** ) <br> **LEVERNE JOHNSON; et al.,** ) <br> ) <br> **Defendants.** ) | Case No. 2:06cv868-ID-CSC |

## MOTION FOR PROTECTIVE ORDER

COMES NOW the Defendant, **USA Truck, Inc.**, (hereinafter the "Defendant"), and hereby moves this Honorable Court for a Protective Order under Federal Rule of Civil Procedure 26 as to the Plaintiff's notice of taking the deposition of the Defendant's corporate representative(s) as follows:

1. Plaintiff has noticed the deposition of a corporate representative of USA Truck, Inc. to be taken in Birmingham, Alabama. (Notice attached hereto as Exhibit 1).

2. Defendant USA, Truck, Inc. is a corporation with its principal place of business in Van Buren, Arkansas. (See Complaint and para. #2 in Defendant's Answer, Court Document # 3).

3. Defendant has filed its objection to the taking of Defendant's deposition in Alabama and otherwise away from its principal place of business. (See Objection attached hereto as Exhibit 2).

4.  In said objection, Defendant timely raised asserted as follows:

    "The Defendant objects to the deposition notice's time and place because it unreasonably requires this non-resident Defendant to travel to a forum of the Plaintiff's choosing.

    In <u>Ex Parte Russell McNally</u>, 537 So. 2d 928 (Ala. Civ. App. 1988), the Alabama Court of Civil Appeals stated that ordinarily a non-resident defendant would not be required to travel to the site of a deposition in a forum chosen by the plaintiff. In this case, the objecting Defendants are non-residents, and it would be unduly burdensome to require them to travel to Alabama for depositions."

5.  Further, numerous federal courts have ruled that a corporate Defendant's deposition should be taken in the venue where its principal place of business is located in compliance with Rule 45.  **See Cates v LTV Aerospace Corp**., 480 F.2d 620 (5th Cir. 1973)[ Person designated by organization pursuant to Rule 30(b)(6) cannot be required to travel outside limits imposed by Rule 45(d)(2)];. **Less v Taber Instrument Corp.,** 53 F.R.D. 645 (W.D. N.Y., 1971) [Deposition of nonparty corporation should be taken at its principal place of business]; **Armsey v Medshares Mgmt. Servs., Inc.,** 184 F.R.D. 569 (W.D. Va., 1998) [There is initial presumption that defendant should be deposed in district of his residence or principal place of business]; **Rapoca Energy Co., L.P. v AMCI Exp. Corp.**, 199 F.R.D. 191 (W.D. Va., 2001) [There is initial presumption that defendant should be deposed in district of his residence or principal place of business.].

Wherefore, premises considered, Defendant USA Truck, Inc. requests that this Honorable Court enter a Protective Order that the deposition of its corporate representative be had in the federal district of its principal place of business.

**MOVANT REQUESTS ORAL ARGUMENT**

s/ Thomas L. Oliver, II
Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-l74R)
**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:    (205) 822-2057

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the 8th of October, 2007, as follows:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Montgomery, Alabama 36117

David E. Allred, Esq.
**LAW OFFICES OF DAVID E. ALLRED**
Post Office Box 241594
Montgomery, AL 36124-1594

s/ Thomas L. Oliver, II
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, )<br><br>*Plaintiff,* )<br><br>vs. )<br><br>U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.*, )<br><br>*Defendants.* ) | CIVIL ACTION NO. 06-cv-868-ID-CSC |

### RE-NOTICE OF 30(b)(6) DEPOSITION

To:    Thomas L. Oliver, II, Esq.
       Lea Richmond, IV, Esq.
       CARR ALLISON
       100 Vestavia Parkway
       Birmingham, Alabama 35216

Please take notice that counsel for plaintiff will take the oral deposition of the 30(b)(6) agent or representative of **U S A TRUCK, INC.** on **Monday, October 8, 2007** at **1:00 p.m.** at the offices of **CARR ALLISON, 100 Vestavia Parkway, Birmingham, Alabama**, who can testify as to the following topics:

1. The person in charge of hiring, safety training, screening drivers, and retaining drivers on the job with Defendant U S A Truck.

2. The person who is in charge of insuring that drivers working for U S A Truck comply with the Federal Motor Carrier Safety Regulations and the Rules of the Road.

3. The person who made the decision to hire Theodore Leverne Johnson as a U S A Truck driver.

4. The person who made the decision to retain Theodore Leverne Johnson as a U S A Truck driver

5. The person who was responsible for seeing that Theodore Leverne Johnson met the qualifications of U S A Truck.

6. The person or persons who can testify to the matters which are the subject of the plaintiff's interrogatories to Defendant U S A Truck, a copy of which are attached hereto as Exhibit A and incorporated herein by reference.

7. The person or persons who can testify as to the matters referred to in the plaintiffs' request for production filed to U S A Truck, a copy of which is attached hereto as Exhibit B and incorporated herein by reference.

Pursuant to Rule 30(b)(5) of the *Federal Rules of Civil Procedure*, the defendant, U S A Truck, is requested to produce the following documents and things at the deposition:

1. All documents referred to in the request for production attached to this notice as Exhibit B.

2. All documents upon which the defendant, U S A Truck, will rely in defense of the plaintiff's action for the wrongful death of John Britt.

3. All statements of the plaintiff.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:  (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Re-Notice of 30(b)(6) Deposition* has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 18th day of September, 2007:

    Thomas L. Oliver, II, Esq.
    Lea Richmond, IV, Esq.
    CARR ALLISON
    100 Vestavia Parkway
    Birmingham, Alabama 35216

                                                    OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U S A TRUCK, Inc; THEODORE LEVERNE JOHNSON; et al., )<br>)<br>)<br>Defendants. ) | Case No. 2:06cv868-ID-CSC |

## OBJECTIONS OF USA TRUCK, INC. TO PLAINTIFF'S NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

COMES NOW the Defendant, **USA Truck, Inc.**, (hereinafter the "Defendant"), and hereby objects to the Plaintiff's notice of taking the deposition of the Defendant's corporate representative(s) as follows:

### GENERAL OBJECTION

The Defendant objects to the deposition notice's time and place because it unreasonably requires this non-resident Defendant to travel to a forum of the Plaintiff's choosing.

In Ex Parte Russell McNally v. Southern Metals Co., Inc., 537 So. 2d 928 (Ala. Civ. App. 1988), the Alabama Court of Civil Appeals stated that ordinarily a non-resident defendant would not be required to travel to the site of a deposition in a forum chosen by the plaintiff. In this case, the objecting Defendants are non-residents, and it would be unduly burdensome to require them to travel to Alabama for depositions.

### OBJECTION AS TO SCOPE OF EXAMINATION

The Defendant objects by stating that its discovery responses were/are prepared in consultation with, and participation of, counsel for the Defendant and representatives of the Defendant. As such, no particular individual(s) prepared all of the Defendant's discovery

-1-

responses, and the Defendant will likely need to designate more than one individual to provide testimony responsive to all items outlined in the Plaintiff's notice.

## OBJECTIONS TO DOCUMENT REQUESTS

In the Rule 30(b)(6) notice, the Plaintiff adopted and incorporated by reference all of her previously propounded document requests to USA Truck, Inc. In turn, the Defendant adopts and incorporates by reference each and every previously asserted and served objection to the Plaintiff's document requests as if fully stated herein.

*[signature]*

Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-I74R)
**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:     (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the 25th of April, 2007, as follows:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred, Esq.
**LAW OFFICES OF DAVID E. ALLRED**
Post Office Box 241594
Montgomery, AL 36124-1594

*[signature]*
OF COUNSEL

-2-