IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as Administratrix          )
of the Estate of JOHN W. BRITT,           )
Deceased,                                 )
                                          )
            *Plaintiff,*                   )
                                          )
vs.                                       )    CIVIL ACTION NO. 06-cv-868-ID-CSC
                                          )
U S A TRUCK, INC.; THEODORE               )
LEVERNE JOHNSON, *et al.,*                 )
                                          )
            *Defendants.*                  )

## MOTION FOR SANCTIONS AGAINST
## DEFENDANTS FOR FAILURE TO APPEAR AT DEPOSITIONS
## AND FAILURE TO SERVE ANSWERS TO INTERROGATORIES

NOW COMES the plaintiff, LANDRA BRITT TYLER, as Administratrix of the Estate of

JOHN W. BRITT, Deceased, and moves the Court, pursuant to Rule 37(d) for sanctions, as

permitted by said Rule and based on the following facts and events:

1.      This is a wrongful death case removed to this Court from the Circuit Court

of Montgomery County, in which the plaintiff alleges that Defendant Theodore Leverne

Johnson, while operating an 18-wheeler tractor trailer rig for Defendant U S A Truck, Inc.,

turned in front of her husband causing a collision that killed him.

2.      This case is set for trial on January 28, 2008.

3.      Pursuant to Notices of Deposition, sent out under the *Federal Rules of Civil*

*Procedure,* plaintiff noticed the deposition of Defendant Johnson and Defendant U S A

Truck for Monday, October 8, 2007 at their lawyer's office in Birmingham, Alabama. Both of those notices were sent out on September 18, 2007.

4.     That, rather than appear at the depositions as agreed in previous correspondence and scheduling conversations (see Certification of Counsel filed contemporaneously herewith), the defendants failed to appear at their depositions and instead filed a motion for protective order (Doc. 22).

5.     That the notice of depositions for October 8, 2007 was, in fact, the eighth notice of the depositions of these two defendants. Notices were sent for the defendants' depositions as follows (attached hereto as Exhibits 1-A and B through Exhibits 4-A and B:

| THEODORE LEVERNE JOHNSON | | | | U S A TRUCK, INC. | |
|---|---|---|---|---|---|
| | Notice Date | Dep. Date | | Notice Date | Dep. Date |
| Exh. 1-A | 9-18-07 | 10-8-07 | Exh. 1-B | 9-18-07 | 10-8-07 |
| Exh. 2-A | 9-7-07 | 9-14-07 | Exh. 2-B | 9-7-07 | 9-14-07 |
| Exh. 3-A | 4-19-07 | 5-15-07 | Exh. 3-B | 4-19-07 | 5-15-07 |
| Exh. 4-A | 4-6-07 | 4-18-07 | Exh. 4-B | 4-20-07 | 5-24-07 |

6.     In addition, the plaintiff propounded interrogatories to Defendant Theodore Leverne Johnson pursuant to the *Federal Rules of Civil Procedure* on September 6, 2006. (Exh. 5) Defendant Johnson has failed or refused to provide responses in compliance with the *Federal Rules of Civil Procedure* although 13 months have now elapsed since the time that the interrogatories were filed.

7.     That Rule 37(d) provides as follows:

> (d)     Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.  If a <u>party</u> or an officer, director, or

managing agent of a party or a <u>person designated under Rule 30(b)(6)</u> or 31(a) to testify on behalf of a party <u>fails</u> (1) <u>to appear</u> before the officer who is to take the deposition, after being served with a proper notice, or (2) <u>to serve answers</u> or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. (*emphasis supplied*)

8.    That subdivision 37(b) provides as follows:

. . . the court in which the action is pending may make <u>such orders</u> in regard to the failure <u>as are just</u>, and among others the following:
(A)   An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
(B)   An order <u>refusing</u> the <u>disobedient party</u> to support or oppose designated claims or <u>defenses</u>, or prohibiting that party from <u>introducing designated matters in evidence</u>;
(C)   An order <u>striking out pleadings</u> or <u>parts</u> thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. (*emphasis supplied*)

9.    That, as demonstrated by the certification of plaintiff's counsel filed contemporaneously herewith, over the course of the preceding nine and a half months, plaintiff's counsel has by letter, facsimile message, e-mail, or telephone call, requested deposition dates of the driver and the corporate representative and/or attempted to get the defendants to respond to the plaintiff's interrogatories to Defendant Johnson on no less

-3-

than 17 dates, which plaintiff's counsel earnestly submits complies with the requirement under Rule 37 of a good faith effort to confer with the party not making the disclosure or discovery, in an effort to secure the discovery without Court action.

10.    Plaintiff further says that the defendants' actions arbitrarily refusing to attend deposition and arbitrarily refusing to respond to the plaintiff's interrogatories result in actual prejudice to the plaintiff inasmuch as plaintiff is in need of those depositions and discovery responses in order to respond to defendants' motion for summary judgment.

11.    Plaintiff points out to the Court that the defendants filed a motion for summary judgment on September 4, 2007 (Doc. 16) to which this Court ordered the plaintiff to respond on or before September 18, 2007 (Doc. 18). However, due to the defendants' failure and refusal to respond to the plaintiff's discovery requests, the plaintiff was forced to seek additional time to respond to the motion for summary judgment (Doc. 19), which this Court granted extending the response time to and including October 24, 2007 (Doc. 20).

12.    However, since the defendants failed to appear at their depositions on October 8, 2007, and Defendant Johnson is now over 13 months late on responses to interrogatories served upon him, the plaintiff is not in a position to be able to respond to the defendants' motion for summary judgment by the October 24, 2007 response date as ordered by the Court.

13.    That in defendants' motion for summary judgment, U S A Truck, Inc. and Theodore L. Johnson seek dismissal of the plaintiff's claims of wanton operation, negligent

hiring and retention, negligent/wanton entrustment, and negligence of U S A Truck, Inc.; however, plaintiff says that due to the defendants' failure and refusal to respond to discovery requests and appear at depositions yesterday as detailed above, dismissal of the defendants' motion for summary judgment is warranted since it is absurd for the defendants, on the one hand, to seek dismissal of the plaintiff's claims alleging that there is no evidence to support those claims while, at the same time, the defendants actively and willingly thwart the discovery process and avoid complying with lawful discovery requests propounded under the *Federal Rules of Civil Procedure.*

14.    Similarly, the plaintiff further says that the defense raised by the defendants of contributory negligence on the part of the plaintiff's husband, John W. Britt, is due to be stricken as well, under the facts and circumstances of the defendants' actions avoiding discovery as detailed herein.

15.    Accordingly, the plaintiff moves the Court to enter sanctions against the defendants: striking the defendants' pending motion for summary judgment; striking the defendants' affirmative defense of contributory negligence; directing that the defendants appear immediately within the forum and submit to depositions; directing that Defendant Johnson immediately file responses to the plaintiff's interrogatories in compliance with the *Federal Rules of Civil Procedure*; or, alternatively, to enter a default against the defendants for failure to comply with the plaintiff's discovery requests, and to enter such other or different orders as the Court deems just.

Respectfully submitted,


_/s/ David E. Allred_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

### CERTIFICATE OF SERVICE

I hereby certify that I have this 9th day of October, 2007 electronically filed the foregoing *Motion for Sanctions Against Defendants for Failure to Appear at Depositions and Failure to Serve Answers to Interrogatories* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

　　　　Thomas L. Oliver, II, Esq.
　　　　Lea Richmond, IV, Esq.
　　　　CARR ALLISON
　　　　100 Vestavia Parkway
　　　　Birmingham, Alabama 35216


__/s/ David E. Allred_____
OF COUNSEL

-6-

*NTC 9-18-07*
*for 10-8-07*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 06-cv-868-ID-CSC |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,* | ) ) ) | |
| *Defendants.* | ) ) | |

## RE-NOTICE OF DEPOSITION DUCES TECUM

**To:**      Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216

Please take notice that the undersigned will take the deposition upon oral examination of the person named below at the time and place designated before a court reporter or some other person authorized by law to administer oaths.

|  |  |
|---|---|
| **Deponent:** | **Theodore Leverne Johnson** |
| **Date:** | **Monday, October 8, 2007** |
| **Time:** | **10:00 a.m.** |
| **Place:** | **Office of Carr Allison**<br>**100 Vestavia Parkway**<br>**Birmingham, Alabama   35216** |

EXHIBIT
**1-A**

*9-18-07*

Defendant is hereby requested at the time of deposition to produce the documents and things set out on Exhibit "A" attached hereto. The deposition will be taken stenographically before a court reporter who is authorized to administer oaths and report oral deposition testimony pursuant to the *Alabama Rules of Civil Procedure*. You are invited to attend and cross-examine.

 

DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:     (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:     (334) 213-5663

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing *Re-Notice of Deposition Duces Tecum* has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 18th day of September, 2007:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> CARR ALLISON
> 100 Vestavia Parkway
> Birmingham, Alabama 35216

_____
OF COUNSEL

## EXHIBIT A

1.     Produce any and all accident and/or incident reports and investigations prepared by this defendant as a result of the crash other than the police report.

2.     Produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with plaintiff and all accidents 3 years prior to February 20, 2006.

3.     If ISO certified, please produce all ISO Certification documents.

4.     Produce all documents prepared concerning all inspections performed on the tractor and trailer involved in this accident.

5.     Produce all leases and contracts that were in effect for the cab and trailer on the day of the accident.

6.     Produce the entire personnel file of Theodore Leverne Johnson.

7.     Produce the entire driver qualification file of Theodore Leverne Johnson.

8.     Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.     Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10.     Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11.     Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

12.    Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

13.    Produce all logs–official or unofficial–of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

14.    Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

15.    Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and for the day of the collision.  Specifically, produce the supporting documents listed below which the defendant is required to maintain under 49 CFR 395.8(k).

     a.    Bills of lading;

     b.    Carrier pros;

     c.    Freight bills;

     d.    Dispatch records;

     e.    Driver call-in records;

     f.    Gate record receipts;

     g.    Weight/scale tickets;

     h.    Fuel billing statements and/or summaries;

     i.    Toll receipts;

     j.    International registration plan receipts;

     k.    International fuel tax agreement receipts;

     l.    Trip permits;

     m.    Lessor settlement sheets;

n.    Port of entry receipts;

o.    Cash advance receipts;

p.    Delivery receipts;

q.    Lumper receipts;

r.    Interchange and inspection reports;

s.    Over/short and damage reports;

t.    Agricultural inspection reports;

u.    Commercial Vehicle Safety Alliance reports;

v.    Accident reports;

w.    Telephone billing statements;

x.    Credit card receipts;

y.    Driver fax reports;

z.    On-board computer reports;

aa.   Border crossing reports;

bb.   Custom declarations;

cc.   Traffic citations;

dd.   Overweight/oversize reports and citations;

ee.   And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

16.    Produce any and all cellular and telephone records and bills of the defendant for the day of the motor vehicle collision with plaintiff and seven days prior.

17.    Produce any and all credit card bills and receipts for Theodore Leverne Johnson the month of the motor vehicle collision with plaintiff.

18.    Produce copies of any and all fuel tax reports of Theodore Leverne Johnson for the year of this collision.

19.    Produce any and all state safety audits of Theodore Leverne Johnson for the year of this collision and three years prior.

20.    Produce any and all federal accident reports filed by Theodore Leverne Johnson the year of this collision and three years prior.

21.    Produce any and all DOT inspection reports filed by Theodore Leverne Johnson for the year of this collision and three years prior.

22.    Produce any and all long form DOT physicals of Theodore Leverne Johnson.

23.    Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Theodore Leverne Johnson for the month of this collision.

24.    Produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

25.    Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or anytime after.

26.    Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Theodore Leverne Johnson.

27.    Produce copies of any and all satellite communications and e-mail for the day of the collision and seven days prior, as well as all recorded ECM (electronic control

module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

a.  trip distance;

b.  total vehicle driving time;

c.  load factor;

d.  vehicle speed limit;

e.  maximum vehicle speed recorded;

f.  number of hard brake incidents;

g.  current engine speed (rpm);

h.  maximum and minimum cruise speed limits;

i.  total vehicle driving distance;

j.  fuel consumption (gal./hr.);

k.  idle time;

l.  engine governed speed;

m.  maximum engine speed recorded;

n.  current throttle position;

o.  brake switch status (on/off);

p.  odometer;

q.  trip driving time;

r.  overall fuel economy (MPG);

s.  average driving speed;

t.  number of engine overspeeds;

u.      number of vehicle overspeeds;

v.      current vehicle speed (MPH);

w.      clutch switch status (on/off);

x.      clock;

y.      jake brake status;

28.     Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

29.     Produce a copy of the completion or non-completion of any safe driving programs by Theodore Leverne Johnson.

30.     Produce a copy of the driver manual or handbook issued to Theodore Leverne Johnson.

31.     Produce a copy of the company safety rules issued to Theodore Leverne Johnson.

32.     Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with plaintiff.

33.     Please produce the printout(s) from any database identified in Interrogatory No. 29 for the one year preceding the February 20, 2006 motor vehicle collision with plaintiff.

*NTC 9-18-07*
*for 10-8-07*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 06-cv-868-ID-CSC |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,* | ) ) ) | |
| *Defendants.* | ) ) | |

## RE-NOTICE OF 30(b)(6) DEPOSITION

**To:**     Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216

Please take notice that counsel for plaintiff will take the oral deposition of the

30(b)(6) agent or representative of **U S A TRUCK, INC.** on **Monday, October 8, 2007** at **1:00**

**p.m.** at the offices of **CARR ALLISON, 100 Vestavia Parkway, Birmingham, Alabama**, who

can testify as to the following topics:

1.     The person in charge of hiring, safety training, screening drivers, and retaining drivers on the job with Defendant U S A Truck.

2.     The person who is in charge of insuring that drivers working for U S A Truck comply with the Federal Motor Carrier Safety Regulations and the Rules of the Road.

**EXHIBIT**
**1-B**

*9/18/07*

3.    The person who made the decision to hire Theodore Leverne Johnson as a U S A Truck driver.

4.    The person who made the decision to retain Theodore Leverne Johnson as a U S A Truck driver

5.    The person who was responsible for seeing that Theodore Leverne Johnson met the qualifications of U S A Truck.

6.    The person or persons who can testify to the matters which are the subject of the plaintiff's interrogatories to Defendant U S A Truck, a copy of which are attached hereto as Exhibit A and incorporated herein by reference.

7.    The person or persons who can testify as to the matters referred to in the plaintiffs' request for production filed to U S A Truck, a copy of which is attached hereto as Exhibit B and incorporated herein by reference.

Pursuant to Rule 30(b)(5) of the *Federal Rules of Civil Procedure*, the defendant, U S

A Truck, is requested to produce the following documents and things at the deposition:

1.    All documents referred to in the request for production attached to this notice as Exhibit B.

2.    All documents upon which the defendant, U S A Truck, will rely in defense of the plaintiff's action for the wrongful death of John Britt.

3.    All statements of the plaintiff.

 

 

_____

DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Re-Notice of 30(b)(6) Deposition* has been

served upon the following counsel of record in this cause by placing a copy of same in the

United States Mail, first-class postage prepaid, on this the 18th day of September, 2007:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> CARR ALLISON
> 100 Vestavia Parkway
> Birmingham, Alabama 35216

_____
OF COUNSEL

*NTC 9-7-07*
*for 9-14-07*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased,<br><br>    *Plaintiff,*<br><br>vs.<br><br>U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,*<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 06-cv-868-JD-CSC<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>RE-NOTICE OF DEPOSITION DUCES TECUM</u>

**To:**  Thomas L. Oliver, II, Esq.
    Lea Richmond, IV, Esq.
    **CARR ALLISON**
    100 Vestavia Parkway
    Birmingham, Alabama 35216

   Please take notice that the undersigned will take the deposition upon oral examination of the person named below at the time and place designated before a court reporter or some other person authorized by law to administer oaths.

     **Deponent:**  **Theodore Leverne Johnson**

     **Date:**    **Friday, September 14, 2007**

     **Time:**    **10:00 a.m.**

     **Place:**    **Office of David E. Allred, P.C.**
            **7030 Fain Park Drive, Suite 9**
            **Montgomery, Alabama  36117**

*9/7/07*

EXHIBIT
**2-A**

Defendant is hereby requested at the time of deposition to produce the documents and things set out on Exhibit "A" attached hereto. The deposition will be taken stenographically before a court reporter who is authorized to administer oaths and report oral deposition testimony pursuant to the *Alabama Rules of Civil Procedure*. You are invited to attend and cross-examine.


DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Re-Notice of Deposition Duces Tecum* has

been served upon the following counsel of record in this cause by placing a copy of same

in the United States Mail, first-class postage prepaid, on this the 7th day of September, 2007:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> CARR ALLISON
> 100 Vestavia Parkway
> Birmingham, Alabama 35216

_____
OF COUNSEL

## EXHIBIT A

1.      Produce any and all accident and/or incident reports and investigations prepared by this defendant as a result of the crash other than the police report.

2.      Produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with plaintiff and all accidents 3 years prior to February 20, 2006.

3.      If ISO certified, please produce all ISO Certification documents.

4.      Produce all documents prepared concerning all inspections performed on the tractor and trailer involved in this accident.

5.      Produce all leases and contracts that were in effect for the cab and trailer on the day of the accident.

6.      Produce the entire personnel file of Theodore Leverne Johnson.

7.      Produce the entire driver qualification file of Theodore Leverne Johnson.

8.      Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.      Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10.      Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11.      Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

NTC 9-7-07
for 9-14-07

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as Administratrix      )
of the Estate of JOHN W. BRITT,       )
Deceased,                             )
                                      )
            *Plaintiff,*              )
                                      )
vs.                                   )     CIVIL ACTION NO. 06-cv-868-JD-CSC
                                      )
U S A TRUCK, INC.; THEODORE           )
LEVERNE JOHNSON, *et al.,*            )
                                      )
            *Defendants.*             )

## RE-NOTICE OF 30(b)(6) DEPOSITION

**To:**       Thomas L. Oliver, II, Esq.
              Lea Richmond, IV, Esq.
              **CARR ALLISON**
              100 Vestavia Parkway
              Birmingham, Alabama 35216

      Please take notice that counsel for plaintiff will take the oral deposition of the

30(b)(6) agent or representative of **U S A TRUCK, INC.** on **Friday, September 14, 2007** at **1:00**

**p.m.** at the offices of **DAVID E. ALLRED, P.C., 7030 Fain Park Drive, Suite 9, Montgomery,**

**Alabama**, who can testify as to the following topics:

      1.      The person in charge of hiring, safety training, screening drivers, and
              retaining drivers on the job with Defendant U S A Truck.

      2.      The person who is in charge of insuring that drivers working for U S A Truck
              comply with the Federal Motor Carrier Safety Regulations and the Rules of
              the Road.

9/7/07

EXHIBIT
**2-B**

3.    The person who made the decision to hire Theodore Leverne Johnson as a U S A Truck driver.

4.    The person who made the decision to retain Theodore Leverne Johnson as a U S A Truck driver

5.    The person who was responsible for seeing that Theodore Leverne Johnson met the qualifications of U S A Truck.

6.    The person or persons who can testify to the matters which are the subject of the plaintiff's interrogatories to Defendant U S A Truck, a copy of which are attached hereto as Exhibit A and incorporated herein by reference.

7.    The person or persons who can testify as to the matters referred to in the plaintiffs' request for production filed to U S A Truck, a copy of which is attached hereto as Exhibit B and incorporated herein by reference.

Pursuant to Rule 30(b)(5) of the *Federal Rules of Civil Procedure*, the defendant, U S

A Truck, is requested to produce the following documents and things at the deposition:

1.    All documents referred to in the request for production attached to this notice as Exhibit B.

2.    All documents upon which the defendant, U S A Truck, will rely in defense of the plaintiff's action for the wrongful death of John Britt.

3.    All statements of the plaintiff.


_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

-2-

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Re-Notice of 30(b)(6) Deposition* has been

served upon the following counsel of record in this cause by placing a copy of same in the

United States Mail, first-class postage prepaid, on this the 7th day of September, 2007:

Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216

_____
OF COUNSEL

*NTC 4-19-07*
*for 5-15-07*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 06-cv-868-JD-CSC |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,* | ) ) ) | |
| *Defendants.* | ) ) | |

### NOTICE OF DEPOSITION DUCES TECUM

**To:**    Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216

Please take notice that the undersigned will take the deposition upon oral examination of the person named below at the time and place designated before a court reporter or some other person authorized by law to administer oaths.

**Deponent:**    **Theodore Leverne Johnson**

**Date:**    **May 15, 2007**

**Time:**    **10:00 a.m.**

**Place:**    **Office of David E. Allred, P.C.**
**7030 Fain Park Drive, Suite 9**
**Montgomery, Alabama 36117**



EXHIBIT
**3-A**

*4/19/07*

Defendant is hereby requested at the time of deposition to produce the documents and things set out on Exhibit "A" attached hereto. The deposition will be taken stenographically before a court reporter who is authorized to administer oaths and report oral deposition testimony pursuant to the *Alabama Rules of Civil Procedure*. You are invited to attend and cross-examine.

 

DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Notice of Deposition Duces Tecum* has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 19th day of April, 2007:

        Thomas L. Oliver, II, Esq.
        Lea Richmond, IV, Esq.
        CARR ALLISON
        100 Vestavia Parkway
        Birmingham, Alabama 35216

_____
OF COUNSEL

## EXHIBIT A

1.     Produce any and all accident and/or incident reports and investigations prepared by this defendant as a result of the crash other than the police report.

2.     Produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with plaintiff and all accidents 3 years prior to February 20, 2006.

3.     If ISO certified, please produce all ISO Certification documents.

4.     Produce all documents prepared concerning all inspections performed on the tractor and trailer involved in this accident.

5.     Produce all leases and contracts that were in effect for the cab and trailer on the day of the accident.

6.     Produce the entire personnel file of Theodore Leverne Johnson.

7.     Produce the entire driver qualification file of Theodore Leverne Johnson.

8.     Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.     Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10.     Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11.     Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

12.    Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

13.    Produce all logs–official or unofficial–of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

14.    Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

15.    Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and for the day of the collision. Specifically, produce the supporting documents listed below which the defendant is required to maintain under 49 CFR 395.8(k).

    a.    Bills of lading;

    b.    Carrier pros;

    c.    Freight bills;

    d.    Dispatch records;

    e.    Driver call-in records;

    f.    Gate record receipts;

    g.    Weight/scale tickets;

    h.    Fuel billing statements and/or summaries;

    i.    Toll receipts;

    j.    International registration plan receipts;

    k.    International fuel tax agreement receipts;

    l.    Trip permits;

    m.    Lessor settlement sheets;

n.     Port of entry receipts;

o.     Cash advance receipts;

p.     Delivery receipts;

q.     Lumper receipts;

r.     Interchange and inspection reports;

s.     Over/short and damage reports;

t.     Agricultural inspection reports;

u.     Commercial Vehicle Safety Alliance reports;

v.     Accident reports;

w.     Telephone billing statements;

x.     Credit card receipts;

y.     Driver fax reports;

z.     On-board computer reports;

aa.    Border crossing reports;

bb.    Custom declarations;

cc.    Traffic citations;

dd.    Overweight/oversize reports and citations;

ee.    And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

16.    Produce any and all cellular and telephone records and bills of the defendant for the day of the motor vehicle collision with plaintiff and seven days prior.

17.    Produce any and all credit card bills and receipts for Theodore Leverne Johnson the month of the motor vehicle collision with plaintiff.

18.    Produce copies of any and all fuel tax reports of Theodore Leverne Johnson for the year of this collision.

19.    Produce any and all state safety audits of Theodore Leverne Johnson for the year of this collision and three years prior.

20.    Produce any and all federal accident reports filed by Theodore Leverne Johnson the year of this collision and three years prior.

21.    Produce any and all DOT inspection reports filed by Theodore Leverne Johnson for the year of this collision and three years prior.

22.    Produce any and all long form DOT physicals of Theodore Leverne Johnson.

23.    Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Theodore Leverne Johnson for the month of this collision.

24.    Produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

25.    Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or anytime after.

26.    Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Theodore Leverne Johnson.

27.    Produce copies of any and all satellite communications and e-mail for the day of the collision and seven days prior, as well as all recorded ECM (electronic control

module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

a.    trip distance;

b.    total vehicle driving time;

c.    load factor;

d.    vehicle speed limit;

e.    maximum vehicle speed recorded;

f.    number of hard brake incidents;

g.    current engine speed (rpm);

h.    maximum and minimum cruise speed limits;

i.    total vehicle driving distance;

j.    fuel consumption (gal./hr.);

k.    idle time;

l.    engine governed speed;

m.    maximum engine speed recorded;

n.    current throttle position;

o.    brake switch status (on/off);

p.    odometer;

q.    trip driving time;

r.    overall fuel economy (MPG);

s.    average driving speed;

t.    number of engine overspeeds;

u.   number of vehicle overspeeds;

v.   current vehicle speed (MPH);

w.   clutch switch status (on/off);

x.   clock;

y.   jake brake status;

28.   Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

29.   Produce a copy of the completion or non-completion of any safe driving programs by Theodore Leverne Johnson.

30.   Produce a copy of the driver manual or handbook issued to Theodore Leverne Johnson.

31.   Produce a copy of the company safety rules issued to Theodore Leverne Johnson.

32.   Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with plaintiff.

33.   Please produce the printout(s) from any database identified in Interrogatory No. 29 for the one year preceding the February 20, 2006 motor vehicle collision with plaintiff.

*NTC 4-19-07*
*for 5-15-07*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | ) ) ) | |
| | ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 06-cv-868-JD-CSC |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,* | ) ) ) | |
| *Defendants.* | ) ) | |

## NOTICE OF 30(b)(6) DEPOSITION

Please take notice that counsel for plaintiff will take the oral deposition of the

30(b)(6) agent or representative of **U S A Truck, Inc.** on **May 15, 2007** at **1:00 p.m.** at the

offices of **David E. Allred, P.C., 7030 Fain Park Drive, Suite 9, Montgomery, Alabama,**

who can testify as to the following topics:

1. The person in charge of hiring, safety training, screening drivers, and retaining drivers on the job with Defendant U S A Truck.

2. The person who is in charge of insuring that drivers working for U S A Truck comply with the Federal Motor Carrier Safety Regulations and the Rules of the Road.

3. The person who made the decision to hire Theodore Leverne Johnson as a U S A Truck driver.

4. The person who made the decision to retain Theodore Leverne Johnson as a U S A Truck driver



EXHIBIT
3-B

*4/19/07*

5. The person who was responsible for seeing that Theodore Leverne Johnson met the qualifications of U S A Truck.

6. The person or persons who can testify to the matters which are the subject of the plaintiff's interrogatories to Defendant U S A Truck, a copy of which are attached hereto as Exhibit A and incorporated herein by reference.

7. The person or persons who can testify as to the matters referred to in the plaintiffs' request for production filed to U S A Truck, a copy of which is attached hereto as Exhibit B and incorporated herein by reference.

Pursuant to Rule 30(b)(5) of the *Federal Rules of Civil Procedure*, the defendant, U S

A Truck, is requested to produce the following documents and things at the deposition:

1. All documents referred to in the request for production attached to this notice as Exhibit B.

2. All documents upon which the defendant, U S A Truck, will rely in defense of the plaintiff's action for the wrongful death of John Britt.

3. All statements of the plaintiff.


                                        _____
                                        DAVID E. ALLRED
                                        D. CRAIG ALLRED
                                        Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Notice of 30(b)(6) Deposition* has been

served upon the following counsel of record in this cause by placing a copy of same in the

United States Mail, first-class postage prepaid, on this the 19th day of April, 2007:

>Thomas L. Oliver, II, Esq.
>Lea Richmond, IV, Esq.
>CARR ALLISON
>100 Vestavia Parkway
>Birmingham, Alabama 35216

_____

OF COUNSEL

*NTC 4-6-07*
*for 4-18-07*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

LANDRIA BRITT, as Administratrix      )
of the Estate of JOHN W. BRITT,       )
Deceased,                             )
                                      )
       *Plaintiff,*                  )
                                      )
vs.                                   )     CIVIL ACTION NO. 06-cv-868-JD-CSC
                                      )
U S A TRUCK, INC.; THEODORE           )
LEVERNE JOHNSON, *et al.,*            )
                                      )
       *Defendants.*                 )


### <u>NOTICE OF DEPOSITION DUCES TECUM</u>

**To:**      Thomas L. Oliver, II, Esq.
          Lea Richmond, IV, Esq.
          **CARR ALLISON**
          100 Vestavia Parkway
          Birmingham, Alabama 35216

    Please take notice that the undersigned will take the deposition upon oral examination of the person named below at the time and place designated before a court reporter or some other person authorized by law to administer oaths.

                **Deponent:**   **Theodore Leverne Johnson**

                **Date:**       **April 18, 2007**

                **Time:**       **10:00 a.m.**

                **Place:**     **Office of David E. Allred, P.C.**
                               **7030 Fain Park Drive, Suite 9**
                               **Montgomery, Alabama 36117**



**EXHIBIT**
**4-A**

*4/6/07*

Defendant is hereby requested at the time of deposition to produce the documents and things set out on Exhibit "A" attached hereto. The deposition will be taken stenographically before a court reporter who is authorized to administer oaths and report oral deposition testimony pursuant to the *Alabama Rules of Civil Procedure*. You are invited to attend and cross-examine.

 

DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663

<u>C**ERTIFICATE OF** S**ERVICE**</u>

I hereby certify that a copy of the foregoing *Notice of Deposition Duces Tecum* has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 6th day of April, 2007:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> C**ARR** A**LLISON**
> 100 Vestavia Parkway
> Birmingham, Alabama 35216

_____
OF COUNSEL

## EXHIBIT A

1.      Produce any and all accident and/or incident reports and investigations prepared by this defendant as a result of the crash other than the police report.

2.      Produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with plaintiff and all accidents 3 years prior to February 20, 2006.

3.      If ISO certified, please produce all ISO Certification documents.

4.      Produce all documents prepared concerning all inspections performed on the tractor and trailer involved in this accident.

5.      Produce all leases and contracts that were in effect for the cab and trailer on the day of the accident.

6.      Produce the entire personnel file of Theodore Leverne Johnson.

7.      Produce the entire driver qualification file of Theodore Leverne Johnson.

8.      Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.      Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10.     Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11.     Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

12. Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

13. Produce all logs–official or unofficial–of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

14. Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

15. Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and for the day of the collision. Specifically, produce the supporting documents listed below which the defendant is required to maintain under 49 CFR 395.8(k).

    a. Bills of lading;

    b. Carrier pros;

    c. Freight bills;

    d. Dispatch records;

    e. Driver call-in records;

    f. Gate record receipts;

    g. Weight/scale tickets;

    h. Fuel billing statements and/or summaries;

    i. Toll receipts;

    j. International registration plan receipts;

    k. International fuel tax agreement receipts;

    l. Trip permits;

    m. Lessor settlement sheets;

n.   Port of entry receipts;

o.   Cash advance receipts;

p.   Delivery receipts;

q.   Lumper receipts;

r.   Interchange and inspection reports;

s.   Over/short and damage reports;

t.   Agricultural inspection reports;

u.   Commercial Vehicle Safety Alliance reports;

v.   Accident reports;

w.   Telephone billing statements;

x.   Credit card receipts;

y.   Driver fax reports;

z.   On-board computer reports;

aa.  Border crossing reports;

bb.  Custom declarations;

cc.  Traffic citations;

dd.  Overweight/oversize reports and citations;

ee.  And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

16.  Produce any and all cellular and telephone records and bills of the defendant for the day of the motor vehicle collision with plaintiff and seven days prior.

17.     Produce any and all credit card bills and receipts for Theodore Leverne Johnson the month of the motor vehicle collision with plaintiff.

18.     Produce copies of any and all fuel tax reports of Theodore Leverne Johnson for the year of this collision.

19.     Produce any and all state safety audits of Theodore Leverne Johnson for the year of this collision and three years prior.

20.     Produce any and all federal accident reports filed by Theodore Leverne Johnson the year of this collision and three years prior.

21.     Produce any and all DOT inspection reports filed by Theodore Leverne Johnson for the year of this collision and three years prior.

22.     Produce any and all long form DOT physicals of Theodore Leverne Johnson.

23.     Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Theodore Leverne Johnson for the month of this collision.

24.     Produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

25.     Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or anytime after.

26.     Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Theodore Leverne Johnson.

27.     Produce copies of any and all satellite communications and e-mail for the day of the collision and seven days prior, as well as all recorded ECM (electronic control

module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

      a.      trip distance;

      b.      total vehicle driving time;

      c.      load factor;

      d.      vehicle speed limit;

      e.      maximum vehicle speed recorded;

      f.      number of hard brake incidents;

      g.      current engine speed (rpm);

      h.      maximum and minimum cruise speed limits;

      i.      total vehicle driving distance;

      j.      fuel consumption (gal./hr.);

      k.      idle time;

      l.      engine governed speed;

      m.      maximum engine speed recorded;

      n.      current throttle position;

      o.      brake switch status (on/off);

      p.      odometer;

      q.      trip driving time;

      r.      overall fuel economy (MPG);

      s.      average driving speed;

      t.      number of engine overspeeds;

u.     number of vehicle overspeeds;

v.     current vehicle speed (MPH);

w.    clutch switch status (on/off);

x.     clock;

y.     jake brake status;

28.     Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

29.     Produce a copy of the completion or non-completion of any safe driving programs by Theodore Leverne Johnson.

30.     Produce a copy of the driver manual or handbook issued to Theodore Leverne Johnson.

31.     Produce a copy of the company safety rules issued to Theodore Leverne Johnson.

32.     Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with plaintiff.

33.     Please produce the printout(s) from any database identified in Interrogatory No. 29 for the one year preceding the February 20, 2006 motor vehicle collision with plaintiff.

*NTC 4-20-07*
*for 5-24-07*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as Administratrix ) 
of the Estate of JOHN W. BRITT, ) 
Deceased, ) 
 ) 
       *Plaintiff,* ) 
 ) 
vs. )   CIVIL ACTION NO. 2:06cv868-ID-CSC
 ) 
U S A TRUCK, INC.; THEODORE ) 
LEVERNE JOHNSON, *et al.,* ) 
 ) 
      *Defendants.* ) 

## <u>NOTICE OF 30(b)(6) DEPOSITION</u>

Please take notice that counsel for plaintiff will take the oral deposition of the

30(b)(6) agent or representative of **U S A TRUCK, INC.** on **May 24, 2007** at **1:00 p.m.** at the

offices of **DAVID E. ALLRED, P.C., 7030 Fain Park Drive, Suite 9, Montgomery, Alabama,**

who can testify as to the following topics:

1.    The person in charge of hiring, safety training, screening drivers, and retaining drivers on the job with Defendant U S A Truck.

2.    The person who is in charge of insuring that drivers working for U S A Truck comply with the Federal Motor Carrier Safety Regulations and the Rules of the Road.

3.    The person who made the decision to hire Theodore Leverne Johnson as a U S A Truck driver.

4.    The person who made the decision to retain Theodore Leverne Johnson as a U S A Truck driver



**EXHIBIT**
**4-B**

*4/20/07*

5. The person who was responsible for seeing that Theodore Leverne Johnson met the qualifications of U S A Truck.

6. The person or persons who can testify to the matters which are the subject of the plaintiff's interrogatories to Defendant U S A Truck, a copy of which are attached hereto as Exhibit A and incorporated herein by reference.

7. The person or persons who can testify as to the matters referred to in the plaintiffs' request for production filed to U S A Truck, a copy of which is attached hereto as Exhibit B and incorporated herein by reference.

Pursuant to Rule 30(b)(5) of the *Federal Rules of Civil Procedure*, the defendant, U S

A Truck, is requested to produce the following documents and things at the deposition:

1. All documents referred to in the request for production attached to this notice as Exhibit B.

2. All documents upon which the defendant, U S A Truck, will rely in defense of the plaintiff's action for the wrongful death of John Britt.

3. All statements of the plaintiff.



_____

DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Notice of 30(b)(6) Deposition* has been

served upon the following counsel of record in this cause by placing a copy of same in the

United States Mail, first-class postage prepaid, on this the 20th day of April, 2007:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> CARR ALLISON
> 100 Vestavia Parkway
> Birmingham, Alabama 35216

_____

OF COUNSEL

**IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| **LANDRIA BRITT, as Administratrix of the Estate of John W. Britt, deceased.** | * |
| | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * |
| | *    **CV: 06-** |
| **U S A TRUCK, Inc.;THEODORE LEVERNE JOHNSON, et al.,** | * |
| | * |
| | * |
| **Defendants.** | * |

**PLAINTIFF'S FIRST INTERROGATORIES TO
DEFENDANT THEODORE LEVERNE JOHNSON**

Pursuant to Rule 33, *Alabama Rules of Civil Procedure*, Plaintiff requests that Defendant Theodore Leverne Johnson answer the following interrogatories within the time required by law:

1.  Please give your legal name, current address and age.

2.  Have you ever been convicted of any of the following driving offenses:

    a.  Driving a commercial motor vehicle while under the influence of alcohol where your blood alcohol concentration was 0.04 percent or more or driving under the influence of alcohol as prescribed by state law?

    b.  Refusing to undergo alcohol testing as required by any state or jurisdiction?

    c.  Driving a commercial motor vehicle while under the influence of a controlled substance?

    d.  Leaving the scene of an accident involving a commercial motor vehicle?

    e.  A felony involving the use of a commercial motor vehicle?

**EXHIBIT
5**

3.    For each traffic violation you have had for ten years before this collision, give the date and location of the alleged violation and the result of any citation.

4.    Have you ever been involved in any other motor vehicle collision in which you were driving and, if so, please give a brief description of each such collision including the name, address, and telephone number of all other persons involved, the date, place and time of the collision, the owner of the vehicle which you were driving, and the name and current address of the person who was at fault.

5.    Have you ever been cited by any law enforcement agency for violations related to a U S A Truck tractor trailer driven by you?

6.    If your driver's license has ever been suspended or revoked, please give the date, state and reason for same.

7.    How many commercial driving licenses did you possess at the time of the collision?

8.    Give the state, drivers license number and expiration date for each CDL you have ever had.

9.    Have you ever received an out of service order?  If so, state the violation, the data received and the amount of fine and costs paid.

10.    Has the company for which you were driving at the time of the collision provided you with a copy of the Federal Motor Carrier Safety Regulations?  Is so, when?

11.    State the name of all liability insurance companies or carriers that protect you for this accident, including your basic motor vehicle coverage and all excess or umbrella policies.

12.    State the limits of insurance on each policy identified in the preceding interrogatory.

13.     At the time of the collision who were you acting on behalf of?

14.     State the full name and owner of the vehicle you were driving at the time of the collision.

15.     At the time of the collision, who where you employed by?

16.      Give the name and address of the person who gave you permission or authority to use the tractor-trailer on the day of the accident.

17.     State the number of hours you had been on duty in the 24 hours before the collision.

18.     State the number of hours you had been on duty in the 7 days before the collision.

19.     State the number of consecutive hours and/or minutes you had been driving prior to the accident.

20.     State each activity you were performing for the entire 7 day period leading up to the accident and include the amount of time for each such activity.

21.     State the purpose of the trip you were making at the time of the collision, from where you departed, and your intended destination.

22.     Describe the exact route that you followed on the date of the collision from the point where your trip commenced to the point where the collision occurred.

23.     State the exact time you left the place of departure.

24.     State each time, if any, you stopped between the time of departure and the time of the collision.

25.     Did you deviate in any manner from your planned route prior to the collision?  If so, explain.

26.     Describe in your own words how this collision occurred.

27.    What type of maneuver were you making at the time of the collision?

28.    Why were you going to the T A Truckstop?

29.    If you contend that John Britt was in any way negligent in causing this wreck, describe your position in detail.

30.    Identify all equipment in the cab of the tractor you were driving at the time of the collision that provided satellite communication or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

31.    State the name, address and phone number of each person who witnessed or claims to have witnessed the collision.

32.    Identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.


_____

KENNETH J. MENDELSOHN    (MEN001)

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served along with the Complaint and Summons on this __ day of September, 2006

_____

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | ) ) ) | |
| | ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) | CIVIL ACTION NO. 06-cv-868-ID-CSC |
| | ) | |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,* | ) ) ) | |
| | ) | |
| *Defendants.* | ) | |

## CERTIFICATION OF COUNSEL

NOW COMES the undersigned counsel for Plaintiff **LANDRIA BRITT TYLER**, as Administratrix of the Estate of JOHN W. BRITT, Deceased, and provides the following certification regarding good faith efforts to confer or attempt to confer with counsel for the defendants in an effort to obtain answers or responses to discovery and to obtain the depositions of the defendants without Court action, as required by Rule 37(d).

1. My name is David E. Allred. I represent the plaintiff in this case as co-counsel with Kenneth J. Mendelsohn of the firm of Jemison and Mendelsohn, P.C. I have personal knowledge of the facts set forth herein.

2. In preparation for filing of this certification and related motions with this Court concerning the defendants' failure to engage in discovery, I have reviewed my file on this matter and find the following relevant activities occurred with regard to discovery:

On the following dates, which constitute 17 contacts with defendants' counsel, I either sent a facsimile letter, facsimile, e-mail, or made a telephone call to defendants' counsel to schedule depositions and/or to request responses to the plaintiff's pending discovery requests:

February 26, 2007;
March 2, 6, 9, 21, 2007;
April 6, 17, 19, 2007;
May 21, 31, 2007;
June 19, 29, 2007;
July 4, 29, 2007; and
August 17, 29, 30, 2007

3.     All eight of the deposition notices sent out for depositions of the defendants were done so after conferring with defendants' counsel and reaching an agreement about the date, time, and, more significantly, the <u>place</u> of the deposition.

4.     The deposition for the defendants to be deposed on October 8, 2007 in Birmingham was sent out on a stated agreement which was confirmed by e-mails as follows:

On September 12, 2007, at 3:56 p.m., the undersigned sent an e-mail to defendants' counsel stating, in pertinent part, as follows: "In light of the order granting the extension, the Friday depositions have been rescheduled to Monday, October 8th at 10:00 a.m. I told Lea that <u>I would come to your office</u>. I understand that the depositions to be taken are of the <u>U S A rep</u> (per our description in the notice) and <u>Johnson, the driver</u>. I will make arrangements for the court reporter." (*emphasis supplied*) To which, counsel for the

defendants replied on September 12, 2007 at 4:36 p.m., "David, thanks for the accommodation, we will see on the 8th." (*emphasis supplied*)

5.     In addition, the undersigned sent a facsimile letter dated September 25, 2007 to counsel for the defendants which states, in pertinent part, "This will confirm that the plaintiff will depose Defendants Johnson and the U S A Truck 30(b)(6) representative on October 8th starting at 10:00 a.m. at your office. . . .". (*emphasis supplied*)

6.     There was no objection raised by the defendants' lawyers about the site of the depositions until correspondence dated October 5, 2007, the afternoon of the last work day before the depositions was raised, stating that the depositions would not be in Birmingham as agreed; rather, would be at an undisclosed location in Arkansas or in Delaware: ". . . a corporate representative of U S A Truck, Inc. . . . will be available in their venue in Van Buren, Arkansas. Likewise, Mr. Johnson's deposition will need to be taken in Delaware."

7.     Prior to the October 5, 2007 letter, counsel for the defendants had agreed, on at least three occasions, for the defendants to be deposed at his office in Birmingham.

_____
DAVID E. ALLRED

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:     (334) 396-9200
Facsimile:     (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663


STATE OF ALABAMA                    )
                                   )
COUNTY OF MONTGOMERY               )

BEFORE ME, the undersigned authority, a Notary Public in and for the said State and

County, personally appeared DAVID E. ALLRED, who, after being duly sworn, deposes and

says on oath that he executed the foregoing Certification of Counsel and acknowledged

that the same is true; and that after reading the same, or having the same read to him, and

with a full understanding of the terms and effect thereof, he executed the same as his free

act and deed and for the uses and purposes therein expressed.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 9th day of October, 2007.

(SEAL)

NOTARY PUBLIC
My commission expires: 7/31/10

-4-