**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased,** ) ) ) ) ) | |
| **Plaintiff,** ) ) | Case No. 2:06cv868-ID-CSC |
| v. ) ) | |
| **U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al.,** ) ) ) | |
| **Defendants.** ) | |

**DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR
FAILURE TO APPEAR AT DEPOSITIONS AND FAILURE
TO SERVE ANSWERS TO INTERROGATORIES**

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"), and respond to the Plaintiff's Motion for Sanctions as follows:

1.  The Plaintiff's assertion that the Defendants have arbitrarily refused to cooperate during the discovery process is, at best, misguided. As outlined below, the Defendants have provided the Plaintiff with discovery information and, while doing

so, have made good faith efforts to settle this litigation per SECTION 3 of the Court's Scheduling Order. (Doc. 9).

2.   In an effort to resolve the Plaintiff's claim short of litigation, the Defendants agreed to pre-suit mediation, which occurred on August 29, 2007 with Mr. James Anderson, Esq., serving as mediator.

3.   Prior to mediation, and in response to the Plaintiff's request, the Defendants voluntarily produced documents so as to foster an informed and meaningful mediation. The Defendants produced on May 9, 2006 Mr. Johnson's hours of service records, photographs of the subject trailer, and data downloaded from the subject tractor's electronic control module. Additionally, on August 24, 2006, the Defendants produced Mr. Johnson's driver qualification file. **All toll, the Defendants voluntarily produced 370 documents before the pre-suit mediation.**

4.   Of note, Mr. Johnson's driver qualification file contained documents and information pertaining to his driving history and USA Truck, Inc.'s efforts to investigate and assess Mr. Johnson's competency as a driver of commercial motor vehicles. Thus, before the Plaintiff even filed suit, the Defendants voluntarily provided the Plaintiff with information that would be relevant to ancillary claims such as entrustment, supervision, etc. The Defendants did so in a good faith effort to

resolve this matter without the parties having to incur litigation expense. Needless to say, the matter did not settle during mediation.

5. **Since the commencement of litigation, the Defendants have responded to the Plaintiff's written inquiries and requests.** On May 21, 2007 USA Truck, Inc., responded to the Plaintiff's Request for the Production of Documents. On May 31, 2007 USA Truck, Inc., provided the Plaintiff with signed and sworn responses to Interrogatories. Also on May 31st, the Defendants complied with the Scheduling Order and Rule 26(a)(2)(B), by providing the Plaintiffs with expert disclosures. Finally, defense counsel sent Mr. Johnson's unsigned responses to Interrogatories on October 5, 2007. The undersigned represents to this Court that Mr. Johnson is financially destitute. He does not have a telephone or a computer. Regardless, defense counsel is endeavoring to obtain signed and sworn Interrogatory responses from Mr. Johnson.

6. With regard to the scheduling of depositions, the insinuation in Plaintiff's motion for sanctions that the Defendants have willfully ignored the Plaintiff's requests to schedule depositions is incorrect. To the contrary, the **Defendants have provided dates for depositions and have diligently corresponded with Plaintiff's counsel to accommodate** several hectic calendars. The best evidence of this is the actual correspondence between counsel surrounding the noticing and canceling of depositions.

7.   The Plaintiff unilaterally noticed the Defendants' depositions for April 18, 2007, but then **Plaintiff's counsel subsequently agreed to cancel those depositions.** On April 10, 2007, defense counsel sent Plaintiff's counsel an e-mail confirming the mutual agreement to cancel the depositions and move them to a more convenient date. In the same e-mail, defense counsel provided Plaintiff's counsel with a list of potential dates. (E-mail correspondence between Tom Olive and David Allred, beginning April 10, 2007 through May 16, 2007, attached hereto as Exhibit 1).

8.   On April 19th, Plaintiff's counsel responded with an e-mail stating that he had selected a date and noticed the Defendants' depositions for May 15, 2007. Later in the afternoon of April 19th, defense counsel e-mailed Plaintiff's counsel and requested that the depositions be set for either May 24th or June 19th. Thus, the May 15th deposition notices issued prematurely. **Plaintiff's counsel responded on May 16th to confirm that the depositions would go forward on May 24th.** Accordingly, Plaintiff's counsel re-noticed the Defendants' depositions for May 24th. Plaintiff's counsel also requested that the Defendants produce additional documents, even though numerous documents had been voluntarily produced pre-suit. (See Exhibit 1). As noted above, the Defendants provided more documents on May 21st.

9.   **The Plaintiff then canceled the depositions set for May 24th** on the grounds that the Plaintiff needed additional time to review documents and prepare for

the depositions. (E-mail correspondence between Tom Oliver and David Allred beginning May 21, 2007 through May 22, 2007, attached hereto as Exhibit 2). **Of note, the Plaintiff had Mr. Johnson's hours of service records, driver qualification file, photographs, etc., since before the pre-suit mediation and then received additional documents on May 21st.**

10.   On September 4, 2007, the Defendants filed a Motion for Partial Summary Judgement (Doc. 16) according to the deadline for dispositive motions in the Court's Scheduling Order. The Plaintiff then noticed the Defendants' depositions for September 14, 2007, but thereafter **Plaintiff's counsel agreed to move those depositions** to October 8, 2007 because the Court granted the Plaintiff an extension to October 24th to file a response to the dispositive motion.

11.   **In accordance with SECTION 3 of the Court's Scheduling Order, the Defendants have attempted to engage in settlement negotiations.** Since the Plaintiff has failed to fulfill her obligation to file a report with the Court addressing the status of settlement negotiations, the Defendants will inform the Court on the progress of negotiations, or lack thereof. Because the correspondence regarding settlement discussions contains specific figures, the undersigned has refrained from attaching that collection of correspondence. However, the undersigned represents to

the Court that on September 28th, the <u>Defendants doubled</u> their last settlement offer made at pre-suit mediation, but the <u>Plaintiff refused to reduce</u> her demand.

12. The undersigned then telephoned Plaintiff's counsel on October 4, 2007 and relayed that the Defendants wanted to settle the case rather than incur the enormous expense of traveling to numerous states to depose parties, experts, and fact witnesses. Accordingly, the **undersigned offered to join the Plaintiff's counsel in a request to the Court that the Plaintiff's deadline to respond to the Defendants' motion for partial summary judgment, as well as the discovery deadline, be extended to the date of the pre-trial conference,** that being December 20, 2007. <u>These extensions</u>, if the Court had been so inclined to grant them, <u>would not have affected any other deadlines in the Court's Scheduling Order, nor would they have caused any prejudice or delay</u>. During the same telephone conference, the undersigned also made another offer (despite the Plaintiff's silence following the last offer), this time more than tripling the Defendants' last offer made at pre-suit mediation, <u>thereby coming to the exact figure that Plaintiff's counsel had relayed would be necessary for the Defendants to offer in order for the Plaintiff to reduce her demand</u>. Despite the proposition of extending the Plaintiff's litigation deadlines, as well as the Defendants two (2) substantial settlement offers, the Plaintiff refused to negotiate and stated that

she might even increase her demand. (Declaration of Thomas L. Oliver, II, attached hereto as Exhibit 3).

13. On Friday, October 2, 2007, the undersigned wrote Plaintiff's counsel conveying that the Plaintiff's refusal to negotiate constituted bad faith and contradicted prior representations. Despite this, the Defendants were prepared to proceed with the corporate representative's deposition, but in the forum of USA Truck, Inc.'s principle place of business. Likewise, the letter advised that Mr. Johnson would be available for deposition in his home state of Delaware.

14. On October 8, 2007, the Defendants filed a Motion for Protective Order Regarding the Deposition of Theodore Johnson (Doc. 21) and a Motion for Protective Order Regarding the Deposition of USA Truck, Inc.'s Corporate Representative. (Doc. 22).

15. The Plaintiff has moved for sanctions pursuant to Federal Rule of Civil Procedure 37(d) for the Defendants' purported failure to appear at depositions or to provide responses to Interrogatories. In her motion, the Plaintiff has requested that the Defendants' defense of contributory negligence be stricken and the Defendants' motion for partial summary judgment be denied. **Both the motion and the request for relief are unfounded.** First, the <u>Defendants provided the Plaintiff with the company's signed and sworn Interrogatory responses, and Mr. Johnson's unsigned</u>

Interrogatory responses. Second, the Defendants have provided the Plaintiff with 680 documents, photographs, electronic data, etc. Third, the Plaintiff, by agreement canceled the Defendants' previously scheduled depositions. Fourth, the Defendants moved for protective orders regarding the locales for the October 8th depositions in compliance with the Federal Rules of Civil Procedure and applicable law. Fifth, and most important, the Plaintiff failed to comply with this Court's Order to engage in face-to-face settlement negotiations.

Furthermore, this being a wrongful death action regarding a motor vehicle accident, striking the Defendants' contributory negligence defense would be paramount to entering a default as a sanction under Rule 37(d). According to the United States District Court for the Southern District of Alabama,

> A court's discretion to impose sanctions under Rule 37--particularly the entry of default or dismissal of an action--is limited by important constitutional and policy considerations. . . . The imposition of a default judgment as a Rule 37 sanction is controlled by the same guidelines as the entry of a dismissal order. . . . Both are extreme remedies which should only be imposed if less drastic sanctions cannot properly redress the wrongdoing.

Cont'l Cas. Co. v. Compass Bank, 2006 U.S. Dist. LEXIS 12288, n. 17 (M.D. Ala. 2006)(citing Telectron, Inc. v. Overhead Door Corp., 116 F.R.D. 107, 129 (S.D.Fla. 1987)).

16. Here, the **Defendants**, <u>unlike the Plaintiff</u>, **did not ignore a Court order.** They did not refuse to appear for deposition, nor did they refused to answer any inquiries or produce particular documents. A corporate representative of USA Truck, Inc., was prepared to testify on May 24, 2007, and again on October 8, 2007. The Defendants merely took exception to the October 8th depositions being conducted in Alabama, so they appropriately moved for protective orders, which is not sanctionable conduct. The suggestion that portions of Defendants' Answer should be struck or their dispositive motion be dismissed is unfounded . This case should be tried on the merits. The Defendants expect to offer scientific (engineering), medical, and eyewitness testimony that the decedent, John W. Britt, negligently contributed to the cause of this accident. To that end, the Defendants have retained and identified two expert witnesses for trial. **The Plaintiff should not be allowed to use a dispute over the locations of depositions to circumvent the judicial process and the Defendants' Due Process rights in order to obtain an unjust windfall**. <u>**There is no evidence that the Defendants have willfully thwarted the discovery process or otherwise acted in a manner that even remotely warrants the relief requested by the Plaintiff.**</u>

17. Moreover, Federal Rule of Civil Procedure 37(d)(2) states that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought

was objectionable, **<u>unless the party failing to act has a pending motion for protective order under Rule 26(c)</u>**." Fed. R. Civ. P. 37(d)(2)(emphasis added). Here, the Defendants have pending motions for protective orders (Docs. 21, 22) citing valid grounds why the deposition of USA Truck, Inc.'s corporate representative and the deposition of Mr. Johnson should proceed in those respective parties' forums. The Defendants reference the Court to the case law and arguments presented in those motions.

WHEREFORE, THESE PREMISES CONSIDERED, the Defendants respectfully request that the Court DENY the Plaintiff's Motion for Sanctions.

    s/ Thomas L. Oliver
    Thomas L. Oliver, II (ASB-3153-r53t)
    Lea Richmond, IV (ASB-8479-l74r)
    Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

     I, Thomas L. Oliver, II, do hereby Certify that on the 11th day of October, 2007, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

                                      s/ Lea Richmond, IV
                                      **OF COUNSEL**

| | |
|---|---|
| **From:** | Tom Oliver |
| **To:** | David Allred |
| **Date:** | 5/16/07 5:25PM |
| **Subject:** | RE: Britt v. USA Truck |

David, we are still on. I'm working on any documents that have not previously been produced but we gave Kenny a lot prior to litigation so please make sure you have those.


Sincerely Yours,

Tom Oliver
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
205-949-2942
205-822-2057 fax
www.carrallison.com
Alabama - Birmingham, Dothan
Florence & Mobile
Florida - Tallahassee
Mississippi - Gulfport
CONFIDENTIALITY NOTICE: This e-mail (including any file attachments) is for the sole use of the intended recipients - not necessarily the addressees - and may contain confidential and privileged information that by its privileged and confidential nature is exempt from disclosure under applicable law. You are hereby notified that dissemination, disclosure, distribution, duplication, or other use of this transmission by someone other than an intended recipient or an intended recipient's designated agent is strictly prohibited. If you are not an intended recipient or believe you have received this transmission in error, please notify the sender.


\>>> "David Allred" <DAllred@allredpclaw.com> 05/16/07 01:21PM >>>
Tom: I am writing to simply confirm that we are still on for May 24th
for depositions. Also, I have not received a response to plaintiff's
Requests for Production. Please send the documents right away so that I
may review them. Many Thanks, David

-----Original Message-----
From: Tom Oliver [mailto:TLO@carrallison.com]
Sent: Thursday, April 19, 2007 2:31 PM
To: David Allred
Subject: RE: Britt v. USA Truck

David, my client and I can confirm today that we are available for
depositions on May 24th and June 19th. Please let me know what dates
work best for you and Mrs. Britt and we will notice the depositions
accordingly.


Sincerely Yours,

Tom Oliver
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216

205-949-2942
205-822-2057 fax
www.carrallison.com
Alabama - Birmingham, Dothan
Florence & Mobile
Florida - Tallahassee
Mississippi - Gulfport

CONFIDENTIALITY NOTICE: This e-mail (including any file attachments) is for the sole use of the intended recipients - not necessarily the addressees - and may contain confidential and privileged information that by its privileged and confidential nature is exempt from disclosure under applicable law. You are hereby notified that dissemination, disclosure, distribution, duplication, or other use of this transmission by someone other than an intended recipient or an intended recipient's designated agent is strictly prohibited. If you are not an intended recipient or believe you have received this transmission in error, please notify the sender.


>>> "David Allred" <DAllred@allredpclaw.com> 04/19/07 09:00AM >>>
Tom: It looks like May 15, 21, & 24 are dates that are good for me and that were good for you on April 10th. I have therefore noticed the defendants' depositions for May 15th starting at 10:00 at my office. I will need to get discovery responses from the defendants first. If this
date is not good, let me know. David

-----Original Message-----
From: Tom Oliver [mailto:TLO@carrallison.com]
Sent: Tuesday, April 10, 2007 9:46 AM
To: David Allred
Subject: Britt v. USA Truck

David:

I got your voice message from last night. I hope your trial goes well.

I appreciate your comments that I don't need to file anything in response to your deposition notices and we can mutually agree to set them again at a more convenient date.

On that note, I suspect that my calendar and yours will be much more difficult to accommodate than our clients'. Thus, let's get some dates
between the two of us and then confirm with our clients. I would like to take Ms. Britt's depo first (and it should be short), then we can take the driver and the corp rep for USA. If you think we can do them all in a day, I'm available on the following dates:

May 1, 15, 21, 24
June 4, 12, 19, 22, 25-29

Let me know what works best for you and I will confirm a date with my clients.

Sincerely Yours,

Tom Oliver
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
205-949-2942
205-822-2057 fax
www.carrallison.com
Alabama - Birmingham, Dothan
Florence & Mobile
Florida - Tallahassee
Mississippi - Gulfport
CONFIDENTIALITY NOTICE: This e-mail (including any file attachments) is
for the sole use of the intended recipients - not necessarily the
addressees - and may contain confidential and privileged information
that by its privileged and confidential nature is exempt from
disclosure
under applicable law. You are hereby notified that dissemination,
disclosure, distribution, duplication, or other use of this
transmission
by someone other than an intended recipient or an intended recipient's
designated agent is strictly prohibited. If you are not an intended
recipient or believe you have received this transmission in error,
please notify the sender.

| | |
|---|---|
| **From:** | Tom Oliver |
| **To:** | David Allred |
| **Date:** | 5/22/07 7:00AM |
| **Subject:** | RE: Britt v. USA Truck |

David:

As I have said before, we have already produced most of the documents that you are entitled to and those documents were produced to Kenny well before suit was even filed. I will forward the remainder of the responsive documents but they are not sufficient in number in my opinion to warrant canceling the corporate rep deposition. However, unless you advise me otherwise I will assume the depo of the driver and corp rep are off for Thursday the 24th.

Likewise, I don't see where I have any documents from you despite our service of the same in November of last year. I will thus have to cancel Mrs. Britt's deposition as I don't have those documents in time to prepare!

Once you have reviewed the documents, please get back to me on rescheduling all depositions.


Sincerely Yours,

Tom Oliver
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
205-949-2942
205-822-2057 fax
www.carrallison.com
Alabama - Birmingham, Dothan
Florence & Mobile
Florida - Tallahassee
Mississippi - Gulfport
CONFIDENTIALITY NOTICE: This e-mail (including any file attachments) is for the sole use of the intended recipients - not necessarily the addressees - and may contain confidential and privileged information that by its privileged and confidential nature is exempt from disclosure under applicable law. You are hereby notified that dissemination, disclosure, distribution, duplication, or other use of this transmission by someone other than an intended recipient or an intended recipient's designated agent is strictly prohibited. If you are not an intended recipient or believe you have received this transmission in error, please notify the sender.


>>> "David Allred" <DAllred@allredpclaw.com> 05/21/07 06:13PM >>>
If you don't send them 'til 5-22, I wouldn't get them 'til 5-23 and the
depositions are the next day and that wouldn't leave enough time to
prepare. Those requests have been filed since last Fall, almost 9 months
now. I need to see what is going to be produced also because so far all
I have is a bunch of objections. There may be some issues about the
objections that will require court intervention if we cannot agree on
getting the documents in spite of the defendants' objections. Also, it
is not good that your driver is not going to be here. I think it is best
that I take the driver and the corporate rep on another date after the
issues of the sufficiency of defendants' responses have been resolved
either by agreement or by court intervention, so the rep's deposition if
off since I did not get the documents in time. If you want to go ahead
and depose Landria, she is planning to be here. Let me know if you want

Landria's deposition on May 24th.

-----Original Message-----
From: Tom Oliver [mailto:TLO@carrallison.com]
Sent: Monday, May 21, 2007 6:01 PM
To: David Allred
Subject: RE: Britt v. USA Truck

How about I overnight them? I think there are over 50 pages but I could be wrong.

Sincerely Yours,

Tom Oliver
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
205-949-2942
205-822-2057 fax
www.carrallison.com
Alabama - Birmingham, Dothan
Florence & Mobile
Florida - Tallahassee
Mississippi - Gulfport
CONFIDENTIALITY NOTICE: This e-mail (including any file attachments) is
for the sole use of the intended recipients - not necessarily the
addressees - and may contain confidential and privileged information
that by its privileged and confidential nature is exempt from disclosure
under applicable law. You are hereby notified that dissemination,
disclosure, distribution, duplication, or other use of this transmission
by someone other than an intended recipient or an intended recipient's
designated agent is strictly prohibited. If you are not an intended
recipient or believe you have received this transmission in error,
please notify the sender.


>>> "David Allred" <DAllred@allredpclaw.com> 05/21/07 05:33PM >>>
I need the documents in time to rad them. Can you send someone down here
with them, or fax them if there aren't that many?

-----Original Message-----
From: Tom Oliver [mailto:TLO@carrallison.com]
Sent: Monday, May 21, 2007 5:31 PM
To: David Allred
Subject: Britt v. USA Truck

David:

I'm getting the documents and discovery ready and we should have those
out tomorrow. I have the corp rep lined up for depos on Thursday but
I
will not have the driver. I think we go ahead with Landria and the
rep
and then we can the driver or others later. Let me know your
preference.

Sincerely Yours,

Tom Oliver
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
205-949-2942
205-822-2057 fax
www.carrallison.com
Alabama - Birmingham, Dothan
Florence & Mobile
Florida - Tallahassee
Mississippi - Gulfport

CONFIDENTIALITY NOTICE: This e-mail (including any file attachments) is
for the sole use of the intended recipients - not necessarily the
addressees - and may contain confidential and privileged information
that by its privileged and confidential nature is exempt from
disclosure
under applicable law. You are hereby notified that dissemination,
disclosure, distribution, duplication, or other use of this
transmission
by someone other than an intended recipient or an intended recipient's
designated agent is strictly prohibited. If you are not an intended
recipient or believe you have received this transmission in error,
please notify the sender.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased,<br><br>Plaintiff,<br><br>v.<br><br>U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al.,<br><br>Defendants. | Case No. 2:06cv868-ID-CSC |

## DECLARATION OF THOMAS L. OLIVER, II

Before me, the undersigned notary public, personally appeared Thomas L. Oliver, II, who declares as follows:

1. My name is Thomas L. Oliver, II. I am a resident and citizen of the State of Alabama, and I am over twenty-one (21) years of age. I have personal knowledge of the facts contained in this Declaration pursuant to 28 U.S.C. § 1746.

2. I am defense counsel in the above-styled case for USA Truck, Inc., and Theodore Leverne Johnson.

3. In an effort to comply with the Court's Scheduling Order regarding settlement negotiations, I telephoned Plaintiff's counsel, David E. Allred, on October 4, 2007 and relayed that the Defendants wanted to settle the case instead of expending time and money in discovery and trial preparation.

      4.     I offered to agree with Plaintiff's counsel's request for an extension of time for the Plaintiff to respond to my clients' pending motion for partial summary judgment.

      5.     I also offered to agree on extending the discovery deadline to the pre-trial conference date of December 20, 2007.

      6.     Additionally, on behalf of my clients, I made a settlement offer that tripled my clients' last offer made at pre-suit mediation. The figure I offered was the exact figure that Plaintiff's counsel had said would be necessary for the defense to offer in order for the Plaintiff to reduce her demand.

      7.     Thereafter, by letter, the Plaintiff refused to reduce her demand, insisted on going forward with discovery, and threatened to increase her demand.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of October, 2007.

_____
Thomas L. Oliver, II., Esq.