## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LANDRIA BRITT, as** | ) | |
| **ADMINISTRATRIX of the** | ) | |
| **ESTATE OF JOHN W. BRITT,** | ) | |
| **deceased,** | ) | **Case No. 2:06cv868-ID-CSC** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U S A TRUCK, Inc.; THEODORE** | ) | |
| **LEVERNE JOHNSON; et al.,** | ) | |
| | ) | |
| **Defendants.** | | |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S
## MOTION TO SHORTEN TIME FOR A RESPONSE

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"), and hereby object to the Plaintiff's Motion to Shorten Time for a Response on the following grounds:

1.    The Plaintiff filed a Motion to Shorten Time for a Response (Doc. 32) on November 6, 2007 requesting that the Defendants be ordered to respond to Supplemental Interrogatories and Request for the Production of Documents within ten (10) days of the Plaintiff propounding said inquiries and requests. (Plaintiff's Supplemental Discovery Requests are attached hereto as Exhibit "1" for the Court's reference).

2.     Due to the nature and extent of the Plaintiff's supplemental discovery, the Defendants will be serving substantive objections to portions of said discovery. Regardless, the Defendants cannot reasonably be expected to respond to the Plaintiff's supplemental discovery within ten (10) days.

3.     The Plaintiff asserted in her Motion to Shorten Time for a Response that the additional Interrogatories and Request for Production were "simple, straightforward" and that the information would be "readily available" to the Defendants.  In support of this proposition, the Plaintiff cited in her motion a single inquiry that can, indeed, be answered with relative ease (e.g., the last known address of Mr. Mike Neal, a former employee of USA Truck, Inc.).  However, the Plaintiff failed to discuss the nature and extent of her sixteen (16) other inquiries and requests to the Defendants.

4.     These sixteen (16) other inquiries and requests, a significant portion of which are substantively objectionable, cannot be answered within ten (10) days.  For instance, Request No. 6 asks USA Truck, Inc., to produce copies of all correspondence between the company and the Department of Transportation or **any governmental entity** over the last two years regarding any safety issue.  Aside from the litany of substantive objections that can and will be made to this and similar requests in the Plaintiff's supplemental discovery, this request would be extremely cumbersome for

a motor carrier such as USA Truck, Inc., to respond to within the proscribed thirty (30) days, much less ten (10) days.  USA Truck, Inc., is a publicly traded company that transports commodities throughout the continental United States,  as well as Canada and Mexico.  As of December 31, 2006, USA Truck, Inc., operated 2,571 tractors and 6,760 van trailers.  Even if the scope of this request were not objectionable, the Defendants could not provide a full and adequate response within ten (10) days.

5.     Finally, as mentioned above, the Defendants will be serving substantive objections to several portions of the Plaintiff's supplemental discovery.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that the Court DENY the Plaintiff's Motion to Shorten Time to Respond.


s/ Thomas L. Oliver
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas L. Oliver, II, do hereby Certify that on the 9th day of November, 2007, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

s/ Lea Richmond, IV
**OF COUNSEL**

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as Administratrix )
of the Estate of JOHN W. BRITT, )
Deceased, )
                        )
             *Plaintiff,* )
                        )
vs. )   CIVIL ACTION NO. 06-cv-868-ID-CSC
                        )
U S A TRUCK, INC.; THEODORE )
LEVERNE JOHNSON, *et al.,* )
                        )
         *Defendants.* )

Case 2:06-cv-00868-ID-CSC    Document 32-2    Filed 11/06/2007    Page 1 of 5

## SUPPLEMENTAL DISCOVERY REQUESTS
## OF PLAINTIFF TO DEFENDANTS
## U S A TRUCK, INC. AND THEODORE LEVERNE JOHNSON

NOW COMES the plaintiff and propounds the following discovery requests, pursuant to the *Federal Rules of Civil Procedure*, to the defendants separately and severally:

1.     Produce copies of all Qualcomm or other communications from and to U S A Truck, Inc. and Theodore Leverne Johnson regarding any matter, especially, but not limited to, the broken windshield on the accident tractor, which communications were referenced in Johnson's deposition on November 3, 2007.

2.     Produce true copies of the personnel file and all files regarding former director of safety, Mike Neal, especially, but not limited to, any complaints, criticisms, or evaluations of Neal's job performance, or the termination of Neal's employment.

3.    Please state all information known by Defendant U S A Truck or anyone acting on behalf of said defendant, regarding:

    (a)    The last known address, phone number, and full contact information for Mike Neal;

    (b)    Mike Neal's current place of employment and current residence;

Case 2:06-cv-00868-ID-CSC    Document 32-2    Filed 11/06/2007    Page 2 of 5

    (c)    The reason that Mike Neal is no longer employed by U S A Truck; and

    (d)    The date that Mike Neal left the employment of U S A Truck.

4.    Produce a copy of any and all correspondence, memoranda, e-mails, electronic records, or any documents whatsoever concerning or related in any way to Mike Neal's termination of employment at U S A Truck.

5.    Produce all documents to or from the Department of Transportation or any government entity concerning the collision in which John Britt was killed.

6.    Produce a copy of all correspondence to or from the Department of Transportation or any government entity concerning safety issues, training, monitoring of drivers, or any other safety related issue for the period 2005 through the date of your response to this request.

7.    Produce a copy of all warrants, court papers, court notices, convictions, judgments, or sentences regarding any and all of the criminal matters referred to by Theodore Leverne Johnson in his deposition on November 3, 2007.

8.    Produce copies of any and all documents concerning or related to the criminal charge referenced by Defendant Johnson in his November 3, 2007 deposition as "making

terroristic threats" and, for which charge, the said Johnson was arraigned on November 5, 2007.

9. State the status and the outcome of the charge which was the subject of the November 5, 2007 arraignment concerning Defendant Johnson.

10. With regard to Defendant Johnson, state your religion for the period August 1, 2005 through the date of your response to this discovery request.

Case 2:06-cv-00868-ID-CSC    Document 32-2    Filed 11/06/2007    Page 3 of 5

11. With regard to Defendant Johnson, if you are a member of any church, mosque, or religious entity, or attend such for religious services, state the full name of the religious entity, the address of the entity, the religion with which you contend the facility to be connected, and what position or affiliation do you have with said entity?

12. With regard to Defendant Johnson, please state any nicknames, religious names, aliases, or other names by which you have been known within the last three years and if such other name is connected to or affiliated with any religion or religious sect or mosque, identify the same.

13. Produce a copy of any and all applications for employment to U S A Truck as a truck driver with U S A Truck received in the past three years in which the driving record listed on the application is worse than that of Theodore Leverne Johnson.

14. For any applications produced by U S A Truck in response to the previous discovery requests, state whether U S A Truck hired the driver making the application and state that driver's current status with U S A Truck.

15.    Produce copies of any and all correspondence to or from the Department of Transportation and U S A Truck concerning DOT violations by U S A Truck and/or its drivers within the past three years.

16.    State the number of fatality collisions in which U S A Truck drivers have been involved within the past three years.

17.    State the number of incidents within the past three years in which a U S A truck driver was caught by a law enforcement entity including, but not limited to, a DOT entity, driving a truck without a proper operator's license to include, but not limited to, a suspended or revoked CDL.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Supplemental Discovery Requests to Defendants* has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 6th day of November, 2007: Case 2:06-cv-00868-ID-CSC     Document 32-2     Filed 11/06/2007     Page 5 of 5

Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216

_____
OF COUNSEL