# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **LANDRIA BRITT, as** | ) | |
| **ADMINISTRATRIX of the** | ) | |
| **ESTATE OF JOHN W. BRITT,** | ) | |
| **deceased,** | ) | **Case No. 2:06cv868-ID-CSC** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U S A TRUCK, Inc.; THEODORE** | ) | |
| **LEVERNE JOHNSON; et al.,** | ) | |
| | ) | |
| **Defendants.** | | |

## SUPPLEMENT TO DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO APPEAR AT DEPOSITIONS AND FAILURE TO SERVE ANSWERS TO INTERROGATORIES

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"), and in response to the Court's Orders of November 2, 2007 (Doc. 31) and November 8, 2007 (Doc. 35), say unto the Court as follows:

1.      The Defendants hereby adopt and incorporate by reference all of the averments and arguments outline in their Objection and Response to Plaintiff's Motion for Sanctions Against Defendants for Failure to Appear at Depositions and Failure to Serve Answers to Interrogatories (Doc. 24) previously filed on October 11, 2007. (See

Objection and Response to Plaintiff's Motion for Sanctions Against Defendants for Failure to Appear at Depositions and Failure to Serve Answers to Interrogatories, attached hereto as Exhibit 1 for the Court's reference).

2.     The Defendants contend that, due to the recent completion of written discovery and depositions, the Plaintiff's pending Motion for Sanctions Against Defendants for Failure to Appear at Depositions and to Serve Answers to Interrogatories (Doc. 23) is now MOOT.

3.     The Defendants served the Plaintiff with Mr. Johnson's signed and sworn responses to Interrogatories on October 29, 2007.

4.     USA Truck, Inc., made the following four (4) representatives available for deposition on November 2, 2007 in Fort Smith, Arkansas: Mr. Larry Hammond - Accident Reporting/Investigation; Mr. Casey Hanson - Senior Safety Director; Mr. Michael Weindel - Vice President of Human Resources; and Mr. Eric McConnell - Risk Manager.

5.     Likewise, Mr. Johnson appeared for a deposition in Wilmington, Delaware on November 3, 2007.

6.     The Plaintiff has received Mr. Johnson's signed and sworn responses to Interrogatories and has obtained Mr. Johnson's deposition testimony. Furthermore, the Plaintiff has deposed four representatives of USA Truck, Inc. The **Plaintiff can**

**show absolutely no prejudice** in the preparation of her case because all of the Defendants' responses to written discovery and all of the Defendants' depositions have been completed before the Plaintiff's deadline to file a response to the Defendants' pending Motion for Partial Summary Judgment.

7.      As outlined in the Defendants' initial response (Doc. 24), the Defendants have not refused to appear for deposition, nor have they refused to produce documents. They have not disobeyed a discovery order from this Court. Indeed, the Plaintiff has never filed a motion to compel. What is more, the Plaintiff has been able to depose every party, expert, or corporate representative that the Plaintiff has requested. These depositions have been completed before the expiration of any litigation deadline imposed by the Court. For that reason, the Plaintiff's request that the Defendants' contributory negligence defense be struck is entirely unwarranted and unjustifiable.

WHEREFORE, THESE PREMISES CONSIDERED, the Defendants respectfully request that the Court DENY the Plaintiff's Motion for Sanctions.

s/ Thomas L. Oliver
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

-3-

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

I, Thomas L. Oliver, II, do hereby Certify that on the 13th day of November, 2007, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

s/ Lea Richmond, IV
**OF COUNSEL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

LANDRIA BRITT, as              )
ADMINISTRATRIX of the          )
ESTATE OF JOHN W. BRITT,       )
deceased,                      )      **Case No. 2:06cv868-ID-CSC**
                               )
    **Plaintiff,**          )
                               )
v.                             )
                               )
U S A TRUCK, Inc.; THEODORE    )
LEVERNE JOHNSON; et al.,       )
                               )
    **Defendants.**         )

---

**DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFF'S
MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR
FAILURE TO APPEAR AT DEPOSITIONS AND FAILURE
TO SERVE ANSWERS TO INTERROGATORIES**

---

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"), and respond to the Plaintiff's Motion for Sanctions as follows:

1.    The Plaintiff's assertion that the Defendants have arbitrarily refused to cooperate during the discovery process is, at best, misguided. As outlined below, the Defendants have provided the Plaintiff with discovery information and, while doing

so, have made good faith efforts to settle this litigation per SECTION 3 of the Court's Scheduling Order.  (Doc. 9).

2.     In an effort to resolve the Plaintiff's claim short of litigation, the Defendants agreed to pre-suit mediation, which occurred on August 29, 2007 with Mr. James Anderson, Esq., serving as mediator.

3.     Prior to mediation, and in response to the Plaintiff's request, the Defendants voluntarily produced documents so as to foster an informed and meaningful mediation.  The Defendants produced on May 9, 2006 Mr. Johnson's hours of service records, photographs of the subject trailer, and data downloaded from the subject tractor's electronic control module.  Additionally, on August 24, 2006, the Defendants produced Mr. Johnson's driver qualification file. **All toll, the Defendants voluntarily produced 370 documents before the pre-suit mediation.**

4.     Of note, Mr. Johnson's driver qualification file contained documents and information pertaining to his driving history and USA Truck, Inc.'s efforts to investigate and assess Mr. Johnson's competency as a driver of commercial motor vehicles.  Thus, before the Plaintiff even filed suit, the Defendants voluntarily provided the Plaintiff with information that would be relevant to ancillary claims such as entrustment, supervision, etc.  The Defendants did so in a good faith effort to

resolve this matter without the parties having to incur litigation expense.  Needless to say, the matter did not settle during mediation.

5.      **Since the commencement of litigation, the Defendants have responded to the Plaintiff's written inquiries and requests.**  On May 21, 2007 USA Truck, Inc., responded to the Plaintiff's Request for the Production of Documents.  On May 31, 2007 USA Truck, Inc., provided the Plaintiff with signed and sworn responses to Interrogatories.  Also on May 31st, the Defendants complied with the Scheduling Order and Rule 26(a)(2)(B), by providing the Plaintiffs with expert disclosures.  Finally, defense counsel sent Mr. Johnson's unsigned responses to Interrogatories on October 5, 2007.  The undersigned represents to this Court that Mr. Johnson is financially destitute.  He does not have a telephone or a computer.  Regardless, defense counsel is endeavoring to obtain signed and sworn Interrogatory responses from Mr. Johnson.

6.      With regard to the scheduling of depositions, the insinuation in Plaintiff's motion for sanctions that the Defendants have willfully ignored the Plaintiff's requests to schedule depositions is incorrect.  To the contrary, the **Defendants have provided dates for depositions and have diligently corresponded with Plaintiff's counsel to accommodate** several hectic calendars.  The best evidence of this is the actual correspondence between counsel surrounding the noticing and canceling of depositions.

-3-

7.     The Plaintiff unilaterally noticed the Defendants' depositions for April 18, 2007, but then **Plaintiff's counsel subsequently agreed to cancel those depositions.**  On April 10, 2007, defense counsel sent Plaintiff's counsel an e-mail confirming the mutual agreement to cancel the depositions and move them to a more convenient date.  In the same e-mail, defense counsel provided Plaintiff's counsel with a list of potential dates.  (E-mail correspondence between Tom Olive and David Allred, beginning April 10, 2007 through May 16, 2007, attached hereto as Exhibit 1).

8.     On April 19th, Plaintiff's counsel responded with an e-mail stating that he had selected a date and noticed the Defendants' depositions for May 15, 2007.  Later in the afternoon of April 19th, defense counsel e-mailed Plaintiff's counsel and requested that the depositions be set for either May 24th or June 19th.  Thus, the May 15th deposition notices issued prematurely.  **Plaintiff's counsel responded on May 16th to confirm that the depositions would go forward on May 24th.**  Accordingly, Plaintiff's counsel re-noticed the Defendants' depositions for May 24th.  Plaintiff's counsel also requested that the Defendants produce additional documents, even though numerous documents had been voluntarily produced pre-suit.  (See Exhibit 1).  As noted above, the Defendants provided more documents on May 21st.

9.     **The Plaintiff then canceled the depositions set for May 24th** on the grounds that the Plaintiff needed additional time to review documents and prepare for

the depositions. (E-mail correspondence between Tom Oliver and David Allred beginning May 21, 2007 through May 22, 2007, attached hereto as Exhibit 2). **Of note, the Plaintiff had Mr. Johnson's hours of service records, driver qualification file, photographs, etc., since before the pre-suit mediation and then received additional documents on May 21st.**

10.    On September 4, 2007, the Defendants filed a Motion for Partial Summary Judgement (Doc. 16) according to the deadline for dispositive motions in the Court's Scheduling Order. The Plaintiff then noticed the Defendants' depositions for September 14, 2007, but thereafter <u>**Plaintiff's counsel**</u> **agreed to move those depositions** to October 8, 2007 because the Court granted the Plaintiff an extension to October 24th to file a response to the dispositive motion.

11.    **In accordance with SECTION 3 of the Court's Scheduling Order, the Defendants have attempted to engage in settlement negotiations.** Since the Plaintiff has failed to fulfill her obligation to file a report with the Court addressing the status of settlement negotiations, the Defendants will inform the Court on the progress of negotiations, or lack thereof. Because the correspondence regarding settlement discussions contains specific figures, the undersigned has refrained from attaching that collection of correspondence. However, the undersigned represents to

the Court that on September 28th, the <u>Defendants doubled</u> their last settlement offer made at pre-suit mediation, but the <u>Plaintiff refused to reduce</u> her demand.

  12. The undersigned then telephoned Plaintiff's counsel on October 4, 2007 and relayed that the Defendants wanted to settle the case rather than incur the enormous expense of traveling to numerous states to depose parties, experts, and fact witnesses.  Accordingly, the **undersigned offered to join the Plaintiff's counsel in a request to the Court that the Plaintiff's deadline to respond to the Defendants' motion for partial summary judgment, as well as the discovery deadline, be extended to the date of the pre-trial conference,** that being December 20, 2007. <u>These extensions</u>, if the Court had been so inclined to grant them, <u>would not have affected any other deadlines in the Court's Scheduling Order, nor would they have caused any prejudice or delay</u>.  During the same telephone conference, the undersigned also made another offer (despite the Plaintiff's silence following the last offer), this time more than tripling the Defendants' last offer made at pre-suit mediation, <u>thereby coming to the exact figure that Plaintiff's counsel had relayed would be necessary for the Defendants to offer in order for the Plaintiff to reduce her demand</u>.  Despite the proposition of extending the Plaintiff's litigation deadlines, as well as the Defendants two (2) substantial settlement offers, the Plaintiff refused to negotiate and stated that

she might even increase her demand.  (Declaration of Thomas L. Oliver, II, attached hereto as Exhibit 3).

13.    On Friday, October 2, 2007, the undersigned wrote Plaintiff's counsel conveying that the Plaintiff's refusal to negotiate constituted bad faith and contradicted prior representations.  Despite this, the Defendants were prepared to proceed with the corporate representative's deposition, but in the forum of USA Truck, Inc.'s principle place of business.  Likewise, the letter advised that Mr. Johnson would be available for deposition in his home state of Delaware.

14.    On October 8, 2007, the Defendants filed a Motion for Protective Order Regarding the Deposition of Theodore Johnson (Doc. 21) and a Motion for Protective Order Regarding the Deposition of USA Truck, Inc.'s Corporate Representative. (Doc. 22).

15.    The Plaintiff has moved for sanctions pursuant to Federal Rule of Civil Procedure 37(d) for the Defendants' purported failure to appear at depositions or to provide responses to Interrogatories.  In her motion, the Plaintiff has requested that the Defendants' defense of contributory negligence be stricken and the Defendants' motion for partial summary judgment be denied.  **Both the motion and the request for relief are unfounded.**  First, the <u>Defendants provided the Plaintiff with the company's signed and sworn Interrogatory responses, and Mr. Johnson's unsigned</u>

Interrogatory responses.  Second, <u>the Defendants have provided the Plaintiff with 680</u>

<u>documents, photographs, electronic data, etc.</u>  Third, the <u>Plaintiff, by agreement</u>

<u>canceled the Defendants' previously scheduled depositions</u>.  Fourth, the <u>Defendants</u>

<u>moved for protective orders regarding the locales for the October 8th depositions in</u>

<u>compliance with the Federal Rules of Civil Procedure and applicable law</u>.  Fifth, and

most important, the <u>Plaintiff failed to comply with this Court's Order to engage in</u>

<u>face-to-face settlement negotiations</u>.

     Furthermore, this being a wrongful death action regarding a motor vehicle

accident, striking the Defendants' contributory negligence defense would be

paramount to entering a default as a sanction under Rule 37(d).  According to the

United States District Court for the Southern District of Alabama,

> A court's discretion to impose sanctions under Rule
> 37--particularly the entry of default or dismissal of an
> action--is limited by important constitutional and policy
> considerations. . . . The imposition of a default judgment as
> a Rule 37 sanction is controlled by the same guidelines as
> the entry of a dismissal order. . . . Both are extreme
> remedies which should only be imposed if less drastic
> sanctions cannot properly redress the wrongdoing.

<u>Cont'l Cas. Co. v. Compass Bank</u>, 2006 U.S. Dist. LEXIS 12288, n. 17 (M.D. Ala.

2006)(citing <u>Telectron, Inc. v. Overhead Door Corp.</u>, 116 F.R.D. 107, 129 (S.D.Fla.

1987)).

16.    Here, the **Defendants**, <u>unlike the Plaintiff</u>, **did not ignore a Court order.** They did not refuse to appear for deposition, nor did they refused to answer any inquiries or produce particular documents.  A corporate representative of USA Truck, Inc., was  prepared to testify on May 24, 2007, and again on October 8, 2007.  The Defendants merely took exception to the October 8th depositions being conducted in Alabama, so they appropriately moved for protective orders, which is not sanctionable conduct.  The suggestion that portions of Defendants' Answer should be struck or their dispositive motion be dismissed is unfounded .   This case should be tried on the merits.    The Defendants expect to offer scientific (engineering), medical, and eyewitness testimony that the decedent, John W. Britt, negligently contributed to the cause of this accident. To that end, the Defendants have retained and identified two expert witnesses for trial.  **The Plaintiff should not be allowed to use a dispute over the locations of depositions to circumvent the judicial process and the Defendants' Due Process rights in order to obtain an unjust windfall**. <u>**There is no evidence that the Defendants have willfully thwarted the discovery process or otherwise acted in a manner that even remotely warrants the relief requested by the Plaintiff.**</u>

17.    Moreover, Federal Rule of Civil Procedure 37(d)(2) states that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought

was objectionable, **unless the party failing to act has a pending motion for protective order under Rule 26(c)**." Fed. R. Civ. P. 37(d)(2)(emphasis added). Here, the Defendants have pending motions for protective orders (Docs. 21, 22) citing valid grounds why the deposition of USA Truck, Inc.'s corporate representative and the deposition of Mr. Johnson should proceed in those respective parties' forums. The Defendants reference the Court to the case law and arguments presented in those motions.

WHEREFORE, THESE PREMISES CONSIDERED, the Defendants respectfully request that the Court DENY the Plaintiff's Motion for Sanctions.


s/ Thomas L. Oliver
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

-10-

# <u>CERTIFICATE OF SERVICE</u>

I, Thomas L. Oliver, II, do hereby Certify that on the 11th day of October, 2007, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

s/ Lea Richmond, IV
**OF COUNSEL**