IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix | ) | |
| of the Estate of JOHN W. BRITT, | ) | |
| Deceased, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:06cv868-ID-CSC |
| | ) | |
| U S A TRUCK, INC.; THEODORE | ) | |
| LEVERNE JOHNSON, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S BRIEF AND SUPPLEMENTAL SUBMISSIONS IN SUPPORT OF MOTION FOR SANCTIONS

NOW COMES Landria Britt as Administratrix of the Estate of John W. Britt, plaintiff herein, and pursuant to this Court's order of November 2, 2007 (Doc. 31) as modified by this Court's order of November 8, 2007 (Doc. 35), plaintiff submits the following documents in support of her motion for sanctions.  (Doc. 23).

## PLAINTIFF'S ARGUMENT REGARDING PERTINENT DISCOVERY ACTIVITY AND REASON WHY SANCTIONS SHOULD BE LEVIED

1.    Pursuant to the Court's scheduling order, this case is scheduled for trial on January 28, 2008 and the discovery cutoff is November 20, 2007.  In September 2006, plaintiff propounded interrogatories and requests for production to the defendants seeking all documents and things in the files of the defendants regarding this accident as well as

other information. (Exhibit 1a-c, attached hereto). The defendants produced documents USA 1 through 370 prior to May 21, 2007. Defendants supplemented that response on May 21, 2007 by producing documents USA 371 through 680. The deposition of defendants' accident reconstruction expert Van Calhoun was taken on October 19, 2007 in Tallahassee, Florida. The deposition of defendants' marijuana expert, Dr. Mason was taken on October 26, 2007 in Boone, North Carolina.

2. The depositions of the defendants were taken on November 2 (Defendant USA) in Ft. Smith, Arkansas and on Saturday, November 3 (Defendant Johnson) in Wilmington, Delaware. These depositions were taken pursuant to the fifth notice of depositions as the previous four notices of the defendants' depositions had all been cancelled because the defendants had failed to fully respond to the plaintiff's interrogatories and requests for production. (See notices attached as Exhibits 2, 3).

3. On October 29, 2007, this Court heard oral arguments on the plaintiff's motion for sanctions and at that time stated that the depositions in Arkansas and Delaware on November 2 and 3 should be taken, then the Court would consider and address the plaintiff's motion for sanctions after those depositions were taken.

4. Defendant USA's responses to interrogatories were signed by a person named Mike Neal who was the safety director of Defendant USA Truck. (See Exhibit 4).

5. Pursuant to the fifth notice of depositions (Exhibit 2), plaintiff intended to depose Mike Neal as the first witness for USA in Ft. Smith, Arkansas on November 2. The notice of deposition was sent to the defendants' counsel on October 22, 2007.

6.    However, on the morning of Friday, November 2, 2007, plaintiff's counsel learned during the depositions of USA witnesses that in fact Mike Neal had left the employment of USA Truck approximately two months before November 2 and was no longer available.  Moreover, plaintiff's counsel asked the human resources director, Mike Weindel, to provide last known and/or contact information which Weindel said was readily available and could be obtained by calling his office, but Defendant USA's counsel refused to allow him to provide that information.

7.    Moreover, Defendant USA Truck withheld documents which included a positive marijuana test on its driver, Defendant Johnson, until just before the Arkansas depositions.  For that matter, USA produced documents 683 - 960 on October 24, 2007 and documents 961 - 1061 on October 30, 2007.  Therefore, it is undisputed that none of these documents were available to the plaintiff when Van Calhoun was deposed in Tallahassee nor when Dr. Andrew Mason was deposed in Boone, North Carolina.

8.    That in the depositions of the USA witnesses, the plaintiff discovered that the documents referenced herein (i.e., the statement of Johnson regarding the distance that he was away from John Britt's vehicle when he turned in front of him) and other information was not provided to Van Calhoun; however, the USA witnesses, especially Eric McConnell, the risk manager, felt "sure" that this information would be provided to the expert before the trial.

9.    When plaintiff's counsel deposed Van Calhoun on October 19, 2007, Defendant USA Truck had not produced documents 683 - 1061 to the plaintiff.   Rather those

3

documents were not produced until October 24, 2007 and October 30, 2007, several weeks after Van Calhoun's deposition.

10.    Moreover, when plaintiff's counsel deposed Dr. Andrew Mason in Boone, North Carolina on October 26, 2007, the documents showing the positive marijuana test on USA Truck's driver, Defendant Johnson, had not been produced either.  Since those documents were not produced until October 30, 2007.

11.    In addition, counsel for the plaintiff has shown by affidavit dated October 9, 2007 the details and particulars regarding the difficulties getting the defendants to appear for deposition to include 17 contacts to set up the defendants' depositions, then the scheduling of the defendants' deposition on at least four occasions, all of which were either cancelled at the last minute by the defendants or which had to be cancelled because the defendants were dilatory and had not produced sufficient responses to plaintiff's discovery requests.

12.  Particularly demonstrative of the manner and method by which the defendants have manipulated the discovery process are the facts regarding the cancellation of the October 8, 2007 depositions which were scheduled to be taken in Birmingham at the office of defendants' counsel.  As set out in the certification of counsel attached to plaintiff's motion for sanctions, paragraph 4, the facts are cited regarding scheduling of both depositions in Birmingham and in fact the confirmations from USA's lawyer that the depositions would be taken on Monday, October 8, 2007 in Birmingham.  Counsel for the plaintiff received a facsimile message on Friday, October 5, 2007 stating the depositions

4

would not go forward and citing a motion for protective order that Defendant USA (but not Defendant Johnson) had filed back in April, 2007.

13.     The October 5, 2007 letter was the first time that there had been a mention during any of the 17 contacts scheduling these depositions that the depositions would not be taken in Alabama.  For that matter, on one occasion, the defendants' depositions were for Friday, May 24, 2007 (see Exhibit 4B to plaintiff's motion for sanctions - Doc. 23) at the office of plaintiff's counsel in Montgomery.

14.     Therefore, after agreeing to schedule the depositions in Birmingham and Montgomery, counsel for Defendant USA raised, for the first time, the situs of the depositions by stating in the October 5, 2007 letter that the depositions would have to be taken in Arkansas and in Delaware.  Note that the October 5 letter even prods plaintiff's counsel to advise as to the location of the depositions in Arkansas and Delaware. Obviously, it was not possible to receive notice of cancellation on October 5, 2007 of depositions which were to be in Birmingham, Alabama and make arrangements over the weekend for the depositions to go forward on Monday, October 8 in Arkansas and Delaware.

15.     In sum, the defendants have violated both the spirit and the letter of the *Federal Rules of Civil Procedure* as well as the local rules in the Middle District of Alabama.  For that matter, the very documents that were withheld were in the possession of defendants' counsel at the time that the initial disclosures were supposed to be filed and should have been produced at that time.  But, they were not.  Rather, those documents were withheld.

16.    There was no reason to withhold these documents from the plaintiff except to obtain an advantage over the plaintiff.

17.    The defendants' actions have resulted in actual prejudice to the plaintiff because, among other things:

a. She has been put to the expense of traveling to Arkansas and Delaware to take depositions which had previously been scheduled four times by agreement within the State of Alabama.

b. Plaintiff was not told prior to the trip that Mike Neal was no longer employed with USA Truck so that plaintiff could schedule Neal's deposition while in Arkansas.

c. Even during the USA Truck depositions when the human resources manager said that he could get Mike Neal's contact information is simply as calling his assistant on his cell phone and that it would be provided immediately, the defendants refused to do it.

d. The plaintiff did not have Defendant Johnson's positive marijuana test at the time of the deposition of Dr. Andrew Mason, although Defendant USA has had the document since approximately February 23, 2006, or two days after John Britt was killed and on the date that Johnson was fired by USA for smoking marijuana, even though the positive marijuana test result should have been produced when the case first started, as part of defendants' initial disclosures.

e. Since defendant did not produce Defendant Johnson's marijuana results,

and the plaintiff was not aware of the issue, the plaintiff was not in a position to identify any marijuana expert in accord with the Court's scheduling order.

f.    Since the defendant had not produced Johnson's statement to the Montgomery police and had not responded to the plaintiff's interrogatories, the plaintiff did not know at the deposition of Van Calhoun of Defendant Johnson's position and therefore could not ask Calhoun questions on those issues.  USA's witnesses said on November 2, 2007 that they are "sure that Calhoun will be provided this information before trial.

g.    The plaintiff has further been prejudiced because the defendant filed a motion for summary judgment on September 3, 2007 but the defendants' depositions could not be taken until November 2 and 3 as detailed herein, then the plaintiff had to seek multiple extensions from this Court in order to get the transcripts back from the court reporters and was caused to become obligated for vast sums for expedited transcripts, all due to the dilatory actions of the defendants.

WHEREFORE THE PREMISES CONSIDERED, the plaintiff respectfully requests that the Court enter sanctions against the defendants separately and severally or in the alternative as follows:

1.    Striking the defendants' motion for summary judgment;

2.    Striking the defendants' affirmative defense of contributory negligence;

3.    Enter a default against the defendants on the issue of liability with damages to be proven at trial;

4.    Directing that the defendants pay the costs of travel, expedited transcripts and all other extra costs which were caused by the defendants' last minute cancellations of the defendants' depositions;

5.    Order that the defendants may not utilize expert Dan Calhoun at trial;

6.    Order that the defendants may not utilize expert Andrew P. Mason at trial;

7.    Order that the defendants provide the last known address and contact information on Mike Neal, immediately so that the plaintiff may schedule Neal's deposition;

8.    Order that defendants pay the costs and expenses of an additional trip back to Arkansas.

9.    Award a reasonable sum to plaintiff's counsel as attorney fees for having to file the motion and engage in the activities which are the subject of plaintiff's motion for sanctions; and

10.   To enter such other different or additional relief as the Court may deem appropriate under the circumstances.

Respectfully submitted,


 /s/ Kenneth J. Mendelsohn
KENNETH J. MENDELSOHN


 /s/ David E. Allred
DAVID E. ALLRED
D. CRAIG ALLRED

8

Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:     (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:     (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have this 13th day of November, 2007 electronically filed the

foregoing *Plaintiff's Brief and Supplemental Submissions in Support of Motion for Sanctions* with

the Clerk of the Court for the United States District Court, for the Middle District of

Alabama, Northern Division, using the CM/ECF system, which will send notification of

such filing to:

Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216

___/s/ David E. Allred_____

9

OF COUNSEL

**IN THE CIRCUIT COURT FOR**
**MONTGOMERY COUNTY, ALABAMA**

LANDRIA BRITT, as                    *
ADMINISTRATRIX of the ESTATE OF      *
JOHN W. BRITT, deceased,             *
                                     *
        Plaintiff,                   *
                                     *
v.                                   *        CV:  06-
                                     *
U S A TRUCK, Inc; THEODORE           *
LEVERNE JOHNSON; et al,              *
                                     *
        Defendants.                  *


<u>**PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT, USA TRUCK, INC.**</u>

Pursuant to Rule 33, *Alabama Rules of Civil Procedure*, Plaintiff requests that all

Defendant USA Truck, Inc. answer the following interrogatories within the time required by

law:


1.      Identify by name and title each and every person who has answered or helped

answer these Interrogatories.

2.      State the full and correct name of the Defendant business entity and all parent

companies and subsidiaries.

3.      State the name and address of the owner(s) of the tractor and attached trailer that

were involved in the incident described in the Plaintiff's Complaint.

4.      Was Theodore Leverne Johnson employed by USA Truck, Inc. at the time of the

collision.  If Theodore Leverne Johnson was <u>not</u> an employee of USA Truck, Inc., state the

nature of the business relationship between Theodore Leverne Johnson and USA Truck, Inc.

5.      If USA Trucks, Inc. claims that Theodore Leverne Johnson was <u>not</u> acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

6.      Immediately following the incident of February 20, 2006, please state:

a.) The person at USA Trucking, Inc. who was first notified of the accident?

b.) The date and time this person was notified?

c.) Whether anyone created a written record of the accident, and if so, whom?

d.) Is this record kept in any Vehicle Accident Investigation File or its equivalent?

e.) Is this record kept in the ordinary course of business.

7.      Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

8.      At the time of the incident in question:

a.) List the name of any motor vehicle insurance, excess insurance, "umbrella" coverage, general liability insurance and/or other insurance which arguably provides coverage for USA Trucking, Inc. and/or Theodore Leverne Johnson.

b.) Liability coverage limit of each type of insurance identified.

c.) The amount any liability deductible and/or self insured retention which requires payment from the Defendant, and;

9.      Identify each and every person you expect to call as an expert witness at the trial of

this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

10.     List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

11.     Identify any non-party who you claim is or may be liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a party and the facts upon which you base this assertion.

12.     Other than the incident at issue, please list all other incidents involving alleged personal injury or death in which Theodore Leverne Johnson above, has been involved, either as an operator or passenger.

13.     Describe all maintenance that had been performed on the tractor or trailer of the subject vehicle for the 6 months prior to the collision.  For each such maintenance, please list the following:

      a.     What prompted the maintenance visit;

      b.     Who performed the maintenance;

      c.     Who diagnosed the necessity for maintenance;

      d.     What diagnosis was rendered;

      e.     When were the repairs performed;

      f.     What, if any, parts were replaced; and,

      g.     Did the problem reoccur?  If so, when?

18.     Describe the load when the tractor trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

19.      Is there a bill of lading or any other document describing in detail, the entire cargo loaded in the trailer prior to the incident?  If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

20.     Identify the US DOT number displayed on the tractor-trailer on the date of the incident.

21.     Please state in detail the method of calculating Theodore Leverne Johnson's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

22.     Please state the name, address, phone number, and title of the individual(s) at USA Trucking, Inc. who would verify whether Theodore Leverne Johnson was in compliance with federal safety regulations at the time of the motor vehicle collision with Plaintiff?

23.     Please state all training that USA Trucking, Inc. provides or requires for its drivers/operators.

24.     Identify all equipment in the cab of the tractor driven by Theodore Leverne Johnson at the
time of the collision that provided satellite communication or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress,  FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

4

25.     Identify and describe any all systems your company uses to review and/or audit drivers

logs to check to see if drivers are in compliance with the Federal Regulations.

26.     List the engine manufacturer of the tractor (i.e. Detroit Diesel, Cummins, Mack,

Caterpillar) and the year it was made.


_____

KENNETH J. MENDELSOHN    MEN001




OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323


### CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing document was served along with the
Complaint and Summons on this the _____ day of September, 2006.


_____

Of Counsel

**IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **LANDRIA BRITT, as** | * | |
| **ADMINISTRATRIX of the ESTATE OF** | * | |
| **JOHN W. BRITT, deceased,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CV: 06-** |
| | * | |
| **U S A TRUCK, Inc; THEODORE** | * | |
| **LEVERNE JOHNSON; et al,** | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, USA TRUCK, INC.

Pursuant to Rule 35, *Alabama Rules of Civil Procedure*, Plaintiffs request that all

Defendant, USA Truck, Inc., produce the following documents and things within the time

required by law:

1.      Produce any and all accident and/or incident reports and investigations prepared by

this Defendant as a result of the crash other than the police report.

2.      Produce the accident register maintained as required in 49 CFR 390.15(b) to

include the motor vehicle collision with Plaintiff and all accidents 3 years prior to February 20,

2006.

3.      If ISO certified, please produce all ISO Certification documents.

4.      Produce all documents prepared concerning all inspections performed on the

tractor and trailer involved in this accident.

5.      Produce all leases and contracts that were in effect for the cab and trailer on the

day of the accident.

6.       Produce the entire personnel file of Theodore Leverne Johnson.

7.       Produce the entire driver qualification file of Theodore Leverne Johnson.

8.       Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.       Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10.      Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11.      Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

12.      Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

13.      Produce all logs–official or unofficial–of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

14.      Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

15.      Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and

for the day of the collision.  Specifically, produce the supporting documents listed below which the Defendant is required to maintain under 49 CFR 395.8(k).

a.    Bills of lading;

b.    Carrier pros;

c.    Freight bills;

d.    Dispatch records;

e.    Driver call-in records;

f.    Gate record receipts;

g.    Weight/scale tickets;

h.    Fuel billing statements and/or summaries;

i.    Toll receipts;

j.    International registration plan receipts;

k.    International fuel tax agreement receipts;

l.    Trip permits;

m.    Lessor settlement sheets;

n.    Port of entry receipts;

o.    Cash advance receipts;

p.    Delivery receipts;

q.    Lumper receipts;

r.    Interchange and inspection reports;

s.    Over/short and damage reports;

t.    Agricultural inspection reports;

u.    Commercial Vehicle Safety Alliance reports;

v.    Accident reports;

w.      Telephone billing statements;

x.      Credit card receipts;

y.      Driver fax reports;

z.      On-board computer reports

aa.     Border crossing reports

bb.     Custom declarations

cc.     Traffic citations

dd.     Overweight/oversize reports and citations

ee.     And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

16.     Produce any and all cellular and telephone records and bills of the Defendant for the day of the motor vehicle collision with Plaintiff and seven days prior.

17.     Produce any and all credit card bills and receipts for Theodore Leverne Johnson the month of the motor vehicle collision with Plaintiff.

18.     Produce copies of any and all fuel tax reports of Theodore Leverne Johnson for the year of this collision.

19.     Produce any and all state safety audits of Theodore Leverne Johnson for the year of this collision and three years prior.

20.     Produce any and all federal accident reports filed by Theodore Leverne Johnson the year of this collision and three years prior.

21.     Produce any and all DOT inspection reports filed by Theodore Leverne Johnson for the

4

year of this collision and three years prior.

22.    Produce any and all long form DOT physicals of Theodore Leverne Johnson.

23.    Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Theodore
Leverne Johnson for the month of this collision.

24.    Produce any and all DOT and State inspections of the tractor involved in the crash
for the year of the collision and one year prior.

25.    Produce any photographs taken of the semi-tractor trailer operated by the driver at the
scene of the collision, or anytime after.

26.    Produce copies of any documentation evidencing the completion or non-completion of
training programs and driver orientation programs by Theodore Leverne Johnson.

27.    Produce copies of any and all satellite communications and e-mail for the day of the
collision and seven days prior, as well as all recorded ECM (electronic control module), EDR
(event data recorder), and/or SDM (sensing & diagnostic module) chronological data with
reference to all data available, including but not limited to:

    a.  trip distance

    b.  total vehicle driving time

    c.  load factor

    d.  vehicle speed limit

    e.  maximum vehicle speed recorded

    f.   number of hard brake incidents

    g.  current engine speed (rpm)

    h.  maximum and minimum cruise speed limits

I.  total vehicle driving distance

j.  fuel consumption (gal./hr.)

k.  idle time

l.  engine governed speed

m. maximum engine speed recorded

n.  current throttle position

o.  brake switch status (on/off)

p.  odometer

q.  trip driving time

r.  overall fuel economy (MPG)

s.  average driving speed

t.  # of engine overspeeds

u.  # of vehicle overspeeds

v.  current vehicle speed (MPH)

w.  clutch switch status (on/off)

x.  clock

y.  jake brake status

28.    Produce all policies including liability, general liability, excess umbrella for the tractor

and trailer and any other insurance that will cover or arguably cover this collision.

29.    Produce a copy of the completion or non-completion of any safe driving programs

by Theodore Leverne Johnson.

30.    Produce a copy of the driver manual or handbook issued to Theodore Leverne Johnson.

6

31.    Produce a copy of the company safety rules issued to Theodore Leverne Johnson.

32.    Produce the Permanent Unit File or its equivalent including, but not limited to,

records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer

involved in the motor vehicle collision with Plaintiff.

33.    Please produce the printout(s) from any database identified in Interrogatory No. 29 for

        the

one year preceding the February 20, 2006 motor vehicle collision with Plaintiff.


_____

KENNETH J. MENDELSOHN    MEN001



OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served along with the
Complaint and Summons on this the _____ day of September, 2006.


_____

Of Counsel



7

## IN THE CIRCUIT COURT FOR
## MONTGOMERY COUNTY, ALABAMA

LANDRIA BRITT, as Administratrix of     *
the Estate of John W. Britt, deceased.     *
    *
       **Plaintiff,**     *
    *
**v.**     *
    *    **CV:  06-**
U S A TRUCK, Inc.;THEODORE     *
LEVERNE JOHNSON, et al.,     *
    *
       **Defendants.**     *


## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT THEODORE LEVERNE JOHNSON


Pursuant to Rule 33, *Alabama Rules of Civil Procedure*, Plaintiff requests that Defendant Theodore Leverne  Johnson answer the following interrogatories within the time required by law:

1.      Please give your legal name, current address and age.

2.      Have you ever been convicted of any of the following driving offenses:

       a.      Driving a commercial motor vehicle while under the influence of alcohol where your blood alcohol concentration was 0.04 percent or more or driving under the influence of alcohol as prescribed by state law?

       b.      Refusing to undergo alcohol  testing as required by any state or jurisdiction?

       c.      Driving a commercial motor vehicle while under the influence of a controlled substance?

       d.      Leaving the scene of an accident involving a commercial motor vehicle?

e.    A felony involving the use of a commercial motor vehicle?

3.    For each traffic violation you have had for ten years before this collision, give the date and location of the alleged violation and the result of any citation.

4.    Have you ever been involved in any other motor vehicle collision in which you were driving and, if so, please give a brief description of each such collision including the name, address, and telephone number of all other persons involved, the date, place and time of the collision, the owner of the vehicle which you were driving, and the name and current address of the person who was at fault.

5.    Have you ever been cited by any law enforcement agency for violations related to a U S A Truck tractor trailer driven by you?

6.    If your driver's license has ever been suspended or revoked, please give the date, state and reason for same.

7.    How many commercial driving licenses did you possess at the time of the collision?

8.    Give the state, drivers license number and expiration date for each CDL you have ever had.

9.    Have you ever received an out of service order?  If so, state the violation, the data received and the amount of fine and costs paid.

10.    Has the company for which you were driving at the time of the collision provided you with a copy of the Federal Motor Carrier Safety Regulations?  Is so, when?

11.    State the name of all liability insurance companies or carriers that protect you for this accident, including your basic motor vehicle coverage and all excess or umbrella policies.

12.    State the limits of insurance on each policy identified in the preceding

interrogatory.

13.    At the time of the collision who were you acting on behalf of?

14.    State the full name and owner of the vehicle you were driving at the time of the collision.

15.    At the time of the collision, who where you employed by?

16.    Give the name and address of the person who gave you permission or authority to use the tractor-trailer on the day of the accident.

17.    State the number of hours you had been on duty in the 24 hours before the collision.

18.    State the number of hours you had been on duty in the 7 days before the collision.

19.    State the number of consecutive hours and/or minutes you had been driving prior to the accident.

20.    State each activity you were performing for the entire 7 day period leading up to the accident and include the amount of time for each such activity.

21.    State the purpose of the trip you were making at the time of the collision, from where you departed, and your intended destination.

22.    Describe the exact route that you followed on the date of the collision from the point where your trip commenced to the point where the collision occurred.

23.    State the exact time you left the place of departure.

24.    State each time, if any, you stopped between the time of departure and the time of the collision.

25.    Did you deviate in any manner from your planned route prior to the collision?  If so, explain.

26.     Describe in your own words how this collision occurred.

27.     What type of maneuver were you making at the time of the collision?

28.     Why were you going to the T A Truckstop?

29.     If you contend that John Britt was in any way negligent in causing this wreck, describe your position in detail.

30.     Identify all equipment in the cab of the tractor you were driving at the time of the collision that provided satellite communication or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

31.     State the name, address and phone number of each person who witnessed or claims to have witnessed the collision.

32.     Identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.


_____

KENNETH J. MENDELSOHN   (MEN001)

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served along with the Complaint and Summons on this __ day of September, 2006

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as Administratrix )
of the Estate of JOHN W. BRITT, )
Deceased, )
         )
        *Plaintiff,* )
         )
vs. )    CIVIL ACTION NO. 06-cv-868-ID-CSC
         )
U S A TRUCK, INC.; THEODORE )
LEVERNE JOHNSON, *et al.,* )
         )
        *Defendants.* )

## FIFTH NOTICE OF 30(b)(6) DEPOSITION DUCES TECUM

**To:**    Thomas L. Oliver, II, Esq.
        Lea Richmond, IV, Esq.
        **CARR ALLISON**
        100 Vestavia Parkway
        Birmingham, Alabama 35216

Please take notice that counsel for plaintiff will take the oral depositions of the following on **Friday, November 2, 2007** at the offices of **U S A Truck, Inc., 3200 Industrial Park Road, Van Buren, Arkansas:**:

1.    Mike Neal, U S A Truck, Inc., beginning at **9:00 a.m. (CDT)**;

2.    Larry Hammond, U S A Truck, Inc., beginning at **9:30 a.m. (CDT)**;

3.    The Safety Director of U S A Truck, Inc. at the time of the accident giving rise to this suit, beginning at **10:00 a.m. (CDT)**;

4.    The person in charge of hiring, safety training, screening drivers, and retaining drivers on the job with Defendant U S A Truck, beginning at **10:30 a.m. (CDT)**;

5.   The person who is in charge of insuring that drivers working for U S A Truck comply with the Federal Motor Carrier Safety Regulations and the Rules of the Road, beginning at **11:00 a.m. (CDT)**;

6.   The person who can testify regarding Defendant U S A Truck, Inc.'s use of Qualcomm/MCT, beginning at **11:30 a.m. (CDT)**;

7.   The person who can testify regarding Defendant U S A's Truck change from TDSM to a third party log auditor, beginning at **12:00 p.m. (CDT)**;

8.   The person who made the decision to hire Theodore Leverne Johnson as a U S A Truck driver, beginning at **12:30 p.m. (CDT)**;

9.   The person who made the decision to retain Theodore Leverne Johnson as a U S A Truck driver, beginning at **1:00 p.m. (CDT)**;

10.  The person who was responsible for seeing that Theodore Leverne Johnson met the qualifications of U S A Truck, beginning at **1:30 p.m. (CDT)**;

11.  The person or persons who can testify to the matters which are the subject of the plaintiff's interrogatories to Defendant U S A Truck, a copy of which are attached hereto as Exhibit A and incorporated herein by reference, beginning at **2:00 p.m. (CDT)**; and

12.  The person or persons who can testify as to the matters referred to in the plaintiffs' request for production filed to U S A Truck, a copy of which is attached hereto as Exhibit B and incorporated herein by reference, beginning at **2:30 p.m. (CDT)**.

Pursuant to Rule 30(b)(5) of the *Federal Rules of Civil Procedure*, the defendant, U S A Truck, is requested to produce the following documents and things at the deposition:

1.   All documents referred to in the request for production attached to this notice as Exhibit B.

2.   All documents upon which the defendant, U S A Truck, will rely in defense of the plaintiff's action for the wrongful death of John Britt.

3.   All statements of Theodore Leverne Johnson regarding the accident made the basis of this suit.

-2-

_(signature)_

DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:     (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:     (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing _Fifth Notice of 30(b)(6) Deposition Duces Tecum_ has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 22nd day of October, 2007:

Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216

_(signature)_

OF COUNSEL

-3-

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

**LANDRIA BRITT, as**         *
**ADMINISTRATRIX of the ESTATE OF**    *
**JOHN W. BRITT, deceased,**      *
               *
     **Plaintiff,**          *
               *
**v.**                     *     **CV: 06-**
               *
**U S A TRUCK, Inc; THEODORE**     *
**LEVERNE JOHNSON; et al,**      *
               *
     **Defendants.**        *

## <u>PLAINTIFF'S FIRST INTERROGATORIES TO<br>DEFENDANT, USA TRUCK, INC.</u>

Pursuant to Rule 33, *Alabama Rules of Civil Procedure*, Plaintiff requests that all

Defendant USA Truck, Inc. answer the following interrogatories within the time required by law:

1.     Identify by name and title each and every person who has answered or helped

answer these Interrogatories.

2.     State the full and correct name of the Defendant business entity and all parent

companies and subsidiaries.

3.     State the name and address of the owner(s) of the tractor and attached trailer that

were involved in the incident described in the Plaintiff's Complaint.

4.     Was Theodore Leverne Johnson employed by USA Truck, Inc. at the time of the

collision.  If Theodore Leverne Johnson was <u>not</u> an employee of USA Truck, Inc., state the

nature of the business relationship between Theodore Leverne Johnson and USA Truck, Inc.



EXHIBIT

A

5.    If USA Trucks, Inc. claims that Theodore Leverne Johnson was not acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

6.    Immediately following the incident of February 20, 2006, please state:

    a.) The person at USA Trucking, Inc. who was first notified of the accident?

    b.) The date and time this person was notified?

    c.) Whether anyone created a written record of the accident, and if so, whom?

    d.) Is this record kept in any Vehicle Accident Investigation File or its equivalent?

    e.) Is this record kept in the ordinary course of business.

7.    Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

8.    At the time of the incident in question:

    a.) List the name of any motor vehicle insurance, excess insurance, "umbrella" coverage, general liability insurance and/or other insurance which arguably provides coverage for USA Trucking, Inc. and/or Theodore Leverne Johnson.

    b.) Liability coverage limit of each type of insurance identified.

    c.) The amount any liability deductible and/or self insured retention which requires payment from the Defendant, and;

9.    Identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is

2

expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

10.     List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

11.     Identify any non-party who you claim is or may be liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a party and the facts upon which you base this assertion.

12.     Other than the incident at issue, please list all other incidents involving alleged personal injury or death in which Theodore Leverne Johnson above, has been involved, either as an operator or passenger.

13.     Describe all maintenance that had been performed on the tractor or trailer of the subject vehicle for the 6 months prior to the collision.  For each such maintenance, please list the following:

     a.     What prompted the maintenance visit;

     b.     Who performed the maintenance;

     c.     Who diagnosed the necessity for maintenance;

     d.     What diagnosis was rendered;

     e.     When were the repairs performed;

     f.     What, if any, parts were replaced; and,

     g.     Did the problem reoccur?  If so, when?

18.    Describe the load when the tractor trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

19.    Is there a bill of lading or any other document describing in detail, the entire cargo loaded in the trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

20.    Identify the US DOT number displayed on the tractor-trailer on the date of the incident.

21.    Please state in detail the method of calculating Theodore Leverne Johnson's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

22.    Please state the name, address, phone number, and title of the individual(s) at USA Trucking, Inc. who would verify whether Theodore Leverne Johnson was in compliance with federal safety regulations at the time of the motor vehicle collision with Plaintiff?

23.    Please state all training that USA Trucking, Inc. provides or requires for its drivers/operators.

24.    Identify all equipment in the cab of the tractor driven by Theodore Leverne Johnson at the time of the collision that provided satellite communication or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

25.    Identify and describe any all systems your company uses to review and/or audit drivers logs to check to see if drivers are in compliance with the Federal Regulations.

4

26.    List the engine manufacturer of the tractor (i.e. Detroit Diesel, Cummins, Mack, Caterpillar) and the year it was made.



KENNETH J. MENDELSOHN    MEN001



OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served along with the Complaint and Summons on this the _____ day of September, 2006.

Of Counsel

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

LANDRIA BRITT, as              *
ADMINISTRATRIX of the ESTATE OF   *
JOHN W. BRITT, deceased,         *
                              *
     Plaintiff,                  *
                              *
v.                            *     CV: 06-
                              *
U S A TRUCK, Inc; THEODORE       *
LEVERNE JOHNSON; et al,         *
                              *
     Defendants.               *

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, USA TRUCK, INC.

Pursuant to Rule 35, *Alabama Rules of Civil Procedure*, Plaintiffs request that all

Defendant, USA Truck, Inc., produce the following documents and things within the time

required by law:

1.     Produce any and all accident and/or incident reports and investigations prepared by

this Defendant as a result of the crash other than the police report.

2.     Produce the accident register maintained as required in 49 CFR 390.15(b) to

include the motor vehicle collision with Plaintiff and all accidents 3 years prior to February 20,

2006.

3.     If ISO certified, please produce all ISO Certification documents.

4.     Produce all documents prepared concerning all inspections performed on the

tractor and trailer involved in this accident.

5.     Produce all leases and contracts that were in effect for the cab and trailer on the



day of the accident.

6.     Produce the entire personnel file of Theodore Leverne Johnson.

7.     Produce the entire driver qualification file of Theodore Leverne Johnson.

8.     Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.     Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10.    Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11.    Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

12.    Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

13.    Produce all logs–official or unofficial–of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

14.    Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

15.    Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and for the day of the collision.  Specifically, produce the supporting documents listed below which the Defendant is required to maintain under 49 CFR 395.8(k).

        a.     Bills of lading;

2

b.    Carrier pros;

c.    Freight bills;

d.    Dispatch records;

e.    Driver call-in records;

f.    Gate record receipts;

g.    Weight/scale tickets;

h.    Fuel billing statements and/or summaries;

i.    Toll receipts;

j.    International registration plan receipts;

k.    International fuel tax agreement receipts;

l.    Trip permits;

m.    Lessor settlement sheets;

n.    Port of entry receipts;

o.    Cash advance receipts;

p.    Delivery receipts;

q.    Lumper receipts;

r.    Interchange and inspection reports;

s.    Over/short and damage reports;

t.    Agricultural inspection reports;

u.    Commercial Vehicle Safety Alliance reports;

v.    Accident reports;

w.    Telephone billing statements;

3

x.    Credit card receipts;

y.    Driver fax reports;

z.    On-board computer reports

aa.   Border crossing reports

bb.   Custom declarations

cc.   Traffic citations

dd.   Overweight/oversize reports and citations

ee.   And/or other documents directly related to the motor carrier's operation which are
retained by the motor carrier in connection with the operation of its transportation
business.

16.    Produce any and all cellular and telephone records and bills of the Defendant for
the day of the motor vehicle collision with Plaintiff and seven days prior.

17.    Produce any and all credit card bills and receipts for Theodore Leverne Johnson the
month of the motor vehicle collision with Plaintiff.

18.    Produce copies of any and all fuel tax reports of Theodore Leverne Johnson for the year
of this collision.

19.    Produce any and all state safety audits of Theodore Leverne Johnson for the year of this
collision and three years prior.

20.    Produce any and all federal accident reports filed by Theodore Leverne Johnson the year
of this collision and three years prior.

21.    Produce any and all DOT inspection reports filed by Theodore Leverne Johnson for the
year of this collision and three years prior.

4

22.     Produce any and all long form DOT physicals of Theodore Leverne Johnson.

23.     Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Theodore Leverne Johnson for the month of this collision.

24.     Produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

25.     Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or anytime after.

26.     Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Theodore Leverne Johnson.

27.     Produce copies of any and all satellite communications and e-mail for the day of the collision and seven days prior, as well as all recorded ECM (electronic control module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

     a.  trip distance

     b.  total vehicle driving time

     c.  load factor

     d.  vehicle speed limit

     e.  maximum vehicle speed recorded

     f.   number of hard brake incidents

     g.  current engine speed (rpm)

     h.  maximum and minimum cruise speed limits

     I.   total vehicle driving distance

5

j.  fuel consumption (gal./hr.)

k.  idle time

l.  engine governed speed

m. maximum engine speed recorded

n.  current throttle position

o.  brake switch status (on/off)

p.  odometer

q.  trip driving time

r.  overall fuel economy (MPG)

s.  average driving speed

t.  # of engine overspeeds

u.  # of vehicle overspeeds

v.  current vehicle speed (MPH)

w.  clutch switch status (on/off)

x.  clock

y.  jake brake status

28.    Produce all policies including liability, general liability, excess umbrella for the tractor

and trailer and any other insurance that will cover or arguably cover this collision.

29.    Produce a copy of the completion or non-completion of any safe driving programs

by Theodore Leverne Johnson.

30.    Produce a copy of the driver manual or handbook issued to Theodore Leverne Johnson.

31.    Produce a copy of the company safety rules issued to Theodore Leverne Johnson.

32.    Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with Plaintiff.

33.    Please produce the printout(s) from any database identified in Interrogatory No. 29 for the one year preceding the February 20, 2006 motor vehicle collision with Plaintiff.



_____

KENNETH J. MENDELSOHN   MEN001

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served along with the Complaint and Summons on this the _____ day of September, 2006.

_____

Of Counsel

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as Administratrix          )
of the Estate of JOHN W. BRITT,           )
Deceased,                                 )
                                          )
            *Plaintiff,*                   )
                                          )
vs.                                       )          CIVIL ACTION NO. 06-cv-868-ID-CSC
                                          )
U S A TRUCK, INC.; THEODORE               )
LEVERNE JOHNSON, *et al.,*                 )
                                          )
            *Defendants.*                  )

## SIXTH NOTICE OF DEPOSITION DUCES TECUM

**To:**          Thomas L. Oliver, II, Esq.
                Lea Richmond, IV, Esq.
                **CARR ALLISON**
                100 Vestavia Parkway
                Birmingham, Alabama 35216

        Please take notice that the undersigned will take the deposition upon oral

examination of the person named below at the time and place designated before a court

reporter or some other person authorized by law to administer oaths.

        **Deponent:**     **Theodore Leverne Johnson**

        **Date:**         **Saturday, November 3, 2007**

        **Time:**         **9:30 a.m. (EDT)**

        **Place:**        **Courtyard by Marriott**
                        **1102 West Street**
                        **Wilmington, Delaware 190801**

Defendant is hereby requested at the time of deposition to produce the documents and things set out on Exhibits "A" and "B" attached hereto. The deposition will be taken stenographically before a court reporter who is authorized to administer oaths and report oral deposition testimony pursuant to the *Alabama Rules of Civil Procedure*. You are invited to attend and cross-examine.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:     (334) 396-9200
Facsimile:     (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:     (334) 213-2323
Facsimile:     (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Sixth Notice of Deposition Duces Tecum* has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 22nd day of October, 2007:

>Thomas L. Oliver, II, Esq.
>Lea Richmond, IV, Esq.
>CARR ALLISON
>100 Vestavia Parkway
>Birmingham, Alabama 35216

_____
OF COUNSEL

## Exhibit A

1.     Produce any and all accident and/or incident reports and investigations prepared by this defendant as a result of the crash other than the police report.

2.     Produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with plaintiff and all accidents 3 years prior to February 20, 2006.

3.     If ISO certified, please produce all ISO Certification documents.

4.     Produce all documents prepared concerning all inspections performed on the tractor and trailer involved in this accident.

5.     Produce all leases and contracts that were in effect for the cab and trailer on the day of the accident.

6.     Produce the entire personnel file of Theodore Leverne Johnson.

7.     Produce the entire driver qualification file of Theodore Leverne Johnson.

8.     Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.     Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10.     Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11.     Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

12.    Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

13.    Produce all logs–official or unofficial–of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

14.    Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

15.    Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and for the day of the collision.  Specifically, produce the supporting documents listed below which the defendant is required to maintain under 49 CFR 395.8(k).

    a.    Bills of lading;

    b.    Carrier pros;

    c.    Freight bills;

    d.    Dispatch records;

    e.    Driver call-in records;

    f.    Gate record receipts;

    g.    Weight/scale tickets;

    h.    Fuel billing statements and/or summaries;

    i.    Toll receipts;

    j.    International registration plan receipts;

    k.    International fuel tax agreement receipts;

    l.    Trip permits;

    m.    Lessor settlement sheets;

n.  Port of entry receipts;

o.  Cash advance receipts;

p.  Delivery receipts;

q.  Lumper receipts;

r.  Interchange and inspection reports;

s.  Over/short and damage reports;

t.  Agricultural inspection reports;

u.  Commercial Vehicle Safety Alliance reports;

v.  Accident reports;

w.  Telephone billing statements;

x.  Credit card receipts;

y.  Driver fax reports;

z.  On-board computer reports;

aa.  Border crossing reports;

bb.  Custom declarations;

cc.  Traffic citations;

dd.  Overweight/oversize reports and citations;

ee.  And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

16.  Produce any and all cellular and telephone records and bills of the defendant for the day of the motor vehicle collision with plaintiff and seven days prior.

17.     Produce any and all credit card bills and receipts for Theodore Leverne Johnson the month of the motor vehicle collision with plaintiff.

18.     Produce copies of any and all fuel tax reports of Theodore Leverne Johnson for the year of this collision.

19.     Produce any and all state safety audits of Theodore Leverne Johnson for the year of this collision and three years prior.

20.     Produce any and all federal accident reports filed by Theodore Leverne Johnson the year of this collision and three years prior.

21.     Produce any and all DOT inspection reports filed by Theodore Leverne Johnson for the year of this collision and three years prior.

22.     Produce any and all long form DOT physicals of Theodore Leverne Johnson.

23.     Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Theodore Leverne Johnson for the month of this collision.

24.     Produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

25.     Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or anytime after.

26.     Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Theodore Leverne Johnson.

27.     Produce copies of any and all satellite communications and e-mail for the day of the collision and seven days prior, as well as all recorded ECM (electronic control

module), EDR (event data recorder), and/or SDM (sensing & diagnostic module)

chronological data with reference to all data available, including but not limited to:

     a.     trip distance;

     b.     total vehicle driving time;

     c.     load factor;

     d.     vehicle speed limit;

     e.     maximum vehicle speed recorded;

     f.     number of hard brake incidents;

     g.     current engine speed (rpm);

     h.     maximum and minimum cruise speed limits;

     i.     total vehicle driving distance;

     j.     fuel consumption (gal./hr.);

     k.     idle time;

     l.     engine governed speed;

     m.     maximum engine speed recorded;

     n.     current throttle position;

     o.     brake switch status (on/off);

     p.     odometer;

     q.     trip driving time;

     r.     overall fuel economy (MPG);

     s.     average driving speed;

     t.     number of engine overspeeds;

     u.     number of vehicle overspeeds;

     v.     current vehicle speed (MPH);

     w.     clutch switch status (on/off);

     x.     clock;

     y.     jake brake status;

28.     Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

29.     Produce a copy of the completion or non-completion of any safe driving programs by Theodore Leverne Johnson.

30.     Produce a copy of the driver manual or handbook issued to Theodore Leverne Johnson.

31.     Produce a copy of the company safety rules issued to Theodore Leverne Johnson.

32.     Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with plaintiff.

33.     Please produce the printout(s) from any database identified in Interrogatory No. 29 for the one year preceding the February 20, 2006 motor vehicle collision with plaintiff.

## Exhibit B

1.     Produce all statements of Theodore Leverne Johnson regarding the accident

made the basis of this suit.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as ADMINISTRATRIX )
of the ESTATE OF JOHN W. BRITT, )
deceased, )
                         )       Case No. 2:06cv868-ID-CSC
          Plaintiff, )
                         )
v. )
                         )
U S A TRUCK, Inc; THEODORE )
LEVERNE JOHNSON; et al., )
                         )
         Defendants. )

## RESPONSES OF USA TRUCK, INC.
## TO PLAINTIFF'S FIRST INTERROGATORIES

         COMES NOW the Defendant USA Truck, Inc. (hereinafter "the Defendant") and, without

waiving any of its previous general and specific objections to Plaintiff's First Interrogatories, now

responds as follows:

         1.      Identify by name and title each and every person who has answered or helped

answer these Interrogatories.

         **RESPONSE:** The Responses to these Interrogatories were prepared in consultation

with, and with the participation of, counsel for the responding Defendant and

representatives of the responding Defendant. As such, no particular individual(s) prepared

the Responses to these Interrogatories.

         2.      State the full and correct name of the Defendant business entity and all partner

companies and subsidiaries.

         **RESPONSE:** The Defendant objects to the extent that this inquiry seeks information

that is irrelevant and not reasonably calculated to lead to the discovery of admissible

PLAINTIFF'S
EXHIBIT
4

NGAD 800-631-6989

evidence. Additionally, the Defendant objects to the extent that this inquiry imposes a burden beyond that required by FED. R. CIV. P. 7.1. Notwithstanding these objections, the Defendant states that its full and correct name is USA Truck, Inc.

3.    State the name and address of the owner(s) of the tractor and attached trailer that were involved in the incident described in the Plaintiff's Complaint.

    RESPONSE: USA Truck, Inc., 3200 Industrial Park Road, Van Buren, AR 72956.

4.    Was Theodore Leverne Johnson employed by USA Truck, Inc. at the time of the collision? If Theodore Leverne Johnson was not an employee of USA Truck, Inc., state the nature of the business relationship between Theodore Leverne Johnson and USA Truck, Inc.

    RESPONSE: Yes.

5.    If USA Truck, Inc. claims that Theodore Leverne Johnson was not acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

    RESPONSE: Not applicable.

6.    Immediately following the incident of February 20, 2006, please state:

    a.)    The person at USA Trucking, Inc. who was first notified of the accident?

    b.)    The date and time this person was notified?

    c.)    Whether anyone created a written record of the accident, and if so, whom?

    d.)    Is this record kept in any Vehicle Accident Investigation File or its equivalent?

    e.)    Is this record kept in the ordinary course of business?

    RESPONSE: The Defendant responds as follows:

    a)    Larry Hammond.

2

      b)      February 20, 2006 at 9:00 PM.

      c)      Yes; Larry Hammond.

      d)      Yes.

      e)      Yes.

7.     Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

**RESPONSE: The Defendant responds as follows:**

Theodore Leverne Johnson, 2 Canoe Court, Newark, DE 19702; current employer unknown.

James Gregory Williams, 8851 Sky View Drive, Cottondale, AL 35453; employer unknown.

John Dill, 3901 Rivera Road, Montgomery, AL 36108; Hyundai.

Alfredo A. Paredes, M.D., State Medical Examiner, Alabama Department of Forensic Sciences, P.O. Box 240591, Montgomery, AL 36124-0591.

Custodian of Records, National Medical Services, Inc., 3701 Welsh Road, Willow Grove, PA 19090-0437.

The Defendants will identify expert witnesses for trial in accordance with the Court's Scheduling Order.

8.     At the time of the incident in question:

      a.)    List the name of any motor vehicle insurance, excess insurance, "umbrella" coverage, general liability insurance and/or other insurance which arguably provides coverage for USA Trucking. Inc. and/or Theodore Leverne Johnson.

      b.)    Liability coverage limit of each type of insurance identified.

c.)    The amount of any liability deductible and/or self insured retention which

requires payment from the Defendant, and: (sic.)

**RESPONSE:** The Defendant objects to subpart (c) of this inquiry because the Federal

Rules of Civil Procedure do not require this Defendant to disclose any liability deductible

and/or self insured retention, nor is such information relevant or reasonably calculated to

lead to the discovery of admissible evidence.    Notwithstanding this objection, the

declarations page for the insurance policy on the vehicle involved in the subject accident

will be made available for inspection at the offices of counsel for this Defendant.

8.    Identify each and every person you expect to call as an expert witness at the trial

of this matter and for each expert witness, please state the subject matter on which the expert is

expected to testify, the substance of the facts and opinions to which the expert is expected to

testify, and summary of the grounds for each opinion.

**RESPONSE:** The identity of expert witnesses who will be called at trial has not yet

been determined.    The Defendant will supplement this response in accordance with the

Court's Scheduling Order.

10.    List the name, address and telephone number of each person likely to have

discoverable information about the claims and defenses in this case, even if you do not intend on

calling that person as a witness.

**RESPONSE:** The Defendant responds as follows:

Theodore Leverne Johnson, 2 Canoe Court, Newark, DE 19702; current employer

unknown.

James Gregory Williams, 8851 Sky View Drive, Cottondale, AL 35453; employer

unknown.

John Dill, 3901 Rivera Road, Montgomery, AL 36108; Hyundai.

Alfredo A. Paredes, M.D., State Medical Examiner, Alabama Department of Forensic

Sciences, P.O. Box 240691, Montgomery, AL 36124-0591.

Custodian of Records, National Medical Services, Inc., 3701 Welsh Road, Willow

Grove, PA 19090-0437.

The Defendants will identify expert witnesses for trial in accordance with the Court's

Scheduling Order.

11.    Identify any non-party who you claim is or may be liable to the claimant in part or in

whole for the damages claimed but who has not been joined in the action as a party and the facts

upon which you base this assertion.

RESPONSE:  The Defendant does not make any such claim.

12.    Other than the incident at issue, please list all other incidents involving alleged

personal injury or death in which Theodore Leverne Johnson above, has been involved, either as

an operator or passenger.

RESPONSE:  The Defendant is aware of no such other incidents.

13.    Describe all maintenance that had been performed on the tractor or trailer of the

subject vehicle for the 6 months prior to the collision.  For each such maintenance, please list the

following:

a.    What prompted the maintenance visit;

b.    Who performed the maintenance;

c.    Who diagnosed the necessity for maintenance;

d.    What diagnosis was rendered;

e.    When were the repairs performed;

f.    What, if any, parts were replaced; and,

g.    Did the problem reoccur?  If so, when?

_____ **RESPONSE:** The Defendant objects to the extent that the entire scope of this inquiry is overly broad. The Defendant objects to the extent that this request imposes an obligation on the Defendant beyond that required by 49 CFR 396.3. Notwithstanding these objections and subject thereto, the Defendant exercises its right to produce documents responsive to this inquiry.

18.(sic.)    Describe the load when the tractor trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

_____ **RESPONSE:** A load of fiberglass was in the trailer at the beginning of the day, as well as at the time of the subject accident. No scheduled stops were made on the day of the subject accident.

19.    Is there a bill of lading or any other document describing in detail, the entire cargo loaded in the trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

_____ **RESPONSE:** Yes. Responsive documents are produced herewith.

20.    Identify the US DOT number displayed on the tractor-trailer on the date of the incident.

_____ **RESPONSE:** 00213754.

21.    Please state in detail the method of calculating Theodore Leverne Johnson's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

_____ **RESPONSE:** The Defendant avers that this inquiry is overly broad. Only the calculation of Mr. Johnson's pay at the time of the subject accident would be relevant to the claims contained in the Plaintiff's Complaint. An inquiry beyond this scope is not

reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Defendant exercises its right to produce responsive documents.

22. Please state the name, address, phone number, and title of the individual(s) at USA Trucking, Inc. who would verify whether Theodore Leverne Johnson was in compliance with federal safety regulations at the time of the motor vehicle collision with Plaintiff?

RESPONSE: **Mike Neal, Director of Safety, may be reached through counsel for Defendants.**

23. Please state all training that USA Trucking, Inc. provides or requires for its drivers/operators.

RESPONSE: **The Defendants object. The Defendants assert each and every general objection as if stated fully herein. The Defendant states that only the training in place during the employment of Theodore Johnson could reasonably lead to the discovery of admissible evidence in this case. Notwithstanding this objection and subject thereto, the Defendant states that it required its drivers to complete an orientation which included training in various aspects of the job.**

24. Identify all equipment in the cab of the tractor driven by Theodore Leverne Johnson at the time of the collision that provided satellite communication or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

RESPONSE: **Qualcomm IMCT.**

25. Identify and describe any all (sic.) systems your company uses to review and/or audit drivers logs to check to see if drivers are in compliance with the Federal Regulations.

7

**RESPONSE:** The Defendant avers that this inquiry is overly broad. Only the auditing systems in use at the time of the subject accident would be relevant to the claims contained in the Plaintiff's Complaint. An inquiry beyond this scope is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Defendant states that at the time of the subject accident, the Defendant was in the process of switching from the use of TDSM auditing software to a third-party log auditor.

26.    List the engine manufacturer of the tractor (i.e. Detroit Diesel, Cummins, Mack, Caterpillar) and the year it was made.

**RESPONSE:** Cummins; 2005.

MIKE NEAL, Director of Safety
USA TRUCK, INC.

STATE OF ARKANSAS      )

COUNTY OF CRAWFORD  )

Before me, a Notary Public in and for said County, in said State, personally appeared MIKE NEAL, whose name is signed to the foregoing Responses to First Interrogatories, and who is known to me or has provided proper identification and who, being by me first duly sworn and deposed, said that he has knowledge of the facts stated in the foregoing Interrogatories, and that the said facts as therein stated are true and correct.

Sworn to and subscribed before me on this the 30 day of May , 2007.

NOTARY PUBLIC
My Commission Expires: 2-8-14

OFFICIAL SEAL
JERI L. PARTLOW
NOTARY PUBLIC-ARKANSAS
CRAWFORD COUNTY
MY COMMISSION EXPIRES: 02-08-14

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the _31st_ day of May 2007, as follows:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred, Esq.
**LAW OFFICES OF DAVID E. ALLRED**
Post Office Box 241594
Montgomery, AL 36124-1594

OF COUNSEL

9