**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased,**   ) ) ) ) ) ) **Plaintiff,**   ) ) **v.**   ) ) **U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al.,**   ) ) ) **Defendants.** | **Case No. 2:06cv868-ID-CSC** |

**DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL
SUBMISSIONS IN SUPPORT OF MOTION FOR SANCTIONS**

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"), and in reply to the Plaintiff's Supplemental Submissions in Support of Motion for Sanctions (Doc. 41), say as follows:

1. The Plaintiff filed a Motion for Sanctions Against Defendants for Failure to Appear at Depositions and Failure to Serve Answers to Interrogatories (Doc. 24) on October 11, 2007. That motion is now **moot** because the Defendants have answered all the Interrogatories the Plaintiff has propounded, and the Plaintiff has deposed all of the witnesses whom she contends the Defendants would not make available (Mr.

Johnson and a 30(b)(6) representative from USA) and has also deposed additional, individual witnesses from USA ( Mr. Hammond, Mr. Weindel, Mr. Hansen, and Mr. McConnell).

2. Now, the Plaintiff has filed a supplement to her motion wherein she contends that the Defendants should be sanctioned for producing documents in a dilatory manner. The Plaintiff references USA Truck, Inc.'s document production of October 24, 2007 and October 30, 2007 (hereinafter the "October 2007 production"). The Plaintiff seemingly claims that the October 2007 production prejudiced the preparation of her case. Particularly, the Plaintiff takes issue with the October 2007 production of Mr. Johnson's post-accident drug screen.

3. Importantly, the Defendants supplemented their document production in October 2007 **BEFORE** the Plaintiff deposed any of USA Truck, Inc.'s representatives and Mr. Johnson in November. Those depositions took place on November 2, 2007 and November 3, 2007, respectively. As is evidenced by the transcripts of those depositions, the Plaintiff thoroughly questioned all of the witnesses about the documents contained in the October 2007 production. What is more, the witnesses fully responded to all of the Plaintiff's inquiries regarding those documents. In fact, the Plaintiff utilized those documents, as well as the testimony pertaining to those documents, in her response to the Defendants' Motion for Partial Summary Judgment. **The Plaintiff has**

**had every opportunity to review the documents, question witnesses about the documents, and present arguments to the Court regarding the documents.** Thus, the **Plaintiff cannot show** that USA Truck, Inc.'s October 2007 supplemental production **prejudiced** her case with respect to the November 2nd and 3rd depositions, or the partially dispositive motion pending before the Court.

4.     Nonetheless, the Plaintiff further argues in her motion that the October 2007 production prejudiced her case because she did not have those documents at the time she deposed the Defendants' accident reconstruction expert, Mr. Van Calhoun, or the Defendants' toxicologist, Dr. Andrew Mason.  **These arguments are wholly without merit.**

5.     The Plaintiff argues that because she did not have Mr. Johnson's post-accident drug screen when her counsel deposed Dr. Mason, her case is prejudiced.  That **assertion is simply wrong**.  The Defendants only retained Dr. Mason to examine and offer opinions about the toxicology results of the decedent, John W. Britt.  **Dr. Mason has not reviewed any toxicology information relative to Mr. Johnson, nor is Dr. Mason going to offer any opinions about Mr. Johnson's post-accident urine screen.**  The Defendants did not retain Dr. Mason for that purpose.  Thus, even if the Plaintiff possessed Mr. Johnson's drug screen results at the time her counsel deposed Dr. Mason, any questions her counsel asked Dr. Mason about those results would be improper and

beyond the scope of direct examination because Dr. Mason has only been retained to examine and offer expert opinions about the impairment of John W. Britt at the time of the subject accident.

6. As pointed out in the Plaintiff's papers, Mr. Johnson admitted in a recorded statement to the investigating officers on the night of the accident that he smoked marijuana on Saturday, two days before the subject accident. The Montgomery Police Department file has been equally accessible to the Plaintiff as to the Defendants since the subject accident occurred. That file contained information about Mr. Johnson smoking marijuana two days before the subject accident happened. The Plaintiff, via written request or subpoena, could have easily obtained and accessed this information by conducting her own investigation. In addition, the Plaintiff has known from the outset of this case involves toxicology issues because Mr. Britt's blood and urine quantitatively tested positive for marijuana.

7. Notwithstanding the foregoing, the defense admits that Mr. Johnson's post-accident drug screen should have been produced at an earlier date. The delay was due to inadvertence and mistake. In recognition of that mistake, and to make a good faith demonstration that the delay indeed occurred because of inadvertence, the **Defendants are willing to join the Plaintiff in making a request to the Court that the Plaintiff be given leave of the expert disclosure deadline contained in the Court's**

**Scheduling Order for the limited purpose of retaining a toxicologist** to examine Mr. Johnson's post-accident drug screen and offer an opinion at trial subject, of course, to the requirements of <u>Daubert</u> and Federal Rule of Evidence 702. Of note, the Defendants have never attempted to preclude the Plaintiff from designating an expert witness for trial. Should the Court allow the Plaintiff to retain a toxicologist as mentioned above, the Plaintiff will not be prejudiced in the preparation of her case. **This is the appropriate remedy**. <u>Dr. Mason's designation should not be struck because his proffered opinions have absolutely nothing to do with Mr. Johnson's toxicology results.</u>

8.  The Plaintiff also argues that because she did not have Mr. Johnson's statement to the investigating officers regarding time and distance variables when her counsel deposed Dr. Mason, her case is prejudiced. This argument is wholly without merit. As evidenced by the transcript of Mr. Calhoun's deposition testimony, he is only giving opinions in this case based upon the physical evidence. The Defendants never provided the statement of Mr. Johnson to Mr. Calhoun because it is hearsay, unreliable, and otherwise inadmissible. The best evidence of how Mr. Johnson contends the subject accident occurred is his deposition testimony. That testimony will be provided to Mr. Calhoun, who will supplement his opinions, if need be. Should that occur, the Defendants will certainly make Mr. Calhoun available again for deposition in Montgomery, Alabama, which is where Plaintiff's counsel's office is situated.

Nonetheless, what should be pointed out is that **even if Mr. Calhoun never reviewed Mr. Johnson's account of how the accident occurred, that matter goes to the weight of his testimony, not the admissibility of the same. To preclude expert Van Calhoun would be an inappropriate remedy .**

9. The Plaintiff requests ten (10) different forms of sanctions against the Defendants from the Court. The Defendants can show that none of these sanctions are appropriate, and will address each in turn:

A) <u>Striking the Defendants' Motion for Partial Summary Judgment</u>

This sanction is entirely improper. **The Plaintiff deposed every witness and obtained every document needed to fully respond to the Defendants' Motion for Partial Summary Judgment.** <u>The Defendants never opposed any extension of time needed by Plaintiff to procure the evidence Plaintiff needed to respond to said motion (or any other deadline for that matter)</u>. To be sure, the best evidence that the Plaintiff has not been prejudiced with respect to that partially dispositive motion is her sixteen (16) page response brief (Doc. 40) that her counsel filed on November 13, 2007. **The Plaintiff has not cited any further evidence that she believes is needed to oppose the Defendants' partially dispositive motion.** In light of that, the Defendants' Motion for Partial Summary Judgment should not be struck.

B) <u>Striking the Defendants' affirmative defense of contributory negligence</u>.

This sanction is improper.  **The Plaintiffs have, or will have had, the opportunity to depose all of the witnesses whom the Defendants will call to testify in support of their contributory negligence defense.**  Simply put, the Plaintiff has not been denied access to any information during the discovery process that hinders her ability to combat the Defendants' contributory negligence defense.  The suggestion that portions of Defendants' Answer should be struck is unfounded .  This case should be tried on the merits.

C)   Enter a default judgment against the defendants on the issue of liability with damages to be proven at trial.

Without question, this sanction is unwarranted.  The **extreme sanction** of a default judgment is only warranted...where a court finds "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." Inmuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993)).  The **Plaintiff CANNOT show that the Defendants "willfully" disobeyed a discovery order.  In fact, no discovery orders have been entered by the Court in this case.**  Essentially, the Plaintiff argues that the Defendants' voluntary supplementation of documents, which

was done before the Defendants' depositions, is sanctionable. The document production may have been late, but the **Defendants have never disobeyed any orders any discovery orders from this Court**. Furthermore, with the exception of Mr. Johnson's drug screen results, the Plaintiff cannot establish that the October 2007 production prejudiced her case. Any prejudice caused by the production of Mr. Johnson's drug screen results in October 2007 can be easily cured by allowing the Plaintiff leave of court to retain a toxicologist. For these reasons, a default judgment would be completely improper.

> D) <u>Directing that the Defendants pay the costs of travel, expedited transcripts, and all other costs which were caused by the Defendants' last minute cancellations of the Defendants' depositions</u>.

**Federal Courts have ordered that defendant truck drivers' depositions should be taken in their home state.** See O'Sullivan v. Rivera, 229 F.R.D. 187, 188 (D. N.M. 2004). In O'Sullivan, the Court held that the deposition should occur near the location of the out of state deponent. Id. Similarly, in Mothersbaugh v. GTX Inc., the driver with a residence in Idaho was scheduled for a deposition in Oregon and requested a protective order. No. 89-1202-FR 1990 U.S. Dist. LEXIS 4022 at *2 (D. Ore. March 28, 1990). The Court found that requiring the truck driver to go to Oregon placed an undue burden on him because his residence was in Idaho and reset the deposition . Id.

**Likewise, numerous federal courts have ruled that a corporate defendant's deposition should be taken in the venue where its principal place of business is located in compliance with Rule 45.** See Cates v LTV Aerospace Corp., 480 F.2d 620 (5th Cir. 1973)(person designated by organization pursuant to Rule 30(b)(6) cannot be required to travel outside limits imposed by Rule 45(d)(2)); Less v Taber Instrument Corp.,53 F.R.D. 645 (W.D. N.Y. 1971)(deposition of nonparty corporation should be taken at its principal place of business); Armsey v. Medshares Mgmt. Servs., Inc.,184 F.R.D. 569 (W.D. Va. 1998)(there is an initial presumption that defendant should be deposed in district of his residence or principal place of business); Rapoca Energy Co., L.P. v AMCI Exp. Corp., 199 F.R.D. 191 (W.D. Va. 2001)(there is an initial presumption that defendant should be deposed in district of his residence or principal place of business).

**The parties appeared before the Court via telephone conference hearing, prior to the depositions at issue and the Court ruled (consistent with the prior authority) that the depositions should go forward in Arkansas and Delaware.** Based upon these authorities and the ruling of this Court, the Plaintiffs should not be heard to now ask the Court to Order the Defendants to pay the costs/expenses requested by the Plaintiff for traveling to Arkansas and Delaware to depose the Defendants.

    E)    <u>Order that the Defendants may not utilize expert Van Calhoun at trial.</u>

This sanction is inappropriate. As outlined above, **Mr. Calhoun only offered opinions at his deposition and in his Rule 26 report based upon the subject accident's physical evidence.** Should Mr. Calhoun's opinions change after reviewing Mr. Johnson's deposition testimony, the Defendants will issue a supplemental report and make Mr. Calhoun available for deposition again in Montgomery, Alabama. The fact that Mr. Calhoun has not considered Mr. Johnson's account of how the accident occurred yet **goes to the weight** that the jury should give his opinion. **The fact that Mr. Calhoun had not reviewed an unreliable and inadmissible transcription of a statement does not preclude him from offering an opinion at trial.**

F)  Order that the Defendants may not utilize expert Andrew Mason at trial.

Here again, the Plaintiff's requested sanction is inappropriate. **Mr. Johnson's drug screen results have no bearing, whatsoever, on Dr. Mason's opinions.** The Defendants retained Dr. Mason only to examine the toxicology results of John W. Britt. Dr. Mason is not and will not be offering any opinions at trial regarding Mr. Johnson's urine test. As set forth above, Defendants have no objection to Plaintiff securing an expert of their own to testify to the effect of Mr. Johnson's toxicology reports. That is the proper remedy.

G)  <u>Order that the Defendants pay the costs and expenses of an additional trip back to Arkansas</u>.

The Defendants have already agreed, at the request of the Plaintiff, to make an additional witness available for deposition in Arkansas even though USA Truck, Inc., has already made four (4) representatives available for deposition. There is absolutely no reason why the fifth witness, who incidentally is General Counsel to the company, should be made to travel to Alabama. The Plaintiff never intended to depose this witness until after deposing the first four representatives of USA Truck, Inc. If the Plaintiff wishes to depose the company's General Counsel, the Plaintiff should incur the travel expense to do so.

> H)  <u>Award a reasonable sum to Plaintiff's counsel as attorney fees for having to file the motion and engage in the activities which are the subject of Plaintiff's motion for sanctions</u>.

The Defendant asserts that the Plaintiff's motion for sanctions is, and always has been, unfounded. **The Defendants have not disobeyed discovery orders, nor have the Defendants hindered the Plaintiff's ability to present her case.** The only relief that is appropriate would be to give the Plaintiff leave of court to retain a toxicologist for the purpose of examining Mr. Johnson's post-accident drug screen.

> I)  To enter such other different or additional relief as the Court may deem appropriate under the circumstances.

Again, the Defendants reiterate that the Plaintiff's motion for sanctions is not warranted. To say the least, the relief requested is overreaching and untenable. The

Plaintiff should be given leave of court to obtain a toxicologist to review Mr. Johnson's post-accident urine tests, and this litigation should then proceed on the merits.

WHEREFORE, THESE PREMISES CONSIDERED, the Defendants respectfully request that the Plaintiff's Motion for Sanctions be DENIED.

s/ Thomas L. Oliver II
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

      I, Thomas L. Oliver, II, do hereby Certify that on the 14th day of November, 2007, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

                                              s/ Lea Richmond, IV
                                              **OF COUNSEL**