IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 06-cv-868-ID-CSC |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.*, | ) ) ) ) | |
| *Defendants.* | ) | |

## MOTION TO COMPEL RESPONSES TO DISCOVERY

NOW COMES LANDRIA BRITT TYLER, as Administratrix of the Estate of JOHN W. BRITT, Deceased, and moves the Court to compel the defendants to respond to plaintiff's supplemental discovery requests filed on November 6, 2007, to which defendants have objected, and, for reason, plaintiff would show unto the Court as follows:

1. This case is set for trial on January 28, 2008.

2. On November 6, 2007, plaintiff filed supplemental discovery requests seeking documents and information after the depositions of the defendants were taken on November 2 and 3, 2007 (Exh. A).

3. On November 28, 2007, defendants filed objections to plaintiff's discovery requests 2, 4, 6, 10, 11, 12, 13, 14, 15, 16, and 17 (Exh. B).

4.  Plaintiff says that all of the plaintiff's supplemental discovery requests seek information which is within the scope of Rule 26, FRCP, that the information is not privileged, and that the plaintiff is in need of this information in order to prepare her case.

WHEREFORE, THE PREMISES CONSIDERED, the plaintiff moves the Court to enter an order directing the defendants to provide the requested information and produce the requested documents.

/s/ David E. Allred
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:   (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:  (334) 213-2323
Facsimile:   (334) 213-5663

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 30th day of November, 2007 electronically filed the foregoing *Motion to Compel Responses to Discovery* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

>Thomas L. Oliver, II, Esq.
>Lea Richmond, IV, Esq.
>CARR ALLISON
>100 Vestavia Parkway
>Birmingham, Alabama 35216

>>/s/ David E. Allred
>>OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, </br></br>*Plaintiff,*</br></br>vs.</br></br>U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.*,</br></br>*Defendants.* | )</br>)</br>)</br>)</br>)</br>)</br>)</br>CIVIL ACTION NO. 06-cv-868-ID-CSC</br>)</br>)</br>)</br>)</br>) |

## SUPPLEMENTAL DISCOVERY REQUESTS OF PLAINTIFF TO DEFENDANTS U S A TRUCK, INC. AND THEODORE LEVERNE JOHNSON

NOW COMES the plaintiff and propounds the following discovery requests, pursuant to the *Federal Rules of Civil Procedure*, to the defendants separately and severally:

1. Produce copies of all Qualcomm or other communications from and to U S A Truck, Inc. and Theodore Leverne Johnson regarding any matter, especially, but not limited to, the broken windshield on the accident tractor, which communications were referenced in Johnson's deposition on November 3, 2007.

2. Produce true copies of the personnel file and all files regarding former director of safety, Mike Neal, especially, but not limited to, any complaints, criticisms, or evaluations of Neal's job performance, or the termination of Neal's employment.


EXHIBIT A

3. Please state all information known by Defendant U S A Truck or anyone acting on behalf of said defendant, regarding:

    (a) The last known address, phone number, and full contact information for Mike Neal;

    (b) Mike Neal's current place of employment and current residence;

    (c) The reason that Mike Neal is no longer employed by U S A Truck; and

    (d) The date that Mike Neal left the employment of U S A Truck.

4. Produce a copy of any and all correspondence, memoranda, e-mails, electronic records, or any documents whatsoever concerning or related in any way to Mike Neal's termination of employment at U S A Truck.

5. Produce all documents to or from the Department of Transportation or any government entity concerning the collision in which John Britt was killed.

6. Produce a copy of all correspondence to or from the Department of Transportation or any government entity concerning safety issues, training, monitoring of drivers, or any other safety related issue for the period 2005 through the date of your response to this request.

7. Produce a copy of all warrants, court papers, court notices, convictions, judgments, or sentences regarding any and all of the criminal matters referred to by Theodore Leverne Johnson in his deposition on November 3, 2007.

8. Produce copies of any and all documents concerning or related to the criminal charge referenced by Defendant Johnson in his November 3, 2007 deposition as "making

terroristic threats" and, for which charge, the said Johnson was arraigned on November 5, 2007.

9. State the status and the outcome of the charge which was the subject of the November 5, 2007 arraignment concerning Defendant Johnson.

10. With regard to Defendant Johnson, state your religion for the period August 1, 2005 through the date of your response to this discovery request.

11. With regard to Defendant Johnson, if you are a member of any church, mosque, or religious entity, or attend such for religious services, state the full name of the religious entity, the address of the entity, the religion with which you contend the facility to be connected, and what position or affiliation do you have with said entity?

12. With regard to Defendant Johnson, please state any nicknames, religious names, aliases, or other names by which you have been known within the last three years and if such other name is connected to or affiliated with any religion or religious sect or mosque, identify the same.

13. Produce a copy of any and all applications for employment to U S A Truck as a truck driver with U S A Truck received in the past three years in which the driving record listed on the application is worse than that of Theodore Leverne Johnson.

14. For any applications produced by U S A Truck in response to the previous discovery requests, state whether U S A Truck hired the driver making the application and state that driver's current status with U S A Truck.

15. Produce copies of any and all correspondence to or from the Department of Transportation and U S A Truck concerning DOT violations by U S A Truck and/or its drivers within the past three years.

16. State the number of fatality collisions in which U S A Truck drivers have been involved within the past three years.

17. State the number of incidents within the past three years in which a U S A truck driver was caught by a law enforcement entity including, but not limited to, a DOT entity, driving a truck without a proper operator's license to include, but not limited to, a suspended or revoked CDL.



_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:  (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:  (334) 213-2323
Facsimile:  (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Supplemental Discovery Requests to Defendants* has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 6th day of November, 2007:

>Thomas L. Oliver, II, Esq.
>Lea Richmond, IV, Esq.
>CARR ALLISON
>100 Vestavia Parkway
>Birmingham, Alabama 35216



_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased,<br><br>Plaintiff,<br><br>v.<br><br>U S A TRUCK, Inc; THEODORE LEVERNE JOHNSON; et al.,<br><br>Defendants. | Case No. 2:06cv868-ID-CSC |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES AND REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE DEFENDANTS**

COME NOW the Defendants, **USA Truck, Inc.**, and **Theodore Leverne Johnson**, hereinafter "Defendant" or "Defendants", and object to the Plaintiff's supplemental inquiries and requests as follows:

2.  Produce true copies of the personnel file and all files regarding former director of safety, Mike Neal, especially, but not limited to, any complaints, criticisms, or evaluations of Neal's job performance, or the termination of Neal's employment.

**OBJECTION:** The Defendants object. The personnel file of Mr. Mike Neal, who is a former employee of USA Truck, Inc., and who is not a party to this litigation, contains confidential information. What is more, the information sought is not reasonably calculated to lead to the discovery of

-1-



admissible evidence. Notwithstanding these objections, the Defendants submit that the Court should conduct *in camera* inspection of this information, if any there be, and decide which portions are discoverable in this matter.

    4.    Produce a copy of any and all correspondence, memoranda, e-mails, electronic records, or any documents whatsoever concerning or related in any way to Mike Neal's termination of employment at USA Truck.

**OBJECTION:** **The Defendants object. The personnel information of Mr. Mike Neal, who is a former employee of USA Truck, Inc., and who is not a party to this litigation, contains confidential information. What is more, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Defendants submit that the Court should conduct *in camera* inspection of this information, if any there be, and decide which portions are discoverable in this matter.**

    6.    Produce a copy of all correspondence to or from the Department of Transportation or any government entity concerning safety issues, training, monitoring of drivers, or any other safety related issue for the period 2005 through the date of your response to this request.

**OBJECTION:** **This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Information pertaining to drivers other than Mr. Johnson is not discoverable.**

    10.    With regard to Defendant Johnson, state your religion for the period August 1, 2005 through the date of your response to this discovery request.

**OBJECTION:** **This request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

    11.    With regard to Defendant Johnson, if you are a member of any church, mosque, or religious entity, or attend such for religious services, state the full name of the religious entity, the address of the entity, the religion with which you contend the facility to be connected, and what position or affiliation do you

have with said entity.

**OBJECTION: This request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

12. With regard to Defendant Johnson, please state any nicknames, religious names, aliases, or other names by which you have been known within the last three years and if such other name is connected to or affiliated with any religion or religious sect or mosque, identify the same.

**OBJECTION: This request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

13. Produce a copy of any and all applications for employment to USA Truck as a truck driver with USA Truck received in the past three years in which the driving record listed on the application is worse than that of Theodore Leverne Johnson.

**OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. USA Truck, Inc., should not produced the confidential, personnel information of employees who are not parties to this litigation. In addition, the form of this inquiry is improper insofar as "worse" is a vague term, and the inquiry is compound and assumes a fact not in evidence.**

14. For any applications produced by USA Truck in response to the previous discovery requests, state whether USA Truck hired the driver making the application and state that driver's current status with USA Truck.

**OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. USA Truck, Inc., should not produced the confidential, personnel information of employees who are not parties to this litigation.**

15. Produce copies of any and all correspondence to or from the Department of Transportation and USA Truck concerning DOT violations by USA truck and/or its drivers within the past three years.

**OBJECTION:** This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

16. State the number of fatality collisions in which USA Truck drivers have been involved within the past three years.

**OBJECTION:** This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

17. State the number of incidents within the past three years in which a USA truck driver was caught by a law enforcement entity including, but not limited to, a DOT entity, driving a truck without a proper operator's license to include, but not limited to, a suspended or revoked CDL.

**OBJECTION:** This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

_____
Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-I74R)
**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

-4-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the 28th day of November, 2007, as follows:

Kenneth J. Mendelsohn, Esq.  
JEMISON & MENDELSOHN, P.C.  
1772 Platt Place  
Montgomery, Alabama 36117

David E. Allred, Esq.  
LAW OFFICES OF DAVID E. ALLRED  
Post Office Box 241594  
Montgomery, AL 36124-1594

_____  
OF COUNSEL