IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased,<br><br>*Plaintiff,*<br><br>vs.<br><br>U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:06cv868-ID-CSC<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR ORDER APPOINTING CLERK
## OF THE UNITED STATES DISTRICT COURT, WESTERN ARKANSAS,
## AS COMMISSIONER TO ISSUE SUBPOENA

NOW COMES the plaintiff, **LANDRA BRITT TYLER**, as Administratrix of the Estate of JOHN W. BRITT, Deceased, and requests this Honorable Court to issue an Order for the appointment of the Clerk of the United States District Court, Western Arkansas, as Commissioner to issue a subpoena for the oral deposition of **LINDA NEAL** on the 12th day of December, 2007, to be taken in Fort Smith, Arkansas, as reflected on the attached Notice of Taking Deposition.

Respectfully submitted,

/s/ David E. Allred
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:   (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of December, 2007 electronically filed the foregoing *Motion for Order Appointing Clerk of the Untied States District Court, Western Arkansas, as Commissioner to Issue Subpoena* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> CARR ALLISON
> 100 Vestavia Parkway
> Birmingham, Alabama 35216

>    /s/ David E. Allred
> OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 2:06cv868-ID-CSC |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.*, | ) ) ) ) | |
| *Defendants.* | ) | |

## NOTICE OF DEPOSITION

**To:**   Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216

Please take notice that the undersigned will take the deposition upon oral examination of the person named below at the time and place designated before a court reporter or some other person authorized by law to administer oaths.

**Deponent:**   Linda Neal

**Date:**   December 12, 2007

**Time:**   4:00 (CST)

**Place:**   **Courtyard Fort Smith Downtown**
**900 Rogers Avenue**
**Fort Smith, Arkansas   72901**

The deposition will be taken stenographically before a court reporter who is authorized to administer oaths and report oral deposition testimony pursuant to the *Federal Rules of Civil Procedure*. You are invited to attend and cross-examine.

*/s/ David Allred*
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:   (334) 213-5663

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Notice of Deposition* has been served upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 5th day of December, 2007:

Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216

_____
OF COUNSEL

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

LANDRIA BRITT, etc.

V.

U S A TRUCK, INC; THEODORE JOHNSON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:06cv868-ID-CSC

TO: LINDA NEAL
6311 Fieldcrest Drive
Fort Smith, Arkansas 72916

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| COURTYARD FORT SMITH DOWNTOWN, 900 Rogers Avenue, Fort Smith, Arkansas 72901 | 12/12/2007 4:00 pm |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 12/5/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
DAVID E. ALLRED (Attorney for Plaintiff), DAVID E. ALLRED, P.C.,
Post Office Box 241594, Montgomery, Alabama 36124-1594 (334) 396-9200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 2:06cv868-ID-CSC |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.*, | ) ) ) ) | |
| *Defendants.* | ) | |

## ORDER APPOINTING CLERK
## OF THE UNITED STATES DISTRICT COURT, WESTERN ARKANSAS,
## AS COMMISSIONER TO ISSUE SUBPOENA

I hereby appoint the Clerk of the United States District Court, Western Arkansas, to issue a deposition subpoena to LINDA NEAL to appear at the place and time stated on the attached Notice of Taking Deposition and Deposition Subpoena to give testimony in the above matter.

This _____ day of December, 2007.

_____
UNITED STATES DISTRICT COURT JUDGE