## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LANDRIA BRITT, as** | ) | |
| **ADMINISTRATRIX of the** | ) | |
| **ESTATE OF JOHN W. BRITT,** | ) | |
| **deceased,** | ) | **Case No. 2:06cv868-ID-CSC** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U S A TRUCK, Inc; THEODORE** | ) | |
| **LEVERNE JOHNSON; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANTS' OBJECTIONS AND MOTION FOR A PROTECTIVE ORDER IN RESPONSE TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES AND REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE DEFENDANTS

---

COME NOW the Defendants, **USA Truck, Inc.**, and **Theodore Leverne Johnson**, hereinafter "Defendant" or "Defendants", and respectfully object and move this Honorable Court for a Protective Order under Federal Rule of Civil Procedure 26 as to the Plaintiff's supplemental discovery requests. In support thereof, the Defendants outline the objectionable inquiries and requests propounded by the Plaintiff, as well as the Defendants' arguments thereto:

-1-

2.    Produce true copies of the personnel file and all files regarding former director of safety, Mike Neal, especially, but not limited to, any complaints, criticisms, or evaluations of Neal's job performance, or the termination of Neal's employment.

**OBJECTION:** **The Defendants object.  The personnel file of Mr. Mike Neal, who is a former employee of USA Truck, Inc., and who is not a party to this litigation, contains confidential information.  What is more, the information sought is not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections, the Defendants submit that the Court should conduct *in camera* inspection of this information, if any there be, and decide which portions are discoverable in this matter.**

**ARGUMENT:**    Mike Neal's personnel file contains private, confidential, and personal information, unrelated to the lawsuit at hand.  The Middle District Court of Alabama has recognized a strong public policy against the discovery of personnel files.  Coker v. Duke & Co., 177 F.R.D. 682, 685 (M.D. Ala. 1998).  "Courts unanimously agree non-party employees in a case have significant interests in avoiding disclosure of their personal information." Twigg v. Pilgrim's Pride Corp., 2007 U.S. Dist. LEXIS 14669 (D. W. Va. 2007). See, e.g., Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 517

(D. Minn. 1997); <u>Whittingham v. Amherst College</u>, 164 F.R.D. 124, 127-28 (D. Mass. 1995); <u>Miles v. Boeing Co.</u>, 154 F.R.D. 112, 115 (E.D. Pa. 1994).

"Consequently, the discovery of [personnel] files is permissible only if '(1) the material sought is clearly relevant and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." <u>Coker</u>, 177 F.R.D. at 685 (citing <u>Cooperman v. One Bancorp</u>, 134 F.R.D. 4 (D. Me. 1991). The Plaintiff has failed to carry her burden because she has not presented evidence that the material requested is **clearly relevant** and **not otherwise readily obtainable**.

The Plaintiff can not show that the information sought is clearly relevant. The present action involves a motor vehicle accident. The Plaintiff is seeking discovery of a non-party, prior employee's personnel file and accompanying personal documents. Mr. Neal is no longer an employee with the Defendant. Additionally, the Defendant does not have Mr. Neal's permission to reveal any information from his personnel file, which includes payroll records and medical records. There is no **clearly relevant** link between the subject accident and Mr. Neal's personnel file.

Secondly, the Plaintiff can **NOT** show that the information sought is not otherwise readily obtainable. Whatever distantly relevant evidence is within the personnel file requested is certainly available through the deposition testimony of Mr. Neal. The Defendants have supplied the Plaintiff with his last known contact

information. Therefore "production of the files in their entirety should not be ordered where the relevant information may be obtained by resort[ing] to less intrusive means of discovery," that being, in this instance, Mr. Neal's deposition. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997) See, e.g., Sanchez v. City of Santa Ana, 936 F.2d 1027, 1034 (9th Cir. 1990); Alden v. Time Warner, Inc., 1995 U.S. Dist. LEXIS 17038, 1995 WL 679238 *1 (S.D.N.Y., November 14, 1995); Giraudo v. Henkels & McCoy, Inc., 1993 U.S. Dist. LEXIS 14660, 1993 WL 415613 *1 (D. Ore., October 7, 1993); Held v. National R.R. Passenger Corp., 101 F.R.D. 420, 426 (D.D.C. 1984). For these reasons, the request for production concerning Mr. Neal's personnel file and other documentation is due to be DENIED.

4.     Produce a copy of any and all correspondence, memoranda, e-mails, electronic records, or any documents whatsoever concerning or related in any way to Mike Neal's termination of employment at USA Truck.

**OBJECTION:** **The Defendants object. The personnel information of Mr. Mike Neal, who is a former employee of USA Truck, Inc., and who is not a party to this litigation, contains confidential information. What is more, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, the Defendants submit that the Court should conduct *in camera* inspection of this information, if any**

-4-

there be, and decide which portions are discoverable in this matter.

**ARGUMENT:**    Please reference argument to supplemental response #2.

6.    Produce a copy of all correspondence to or from the Department of Transportation or any government entity concerning safety issues, training, monitoring of drivers, or any other safety related issue for the period 2005 through the date of your response to this request.

**OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Information pertaining to drivers other than Mr. Johnson is not discoverable.**

**ARGUMENT:** The Plaintiff has requested all communications regarding safety issues, training, monitoring of drivers, violations, or any other safety related issue with **any governmental agency** for nearly a two (2) year period.  In 2005, USA Truck, Inc., had 2,327 drivers employed and hired 4,545 drivers during that year. ("Affidavit of Misty Kleck" ¶ 3 and 7, attached hereto as Exhibit 1).  USA Truck, Inc., transports goods throughout the United States and Canada. ("Affidavit of Misty Kleck" ¶ 4, Exh. 1).  Records from governmental agencies responsive to this request are stored in the personnel files for the involved drivers. ("Affidavit of Misty Kleck" ¶ 10, Exh. 1).  As such, the above stated argument concerning the personnel files is incorporated herewith.

For these reasons, the Defendants respectfully request that the discovery request be DENIED.

10.    With regard to Defendant Johnson, state your religion for the period August 1, 2005 through the date of your response to this discovery request.

**OBJECTION: This request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:** Mr. Johnson's religion is irrelevant to the subject accident which is the basis for the Plaintiff's claims. His faith is a private, protected right. Mr. Johnson's religion is not relevant nor could the information in any way be reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff will likely assert that the information is relevant to voir dire of the jury. However, the Plaintiff failed to request the information during the initial interrogatories to Mr. Johnson or during the deposition of Mr. Johnson. The supplemental discovery requests were propounded after Mr. Johnson's deposition. During his deposition, Mr. Johnson acknowledged that he had been in a verbal altercation with his step-father which resulted in Mr. Johnson being charged with making a terroristic threat. ("Deposition of Theodore Leverne Johnson" p. 24-25, attached as Exhibit 2). Plaintiff's counsel line of questioning during the deposition insinuated that Mr. Johnson was acting as a terrorist.

| | |
|---|---|
| Mr. Allred: | Well, what are they charging you with?  What are the facts underlying the terroristic threat? |
| Mr. Johnson: | Yeah, right. |
| Mr. Allred: | What are the facts?  What are they saying you did that was terroristic? |
| Mr. Johnson: | They said nothing.  They didn't -- they never even told me. I mean they just saying I guess because we got into an argument.  Wasn't no hands being touched, you know what I mean, wasn't none of that. |
| Mr. Allred: | Did you tell Calvin Mills you were going to do something to him? |
| Mr. Johnson: | I -- not necessarily, not necessarily, no, I didn't. |
| Mr. Allred: | **Did  you  tell him you're going to blow him up or something?** |
| Mr. Johnson: | No, none of that, nothing on that. |
| Mr. Allred: | **Wonder why the police charged you with terrorism?** |
| Mr. Johnson: | I'm not for sure.  I'm not for sure. |
| | . . . |
| Mr. Allred: | **And as you sit here today, you don't have a clue what** |

**kind of terrorism you threatened or if you threatened anybody with terrorism, you don't know why they charged you with terrorism?**

("Deposition of Theodore Leverne Johnson" p. 25-26, 30  Exh. 2).

Plaintiff is attempting to elicit the information concerning Mr. Johnson's religion to further create the illusion that he is somehow involved with terrorism.  "The court may deny discovery requests if . . .the information is sought for use in a different proceeding or context." Midland-Ross Corp. v. United Steelworkers of America, 83 F.R.D. 426, 427 (D. Pa. 1979) (citing Econo-Car International, Inc. v. Antilles Car Rentals, 61 F.R.D. 8 (D.V.I.1973)).  Plaintiff counsel's out of context use would be the improper implication that Mr. Johnson's religion somehow makes him a terrorist.

This discovery request is certainly not reasonably calculated to lead to the discovery of admissible evidence.  "Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced." Fed. R. Evid. 610.  As one Court put it, the purpose of the Rule is "to **guard against the prejudice which may result from disclosure of a witness's faith**." United States v. Sampol, 636 F.2d 621, 666 (D.C. Cir. 1980). See e.g. United States v. Teicher, 987 F.2d 112 (2d Cir. Mar. 2, 1993); Malek v. Federal Ins. Co., 994 F.2d 49, 59 (2d Cir. 1993).  There is no

plausible argument to support the discovery request relating to Mr. Johnson's religion and practices thereof in order to overcome the prejudice that Mr. Johnson will face as a result. For the foregoing reasons, the Defendants respectfully request that the Court DENY Plaintiff's request regarding Mr. Johnson's religion and practices thereof.

11.    With regard to Defendant Johnson, if you are a member of any church, mosque, or religious entity, or attend such for religious services, state the full name of the religious entity, the address of the entity, the religion with which you contend the facility to be connected, and what position or affiliation do you have with said entity.

**OBJECTION: This request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:** Please reference argument to supplemental response #10.

12.    With regard to Defendant Johnson, please state any nicknames, religious names, aliases, or other names by which you have been known within the last three years and if such other name is connected to or affiliated with any religion or religious sect or mosque, identify the same.

**OBJECTION: This request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:** Please reference argument to supplemental response #10.

13.    Produce a copy of any and all applications for employment to USA Truck as a truck driver with USA Truck received in the past three years in which the driving record listed on the application is worse than that of Theodore Leverne Johnson.

**OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. USA Truck, Inc., should not produced the confidential, personnel information of employees who are not parties to this litigation. In addition, the form of this inquiry is improper insofar as "worse" is a vague term, and the inquiry is compound and assumes a fact not in evidence.**

**ARGUMENT:** A party resisting discovery production bears the responsibility of establishing undue burden. Coker, 177 F.R.D. at 686. The Coker court addressed a discovery request for "all documents relating to termination or departure of any employees." Id. at 686. The court found that the request was overly broad. Id. The burden and expense of the production plainly outweighed the benefit. Id. (citing Rule 26(b)(2)(iii)).

This analysis should apply again to this request. The Plaintiff has requested all applications to USA Truck, Inc., over a three year period. This request is overly

broad in that the only pertinent and relevant applications would be from the calendar year immediately preceding the subject accident, 2005.

Each application includes pay information, medical history, prior criminal convictions, and other private confidential information of non-party applicants. ("Affidavit of Misty Kleck" ¶ 6, attached hereto as Exhibit 1). Furthermore, USA Truck, Inc., does not have the permission of any of the non-party individuals to disclose any of the information contained within the applications.

The Plaintiff additionally requests that the Defendant determine which of the prospective applicants had a "worse driving record than that of Theodore Leverne Johnson." This request is in an improper form in that "worse" is a vague and indefinite standard. In evaluating an application for a prospective truck driver position with USA Truck, Inc., subjective standards such as "worse than" another applicant are not used. A subjective standard such as "worse than" is not definable with respect to evaluating the applications. For these reasons, the Defendants respectfully request that the discovery request be DENIED.

14.    For any applications produced by USA Truck in response to the previous discovery requests, state whether USA Truck hired the driver making the application and state that driver's current status with USA Truck.

**OBJECTION:** **This request is overly broad, unduly burdensome, and not**

**reasonably calculated to lead to the discovery of admissible evidence.  USA Truck, Inc., should not produced the confidential, personnel information of employees who are not parties to this litigation.**

**ARGUMENT:** Please reference supplemental response #13.

15.    Produce copies of any and all correspondence to or from the Department of Transportation and USA Truck concerning DOT violations by USA truck and/or its drivers within the past three years.

**OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:** The Plaintiff has requested all correspondence with the Department of Transportation for nearly a three year period.  In 2005, the Defendant company had 2,327 truck drivers employed and hired 4,545 truck drivers during that year. ("Affidavit of Misty Kleck" ¶ 3 and 7, attached hereto as Exhibit 1).  The Defendant transports goods throughout the United States and Canada. ("Affidavit of Misty Kleck" ¶ 4, Exh. 1).  Records from governmental agencies pertaining to specific drivers, responsive to this request, are stored in the personnel files for the involved drivers. ("Affidavit of Misty Kleck" ¶ 10, Exh. 1).

"Consequently, the discovery of [personnel] files is permissible only if '(1) the material sought is clearly relevant and (2) the need for discovery is compelling

because the information sought is not otherwise readily obtainable." <u>Coker</u>, 177 F.R.D. at 685  (citing <u>Cooperman v. One Bancorp</u>, 134 F.R.D. 4 (D. Me. 1991). The Plaintiff has failed to carry her burden because she has not presented evidence that the material requested is **<u>clearly relevant</u>** and **<u>not otherwise readily obtainable</u>**.

The Plaintiff can not show that the information sought is clearly relevant.  The present action involves a motor vehicle accident.  The Plaintiff is seeking discovery of non-party, prior employees personnel files and accompanying personal documents.  Additionally, the Defendant does not have the permission to reveal any information from any of the personnel files, which include payroll records and medical records.  There is no **<u>clearly relevant</u>** link between the subject accident and these personnel files.

Secondly, the Plaintiff can **<u>NOT</u>** show that the information sought is not otherwise readily obtainable.  Whatever distantly relevant evidence is within the personnel files requested is certainly available through the deposition testimony of current employees of the Defendant.  Therefore "production of the files in their entirety should not be ordered where the relevant information may be obtained by resort[ing] to less intrusive means of discovery." <u>Raddatz v. Standard Register Co.</u>, 177 F.R.D. 446, 448 (D. Minn. 1997) See, e.g., <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1034 (9th Cir. 1990); <u>Alden v. Time Warner, Inc.</u>, 1995 U.S. Dist. LEXIS

17038, 1995 WL 679238 *1 (S.D.N.Y., November 14, 1995); Giraudo v. Henkels & McCoy, Inc., 1993 U.S. Dist. LEXIS 14660, 1993 WL 415613 *1 (D. Ore., October 7, 1993); Held v. National R.R. Passenger Corp., 101 F.R.D. 420, 426 (D.D.C. 1984).

Additionally, to require the Defendant to respond to this single, individual Plaintiff's discovery request in such an overly burdensome manner would be a miscarriage of the discovery process.  The Coker court addressed a burdensomeness argument concerning a discovery request. Coker, 177 F.R.D. at 686.  "[A] party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden." Id. **In order to comply with this request, the Defendant would be required to dedicate 4,333 manhours to sort through 13,000 personnel files.**  ("Affidavit of Misty Kleck" ¶10, Exh. 1).  The Defendants cost of complying with this request for governmental agency related documents would exceed $38,997. ("Affidavit of Misty Kleck" ¶10, Exh. 1).

Prior decisions support that this request creates an undue burden.  The Sixth Circuit Court of Appeals upheld a District Court's decision which found that a Defendant made a clear showing of an undue burden when the discovery requests would have required review of 6,452 files requiring 2,181 hours of manpower and costs of $44,238.33.  See Surles v. Greyhound Lines, 474 F.3d 288, 306 (6th Cir.

-14-

2007).  See e.g. Scottsdale Ins. v. Am. Re-Insurance Co., 2007 U.S. Dist. LEXIS 66857, at *18-19 (D. Neb. 2007) (denying a discovery request which required review of 98,170 policies by the defendant).

For these reasons, the Defendants respectfully request that the discovery request be DENIED.

16.    State the number of fatality collisions in which USA Truck drivers have been involved within the past three years.

**OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:** The fatality collisions involving other drivers employed by the Defendant are irrelevant to the subject accident.  The allegations against the Defendants concern a single driver and his employer in a single accident.  In 2005, the Defendant company had 2,327 truck drivers.  ("Affidavit of Misty Kleck" ¶ 3, Exh. 1). The Alabama Supreme Court addressed a similar situation in Ex Parte Weaver. 781 So. 2d 944 (Ala. 2000).  In Weaver, the court analyzed a discovery request in a products liability case involving a table saw manufactured by Defendant Delta Machinery. Id. at 948.  The Plaintiff requested discovery relating to accidents involving all of the saws manufactured by the Defendant. Id. The Alabama Supreme Court affirmed the trial court's holding limiting the discovery to the saw involved in

the Plaintiff's accident. Id.  Similarly, the discovery in the instant case should be limited to the driver involved in the subject accident.

Alternatively, the Defendants state that this request is overly broad.  This request would include accidents not caused or contributed to by the Defendants but accidents merely "involving" drivers employed by the Defendant.  For the foregoing reasons, the Defendants respectfully request that this discovery request be DENIED.

17.    State the number of incidents within the past three years in which a USA truck driver was caught by a law enforcement entity including, but not limited to, a DOT entity, driving a truck without a proper operator's license to include, but not limited to, a suspended or revoked CDL.

**OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:** The number of incidents involving other drivers employed by the Defendant "being caught by a law enforcement agency" are irrelevant to the subject accident.  The allegations made the basis of this suit against the Defendants concern a single driver and his employer in a single accident.  The Defendant company employed 2,327 truck drivers in 2005.  ("Affidavit of Misty Kleck" ¶ 3, Exh. 1).  "It is well-established in this circuit that before evidence of prior accidents or occurrences is admitted into evidence, the proponent of such evidence must show

that conditions substantially similar to the occurrence [at issue in the litigation] caused the prior accidents." <u>Heath v. Suzuki Motor Corp.</u>, 126 F.3d 1391, 1396 n.12 (11th Cir. 1997) citing <u>Hessen v. Jaguar Cars, Inc.</u>, 915 F.2d 641, 649 (11th Cir. 1990); see also <u>Jones & Laughlin Steel Corp. v. Matherne</u>, 348 F.2d 394, 400 (5th Cir. 1965); <u>Jones v. Otis Elevator Co.</u>, 861 F.2d 655, 661 (11th Cir. 1988).

The Alabama Supreme Court addressed a similar situation in <u>Ex Parte Weaver</u>. 781 So. 2d 944 (Ala. 2000). In <u>Weaver</u>, the court analyzed a discovery request in a products liability case involving a table saw manufactured by Defendant Delta Machinery. <u>Id.</u> at 948. The Plaintiff requested discovery relating to accidents involving all of the saws manufactured by the Defendant. <u>Id.</u> The Alabama Supreme Court affirmed the trial court's holding limiting the discovery to the saw involved in the Plaintiff's accident. <u>Id.</u> Similarly, the discovery in the instant case should be limited to the involved driver.

Additionally, any violations a driver may receive are maintained in the personnel file for that driver. Therefore, the request for these documents must comply with the <u>Coker</u> test, **clearly relevant** and **not otherwise readily obtainable**. 177 F.R.D. at 685. The Plaintiff has failed to carry her burden because she has not presented evidence that the material requested complies with both of these requirements. For the foregoing reasons, the Defendants respectfully request that this

discovery request be DENIED.

<u>s/</u> Thomas L. Oliver, II
Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-l74R)
**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:    (205) 822-2057

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing document has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the 7th day of December, 2007, as follows:

Kenneth J. Mendelsohn, Esq.          David E. Allred, Esq.
JEMISON & MENDELSOHN, P.C.           LAW OFFICES OF DAVID E.
1772 Platt Place                     ALLRED
Montgomery, Alabama 36117            Post Office Box 241594
                                     Montgomery, AL 36124-1594


                                     *s/* Thomas L. Oliver, II
                                     OF COUNSEL

Britt v. USA Truck, Inc.; Theodore Leverne Johnson, et al.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as          )
Administratrix of the      )
Estate of JOHN W. BRITT,   )
Deceased,                  )
                           )
            Plaintiff,     )
                           ) Civil Action
v.                         ) No. 06-cv-868-ID-CSC
                           )
USA TRUCK, INC.; THEODORE  )
LEVERNE JOHNSON, et al.,   )
                           )
            Defendants.    )

            Deposition of THEODORE LEVERNE JOHNSON,
taken pursuant to notice at Courtyard by Marriott,
1102 West Street, Wilmington, Delaware, beginning at
9:29 a.m., on Saturday, November 3, 2007, before Julie
H. Parrack, Registered Merit Reporter, Certified
Realtime Reporter and Notary Public.

APPEARANCES:

        DAVID E. ALLRED, ESQUIRE
        DAVID E. ALLRED, P.C.
          7030 Fain Park Drive - Suite 9
          Montgomery, Alabama  36117
          On behalf of Plaintiff

        THOMAS L. OLIVER, II, ESQUIRE
        LEA RICHMOND, IV, ESQUIRE
        CARR ALLISON
          100 Vestavia Parkway
          Birmingham, Alabama  35216
          On behalf of Defendants

                WILCOX & FETZER
        1330 King Street - Wilmington, Delaware 19801
                (302) 655-0477
                www.wilfet.com

24

1    October, August, or one of them, August, somewhere

2    August, September, somewhere around there.  I don't

3    remember.

4        Q.  August or September of '06?

5        A.  '07.

6        Q.  '07?

7        A.  This is recent, yeah.

8        Q.  All right.  Were you arrested?

9        A.  Yeah.

10        Q.  What police force arrested you?

11        A.  To be honest, I don't -- I think it was the

12    county, yeah, county, county, county, yeah.

13        Q.  County?

14        A.  Yeah.  I was terrorized.

15        Q.  All right.  Did they put the cuffs on you?

16        A.  Yeah.

17        Q.  Did they have to use the pepper spray too?

18        A.  No.

19        Q.  Did you slap the police around?

20        A.  No, I was just waking up.

21        Q.  Okay.  What did the judge say about that?

22        A.  I ain't go to court yet.  I go to court soon.

23        Q.  What are you charged with?

24        A.  I'm being charged with terror threat, terror

25

1    threat or something.
2       Q.   Terror threat?
3       A.   Yeah, terroristic threat or something.
4       Q.   Terroristic threat?
5       A.   Yeah.
6       Q.   What do they say you did?
7       A.   They saying that I -- they didn't say, they're
8    not saying I did anything.
9       Q.   Well, what are they charging you with?  What
10   are the facts underlying the terroristic threat?
11      A.   Yeah, right.
12      Q.   What are the facts?  What are they saying you
13   did that was terroristic?
14      A.   They said nothing.  They didn't -- they never
15   even told me.  I mean they just saying I guess because
16   we got into an argument.  Wasn't no hands being
17   touched, you know what I mean, wasn't none of that.
18      Q.   Did you tell Calvin Mills you were going to do
19   something to him?
20      A.   I -- not necessarily, not necessarily, no, I
21   didn't.
22      Q.   Did you tell him you're going to blow him up or
23   something?
24      A.   No, none of that, nothing on that.

26

1      Q.   Wonder why the police charged you with
2   terrorism?
3      A.   I'm not for sure.  I'm not for sure.  I don't
4   know why the police or my mother would even put me
5   through a situation like that.
6      Q.   You just don't feel like that's fair, do you?
7      A.   No.  But I was like --
8      Q.   What county is that?  What county is that where
9   they got this terrorism charge against you?
10     A.   New Castle.
11     Q.   New Castle?
12     A.   Yeah.
13     Q.   All right.  You got you a lawyer in that?
14     A.   No.
15     Q.   You don't have a lawyer?
16     A.   Not yet, not yet.
17     Q.   You going to get one?
18     A.   Yeah.
19     Q.   That terror deal, is that a felony or -- it's a
20  felony, isn't it?
21     A.   I don't know what it is.
22     Q.   Do you understand they can lock you up?
23     A.   Oh, yeah, I know.
24     Q.   Have they done told you that?

30

1    A.   Right.

2    Q.   And then the next day, the county sheriff, was

3    it the sheriff?

4    A.   I guess, County Police.

5    Q.   The County Police --

6    A.   Yeah, right.

7    Q.   -- they come and arrest you and charge you with

8    something to do with terrorism.  Have I got it right?

9    A.   Yeah, they wake me up, yeah.

10   Q.   They woke you up?

11   A.   Yeah, out of my sleep.

12   Q.   Did they tell you you were charged with

13   something to do with terrorism?

14   A.   Yeah, a female told me.

15   Q.   All right.  And then did you have to go with

16   them at that time?

17   A.   Yeah.

18   Q.   They carried you to the police station?

19   A.   Yeah.

20   Q.   And as you sit here today, you don't have a

21   clue what kind of terrorism you threatened or if you

22   threatened anybody with terrorism, you don't know why

23   they charged you with terrorism?

24   A.   Nope.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as<br>ADMINISTRATRIX of the<br>ESTATE OF JOHN W. BRITT,<br>deceased, | )<br>)<br>)<br>) | |
| | ) | Case No. 2:06cv868-ID-CSC |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| U S A TRUCK, Inc.; THEODORE<br>LEVERNE JOHNSON; et al., | )<br>)<br>) | |
| Defendants. | ) | |

## AFFIDAVIT OF MISTY KLECK

Before me, the undersigned notary public, personally appeared Misty Kleck, who duly states and testifies to the following:

1.      I am over the age of nineteen (19), of sound mind, and have personal knowledge of the matters attested to herein.

2.      I am Misty Kleck. I maintain the position of Supervisor of Compensation with USA Truck, Inc.

3.      During 2005, USA Truck Inc. employed 2,327 truck drivers. During 2006, USA Truck Inc. employed 2,477 truck drivers. During 2007, USA Truck Inc. employed 2,580 truck drivers.

4.      USA Truck Inc. transports goods throughout the continental United

States and Canada.

5.      USA Truck Inc.'s general offices are located in Van Buren, Arkansas with maintenance facilities in Van Buren, Arkansas; West Memphis, Arkansas; Shreveport, Louisiana; Butler Township, Ohio; Bethel, Pennsylvania; Spartanburg, South Carolina; Laredo, Texas; and Roanoke, Virginia.

6.      Each application to USA Truck Inc. includes pay information, criminal convictions, and other private, confidential information of non-party applicants.

7.      In 2005, USA Truck Inc. received approximately 31,039 applications. Of these applications, approximately 4,545 were hired. In 2006, USA Truck Inc. received approximately 32,922 applications. Of these applications, approximately 4,793 were hired. In 2007, USA Truck Inc. received approximately 26,374 applications. Of these applications, approximately 3,561 were hired.

8.      All applications which do not meet USA Truck Inc.'s standards for employment are saved for six (6) months and then destroyed. As such, approximately 26,494 applications which did not result in a hire in 2005 were destroyed.

9.      In order to comply with this request for the 2005 applications, USA Truck Inc. would be required to dedicate 2 workers for 300 hours. This request will take approximately 18.75 work days to complete. The approximate cost of completing this request would be $5,400.

10.     When a driver receives a DOT violation, the violation is placed in the driver's personnel file. To produce the requested information regarding the DOT violations would require a manual review of approximately 13,000 driver's files. Each review would require approximately 20 minutes to complete. Therefore, approximately 4,333 man hours would be lost in order to comply with this request. The approximate cost of completing this request would be $38,997.

Misty Kleck
USA TRUCK, INC.

STATE OF ARKANSAS        )

COUNTY OF CRAWFORD      )

Before me, a Notary Public in and for said County, in said State, personally appeared Misty Kleck, whose name is signed to the foregoing Responses to First Interrogatories, and who is known to me or has provided proper identification and who, being by me first duly sworn and deposed, said that he has knowledge of the facts stated in the foregoing Interrogatories, and that the said facts as therein stated are true and correct.

Sworn to and subscribed before me on this the 6th day of December, 2007.



NOTARY PUBLIC

My Commission Expires:

CYNTHIA G. SABIN
CRAWFORD COUNTY
My Commission Expires
December 1, 2010

-3-