IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-868-ID |
| ) | (WO) |
| U S A TRUCK, INC., *et al*, ) | |
| ) | |
| Defendants. ) | |

ORDER

In this wrongful death, diversity[1] case arising out of a vehicle accident involving a truck driver employed by USA Truck, Inc., the plaintiff, administratrix of the estate of John Britt, served some discovery requests on the defendants; they objected, and the plaintiff filed a motion to compel. (doc. # 47). The defendants filed objections and a motion for protective order about the same discovery. (doc. # 54). On December 10, 2007, the court heard argument on the motions. As further explained in this order, both motions will be denied in part and granted in part.

FED.R.CIV.P. 26(b)(1) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . " In the complaint in this case, the plaintiff makes several different claims. Count I is a claim for negligence or wantonness. Count II is a claim for negligent entrustment of the corporate

---

[1] Some of the submissions of the parties rely on Alabama evidence law in support of their contentions. While interesting, Alabama law is not controlling. A federal court sitting in diversity must apply state substantive law and federal procedural law. However, "[r]ules of procedure encompass rules of evidence, and therefore, the Federal Rules of Evidence, not state evidentiary rules, apply." *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir.2004).

defendant's truck to the truck-driver defendant.  Count III is a claim asserting that USA Truck had a duty to act reasonably in hiring truck drivers and negligently hired defendant Johnson when they knew or should have known that he was not a reasonably safe driver.  Count IV claims that USA Truck negligently continued to employ Johnson after they knew or should have known that he was not a reasonably safe driver.  Count V claims that USA Truck, having a duty to use reasonable care to see that its truck drivers obeyed law and federal regulations, "negligently failed to enforce the federal statutes and regulations and allowed is (sic) drivers, including Defendant Johnson, to operate its trucks in violation of the law; to drive unsafe vehicles; and to drive in violation of these safety regulations and the laws of the various states in the country."  As to each claim, the plaintiff contends that the actions of USA Truck proximately contributed to the death of John Britt.

At issue are several discovery requests contained in the plaintiff's November 6, 2007 supplemental discovery requests.  The court will address the requests seriatim although not necessarily in the order presented in the requests.

1.  Requests 10, 11, and 12 request in various ways information about Johnson's religion and religious beliefs.  At oral argument the plaintiff stated that she did not insist on this information.  That was a condign decision because Johnson's religion is not relevant to any claim or defense in this case.  As to these responses, it is

ORDERED that as to requests 10, 11 and 12 the motion to compel is DENIED and the motion for protective order is GRANTED.

2. In request 13 the plaintiff asks USA Truck for information about all applicants for truck driver jobs whose driving record "is worse than that of Theodore Leverne Johnson." In request 14 the plaintiff wants to know whether USA Truck hired any of those "worse" applicants. USA Truck objects to these requests primarily because they are overbroad; USA Truck lacks permission from the applicants to disclose the application and USA Truck doesn't know what the plaintiff means by "worse" which the defendant correctly contends is vague and indefinite.

As recounted above, Counts I - IV of the complaint involve contentions that USA Truck acted negligently or wantonly in the way in which it dealt with Johnson. Count V is the only count alleging that USA Truck did something wrong in the manner in which it operated its business more generally, claiming that USA Truck failed to insure its drivers complied with the law or drove unsafe vehicles. None of the claims, therefore, have anything to do with USA Truck's hiring practices related to other drivers.[2] In short, as the complaint is framed these requests are not relevant to the plaintiff's claims. Accordingly, it is

ORDERED that as to requests 13 and 14 the motion to compel is DENIED and the motion for protective order is GRANTED.

3. In request 15 the plaintiff wants "any and all correspondence to or from the

---

[2] Unlike *Sprint/United Management Co. v. Mendelsohn*, No. 06-1221 (U.S. argued Dec. 3, 2007), in which the Court is considering the admissibility in an ADEA disparate treatment case of "me, too" evidence, motivation is not an element of proof in negligence or even wantonness cases in Alabama. *See, e.g., Clark v. Kindley*, – So.2d –, 2007 WL 431018 (Ala. Civ. App. Feb. 9, 2007).

Department of Transportation" about DOT violations by USA Truck's truck drivers within the past three years. In request 16, the plaintiff wants to know the number of fatality collisions involving USA Truck truck drivers in the past three years. And in request 17, the plaintiff wants to know "the number of incidents within the past three years in which a USA truck driver was caught by a law enforcement entity" including those instances for driving without a proper licence.

At oral argument, the defendant told that court that these requests are unduly burdensome because USA Truck employs several thousand drivers, and this information is maintained only in each driver's personnel file. Consequently, USA Truck would have to search each driver's personnel file to compile the information sought. Even were the information sought readily available, it is not at all clear to the court that this evidence would be admissible. The mere fact of the existence of violations without more does not demonstrate negligence and very well might be more prejudicial than probative.[3] That, of course, is an issue for trial. Here, the court concludes that with the relevance of the information being at best tangential, the burdensomeness of responding to these requests outweighs the plaintiff's need.[4] However, the court will require the defendant to file a

---

[3] And the mere fact that drivers aren't perfect doesn't suffice to bring this type of information within the ambit of that permitted under FED. R. EVID. 406.

[4] In other words, the court is exercising its authority under FED.R.CIV.P. 26(b)(2)(C)(iii) to limit the extent of discovery because "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

formal response explaining under oath how the information sought is kept by USA Truck and why obtaining it is burdensome.  Accordingly, it is

ORDERED that as to requests 15, 16 and 17 the motion to compel is DENIED and the motion for protective order is GRANTED; provided, however, that the defendant shall not later than 14 days from the date of this order serve on the plaintiff a sworn response explaining in detail how the information sought is maintained and why obtaining it is overly burdensome.

4.  In request 6, the plaintiff requests production of all communications with the Department of Transportation or any government entity about "safety issues, training, monitoring of drivers, or any other safety related issue" issue since 2005.  The defendant again objects on the basis that this request is unduly burdensome because of the manner in which the information is maintained.  However, at oral argument the defendant revealed that they do have aggregate information about accidents including accidents involving fatalities and agreed to provide this data to the plaintiff.  The generality of the requests weighs against requiring the defendant to shoulder the burden of wading through each personnel file especially when the defendant does have accident and fatality information which as viewed by the court during argument contains the names of the drivers involved in those accidents.  Accordingly, it is

ORDERED as to request 6 the motion to compel is GRANTED as to accident and fatality information and the motion for protective order is GRANTED in all other respects.  The information required produced by this order shall be made available to the

plaintiff not later than December 15, 2007.

This brings the court to requests 2 and 4 in which the plaintiff wants a copy of Mike Neal's personnel file and wants all documents about his termination. After hearing argument, the court concluded it was appropriate to review *in camera* Neal's personnel file after receiving from the plaintiff a specific statement of the information which the plaintiff sought from the file. The court will enter a separate order as to these requests because there is no reason to delay entry of the court's order with regard to the other requests.

Done this 11th day of December, 2007.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE