IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased,<br><br>*Plaintiff,*<br><br>vs.<br><br>U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:06cv868-ID-CSC<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR LEAVE TO FILE REPLY TO DEFENDANTS' MEMORANDUM BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* / MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. ANDREW MASON, PURSUANT TO *DAUBERT*

NOW COMES Plaintiff LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, and moves the Court for leave to file a reply to Defendants' Memorandum Brief in Opposition to Plaintiff's Motion *in Limine* / Motion to Exclude Expert Testimony of Dr. Andrew Mason, Pursuant to *Daubert* (Doc. 51) and, for reason, says:

1.    That plaintiff filed her Motion *in Limine* / Motion to Exclude Certain Purported Expert Testimony of Andrew P. Mason, PhD., Pursuant to *Daubert* on November 21, 2007 (Doc. 43).

2.    That this Court ordered the defendants to show cause on or before December 6, 2007 as to why the plaintiff's motion should not be granted (Doc. 45).

3. That the defendants responded on December 4, 2007 (Doc. 51).

4. That the plaintiff requests an opportunity to briefly address the inadequacies and insufficiency of defendants' response.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff respectfully requests that the Court will grant her leave to file the short concise reply brief attached hereto in reply to defendants' *Daubert* response.

                                                    Respectfully submitted,

                                                    /s/ David E. Allred
                                                    DAVID E. ALLRED
                                                    D. CRAIG ALLRED
                                                    Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone: (334) 396-9200
Facsimile: (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone: (334) 213-2323
Facsimile: (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have this 11th day of December, 2007 electronically filed the foregoing *Motion for Leave to File Reply to Defendants' Memorandum Brief in Opposition to Plaintiff's Motion in Limine / Motion to Exclude Expert Testimony of Dr. Andrew Mason, Pursuant to Daubert* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> CARR ALLISON
> 100 Vestavia Parkway
> Birmingham, Alabama 35216

>                    /s/ David E. Allred
>                    OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | )<br>)<br>)<br>) |
| *Plaintiff,* | )<br>) |
| vs. | ) CIVIL ACTION NO. 2:06cv868-ID-CSC<br>) |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,* | )<br>)<br>) |
| *Defendants.* | ) |

### PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* / MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. ANDREW MASON, PURSUANT TO *DAUBERT*

NOW COMES Plaintiff LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, and, for response to Defendants' Memorandum Brief in Opposition to Plaintiff's Motion *in Limine* / Motion to Exclude Expert Testimony of Dr. Andrew Mason, Pursuant to *Daubert* (Doc. 51), submits the following:

### ARGUMENT IN REPLY

Defendants' brief is misleading because nowhere in Mason's report, attached to defendants' memo brief, is there any reference to the Huestis models as being a "secondary basis" for Mason's opinion, which is the argument now advanced by the defendants. Rather, Mason's May 7, 2007 report states emphatically that the Huestis models are <u>the</u>

basis for Mason's opinions on prediction of the time of the decedent, John Britt's last exposure to marijuana. The Court's attention is drawn to page 3 of 9 of Mason's May 7, 2007 report in which, in the last paragraph in which Mason cites the two Huestis articles (Exhibits 8 and 9) which contain the Huestis models for prediction of last exposure to marijuana. The opinion letter states that the basis of the last exposure is indeed the Huestis models because those two scientific references (Exhibits 8 and 9) refer specifically to the Huestis articles in which the Huestis models are found. Those models, as pointed out in plaintiff's Motion *in Limine*, specifically prohibit the use of postmortem blood for the basis of an opinion on impairment.

Also, please look at the chart prepared by Mason and which is page 8 of 9 of his report (attached hereto as Exhibit "A"), titled "Estimation of Time Since Last Marijuana Use." In that chart, Mason specifically refers to "Model I" and "Model II" under the section "Mathematical Models for Prediction." Mason also cites "Cone & Huestis . . . 1993." That article is listed as Mason's scientific reference number 7. Article number 7 (Cone & Huestis) makes reference to the Huestis models developed by researcher M. A. Huestis and others as of limited use in predicting time of marijuana exposure. However, those models prohibit the use with postmortem blood as pointed out in Dr. Huestis' articles and in plaintiff's brief earlier (Doc. 44) at p. 8-10.

Mason did not state in the May 7, 2007 opinion letter that the Huestis models were a secondary source for his opinion and, in fact, did not attempt to take that position until Mason was confronted in his deposition with the realism that he had cited articles as the

basis of his opinion which specifically prohibited the use of postmortem blood in calculating time of last exposure. For that matter, Mason could not provide any scientific reference to support the use of postmortem blood with regard to the Huestis models and, as demonstrated on pages 77 and 78 of his deposition, he has no scientific reference to back up his methodology:

> "Q  Now show me, or tell me where there is a scientific reference or paper that supports the use of the Huestis models with postmortem blood.
>
> A  I don't have it right at the moment. I will provide it to you if I can find it.
>
> . . .
>
> Q  I'm not - - No. I'm not necessarily asking you to reconsider your opinions. I'm just asking you to back up what you say and right here in this deposition you can't do it, can you?
>
> . . .
>
> THE WITNESS: You've asked me a question that I would like the answer [time] to formulate an answer to before I give it to you without giving you a snap answer."

*Mason Dep. at p. 77, l. 9, p. 78, l. 21.* Mason's deposition was taken on October 26, 2007. The defendants filed their brief in opposition (Doc. 51) on December 4, 2007. Nothing is mentioned in the defendants' brief about additional scientific references or citations. Obviously, there are none. Therefore, Mason's opinion is not at all based on scientific methodology and, for that reason alone, is due to be stricken.

Defendants' argument that Mason's use of the Huestis models is <u>secondary</u> is completely inaccurate. Rather, it is obvious that Mason relied solely on the Huestis models

for his opinion of John Britt's last marijuana exposure and, on being caught in an untruth, Mason attempts to find a safe harbor/fall-back position in the argument that the Huestis models are secondary. They are not. Mason's opinion on time of exposure is based on the Huestis models. He misused them because those models are not even recommended for postmortem blood; hence, Mason's opinions are due to be excluded as unreliable.

Moreover, the defendants wholly failed to address in their brief, the ruling case law in the Eleventh Circuit regarding *Daubert*, which is set out in the *Metabolife* case cited in plaintiff's initial brief (Doc. 44).[1] *Metabolife* makes clear that the burden is on the proponent of the expert opinion (see *Metabolife, supra* at p. 1235, citing *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

The defendants have failed to carry their burden that Mason's opinion is sufficiently reliable and, hence, in the exercise of its gatekeeping role, this Court is duty bound to exclude Mason's opinions, as Mason has not utilized a scientific method, rather has used methodology directly contrary to his own cited scientific references and has attempted to foist junk science on the Court bottomed solely on Mason's own *ipse dixit*. Plaintiff submits that the constellation of facts and events regarding Mason's testimony and the absence of use of a scientific method point up that Mason's opinions are not based on a scientific method, are not reliable, and are, therefore due to be excluded.

Respectfully submitted,

/s/ David E. Allred
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

---

[1] *McClain v. Metabolife, Inc.*, 401 F.3d 1233 (C.A. 11 Ala. 2005).

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have this 11th day of December, 2007 electronically filed the foregoing *Plaintiff's Reply to Defendants' Memorandum Brief in Opposition to Plaintiff's Motion in Limine/Motion to Exclude Expert Testimony of Dr. Andrew Mason, Pursuant to Daubert* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

    Thomas L. Oliver, II, Esq.
    Lea Richmond, IV, Esq.
    CARR ALLISON
    100 Vestavia Parkway
    Birmingham, Alabama 35216

                               /s/ David E. Allred
                               OF COUNSEL

***Toxico☠Logics***

Estate of Britt v. USA Truck, Inc.
Page 8 of 9

## ESTIMATION OF TIME SINCE LAST MARIJUANA USE

Case: 2007T-0026, Mr. Richmond, Britt v. USA Trucks, Inc.
Subject: John William Britt, 44 y/o WM

(ng/mL)
Blood THC: 6.50
Blood THCCOOH: 5.30

(Conversion of Bld to Plasma) *
Plasma THC: 14.13
Plasma THCCOOH: 11.52

(Plasma Ratio)
THCCOOH/THC: 0.815

(Log Transformation)
Plasma THC: 1.150
Plasma THCCOOH: 1.062
THCCOOH/THC: -0.089

* Blood [ ] / 0.46 = Plasma [ ]

**Mathematical models for Prediction:**
Model I: Time elapsed after marijuana smoking
log hour = -0.698 log THC + 0.687

Model I:

| | Log THC (Log Hr) | Tm Elapsed (Log Hr) | Tm Elapsed (Mean -Hr) | PI Critical Value | PI Interval Lower (Hr) | PI Interval Upper (Hr) |
|---|---|---|---|---|---|---|
| | 1.150 | -0.116 | 0.766 | 0.3431 | 0.348 | 1.688 |

Model I   95% C.I. =   Log T +/-   1.975(0.030(1.006+((log THC-0.996)^2)/89.937))^0.5

Accurately predicts elapsed time after marijuana use for infrequent and frequent smokers. Less accurate for oral administration.

Model II: Time elapsed after marijuana smoking
log hour = 0.576 log THCCOOH/THC - 0.176

Model II:

| | Log Ratio | Time Elapsed (Log Hr) | Time Elapsed (Mean -Hr) | PI Critical Value | PI Interval Lower (Hr) | PI Interval Upper (Hr) |
|---|---|---|---|---|---|---|
| | -0.089 | -0.227 | 0.593 | 0.4204 | 0.225 | 1.561 |

Model II   95% C.I. =   Log T +/-   1.975(0.045(1.006+((log THCC/THC-0.283)^2)/123.42))^0.5

Accurately predicts time of marijuana ingestion after marijuana ingestion. Less accurate than Model I for frequent users.

Ref: Cone & Heustis, TDM, 15:527-532, 1993

**EXHIBIT A**