IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-868-ID |
| | ) | (WO) |
| U S A TRUCK, INC., *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Earlier, with respect to the plaintiff's motion to compel (doc. # 47), and the defendants' objections and motion for protective order, (doc. # 54), the court resolved by order all disputes except the issues relating to discovery requests 2 and 4 in which the plaintiff wants a copy of Mike Neal's personnel file and all documents about his leaving employment with USA Truck. Neal was USA Truck's director of safety at the time of Britt's husband's death. The defendants object to these requests on various grounds, relying heavily on *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D.Ala.,1998), in which the court noted that the discovery of personnel files is generally against public policy and permissible only if "(1) the material sought is clearly relevant and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." Whether's *Coker's* characterization of a strong public policy is correct is fairly debatable given the many cases in which those files in various ways have been ordered produced. Certainly disclosure of the *file* is intrusive, especially when much of a

file likely is wholly irrelevant under FED.R.CIV.P. 26 standards. In any event, the plaintiff made clear at oral argument that her goal was to determine if there was any information concerning whether Neal's termination was related to the accident causing Britt's death. Following argument, the defendant provided to the court a copy of Neal's personnel file, and the court reviewed that file *in camera* with the benefit of the plaintiff's more specific explanation of what information the plaintiff sought.

Based on that review, the court concludes that several documents should be produced. Before ordering their production, however, the court concludes that USA Truck should be afforded an opportunity to show cause why these specific documents should not be produced. The court shall refer to the documents by the designator in the lower right hand corner of each document. Accordingly, it is

ORDERED that on or before December 19, 2007, USA Truck shall show cause why documents "Britt v. USA 01110", "Britt v. USA01113," Britt v. USA01197" and "Britt v. USA01086-01109" should not be produced to the plaintiff.

Done this 12th day of December, 2007.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE