**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT,** deceased, | ) ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) |
| **U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al.,** | ) ) ) |
| **Defendants.** | ) |

Case No. 2:06cv868-ID-CSC

---

**DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF
MOTION FOR SEPARATE TRIALS**

---

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter the "Defendants"), and in support of their Motion for Separate Trials present the following points of fact and law:

**I. <u>INTRODUCTION</u>**

The Plaintiff filed this lawsuit on or about September 6, 2006, in the Circuit Court of Montgomery County, Alabama. The Defendants removed the lawsuit to this Court under diversity of citizenship jurisdiction within the time allowed by law. Thereafter, the Defendants filed an Answer denying all of the material allegations in

the Plaintiff's Complaint. This litigation is based upon a motor vehicle accident that occurred on the evening of February 20, 2006, at the intersection of West South Boulevard and Sassafras Circle in Montgomery, Alabama. According to the Plaintiff, at the aforementioned time and place, a tractor-trailer driven by Theodore L. Johnson collided with a vehicle driven by the decedent, John W. Britt.

The Plaintiff alleges five counts in her complaint. In Count I, the Plaintiff alleges that Johnson, while within his scope of employment negligently or wantonly operated the tractor-trailer causing the collision with John Britt. In Counts II through V, Plaintiff alleges ancillary counts of negligent entrustment, negligent hiring, negligent retention, and "negligence of USA Truck, Inc."

## II. ARGUMENT FOR SEPARATE TRIALS

If this Court chooses to deny the Defendants' previously filed Motion for Partial Summary Judgment, thereby allowing the Plaintiff's entrustment and hiring/retention/USA Truck, Inc., negligence claims to proceed to trial, then the Defendants request that separate trials be allowed. Specifically, the Defendants request that the Plaintiff's entrustment and hiring/retention/USA Truck, Inc., negligence claims against USA Truck, Inc., be tried separately from the negligence and wantonness claims against Mr. Johnson. Rule 42 (b) of the Federal Rules of Civil Procedure provides for the allowance of separate trials as follows:

> **Separate Trials.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).

To support her claims for entrustment and hiring/retention/USA Truck, Inc. negligence, the Plaintiff will attempt to offer evidence of Mr. Johnson's driving record, criminal record, and/or other prior acts of Mr. Johnson and USA Truck, Inc., at trial to show that (1) Mr. Johnson was an incompetent driver, and (2) USA Truck, Inc., knew or should have known of his incompetence. While arguably relevant to the entrustment, retention, and negligence of USA Truck, Inc., claims, such evidence is unduly prejudicial and equates to improper character evidence that should be excluded on the negligent/wanton driving claims. See Fed. R. Evid. 403 and 404(a). Separate trials will avoid prejudice to Defendants by preventing the admission of evidence that is arguably relevant *only* in the context of the entrustment and hiring/training/USA Truck, Inc., claims. Additionally, separate trials will further the interests of judicial economy considering that the subsequent entrustment/retention/general negligence trial against USA Truck, Inc., may prove

unnecessary if a defense verdict is first rendered in favor of Mr. Johnson on the underlying negligent/wanton driving claim.

In determining whether to bifurcate trials, the Eleventh Circuit notes that the district court should balance the considerations of convenience, economy, expedition and prejudice in determining whether to separate issues. <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303, 1325 (11th Cir. 2000), *overruled on separate grounds by*, <u>Manders v. Lee</u>, 338 F.3d 1304 (11th Cir. 2003). The Eleventh Circuit provides substantial discretion to the trial court and will only overturn the district court for an abuse of discretion. <u>Id.</u>

This usefulness of separate trials in the context of an entrustment claim was recently examined in <u>Howell v. J & J Wood, Inc.</u>, No. 3:06-CV-417-WHA, 2007 U.S. Dist. LEXIS 48947, at *18-19 (M.D. Ala. July 6, 2007). The facts of the <u>Howell</u> motor vehicle accident and subsequent wrongful death lawsuit are substantially similar to the subject accident. <u>Id.</u> at *4-5. The <u>Howell</u> employer moved for separate trials arguing that the court should try the personal negligence and liability first, prior to the "negligent entrustment, maintenance, etc. claims." <u>Id.</u> at *11. The district court granted the motion. <u>Id.</u> at *19.

> [T]he evidence necessary to support the claim of negligent entrustment and maintenance, as well as the numerous [ancillary] claims of negligence and wantonness . . . will unduly prejudice a jury's ability to fairly determine the basic issues of (1) whether Defendants Jones and Simonds personally were negligent in the direction and operation of the J & J Wood truck, (2) whether the Plaintiff also acted negligently, thereby contributing to the cause of the collision, and (3) whether Simonds and Jones were personally wanton in the direction and operation of the truck.
>
> **The evidence supporting the [ancillary] claims . . . deals with illegal acts other than driving, directing the driver's turning, and failure to put out emergency devices, and such evidence likely will portray [the defendants in] an extremely negative light.** Without delving into specifics, this evidence, which has no bearing on the basic issues of whether Simonds and Jones acted negligently or wantonly at the time of the accident, or whether the Plaintiff was contributorily negligent, **<u>likely would affect a jury's ability to impartially decide the basic issues of negligence, contributory negligence, and wantonness, even if the court were to give a limiting instruction.</u>** Therefore, in balancing the factors set forth by the Eleventh Circuit, the potential prejudice of the evidence carries significant weight.

Howell, 2007 U.S. Dist. LEXIS at *13-14 (M.D. Ala. July 6, 2007).

Following Howell, the evidence in support of the ancillary claims requires separate trials to prevent jury confusion and prejudice. This is a motor vehicle accident that will require expert reconstruction testimony, as well as testimony from multiple fact witnesses. The Plaintiff's presentation of evidence regarding the entrustment/retention/general negligence claims against USA Truck, Inc. will only serve to confuse the jury while they attempt to decipher a large amount of evidence

regarding the accident itself. Without doubt, the entrustment-type evidence will prejudice the defense of Mr. Johnson's case. For causation reasons, the Plaintiff must prevail on the accident in order to recover on the entrustment/retention/general negligence claims against USA Truck.

As in Howell, if the Defendants prevail on the occurrence of the accident, then there will be no need to try the ancillary claims. The Court will have conserved judicial resources and will have alleviated the jury from having to hear irrelevant evidence that would only serve to prejudice their decision about what happened the night of the subject accident.

### III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request this Honorable Court to grant their Motion for Separate Trials.

s/ Lea Richmond, IV
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

      I, Lea Richmond, IV, do hereby Certify that on the 17th day of December, 2007, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

                                                      s/ Lea Richmond, IV
                                                      **OF COUNSEL**