IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix | ) | |
| of the Estate of JOHN W. BRITT, | ) | |
| Deceased, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:06cv868-ID-CSC |
| | ) | |
| U S A TRUCK, INC.; THEODORE | ) | |
| LEVERNE JOHNSON, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on December 18, 2007, wherein the following proceedings were held and action taken:

1. **PARTIES AND TRIAL COUNSEL**:

a. Plaintiff Landria Britt will be represented at trial by Kenneth J. Mendelsohn of JEMISON & MENDELSOHN, P.C.; and David E. Allred and D. Craig Allred of DAVID E. ALLRED, P.C.

b. Defendants U S A Truck, Inc. and Theodore Leverne Johnson will be represented at trial by Thomas L. Oliver, II and Lea Richmond, IV of CARR, ALLISON, PUGH, HOWARD, OLIVER & SISSON, P.C.

**COUNSEL APPEARING AT PRE-TRIAL CONFERENCE**:

Same as trial counsel.

2.    **JURISDICTION AND VENUE**:

Jurisdiction and venue are admitted by the parties. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

3.    **PLEADINGS**: The following pleadings were allowed:

   a.    Complaint;

   b.    Answer of Defendants;

   c.    Defendants' Motion for Summary Judgment;

   d.    Plaintiff's Response thereto;

   e.    Plaintiff's Motion *in Limine*;

   f.    Defendants' Response thereto;

   g.    Plaintiff's Reply.

4.    **CONTENTIONS OF THE PARTIES**:

   a.    **Contentions of the plaintiff**:

Plaintiff Landria Britt, as Administratrix of the Estate of John W. Britt, Deceased, contends that on February 20, 2006, her husband, John Britt, was driving a Mazda pickup heading west on the West South Boulevard in Montgomery, Alabama, when Defendant Theodore Leverne Johnson was operating an 18-wheeler during the course of his employment with Defendant U S A Truck, Inc., at which time, Johnson turned in front of John Britt causing a collision which killed him. At the time of the collision, John Britt was operating his Mazda pickup in a lawful manner and had the right of way. Defendant Johnson violated the Rules of the Road by failing to yield the right of way to John

Britt. Defendant Johnson was negligent or wanton in failing to yield the right of way and in his operation of the 18-wheeler for, among other reasons: Johnson could not have completed his turn into the driveway of the T/A Truck Stop without John Britt and the other approaching traffic, having to stop or slow substantially; Defendant Johnson had smoked marijuana prior to the fatal collision; Defendant Johnson was aware that the windshield on the U S A tractor that he was operating was cracked and broken in several places and did not meet DOT regulations; and Defendant Johnson was operating the U S A truck in violation of the Federal Motor Carrier Safety Regulations on time of duty.

Defendant U S A negligently entrusted the U S A truck to Defendant Johnson, negligently hired Johnson, negligently retained Johnson, and/or negligently supervised Johnson as follows: Defendant U S A Truck was aware that Johnson had been convicted of four moving violations while an operator of a motor vehicle and that his driver license had been suspended on three occasions prior to the time that U S A hired Johnson on August 1, 2005; hence, U S A knew or should have known that Johnson was a careless, reckless, and unskilled driver; Defendant U S A negligently hired, negligently supervised Johnson, and negligently retained Johnson by failing to audit Johnson's driver logs because the first and only time U S A audited Johnson's logs was in September, 2005, at which time, U S A concluded that the logs were falsified, but U S A continued to allow Johnson to drive an 18-wheeler and never audited his logs again prior to the collision on February 20, 2006, in which John Britt was killed; U S A negligently supervised and retained Johnson by failing to properly audit Johnson's driver logs which showed obvious errors of falsification since more than half of Johnson's logs showed exactly and precisely 60 miles per hour, yet Defendant U S A took no action to look into the validity of Johnson's logs; Defendant U S A knew on or about November 7, 2005 that Johnson

did not meet U S A's requirements to drive a truck, yet U S A continued to put Johnson back out on the road; Defendant U S A had no on-going monitoring system to discover whether drivers such as Johnson actually had a valid CDL and, in fact, Johnson was caught by the Department of Transportation in Missouri 18 days before John Britt was killed, operating a U S A truck without a CDL; U S A negligently hired Johnson because U S A had a stated limit of three moving violations for drivers and Johnson's application shows on its face that he had received four moving violations at the time he was hired; U S A negligently retained and negligently supervised Johnson by allowing him to continue to drive a U S A truck after Johnson was caught in Tennessee for failure to stop at an inspection site (bypassing), yet U S A continued to allow Johnson to drive a U S A truck; U S A was negligent or wanton in failing or refusing to repair the windshield on the U S A accident tractor even though U S A had actual knowledge that the windshield violated DOT regulations and Defendant Johnson had notified U S A on at least 12 occasions prior to the accident to fix the windshield, but U S A refused to do so.

Plaintiff seeks damages under the Alabama Wrongful Death Statute, § 6-5-410, *Code of Alabama*, 1975, as amended.


b.     **Contentions of the defendants:**

The defendants contend that Mr. Johnson attempted a lawful, left turn at the time of the subject accident. The defendants deny that Mr. Johnson negligently or wantonly operated his vehicle so as to proximately cause the occurrence of the subject accident.

The defendants deny that Mr. Johnson operated his vehicle while under the influence of any controlled substances.

-4-

The defendants assert that the decedent, John W. Britt, negligently contributed to the occurrence of the subject accident by: failing to keep a proper lookout; driving in excess of the posted speed limit; failing to maintain control of his vehicle; and operating his vehicle while under the influence of an illegal substance, that being marijuana. The defendants will prove their averments and defenses through a combination of fact and expert witnesses who have been identified and deposed during discovery, and who will be designated on the Defendants' Witness and Exhibit List for Trial.

Finally, the defendants deny that USA Truck, Inc., negligently or wantonly entrusted a tractor-trailer to Mr. Johnson, or that USA Truck, Inc., negligently or wantonly hired, trained, monitored, retained, or supervised Mr. Johnson.

The Defendants assert each and every defense contained in their Answer and deny each and every material allegation of the Plaintiff and demand strict proof thereof.

5.     **S**TIPULATIONS **B**Y AND **B**ETWEEN THE **P**ARTIES:

(1)    Defendant U S A Truck, Inc. is properly named.

(2)    Defendant Theodore Leverne Johnson is properly named.

(3)    Defendant Johnson was operating the U S A truck at the time of the collision and was acting within the line and scope of his duties as a truck driver for Defendant U S A Truck.

(4)    The accident occurred on February 20, 2006 at approximately 8:50 p.m. central standard time.

(5)    February 20, 2006 was on a Monday.

     (6)     The collision occurred in front of the T/A Truck Stop on West South Boulevard between Sassafras Circle and I-65.

     (7)     The roadway was wet at the time of the collision.

     (8)     West South Boulevard at the site of the collision had a total of seven lanes with three lanes going east, three lanes going west, and a center "turn" lane.

It is ORDERED as follows:

(1)     Jury selection is set at 10:00 a.m. on the 28th day of January, 2008, in Montgomery, Alabama.

(2)     The trial, which is set to last three to four days, is set to begin during the term of court commencing on the 28th day of January, 2008, in Montgomery, Alabama.

(3)     The parties are to file motions in limine (to be fully briefed), no later than three weeks prior to jury selection.

(4)     The parties are to file the following no later than two weeks prior to jury selection:

     a.     requested voir dire questions, **Note: Voir dire questions should not duplicate questions in the jury questionnaire**; and

     b.     proposed jury instructions together with citations of authority in support of each proposed instruction.

(5)     All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless that Order be hereafter modified by order of the court.

CONSIDERED and ORDERED this 20th day of December, 2007.

/s/ Truman M. Hobbs
SENIOR UNITED STATES DISTRICT JUDGE

-6-