IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LANDRIA BRITT, as** ) | |
| **ADMINISTRATRIX of the** ) | |
| **ESTATE OF JOHN W. BRITT,** ) | |
| **deceased,** ) | **Case No. 2:06cv868-ID-CSC** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **U S A TRUCK, Inc.; THEODORE** ) | |
| **LEVERNE JOHNSON; et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MOTION FOR PROTECTIVE ORDER REGARDING
### THE PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUESTS

COMES NOW the Defendant, **USA Truck, Inc.**, (hereinafter the "Defendant"), and hereby moves this Honorable Court for a Protective Order under Federal Rule of Civil Procedure 26. In support thereof, the Defendant says as follows:

1.  On December 7, 2007, Defendant submitted a Motion for Protective Order regarding Plaintiff's requests for DOT communications. In support of this motion, the Defendant filed an affidavit from Misty Kleck, Supervisor of Compensation with USA Truck.

2.  On December 11, 2007, the Court granted the Motion with regard to the

DOT communications and ordered the Defendant to submit a formal response under oath concerning how the information sought is kept by the Defendant.

3. The Defendant, in response to the Court's order on December 11, 2007, further investigated the record keeping practices with regard to communications with the DOT.

4. Mrs. Kleck, in her first affidavit, did not comprehend the difference between DOT violations and driving or moving violations. ("Revised Affidavit of Misty Kleck" ¶ 3, attached hereto as Exhibit 1).

5. The actual communications from the DOT are destroyed one year after being received by USA Truck. (Kleck Aff. ¶ 5, Exh. 1). The violations are not maintained in the personnel files for the drivers.

6. The Defendant does have spreadsheets for 2005, 2006, and 2007 which potentially contain responsive information in addition to a substantial amount of irrelevant information. These spreadsheets will be tendered into the Court for *in camera* review.

7. The Defendant avers that the discovery with regard to these spreadsheets is not reasonably calculated to lead to the discovery of admissible evidence because each spreadsheet contains information pertaining to drivers other than the driver involved in the subject accident, Mr. Johnson. The spreadsheets additionally contain charts, graphs, and data compiled by the Defendant for internal use and are **NOT** the

actual communications to and from the DOT regarding DOT violations by the Defendant.

      8.      Due to the formatting of the files, they are not suitable for printing. The files are on a CD in Microsoft Excel format. As such, the Defendant will await instruction from the Court with regard to tendering the electronic files into the Court.

                                      *s/* Thomas L. Oliver, II  
                                      Thomas L. Oliver, II (ASB-3153-R53T)  
                                      Lea Richmond, IV (ASB-8479-l74R)  
                                      **ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21st, 2007, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Kenneth J. Mendelsohn, Esq. | David E. Allred, Esq. |
| JEMISON & MENDELSOHN, P.C. | LAW OFFICES OF DAVID E. ALLRED |
| 1772 Platt Place | Post Office Box 241594 |
| Montgomery, Alabama 36117 | Montgomery, AL 36124-1594 |

*s/* Thomas L. Oliver, II
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased, <br><br> Plaintiff, <br><br> v. <br><br> U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al., <br><br> Defendants. | Case No. 2:06cv868-ID-CSC |

## REVISED AFFIDAVIT OF MISTY KLECK

Before me, the undersigned notary public, personally appeared Misty Kleck, who duly states and testifies to the following:

1. I am over the age of nineteen (19), of sound mind, and have personal knowledge of the matters attested to herein.

2. Pursuant to the Court's order, dated December 11, 2007, further investigation was conducted concerning the record keeping of DOT violations.

3. I want to bring the Court's attention to the fact that I was confused in completing my original affidavit. Specifically, I did not understand the difference between the requested "DOT violations" and other moving violations.

4. Therefore, Paragraph 10 of my affidavit filed on December 7, 2007 is incorrect.

5. The DOT violations are maintained for one (1) calendar year and destroyed. The file is automatically expunged on a daily basis for records from the previous year. This practice has been halted.

6. As such, the file currently contains all of the DOT violations for 2007 and fourteen (14) days of 2006.

7. I additionally learned that spreadsheets existed for DOT violations for 2005, 2006, and 2007.

8. Please find the spreadsheets, referenced above, tendered to the Court.

_____
Misty Kleck
USA TRUCK, INC.

STATE OF ARKANSAS    )
COUNTY OF CRAWFORD   )

Before me, a Notary Public in and for said County, in said State, personally appeared Misty Kleck, whose name is signed to the foregoing Responses to First Interrogatories, and who is known to me or has provided proper identification and who, being by me first duly sworn and deposed, said that he has knowledge of the facts stated in the foregoing Interrogatories, and that the said facts as therein stated are true and correct.

Sworn to and subscribed before me on this the 20th day of December, 2007.

_____
Cynthia D. Kahin

NOTARY PUBLIC

My Commission Expires:

