IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 2:06cv868-ID |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,* | ) ) ) ) | |
| *Defendants.* | ) | |

## SUPPLEMENTAL BRIEF AND ARGUMENT IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COMES LANDRIA BRITT TYLER, Administratrix of the Estate of JOHN W. BRITT, Deceased, and pursuant to the Court's Order of December 20, 2007 (Doc. 64), submits the following supplemental brief and argument in opposition to defendants' motion for summary judgment:

### PREFATORY STATEMENT

Since the Court's stated concerns center on the incompetence as a driver issue with regard to Johnson on the common elements of negligent/wanton entrustment, negligent hiring, negligent supervision, or negligent retention claims, plaintiff will address that issue initially.

## ARGUMENT

I.    *Reasons That Johnson Was An Incompetent Driver.*

    a.    <u>Johnson had four moving violations</u>.

        Defendant Johnson had exhibited his lack of skill as a driver in several ways which directly demonstrated his incompetence as a driver, which facts were known to Defendant U S A. For instance, on the application for employment with U S A, Johnson listed four moving violations: improper passing, inattentive driving, speeding (74 in a 65), and improper lane direction. These violations indicate that Johnson lacked the skill to safely operate a motor vehicle due to habitual carelessness, disposition and temperament. The Court's attention is drawn to the fact that the U S A application contains spaces for six entries under the section "Traffic Violations" and that Johnson actually filled in and listed a total of seven violations, three of which were suspensions, on the application. (Britt /U S A 295) These four moving violations alone show that Johnson lacked skill and was incompetent to drive. Johnson was cited for <u>improper passing</u>. This citation is evidence of Johnson's incompetence as a driver. Johnson was cited for <u>inattentive driving</u>. This citation is evidence of Johnson's incompetence as a driver. John was cited for <u>speeding</u>. This citation is evidence of Johnson's incompetence as a driver. Johnson was cited for <u>improper lane direction</u>. This citation is evidence of Johnson's incompetence as a driver. Johnson had committed additional acts demonstrating his incompetence as a driver; however.

b.  <u>Johnson had seven violations of the 70 hour rule of the Federal Motor Carrier Safety Regulations</u>.

In addition to these moving violations, Johnson failed to obey the Federal Motor Carrier Safety Regulations with regard to the 70 hour rule[1] in the Federal Motor Carrier Safety Regulations.  Please look at Doc. 370 (Plaintiff's Exh. A to Initial Response to Defendants' Motion for Partial Summary Judgment (Doc. 40).  In Britt/U S A 370, U S A Truck audited Johnson's driver logs for the period September 1, 2005 through October 1, 2005, which was five months before John Britt was killed.  U S A concluded in that audit that Johnson had falsified his logs[2] and that, in fact, for seven days in a row, Johnson had operated a U S A truck in violation of DOT Regulations by exceeding the 70 hour rule.  As a CDL driver, Johnson is engaged in a safety sensitive function under the DOT regulations and is required to abide by the 70 hour rule just as he is required to abide by and comply with the Rules of the Road applicable to each and every locale in which he is operating.  Failure to comply with the 70 hour rule in the DOT Regulations compromises safety just as a violation of the Rules of the Road compromises safety.  Violation of the 70 hour rule

---

[1]Federal Motor Carrier Safety Regulations (49 CFR § 395.3).  Maximum driving time for property-carrying vehicles.

. . .

(b)    No motor carrier shall permit or require a driver of a property-carrying commercial motor vehicle to drive, nor shall any driver drive a property-carrying commercial motor vehicle, regardless of the number of motor carriers using the driver's services, for any period after -

. . .

(2)    Having been on duty 70 hours in any period of eight consecutive days if the employee motor carrier operates commercial vehicles every day of the week.

[2]"Due to log falsifications or errors, you have been moved to Phase 1."  (Britt/ U S A 370)

is, therefore, a "moving violation" just as a violation of a Rule of the Road is a moving violation.

Violation of the 70 hour rule directly compromises the ability of drivers such as Johnson to safely operate a commercial vehicle. Non-compliance with the 70 hour rule is direct evidence of Johnson's incompetence to operate a motor vehicle. That is, the 70 hour rule is not at all an administrative regulation such as a tag, for example. Rather, the 70 hour rule is of equal importance with Rules of the Road such as rules regarding right of way, speeding, adherence to traffic signals, and other such rules. Johnson violated the 70 hour rule seven times in addition to his four moving violations.

Also, this case involves a commercial truck accident in which the defendant driver possessed a commercial driver license (CDL), which is not the same license as a common, passenger vehicle operator's license. Under the Federal Motor Carrier Safety Regulations, the term "Commercial Driver's License" (CDL) is defined as follows:

> "Commercial Driver's License (CDL) means a license issued by a state or other jurisdiction in accordance with the standards contained in 49 CFR Part 383, to an individual which authorizes the individual to operate a class of a commercial motor vehicle."

> See 49 C.F.R. § 383.5.

> A commercial motor vehicle is defined:

> " . . . a motor vehicle or a combination of motor vehicles used in commerce to transport passengers of property if the motor vehicle - (a) has a gross combination weight rating of 11,794 kilograms or more (26,001 pounds or more) inclusive of a towed unit(s) with a gross vehicle weight rating of more than 4,536 kilograms (10,000 pounds)."

See 49 C.F.R. § 383.5.

c.    Johnson drove U S A's truck numerous times in violation of Federal Motor Carrier Safety Regulations regarding his broken windshield.

In addition, the accident tractor that Johnson was operating at the time of the collision had a broken windshield on the driver's side and, due to this defect, the windshield did not comply with DOT regulations. According to Johnson, he knew that the windshield was a "problem". Nonetheless, Johnson continued to drive the U S A truck with knowledge that he was in violation of the DOT regulations. Plaintiff has attached hereto a photograph of the broken windshield which demonstrates the severity of the defect.

The windshield violation, just as the 70 hour violations and the four moving violations, was not an administrative issue either. Rather, this issue directly demonstrates Johnson's habit of non-compliance with regulations and rules. Johnson, therefore, had 12 violations and incidents before John Britt was killed. Johnson was a completely incompetent driver.

II.    *Incompetency As A Driver Under Alabama Law*

This Honorable Court, citing *Halford*, has noted that Plaintiff Britt must show that Johnson was "unable or unlikely to have operated the motor vehicle with reasonable safety due to one of several characteristics or conditions, including 'general incompetence' or 'habitual negligence' ... ." (p. 9, Doc. 64) Therefore, evidence of Johnson's general incompetence or habitual negligence is indeed relevant on the negligent entrustment issue.

-5-

Previously herein, plaintiff submitted the four moving violations. In addition; however, Johnson had committed other acts of incompetent driving which were known to U S A. Johnson violated the Federal Motor Carrier Safety Regulations by violating the 70 hour rule seven times. Johnson violated the Federal Motor Carrier Safety Regulations by driving with a broken windshield and which did not comply with the DOT Regulations. Johnson actually had a total of 12 violations before John Britt was killed. Thus, the universe of facts which make up Johnson's driving history show that Johnson was indeed an incompetent driver because he had a history of improper driving (the four moving violations), one of those moving violations had resulted in an accident, and Johnson did not comply with the Federal Motor Carrier Safety Regulations concerning log book entries and hours of service (the 70 hour rule). In addition, Johnson did not comply with the Federal Motor Carrier Safety Regulations with regard to the broken windshield in the tractor on the night of the fatal collision. The totality of these factors involving 12 incidents of lack of skill, recklessness, or habitual negligence weigh heavily in favor of plaintiff's assertion that Johnson was indeed an incompetent driver.

This Honorable Court refers to Johnson's suspensions in its Order requesting this brief. However, Plaintiff Britt does not at all rely on the facts standing alone that Johnson had four suspensions prior to becoming employed with Defendant U S A as her primary evidence that Johnson was an incompetent driver. Rather, the moving violations and Federal Motor Carrier Safety Regulation violations cited herein constitute the majority of the evidence upon which plaintiff relies to show that Johnson is an incompetent driver.

However, since Johnson's licensure as a driver was a CDL and not a common automobile driver license, evidence of Johnson's suspensions would be relevant and, therefore, admissible, <u>in addition to</u> the 12 other violations cited herein on the issue of Johnson's incompetency.

Please note that the *Halford* court declined to hold that the fact standing alone that the driver/entrustee in *Halford* did not have a driver license <u>for an administrative reason</u>, was NOT evidence of incompetence as a matter of law to operate a vehicle. However, the *Halford* court did not at all prohibit consideration of possession or not of a driver's license as evidence of incompetence; rather, *Halford* holds narrowly that if the only evidence of incompetence is the fact that the entrustee/driver does not possess a driver license for an <u>administrative reason</u> and arising out of a non-moving violation, that fact standing alone would not constitute substantial evidence of the driver's incompetence. In the instant case, however, Plaintiff Britt has overwhelming evidence of Johnson's incompetence in addition to and beyond the fact that Johnson drove for a while with a suspended CDL and that his license had been suspended three times before he went to work for U S A, for a total of four suspensions. The *Halford* court even cited *Mason v. New,* in which the Alabama Supreme Court permitted evidence of lack of a driver's license of the entrustee/driver as probative of the driver's possible inexperience and lack of skill (<u>see</u> *Halford* at p. 418).

The Alabama Supreme Court has defined incompetency in the motor vehicle context as follows:

> "Want of ability suitable to the task, either as regards natural
> qualities or experience, or deficiency of disposition to use one's

abilities and experience properly. Incompetency connotes the converse of reliability. The term may include something more than physical and mental attributes; it may include want of qualification generally, such as habitual carelessness, disposition and temperament."

*Cooter v. State Farm Fire and Casualty Co.*, 344 So.2d 496, 498 (Ala. 1977).

In *Mason v. New*, 475 So.2d 854 (Ala. 1985), the Alabama Supreme Court, citing *Cooter, supra*, stated the following with regard to whether the driver/entrustee possessed a driver license:

"The doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with manifestations of the incompetence of the driver as a basic requirement of a negligent entrustment claim. (*Internal citations omitted*) Mason contends that the <u>evidence</u> that Sandra [the <u>driver/entrustee</u>] had failed her driver's test three times and <u>had no license</u> at the time of the accident was probative of her <u>incompetency</u> and therefore should have been admitted. <u>We agree.</u>

This court has held in negligence cases that the lack of a driver's license is not probative of a driver's negligent acts. Therefore it is prejudicial error to admit such evidence in a negligence case. (*Internal citation omitted*) But in a negligent entrustment claim, negligence on the part of the driver is but one of the necessary elements. (*Citation omitted*) Additionally, what has to be shown is the incompetence of the driver, i.e., that he is 'likely because of his youth, inexperience or otherwise to use [a chattel] in a manner involving risk of physical harm to himself and others.' (*Citation omitted*)

In this case, evidence of Sandra's <u>lack of a driver's license</u> and three time failure of her driver's license test prior to the accident, although not conclusive, <u>was probative</u> of her possible inexperience and <u>lack of skill</u> and therefore should have been admitted." (*Emphasis supplied*)

*Mason, supra*, at p. 856.

Johnson's incompetence as a driver as evidenced by his 12 violations or incidents can be summed as habitual failure to observe and obey the rules of the road (improper passing, inattentive driving, speeding, and improper lane direction) and failure to observe and obey the Federal Motor Carrier Safety Regulations (7 violations of 70 hour rule, windshield violation). Thus, even without the suspensions, Johnson's driving history and record demonstrates that he was indeed incompetent to operate U S A's truck.

## CONCLUSION

Plaintiff submits that defendants' Motion for Summary Judgment is due to be denied.

Respectfully submitted,

  /s/ *Kenneth J. Mendelsohn*
KENNETH J. MENDELSOHN


  /s/ *David E. Allred*
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977


### CERTIFICATE OF SERVICE

I hereby certify that I have this 28th day of December, 2007 electronically filed the

foregoing *Supplemental Brief and Argument in Opposition to Defendants' Motion for Summary*

*Judgment* with the Clerk of the Court for the United States District Court, for the Middle

District of Alabama, Northern Division, using the CM/ECF system, which will send

notification of such filing to:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> CARR ALLISON
> 100 Vestavia Parkway
> Birmingham, Alabama 35216

        /s/ David E. Allred
        OF COUNSEL

## DRIVING RECORD

(To be completed by driver, maintenance, sales, or management applicants)

Has your license ever been suspended or revoked? ( ) YES (X) NO  If yes, explain:*

Have you ever been convicted of driving under the influence of alcohol or drugs? ( ) YES (X) NO  When?

Do you posses a commercial driver's license? YeS  What endorsements? ALL but Passenger  Restrictions? X NONE
TANKER & DOUBLES TRIPLES

Driver's License Number:* 1300631                State:* DE      Expiration Date:* 1·25·09

### LIST ALL DRIVER'S LICENSES HELD IN THE PAST THREE (3) YEARS

| State* | License Number* | Type* | Expiration Date* |
|--------|-----------------|-------|------------------|
| DE | 1300631 | CLASS A | 1/25/09 |
| DE | 1300631 | O.P | GAVE UP |
| | | | |
| | | | |

### TRAFFIC VIOLATIONS

LIST ALL TRAFFIC CONVICTIONS, FORFEITURES, OR SUSPENSION OF LICENSE IN A
MOTOR VEHICLE (other than parking violations) FOR THE PAST TEN (10) YEARS.  (If none, write NONE)*

| Date* | Location (State) | Charge | For Speeding - List M.P.H. Over Limit | Penalty |
|-------|------------------|--------|---------------------------------------|---------|
| 10/02 | DE | Improper Passing | | Fine |
| 5/04 | DE | Inattentive Driving | | Fine |
| 3/05 | DE | Speeding | 74 in a 65 | Fine |
| 5/05 | DE | Improper lane Direction | | Fine |
| 11/04 | DE | Failed to appear in Court | | Suspension |
| 12/04 | DE | Failed to appear in Court | | Suspension |
| 1/05 | DE | Failed to appear in Court | | Suspension |

### ACCIDENT RECORD

LIST ALL ACCIDENTS YOU HAVE BEEN INVOLVED IN WHILE OPERATING A TRUCK, CAR,
OR MOTORCYCLE, OR OTHER MOTORIZED VEHICLE, INCLUDING PROPERTY DAMAGE.
INCLUDE ALL ACCIDENTS WHETHER AT FAULT OR NOT AT FAULT FOR THE PAST 10 YEARS.
(If none, write NONE)

| Date* | Type | Nature of Accident (Head-on, etc.) | Were You At Fault? | Were You Ticketed? | Fatalities* | Injuries* | Amount of Property Damage |
|-------|------|-----------------------------------|--------------------|--------------------|-------------|-----------|---------------------------|
| | | NONE | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |

Britt/USA Truck00295

**RELEASE:** I hereby authorize release on my driving record to USA Truck, Inc. which will include but is not limited to the record of all accidents in which I have been involved and of all arrests and warning tickets which have been issued to me.

X _____
(Applicant Signature)

* D.O.T. Required                                    (4)

SCSFB043_A          USA                    )                              }

USA TRUCK, INC
LOG ERRORS
FOR PERIOD: 9- 1-2005 THRU 1 -31-2005

JOHNSON, THEODORE LEVERNE  2216495 0              0519  6    B
----------------------------  ------------------     ---- ----- -----
DRIVER NAME                   EMPLOYEE ID NUMBER     UNIT FLEET GROUP


DUE TO LOG FALSIFICATIONS OR ERRORS YOU HAVE BEEN MOVED TO PHASE 1


ERRORS SECTION: ACCUMULATED SERVICE ERRORS FOR 30 DAY PERIOD
            BEGINNING 09-01-2005: ERROR RATE =  26.67%

LOG DATE      TYPE       SERVICE ERROR DESCRIPTION
=========    =========   =================================================
09-20-2005  70_HR_RULE  EXCEEDING 70 HOUR RULE AT 10:30
09-21-2005  70_HR_RULE  EXCEEDING 70 HOUR RULE AT 18:45
09-22-2005  70_HR_RULE  EXCEEDING 70 HOUR RULE AT 18:45
09-23-2005  70_HR_RULE  EXCEEDING 70 HOUR RULE AT 18:45
09-24-2005  70_HR_RULE  EXCEEDING 70 HOUR RULE AT 05:00
09-25-2005  70_HR_RULE  EXCEEDING 70 HOUR RULE AT 11:00
09-26-2005  70_HR_RULE  EXCEEDING 70 HOUR RULE AT 09:30
09-27-2005  70_HR_RULE  EXCEEDING 70 HOUR RULE AT 06:15


Britt/USA Truck00370

