IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, <br><br> *Plaintiff,* <br><br> vs. <br><br> U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,* <br><br> *Defendants.* | ) ) ) ) ) ) ) ) CIVIL ACTION NO. 06-cv-868-ID ) ) ) ) ) ) |

## MOTION TO COMPEL DEPOSITION OF DEFENDANTS' EXPERT / MOTION TO STRIKE EXPERT

NOW COMES **LANDRIA BRITT TYLER**, Administratrix of the Estate of JOHN W. BRITT, Deceased, the plaintiff, by and through her attorneys, and moves the Court for an order compelling the deposition of Andrew P. Mason, PhD, defendants' expert, or, in the alternative, striking Mason as defendants' expert, and, for reason, plaintiff says:

1. Attached hereto is a copy of the post-accident drug test of Defendant Theodore Leverne Johnson which shows that Johnson tested **positive** for marijuana. (USA / Britt 964)

2. This test result was not produced to the plaintiff until October 30, 20<u>07</u>.

3. The plaintiff filed discovery requests (*Exh. A*) with the initial complaint in this case on September 6, 20<u>06</u>, which requests included the following:

> "8.   Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, <u>post accident</u>, random, reasonable suspicion, and return to duty drug and alcohol testing results." (*emphasis supplied*)

(<u>See</u> Discovery Requests attached hereto as *Exh. A*.)

4.   That the defendants withheld the positive post-accident drug test for 13 months after plaintiff's request for production was filed until October 30, 2007, when defendants finally produced USA/Britt 964.

5.   Plaintiff took the deposition of defendants' marijuana expert, Andrew P. Mason, PhD, on October 26, 2007 in Boone, North Carolina; however, since the defendants withheld USA/Britt 964 from the plaintiff that Defendant Johnson had, in fact, tested positive for marijuana, the plaintiff did not have the opportunity to ask Mason any questions about the particulars of Defendant Johnson's extraordinarily high marijuana level.

6.   That when the plaintiff did receive the positive test result on Johnson, mailed by the defendants' counsel on October 30, 2007 (four days after Mason's deposition and 13 months after plaintiff's request for production), and received by plaintiff's counsel on October 31, 2007, the plaintiff immediately issued a subpoena to Quest Diagnostics in Texas for the full records on Defendant Johnson's positive test. (<u>See</u> *Exh. B*; Subpoena to Quest Diagnostics.)

7.   On December 17, 2007, Quest responded to the plaintiff's subpoena by producing the final report of Johnson's marijuana test conducted by GC/MS, which shows

that Johnson's marijuana level was at 117 nannograms per milliliter for a sample taken February 21, 2006 at 11;15 a.m. (the day after Johnson turned in front of John Britt and killed him), which result was reported to Defendant U S A Truck on February 23, 2006 at 12:13 a.m. (See Exh. C.)

8. That Witness Mason has stated an opinion that John Britt, who had a marijuana test level of 5.3 nannograms per milliliter was, in Mason's opinion, "impaired" due to marijuana; however, Johnson's level of marijuana was 117 ng/ml, which is, in fact, 22 times that of Britt's alleged level.

9. That Defendant Johnson's comparable marijuana level of 117 nannograms per milliliter is, in fact, over 22 times the level of Decedent Britt's test result.

10. If the defendants had not withheld the documents regarding defendant's positive marijuana test, plaintiff could have questioned Witness Mason on the particulars of Johnson's test results, however, the defendants withheld that information until **after** Mason's October 26, 2007 deposition and did not send the test result until Tuesday, October 30, 2007, after Mason's deposition was taken on Friday, October 26, 2007.

11. That counsel for plaintiff has requested the re-deposition of Mason, but the defendants have not agreed to do so.

12. Plaintiff agrees to re-depose Mason at any time at any place.

13. That the defendants also withheld documents and information from the plaintiff regarding Defendant Johnson's statements made after the collision and produced that information to the plaintiff by mailing dated October 24, 2007 after defendants' expert,

Van Calhoun, was deposed by the plaintiff on October 19, 2007; however, defendants tendered Witness Calhoun to be re-deposed regarding the withheld information, which second deposition of Calhoun was taken by plaintiff on December 17, 2007.

14. That to permit Mason to testify without being re-deposed about the particulars of Defendant Johnson's marijuana level would be unacceptably misleading and, in fact, would constitute a fraud on the Court and the jury.

WHEREFORE, THE PREMISES CONSIDERED, the plaintiff moves the Court to order that Mason be made available for re-deposition or, in the alternative, to strike Mason as an expert witness due to the defendants' withholding of defendant's positive marijuana test until after Mason's deposition.

    Respectfully submitted,

    /s/ David E. Allred
    DAVID E. ALLRED
    D. CRAIG ALLRED
    Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:  (334) 396-9200
Facsimile:  (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:  (334) 213-2323
Facsimile:  (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3rd day of January, 2008 electronically filed the foregoing *Motion to Compel Deposition of Defendants' Expert/Motion to Strike Expert* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

>Thomas L. Oliver, II, Esq.
>Lea Richmond, IV, Esq.
>CARR ALLISON
>100 Vestavia Parkway
>Birmingham, Alabama 35216

/s/ David E. Allred<br>OF COUNSEL

Employee Screening                                                                 Page 1 of 1

# Result Report

*Confidential*

05/31/2006

USA Truck, Inc.
3200 Industrial Park Rd.
VAN BUREN, AR  72956

Attn:   DER

Re:    SSN:221649506/Name:THEODORE JOHNSON
       Specimen ID #:6508085

The above referenced employee submitted a Drug Screen specimen for DOT,Post Accident substance abuse testing in accordance with applicable federal regulations, including 49 CFR part 40 and 382, on 02/21/2006.

| | |
|---|---|
| The specimen was submitted to: | American Family Care |
| | 2936 Marti Lane |
| | MONTGOMERY, AL  36116 |

Testing of the specimen was performed:
in compliance with SAMHSA guidelines
at:                                           Quest Diagnostics - Irving

                                              4770 Regent Blvd
                                              IRVING, TX  75063

The specimen was POSITIVE-DILUTE for MARIJUANA METABOLITE,SPECIFIC GRAVITY (50 ng/mL SCREEN), .
Test verification was completed on 02/24/2006 09:50:39.

The specimen was tested for:         1) AMPHETAMINE 1000
                                     2) COCAINE 50
                                     3) MARIJUANA 50
                                     4) OPIATE 2000
                                     5) PHENCYCLIDINE 25

This information should be included in your confidential substance abuse testing records.

Sincerely,

Robert Pflug, M.D.
Medical Review Officer

**POSITIVE**

[ Close ]   [ Print ]

Britt v. USA00964

https://portalapp.compliancesafetysystems.com/mroplace/esp/mroReviewedLetter.jsp?orde...

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| LANDRIA BRITT, as<br>ADMINISTRATRIX of the ESTATE OF<br>JOHN W. BRITT, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>U S A TRUCK, Inc; THEODORE<br>LEVERNE JOHNSON; et al,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*   CV: 06-<br>*<br>*<br>*<br>*<br>* |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, USA TRUCK, INC.

Pursuant to Rule 35, *Alabama Rules of Civil Procedure*, Plaintiffs request that all Defendant, USA Truck, Inc., produce the following documents and things within the time required by law:

1.  Produce any and all accident and/or incident reports and investigations prepared by this Defendant as a result of the crash other than the police report.

2.  Produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with Plaintiff and all accidents 3 years prior to February 20, 2006.

3.  If ISO certified, please produce all ISO Certification documents.

4.  Produce all documents prepared concerning all inspections performed on the tractor and trailer involved in this accident.

5.  Produce all leases and contracts that were in effect for the cab and trailer on the



day of the accident.

6.  Produce the entire personnel file of Theodore Leverne Johnson.

7.  Produce the entire driver qualification file of Theodore Leverne Johnson.

8.  Produce the entire drug and alcohol file of Theodore Leverne Johnson including but not limited to preemployment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.  Produce the entire safety performance history file or its equivalent for Theodore Leverne Johnson.

10. Produce any other file or document of any kind kept concerning Theodore Leverne Johnson.

11. Produce any and all payroll and benefit records for Theodore Leverne Johnson for five years prior to the collision to one year after.

12. Produce any and all canceled checks of any kind paid to Theodore Leverne Johnson for 12 months prior and 6 months after the collision.

13. Produce all logs–official or unofficial–of Theodore Leverne Johnson for the six months before the collision and for thirty days after the collision.

14. Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Theodore Leverne Johnson prior to the collision.

15. Produce all records of Theodore Leverne Johnson for the 7 days prior to the collision and for the day of the collision. Specifically, produce the supporting documents listed below which the Defendant is required to maintain under 49 CFR 395.8(k).

   a.  Bills of lading;

b.   Carrier pros;

c.   Freight bills;

d.   Dispatch records;

e.   Driver call-in records;

f.   Gate record receipts;

g.   Weight/scale tickets;

h.   Fuel billing statements and/or summaries;

i.   Toll receipts;

j.   International registration plan receipts;

k.   International fuel tax agreement receipts;

l.   Trip permits;

m.   Lessor settlement sheets;

n.   Port of entry receipts;

o.   Cash advance receipts;

p.   Delivery receipts;

q.   Lumper receipts;

r.   Interchange and inspection reports;

s.   Over/short and damage reports;

t.   Agricultural inspection reports;

u.   Commercial Vehicle Safety Alliance reports;

v.   Accident reports;

w.   Telephone billing statements;

      x.      Credit card receipts;

      y.      Driver fax reports;

      z.      On-board computer reports

      aa.      Border crossing reports

      bb.      Custom declarations

      cc.      Traffic citations

      dd.      Overweight/oversize reports and citations

      ee.      And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

16. Produce any and all cellular and telephone records and bills of the Defendant for the day of the motor vehicle collision with Plaintiff and seven days prior.

17. Produce any and all credit card bills and receipts for Theodore Leverne Johnson the month of the motor vehicle collision with Plaintiff.

18. Produce copies of any and all fuel tax reports of Theodore Leverne Johnson for the year of this collision.

19. Produce any and all state safety audits of Theodore Leverne Johnson for the year of this collision and three years prior.

20. Produce any and all federal accident reports filed by Theodore Leverne Johnson the year of this collision and three years prior.

21. Produce any and all DOT inspection reports filed by Theodore Leverne Johnson for the year of this collision and three years prior.

22. Produce any and all long form DOT physicals of Theodore Leverne Johnson.

23. Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Theodore Leverne Johnson for the month of this collision.

24. Produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

25. Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or anytime after.

26. Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Theodore Leverne Johnson.

27. Produce copies of any and all satellite communications and e-mail for the day of the collision and seven days prior, as well as all recorded ECM (electronic control module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

    a. trip distance

    b. total vehicle driving time

    c. load factor

    d. vehicle speed limit

    e. maximum vehicle speed recorded

    f. number of hard brake incidents

    g. current engine speed (rpm)

    h. maximum and minimum cruise speed limits

    I. total vehicle driving distance

  j. fuel consumption (gal./hr.)

  k. idle time

  l. engine governed speed

  m. maximum engine speed recorded

  n. current throttle position

  o. brake switch status (on/off)

  p. odometer

  q. trip driving time

  r. overall fuel economy (MPG)

  s. average driving speed

  t. # of engine overspeeds

  u. # of vehicle overspeeds

  v. current vehicle speed (MPH)

  w. clutch switch status (on/off)

  x. clock

  y. jake brake status

28. Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

29. Produce a copy of the completion or non-completion of any safe driving programs by Theodore Leverne Johnson.

30. Produce a copy of the driver manual or handbook issued to Theodore Leverne Johnson.

31. Produce a copy of the company safety rules issued to Theodore Leverne Johnson.

32. Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with Plaintiff.

33. Please produce the printout(s) from any database identified in Interrogatory No. 29 for the one year preceding the February 20, 2006 motor vehicle collision with Plaintiff.

_____
KENNETH J. MENDELSOHN   MEN001

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
(334) 213-2323

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served along with the Complaint and Summons on this the _____ day of September, 2006.



_____
Of Counsel

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

LANDRIA BRITT, etc.

V.

U S A TRUCK, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-cv-868-ID-CSC

TO: QUEST DIAGNOSIS - IRVING
4770 REGENT BOULEVARD
IRVING, TEXAS 75063

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED EXHIBITS A AND B

| PLACE   DAVID E. ALLRED, P.C., Post Office Box 241594, Montgomery, AL 36124-1594 | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* | 10/31/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David E. Allred, Attorney for Plaintiff, DAVID E. ALLRED, P.C.
Post Office Box 241594, Montgomery, AL 36124-1594  (334) 396-9200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT B**

AO88 (Rev. 12/06) Subpoena in a Civil Case

|  | PROOF OF SERVICE | |
|---|---|---|
|  | DATE | PLACE |
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

LABORATORY REPORT



```
80169171 AREA/ROUTE/STOP: XXXXXXX
ROBERT PFLUG MD

2010 SW HK DODGEN LP #200
TEMPLE, TX  76504
```

| PATIENT NAME | PATIENT ID | ROOM NO. | AGE | SEX | PHYSICIAN |
|---|---|---|---|---|---|
| 221649506 | | | | | |

| PAGE | REQUISITION NO. | ACCESSION NO. | LAB REF. # | COLLECTION DATE & TIME | LOG-IN-DATE | REPORT DATE | & TIME |
|---|---|---|---|---|---|---|---|
| 1 | 6508085 | 087619Y | | 02212006 11:15AM | 02222006 | 02232006 | 12:13AM |

REMARKS    Client Site Location:
           REASON FOR TEST: POST ACCIDENT
           DONOR ID VERIFIED:

REPORT STATUS   FINAL        TEST        RESULT  IN RANGE / OUT OF RANGE     UNITS        REFERENCE RANGE    SITE CODE

```
COLLECTOR'S NAME AKEWNUBA,M
COLL SITE PH# 334-288-0088
 REPORT FOR:            USA TRUCK/POST ACCIDENT - 80169171
                        C/O COMPLIANCE SAFETY SYS
                        PO BOX 3645
                        TEMPLE, TX  76505


             ***  POSITIVE/ABNORMAL REPORT   ***

Tests Ordered:  35304N (NIDA 5 PANEL W/NIT.)

Integrity Checks                                 Acceptable Range

CREATININE                       19.6 mg/dL      >/= 20 mg/dL
SPECIFIC GRAVITY                 1.002           1.003 - 1.020
OXIDIZING ADULTERANTS            Negative

DOT/SAMHSA Panel                             Initial        GC/MS Confirm
                                            Test Level      Test Level


  DILUTE SPECIMEN

AMPHETAMINES             Negative           1000 ng/mL       500 ng/mL
COCAINE METABOLITES      Negative            300 ng/mL       150 ng/mL
MARIJUANA METABOLITES    POSITIVE             50 ng/mL        15 ng/mL
OPIATES                  Negative           2000 ng/mL      2000 ng/mL
PHENCYCLIDINE            Negative             25 ng/mL        25 ng/mL

Quantitative Results

MARIJUANA METABOLITE     117 ng/mL

          CERTIFYING SCIENTIST: Eilean White

  SPECIMEN RECEIVED AND PROCESSED IN THE ATLANTA DHHS CERTIFIED LABORATORY

LAB:     Quest Diagnostics-Atlanta (NIDA)
         3175 Presidential Dr
         Atlanta GA 30340

                    >> END OF REPORT <<
```

EXHIBIT C