IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:06-CV-868-ID |
| | ) | |
| U S A TRUCK, INC., *et al*, | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER

To say the least, the discovery disputes in this case have taken on a life of their own to such an extent that it is doubtful whether they truly advance the ultimate determination of this case in a manner consistent with FED.R.CIV.P. 1.[1] Presently, the court has before it the most elderly of the discovery motions in this case, the plaintiff's October 9, 2007 motion for sanctions. (doc. # 23) The court heard argument on the motion on October 29, 2007.  During that argument the parties represented that the depositions at issue in the motion would be taken a few days after the argument.  Thus, the motion to compel the depositions is moot.

The motion also raised the issue about the location for the depositions.  During the argument, the court told the lawyers to take the depositions in Arkansas and Delaware. The court made that ruling because the general rule about FED.R.CIV.P. 30(b)(6)

---

[1] FED.R.CIV.P. 1 provides in pertinent part that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

depositions is that they are taken at the a corporation's principal place of business. *See e.g., Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537 (D. Minn. 2003). Thus, this aspect of the motion is moot.

That brings the court to the last question which is whether it should impose sanctions as requested by the plaintiff. Sanctions for discovery violations "are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir.1999). Based on that standard, the court has no hesitancy in concluding that imposition of sanctions is not appropriate. The plaintiff has not demonstrated prejudice with regard to the depositions which were the focus of the motion to compel. (doc. # 23) Much of the plaintiff's arguments raised in the supplemental motion for sanctions relate to other discovery problems and the court will address some of those in separate orders.[2]

Accordingly, and for the reasons set out, it is

ORDERED that the motion for sanctions (doc. # 23) be and is hereby DENIED.

Done this 4th day of January, 2008.

        /s/Charles S. Coody
       CHARLES S. COODY
       CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2]Thus, the parties should not understand the court to condone sharp practices or general uncooperativeness in the conduct of discovery.