IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, ) | |
| as ADMINISTRATRIX of the ) | |
| ESTATE OF JOHN W. BRITT, ) | |
| deceased, ) | Case No. 2:06cv868-ID-CSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| U S A TRUCK, Inc; THEODORE ) | |
| LEVERNE JOHNSON; et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO RESCHEDULE CURRENT TRIAL SETTING

COME NOW the Defendants, **USA Truck, Inc.**, and **Theodore Leverne Johnson**, and move this Honorable Court to continue this case from its present trial setting of January 28, 2008, and reschedule the same to the next available docket of March 31, 2008.  As grounds for said motion, the Defendants state as follows:

1. **Defense counsel has a complex trial** involving two wrongful death lawsuits set to **begin on January 7, 2008**, in the Circuit Court of St. Clair County on the matters of:  Kim Griffin, as Administratrix of the Estate of Ernest Earl Griffin, Deceased, v. Quality Carriers, Inc., et al., Civil Action No. CV-06-348; and

-1-

<u>Kay Cason, as Administrator of the Estate of Ying Kang Zhou, Deceased, v. Quality Carriers, Inc., et al.</u>, Civil Action No. CV-06-328. These cases are set before Judge Charles E. Robinson for a jury trial which is **expected to take approximately two (2) to three (3) weeks to try.**

    2.    To avoid this very situation of back-to-back or potentially overlapping trials of wrongful death cases, **defense counsel has attempted to settle this case**, participating in mediation on August 29, 2006, and taking part in informal settlement negotiations during the fall and winter of 2007. Further, **plaintiff's counsel advised the court at the Pre-Trial Conference that they were willing to mediate or discuss settlement once discovery in the case has been completed.** <u>The parties should be given a continuance so that they have ample time to attempt resolution of the case by mediation rather than involvement of the court's time and resources.</u>

    3.    In addition to the above reasons, a continuance of the trial setting is necessary because **both parties are still endeavoring to complete discovery**. The parties have worked diligently to complete discovery, but certain key depositions remain to be taken–both by the Plaintiff and the Defendants. Both Plaintiff's counsel and defense counsel continue to schedule and take depositions in this case as of the date of this motion. Currently, the following depositions are needed and/or scheduled:

(A) Deposition of Plaintiff Landria Britt Tyler;

(B) Deposition of Savannah Britt, the decedent's daughter;

(C) Deposition of Ashley Britt, the decedent's daughter;

(D) Deposition of Dr. Alfredo Paredes and his assistant Ronald Robusky, Alabama Department of Forensic Sciences (scheduled for January 23, 2008);

(E) Deposition of Dr. Laura Labay, National Medical Services, in Willow Grove, Pennsylvania;

(F) Re-deposition of Andrew P. Mason, Ph.D., Defendants' expert witness (if the Plaintiff's Motion to Compel (Doc. No. 68) is granted);

(G) Re-deposition of Michael Neal, USA Truck's former safety director, in Texas; and

(H) Deposition of Dr. Brian Brunelli of Quest Diagnostics, scheduled on January 9, 2008.

As outlined previously, Plaintiff has expressed interest in settling this matter once all of this discovery is complete. <u>If given more time, the parties may be able to reach a resolution without the need for a trial.</u>

4. It should be noted that **the undersigned counsel has attempted to obviate the need for some of these depositions** by offering to enter a joint

stipulation regarding "chain of custody" issues and the authenticity of certain documents.  The Plaintiff's counsel, however, has refused such a stipulation and has thereby caused there to be even more pre-trial work to complete than there otherwise would be.

     5.     Furthermore, as this Court knows, **three important motions are still pending** before the Court:

     (A)     the Defendants' Motion for Partial Summary Judgment (Doc. No. 16);

     (B)     the Defendants' alternative Motion for Separate Trials (Doc. No. 62); and

     (C)     the Plaintiff's <u>Daubert</u> motion (Doc. 43).

Rulings on these motions could significantly impact the parties' trial preparations and strategies.

     6.     This is the **first trial setting**, and **none of the parties would be prejudiced** by a continuance in this case. .

     7.     Defense counsel will be **ready and can try this case at the court's next docket on March 31, 2008.**

WHEREFORE, premises considered, Defendants pray that the Court grant them the relief sought herein by continuing this case from its present trial setting and rescheduling it for the trial term beginning March 31, 2008.

          s/ Thomas L. Oliver, II
          Thomas L. Oliver, II (ASB-3153-R53T)
          Lea Richmond, IV (ASB-8479-l74R)
          **ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing document has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the 4th day of January, 2008, as follows:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Montgomery, Alabama 36117

David E. Allred, Esq.
**LAW OFFICES OF DAVID E. ALLRED**
Post Office Box 241594
Montgomery, AL 36124-1594

                                                   s/ Thomas L. Oliver, II
                                                   OF COUNSEL