## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LANDRIA BRITT, as** | ) | |
| **ADMINISTRATRIX of the** | ) | |
| **ESTATE OF JOHN W. BRITT,** | ) | |
| **deceased,** | ) | **Case No. 2:06cv868-ID-CSC** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U S A TRUCK, Inc.; THEODORE** | ) | |
| **LEVERNE JOHNSON; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

---

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"), and, pursuant to the Court's scheduling order (Doc. No. 9) and Rule 26(a)(3) of the Federal Rules of Civil Procedure, state the following objections to the Plaintiff's Exhibit List:

## I.  OBJECTIONS TO PLAINTIFF'S EXHIBITS

**A.**    <u>**Motions in Limine**</u>

Defendants adopt and incorporate by reference their motions in limine and object to the Plaintiff's exhibits to the extent that any of them are within the scope of said motions in limine.

**B.**    <u>**Documents That Were Not Disclosed During Discovery**</u>

The Plaintiff has listed as exhibits various documents that were not produced or otherwise disclosed during discovery.  These include:

- Firestone "Clock In/Out Report from February 20, 2006."

- "Lyrics to song tattooed on Theodore L. Johnson's arm."

- "Pleadings and other court documents from Case Number 06CA-CR00310, 17[th] Judicial Circuit Court of Cass County, Missouri, regarding Theodore L. Johnson."

[Plaintiff's Exhibit List, Nos. 5, 34, 45].

As part of its Initial Disclosures, a party must provide "a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Fed. R. Civ. P. 26(a)(1)(B).  Presumably, the above-listed

exhibits will be offered by the Plaintiff to "support its claims," yet the documents were not disclosed by the Plaintiff in her Initial Disclosures or in any supplement thereto.

Beyond the Initial Disclosure requirement, the Defendants made the following discovery requests during the course of the litigation:

> 3. All books, records, diaries, journals, calendars, notes, correspondence, or other documents which in any way refer to or relate to any of the claims or allegations set forth in the Complaint.

> 6. All documents which evidence, refer, or relate in any way to any formal or informal investigation or inquiry by you or any other person into the matters which form the basis of the Complaint.

> 7. Each and every document and photograph which you intend to offer as evidence at the trial of this action.

[Defendants' First Requests for Production to Plaintiff].

> 26. Please identify each and every fact, statement, document, or other piece of evidence upon which you rely to support your contention that USA Truck, Inc.,

negligently/wantonly entrusted a motor vehicle to Theodore Johnson as alleged in Count II of your Complaint.

27.    Please identify each and every fact, statement, document, or other piece of evidence upon which you rely to support your contention that USA Truck, Inc., negligently/wantonly hired Theodore Johnson as alleged in Count III of your Complaint.

28.    Please identify each and every fact, statement, document, or other piece of evidence upon which you rely to support your contention that USA Truck, Inc., negligently/wantonly retained Theodore Johnson as alleged in Count IV of your Complaint.

[Defendants' First Interrogatories to Plaintiff].

12.    Copies of any and all documents received by the Plaintiff pursuant to a subpoena.

[Defendants' Second Requests for Production to Plaintiff].

Despite these proper discovery requests, the above-listed exhibits were not disclosed by the Plaintiff in her discovery responses or in any supplement thereto.

4

Having failed to honor her duties of disclosure and supplementation during discovery, the Plaintiff should not be permitted to use the above-listed exhibits at trial.

**C.**    **Tattoo Song Lyrics**

The Plaintiff has listed as an exhibit the "Lyrics to song tattooed on Theodore L. Johnson's arm." [Plaintiff's Exhibit List, No. 34].  It is unclear whether the Plaintiff intends to offer only those lyrics that are actually tattooed on Mr. Johnson (which are an excerpt from the lyrics to a song entitled "Where Ya Heart At") or whether the Plaintiff intends to offer the "Where Ya Heart At" lyrics in their entirety (a copy of which is attached for the Court's reference).  Either way, the lyrics should be excluded from trial on grounds that (1) they are irrelevant to the issues to be tried and are therefore due to be excluded under Rules 401 and 402 of the Federal Rules of Evidence, and (2) even if relevant, they are so inflammatory that their probative value is substantially outweighed by the danger of unfair prejudice to the Defendants, requiring exclusion under Rule 403.

**D.**    **Documents Relating to Theodore Johnson's Post-Accident Drug Test**

The Plaintiff has listed as exhibits various documents relating to Theodore Johnson's Post-Accident Drug Test, which showed a "positive" result for marijuana. As established in the Defendants' motion in limine relating to said documents, at most the test demonstrates that Mr. Johnson had the remnants of marijuana in his

body at the time the test was conducted, which is consistent with Mr. Johnson's admission to having smoked marijuana roughly 48 hours prior to the subject accident. The test is not at all probative on the issue of whether Mr. Johnson was <u>impaired</u> by marijuana at the time of the subject accident. Accordingly, the test (and all related documents and exhibits) should be excluded from trial on grounds that (1) it is irrelevant to the issues to be tried and is therefore due to be excluded under Rules 401 and 402 of the Federal Rules of Evidence, and (2) even if relevant, it is so inflammatory that its probative value is substantially outweighed by the danger of unfair prejudice to the Defendants, requiring exclusion under Rule 403. The Defendants further object on grounds that the Plaintiff has not yet satisfied her burden of proving that the documents are (1) authentic; (2) based on a proper chain of custody; and (3) fall within an exception to the general rule excluding hearsay (Rule 802).

**E.    Discovery Documents**

The Plaintiff has listed "any and all exhibits to any deposition taken in this matter;" "any and all documents produced by the defendants in this matter, whether in response to discovery requests, a subpoena, or court order;" and "Defendant USA Truck's responses to requests for production and all supplements thereto." [<u>See</u> Plaintiff's Exhibit List, Nos. 1, 2, 49]. Defendants object that these descriptions are

so vague and broad that they fail to meet the "appropriate identification" requirement of Rule 26(a)(3)(C). Defendants nonetheless adopt and incorporate by reference their motions in limine and object to this "catch-all" exhibit to the extent that any of the documents included in it are within the scope of said motions in limine. Defendants further adopt and incorporate by reference the objections stated herein to the extent any of the documents fall within the areas described in paragraphs A through D above.

## II. RESERVATION OF OBJECTIONS

As indicated by Rule 26(a)(3), Defendants reserve any other objections to the Plaintiff's Exhibits under Rules 402 or 403.

Respectfully submitted,

s/ Lea Richmond, IV
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## <u>CERTIFICATE OF SERVICE</u>

I do hereby Certify that on the 7th day of January, 2008, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn, Esq.
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred, Esq.
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

s/ Lea Richmond, IV
**OF COUNSEL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as<br>ADMINISTRATRIX of the<br>ESTATE OF JOHN W. BRITT,<br>deceased,<br><br>             Plaintiff,<br><br>v.<br><br>U S A TRUCK, Inc.; THEODORE<br>LEVERNE JOHNSON; et al.,<br><br>             Defendants. | )<br>)<br>)<br>)    Case No. 2:06cv868-ID-CSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST
EXHIBIT ONE**

_____

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as Administratrix )
of the Estate of JOHN W. BRITT, )
Deceased, )
                                 )
            *Plaintiff,* )
                                 )
vs.                              )    CIVIL ACTION NO. 2:06cv868-ID-CSC
                                 )
U S A TRUCK, INC.; THEODORE )
LEVERNE JOHNSON, *et al.,* )
                                 )
            *Defendants.* )

## PLAINTIFF'S EXHIBIT LIST

NOW COMES the plaintiff, **LANDRIA BRITT TYLER**, as Administratrix of the Estate of

JOHN W. BRITT, Deceased, and submits the following list of exhibits that may be offered at

the trial of this matter:

1.      Any and all exhibits to any deposition taken in this matter.

2.      Any and all documents produced by the defendants in this matter, whether

in response to discovery requests, a subpoena, or court order.

3.      Any and all exhibits filed in support of plaintiff's Motion in *Limine* / Motion

to Exclude Purported Expert Testimony of Dr. Andrew Mason.

4.      Laboratory Report from Quest Diagnostics dated February 23, 2006 for "USA

Truck/Post Accident - 80169171; c/o Compliant Safety System - Positive Drug Test of

Theodore L. Johnson".

5.    Firestone "Clock In/Out Report from February 20, 2006".

6.    Documents Bates Stamped Britt v. USA 00964 and 00965.

7.    Any and all pictures received from Van Calhoun.

8.    Aerial photographs of the accident scene and surrounding area.

9.    Ground photographs of the accident scene and surrounding area.

10.    Photographs of the accident scene taken by the Montgomery Police Department.

11.    Exhibits A through F to the plaintiff's response to the defendants' Motion for Summary Judgment.

12.    Documents Bates Stamped Britt/USA Truck 00191, 00198, 00199, 00214, 00229, 00230-00232, 00295, 00370, 00681, 00706, 00964-00965.

13.    Statement of Theodore Leverne Johnson taken on February 21, 2006 by the Montgomery Police Department.

14.    Diagram of the accident scene prepared by Steven Jones, City of Montgomery Engineering Department, denominated as Exhibit D to the plaintiff's response to the defendants' Motion for Summary Judgment.

15.    Photograph depicting signs for Interstate 65, Highway 80, and Highway 82 located on the Western Boulevard at the accident scene.

16.    Photograph of the accident scene denominated as Exhibit E to the plaintiff's response to the defendants' Motion for Summary Judgment.

-2-

17.     Driver's daily log regarding Theodore L. Johnson Bates Stamped 0003-000169, and denominated as Exhibit F to the plaintiff's response to the defendants' Motion for Summary Judgment.

18.     Exhibit 1 to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason entitled "Cannubus: Pharmacology and Interpretation of Effects".

19.     Exhibit 2 to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason entitled "Cannubus (Marijuana - Effects on Human Behavior and Performance)" - M. A. Huestis.

20.     Exhibit 3 to the to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason entitled "Drug and Human Performance Fact Sheets".

21.     Exhibit 4 to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason entitled "Absorption of THC and Formation of 11-OH-THC and THCCOOH During and After Smoking Marijuana".

22.     Exhibit 5 to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason - Article from Forensic Science International 123 (2001) 159-164.

23.     Exhibit 6 to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason - Article from the September/October, 1992 issue of the Journal of Analytical Toxicology, Volume 16.

24.     Exhibit 7 to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason entitled "Relating Blood Concentrations of Tetrahydrocannabinol and Metabolites of Pharmacologic Effects and Time of Marijuana Usage."

25.     Exhibit 8  to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason.

26.     Exhibit 9 to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason entitled "Estimating Time of Last Oral Ingestion of Cannubus From Plasm THC and TCCOOH Concentrations."

27.     Exhibit 10  to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason entitled "Ethanol, Marijuana, and Other Drug Use in 600 Drivers Killed in Single Vehicle Crashes in North Carolina, 1978-1981".

28.     Exhibit A to the plaintiff's Brief in Support of Motion in *Limine*/Motion to Exclude Purported Testimony of Andrew Mason.

29.     Documents Bates Stamped 1062-1066.

30.     Documents Bates Stamped 1216-1217.

31.     Documents Bates Stamped 1211-1215.

32.     Documents Bates Stamped 1205-1210.

33.     Driver Qualification File Bates Stamped 191-370.

34.     Lyrics to song tatooed on Theodore L. Johnson's arm.

35.     Forensic mapping of scene.

36.     Any and all documents regarding the positive drug test of Theodore L. Johnson.

37.     Internet pages from the U S A Truck website.

38.     Toxico Logics' Schedule of Fees and Services.

39.     Toxico Logics' Expert Services Contract.

40.     Toxico Logics' Invoice dated May 7, 2007.

41.     Toxico Logics' Invoice dated June 18, 2007.

42.     Chart – Results of Log Audits.

43.     Chart – Federal Motor Carrier Safety Administration Statistics - USA Truck.

44.     Chart – Fines Paid by U S A to the Federal Government in 2003 - USA Truck.

45.     Pleadings and other court documents from Case Number 06CA-CR00310, 17th Judicial Circuit Court of Cass County, Missouri, regarding Theodore L. Johnson.

46.     Summary of Theodore Johnson's driver qualification file.

47.     Driver record service report for Delaware regarding Theodore L. Johnson.

48.     Defendant U S A Truck's responses to interrogatories and all supplements thereto.

49.     Defendant U S A Truck's responses to requests for production and all supplements thereto.

50.     Defendant Johnson's responses to interrogatories and all supplements thereto.

51.    Defendant Johnson's responses to requests for production and all supplements thereto.

52.    Defendant U SA Truck's responses to supplemental interrogatories from plaintiff.

53.    Defendant U S A Truck's responses to supplemental requests for production from plaintiff.

54.    Defendant Johnson's responses to supplemental interrogatories from plaintiff.

55.    Defendant Johnson's responses to supplemental requests for production from plaintiff.

56.    Evidence preservation letter to Rodney Mills from Kenny Mendelsohn.

57.    Reprimand letter from U S A Truck to Theodore Johnson regarding his failure to make a timely delivery of a load.

58.    Letter from U S A Truck to Theodore Johnson informing Mr. Johnson of a pay raise.

59.    Company Safety Profile from Motor Carrier Management Information System regarding U S A Truck – pages 1 through 1,826.

60.    Internet page from U S A Truck's website:

http://www.usa-truck.com/technology/qualcomm_main.html.

61.    Internet page from U S A Truck's website:

http://www.usa-truck.com/company_info/equipment.htm.

62.    Pictures Bates Stamped 0171-0177.

63.    Pleadings and other court documents from court cases regarding Theodore

L. Johnson in Delaware.

64.    Any exhibit, if any, needed to prove that John Britt was killed in the

collision.

65.    Any and all documents utilized by an expert to form the basis of his opinion.

66.    Any admissible exhibits listed by the defendants.

67.    Any exhibits necessary for impeachment.

68.    Any exhibits necessary for rebuttal.



Respectfully submitted,


_/s/ _David E. Allred_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 28th day of December, 2007 electronically filed the

foregoing *Exhibit List* with the Clerk of the Court for the United States District Court, for

the Middle District of Alabama, Northern Division, using the CM/ECF system, which

will send notification of such filing to:

> Thomas L. Oliver, II, Esq.
> Lea Richmond, IV, Esq.
> CARR ALLISON
> 100 Vestavia Parkway
> Birmingham, Alabama 35216

> /s/ *David E. Allred*
> OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as | ) | |
| ADMINISTRATRIX of the | ) | |
| ESTATE OF JOHN W. BRITT, | ) | |
| deceased, | ) | Case No. 2:06cv868-ID-CSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U S A TRUCK, Inc.; THEODORE | ) | |
| LEVERNE JOHNSON; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST
## EXHIBIT TWO

---

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as ADMINISTRATRIX         )
of the ESTATE OF JOHN W. BRITT,          )
deceased,                                )
                                         )    Case No. 2:06cv868-ID-CSC
                                         )
            Plaintiff,                   )
                                         )
v.                                       )
                                         )
U S A TRUCK, Inc; THEODORE               )
LEVERNE JOHNSON; et al.,                 )
                                         )
            Defendants.                  )

---

## REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

---

COME NOW the Defendants, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and propound the following requests for production to Plaintiff to be answered within the time allowed by law.

### INSTRUCTIONS

1.      In responding to the following requests you are required to set forth all the documents known to you or available to you, including, but not limited to, all unprivileged documents and information contained in your records or writings, or documents in your possession or under your control, and all unprivileged documents in the possession of your attorneys.

2.      In the event you contend that you are unable to answer or respond in full to any request set forth below after exercising due diligence to secure the documents requested, state you response to the extent possible, and tell why you cannot respond fully and what you did in attempting to secure the documents.

-1-

3.    If you encounter any ambiguity in construing the discovery requests or instructions, set forth in the matter deemed "ambiguous" and respond to the request by indicating the construction used in responding.

4.    In the event that a response called for by any request is withheld or limited on the basis of a claim to privilege, identify each response withheld or limited and provide the reason for withholding or limiting you response and state the factual basis for your claim of privilege.

5.    These request should be deemed continuing and must be timely supplement as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

1.    The words "you," "your" and "yours" mean the Plaintiff who is answering these requests, including that Plaintiff's employees, accountants, attorneys, consultants, agents, representatives, and any and other persons or entities acting on behalf of or at the direction of the Plaintiff.

2.    The words "document" or "documents" shall mean all documents as defined in Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, all tangible items of any nature (whether printed, typewritten, handwritten, photographic, stenographic, computer generated, or recorded in any other fashion such as audio or videotape, photographs, computer tape or disc, etc., and however produced or reproduced), both original, not identical copies, drafts and all attachments and appendices thereto.

## REQUESTS FOR PRODUCTION

1.    All documents identified in the accompanying Interrogatories to Plaintiff or referred to by Plaintiff in answering said Interrogatories.

2.    Each and every photograph or other evidence of damage or injury to Plaintiff's decedent or his property which you allege was caused by the Defendants.

-2-

3.      All books, records, diaries, journals, calendars, notes, correspondence, or other documents which in any way refer to or relate to any of the claims or allegations set forth in the Complaint.

4.      All documents received by you from any Defendant, or furnished by you to any Defendant, which relate in any way to the allegations in the Complaint.

5.      Copies of any statements, whether written, recorded or otherwise, obtained by you or on your behalf from any witnesses in this case.

6.      All documents which evidence, refer, or relate in any way to any formal or informal investigation or inquiry by you or any other person into the matters which form the basis of the Complaint.

7.      Each and every document and photograph which you intend to offer as evidence at the trial of this action.

8.      Any and all bills, notes, reports or other documents of engineers, mechanics, investigators, accident reconstructionist, or other persons employed to inspect or otherwise advise the Plaintiff or to provide testimony regarding the incidents that are the subject of this case.

9.      Any evidence of monetary payments or settlements received by the Plaintiff or any other party or person because of the incidents which form the basis of the Complaint.

10.     Any coroner reports, medical examiner's reports, inquest reports, accident reports, or other documents related to any examination of the causes or circumstances surrounding the death of John W. Britt.

11.     Any policies of insurance which may provide coverage for under-insured, workers' compensation, or life insurance benefits to the Estate of John W. Britt, or any other beneficiaries as a result of the subject accident.

Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-I74R)
**ATTORNEYS FOR DEFENDANTS**

OF COUNSEL:

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the __ day of November, 2006,  as follows:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Montgomery, Alabama 36117

OF COUNSEL

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as                )
ADMINISTRATRIX of the            )
ESTATE OF JOHN W. BRITT,         )
deceased,                        )         Case No. 2:06cv868-ID-CSC
                                 )
            Plaintiff,           )
                                 )
v.                               )
                                 )
U S A TRUCK, Inc.; THEODORE      )
LEVERNE JOHNSON; et al.,         )
                                 )
            Defendants.          )

---

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST
## EXHIBIT THREE

---

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased, | ) ) ) | |
| | ) | Case No. 2:06cv868-ID-CSC |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U S A TRUCK, Inc; THEODORE LEVERNE JOHNSON; et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## INTERROGATORIES TO THE PLAINTIFF

COME NOW the Defendants, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and propound the following Interrogatories to Plaintiff to be answered within the time allowed by law.

### INSTRUCTIONS

1.    In responding to the following Interrogatories you are required to set forth all of the information known to you or available to you, including but not limited to, all unprivileged information contained in your records or writings or other documents in your possession or under your control, and all unprivileged information known to or in the possession of your attorneys.

2.    In the event you contend that you are unable to answer or respond in full to any Interrogatories set forth below, after exercising due diligence to secure information to do so, state the answer to the extent possible and tell why you cannot respond fully, and what you did in attempting to secure the unknown information.

3.     If you encounter any ambiguity in construing the Interrogatories or instructions, set forth the matter deemed ambiguous and respond to the request by indicating the construction used in responding.

4.     In the event that any answer called for by any Interrogatory is withheld or limited on the basis of a claimed privilege, identify each answer so withheld or limited, provide the reason for withholding or limiting your response, and state the factual basis for your claim of privilege.

5.     If your answer contains information that is available to you, but not of your personal knowledge, identify the source of such information.

6.     These Interrogatories should be deemed continuing and must be timely supplemented as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

1.     The words "you," "your," and "yours" mean the Plaintiff who is answering these Interrogatories, including that Plaintiff's employees, accountants, attorney, consultants, agents, representatives, and any and all other persons or entities acting on behalf or at the direction of the Plaintiff.

2.     The words "identify" or "identification," "describe," or "description":

(a) when used in reference to an individual means to state his or her full name, occupation, and present or last known business and resident address and telephone numbers;

(b)   when used in reference to a corporation, association, or business entity means to state its full name and its current business address and telephone number(s);

(c) when used in reference to a document, mean to state the type of document (for example, affidavits, reports, synopses of interviews,

-2-

memoranda, letters, tape recordings or the like), date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof;

(d)  when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, means to set forth the facts of the event, the location, the date, and the persons participating, present, or involved in the event;

(e)  when used in reference to any communication, means to state the date of communication, where the communication took place, who was present at the time of the communication, the complete content of the communication, the duration of the communication, and each document known to you concerning, referring to or relating to the communication.

3.    The words "document" or "documents" shall mean all documents as defined in Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, all tangible items of any nature (whether printed, typewritten, handwritten, photographic, stenographic, computer generated, or recorded in any other fashion such as audio or video tape, photographs, computer tape or disc, etc. and however produced or reproduced), both original, not identical copies, drafts and all attachments and appendices thereto.

## INTERROGATORIES

1.    Identify yourself, giving your name, address, date of birth, social security number, and current place of employment.

2.    Identify each and every communication or transaction you have had with any Defendant or employee, representative, and/or agent of any Defendant, and identify each

-3-

employee, representative, and/or agent of any Defendant with whom you have had each such communication or transaction, and for each communication or transaction state the date when the communication or transaction took place, as well as the substance of the communication or transaction.

3.      Please identify your decedent, John W. Britt, giving his full name, address, birth date, social security number and place of employment at the time of his death.

4.      Please state, in detail, each and every way in which you contend the Defendants caused or contributed to the death of John W. Britt, including in your response each and every statement, fact, document, or other piece of evidence upon which you base your contentions.

5.      State fully the purpose of the trip that John W. Britt made in his vehicle at the time of the alleged accident, including in your answer the place from which he had left and the place to which he traveled.

6.      Describe each and every skid mark, gouge mark, or tire mark which you contend were placed by any of the vehicles involved in this accident.

7.      State your best judgment, if any, of the speed in miles per hour of all vehicles that you allege caused or contributed to the subject accident.

8.      State fully, specifically and in detail, each and every act or thing done by John W. Britt during the last 300 feet of his vehicle's approach to the point of the subject collision, stating in your answer the chronological order in which John W. Britt did each of said acts or things.

9.      State in your best judgment the speed in miles per hour of the vehicle operated by John W. Britt on the occasion of said accident during the course of its travel during the last 300 feet prior to impact.

10.     State in your best judgment the speed in miles per hour of the vehicle operated by Theodore Johnson on the occasion of said accident during the course of its travel during the last 300 feet prior to impact.

-4-

11.    State fully, specifically and in detail, all information upon which you rely in answering interrogatories numbered one (1) through ten (11).

12.    State whether you know or believe that the driver of any of the vehicles involved in the events made the basis of this suit had been drinking any alcoholic beverages, taken prescription medication or used any drugs within 24 hours preceding the subject accident. If your answer to this interrogatory is in the affirmative, please identify the driver(s) you contend had been drinking, taking prescription medication or using drugs, the amounts, times of consumption, and specific substances consumed, and the source(s) of information upon which you base your response.

13.    If the operator of any of the vehicles involved in the subject incidents made any statements at the scene that you are aware of, please, state when, where, and what was said and identify your source of knowledge of each such statement.

14.    If any witnesses to the subject accident have made any statements to you, your counsel, or any other person, either at the scene or afterwards, please state when, where, and what was said by such witnesses, and the source of your knowledge regarding each statement.

15.    Please state the names and addresses of all doctors, hospitals, or other medical providers who may have examined or treated John W. Britt for any injuries you claim that he sustained in the accident made the subject of this lawsuit prior to his death.

16.    Please state whether John W. Britt's estate, or any of his heirs have received any payment or settlement from any source related to or because of the subject accident. If your answer is in the affirmative, please identify the source, amount and date of payment, the basis of the payment, and to whom payment was made.

17.    If John W. Britt or his employer maintained under-insured motorist coverage on the vehicle he operated at the time of the subject accident, please identify the carrier of said insurance, the limits of the policy of insurance, and the number of vehicles insured by said policy.

18.    Please identify and describe the vehicle being operated by John W. Britt, at the time of his death, stating in your answer the type of vehicle, the date of its purchase, from whom it was purchased, and the vehicle identification number.

19.    Identify each and every person whom you believe has discoverable knowledge of the claims made the basis of this suit, including in your response the names and addresses of each such person(s).

20.    Please identify any and all other lawsuits you have ever filed.  For each, please identify date of commencement, the venue, and the parties.  Please also provide a brief description of the subject matter of each such lawsuit.

21.    Identify each person, save counsel, to whom you have spoken about this case, and state when the communication took place and the substance of the communication.

22.    If you have ever been arrested, indicted, plead guilty, or convicted of a criminal offense, please provide the state, county and date of the arrest, indictment plea or conviction and state what the arrest, indictment or conviction was for.

23.    Was John W. Britt working at the time of his death?  If so, please state whether John W. Britt had or maintained workers' compensation insurance coverage and if so, please state with whom said coverage was maintained and the status of any claims under that policy.

24.    If John W. Britt was ever arrested, indicated, plead guilty, or convicted of a criminal offense, please provide the state, county and date of the arrest, indictment plea or conviction and state what the arrest, indictment, or conviction was for.

25.    Identify each person whom you expect to use as an expert witness in connection with the trial of this case, and as to each individual also state and identify the following information:

        (a) the subject upon which the individual is expected to testify and the opinions and conclusions that the individual is expected to provide at trial;

        (b) the facts upon which the individual's opinion and conclusions are based;

(c) summary of the grounds for each of the individual's opinions or conclusions;

(d) each school attended, the dates of attendance, the date of graduation, and the degrees received;

(e) each employer including the dates of employment, job titles held, and reasons for leaving that employment;

(f) each honorary society, professional society and/or professional organization to which the individual belongs or has belonged, and any offices in those organizations or societies which the individual has held or holds and the dates each office was held;

(g) each article or publication that the individual has authored or to which the individual has contributed;

(h) each judicial or administrative proceeding which the individual has testified in the last five (5) years or is currently expected to testify;

(I) the identification of each person with whom the individual has communicated in connection with the case and the substance of the communication;

(j) the identification of all material including without limitation, articles, manuals, treatises, books, tables, charts, statistical analysis, calculations, notes and published materials of any nature that the individual reviewed in connection with this proceeding or which the individual may utilize at the trial; and,

(k) the identity of each document created by the individual in connection with this proceeding.

26.    Please identify each and every fact, statement, document, or other piece of evidence upon which you rely to support your contention that USA Truck, Inc., negligently/wantonly entrusted a motor vehicle to Theodore Johnson as alleged in Count II of your Complaint.

27.    Please identify each and every fact, statement, document, or other piece of evidence upon which you rely to support your contention that USA Truck, Inc., negligently/wantonly hired Theodore Johnson as alleged in Count III of your Complaint.

28.    Please identify each and every fact, statement, document, or other piece of evidence upon which you rely to support your contention that USA Truck, Inc., negligently/wantonly retained Theodore Johnson as alleged in Count IV of your Complaint.


Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-I74R)
**ATTORNEYS FOR DEFENDANTS**


OF COUNSEL:

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the __ 29th day of November, 2006,  as follows:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Montgomery, Alabama 36117


OF COUNSEL

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased, | ) ) ) ) | |
| | ) | Case No. 2:06cv868-ID-CSC |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al., | ) ) | |
| Defendants. | ) ) | |

_____

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST EXHIBIT FOUR

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased, | ) ) ) | |
| | ) | Case No. 2:06cv868-ID-CSC |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| U S A TRUCK, Inc; THEODORE LEVERNE JOHNSON; et al., | ) ) ) | |
| Defendants. | ) ) | |

## SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE PLAINTIFF

COME NOW the Defendants, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and propound the following second request for production to Plaintiff to be answered within the time allowed by law.

### INSTRUCTIONS

1.      In responding to the following requests you are required to set forth all the documents known to you or available to you, including, but not limited to, all unprivileged documents and information contained in your records or writings, or documents in your possession or under your control, and all unprivileged documents in the possession of your attorneys.

2.      In the event you contend that you are unable to answer or respond in full to any request set forth below after exercising due diligence to secure the documents requested, state you response to the extent possible, and tell why you cannot respond fully and what you did in attempting to secure the documents.

-1-

3.    If you encounter any ambiguity in construing the discovery requests or instructions, set forth in the matter deemed "ambiguous" and respond to the request by indicating the construction used in responding.

4.    In the event that a response called for by any request is withheld or limited on the basis of a claim to privilege, identify each response withheld or limited and provide the reason for withholding or limiting you response and state the factual basis for your claim of privilege.

5.    These request should be deemed continuing and must be timely supplement as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

1.    The words "you," "your" and "yours" mean the Plaintiff who is answering these requests, including that Plaintiff's employees, accountants, attorneys, consultants, agents, representatives, and any and other persons or entities acting on behalf of or at the direction of the Plaintiff.

2.    The words "document" or "documents" shall mean all documents as defined in Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, all tangible items of any nature (whether printed, typewritten, handwritten, photographic, stenographic, computer generated, or recorded in any other fashion such as audio or videotape, photographs, computer tape or disc, etc., and however produced or reproduced), both original, not identical copies, drafts and all attachments and appendices thereto.

## SECOND REQUEST FOR PRODUCTION

12.    Copies of any and all documents received by the Plaintiff pursuant to a subpoena.

13.    All account statements, monthly bills, or other documents for any bank account, credit card, debit card, or other charge or credit account for which John W. Britt was a named account holder or authorized user or for which he had a credit, debit, or other charge card in his

possession on February 19-20, 2006 that pertains to purchases, charges, or other transactions made February 19-20, 2006.

14.    All statements and/or bills for any for any John W. Britt on February 19-20, 2006.

15.    Any invoices, account statements, bills, or other records for any repairs, service visits, checkups, oil changes, or any other diagnostic or repair services performed on the vehicle operated by John W. Britt at the time of the subject accident.

16.    Please produce any and all records pertaining to the sale of the vehicle operated by John W. Britt at the time of the subject accident.

Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-I74R)
**ATTORNEYS FOR DEFENDANTS**

OF COUNSEL:

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the 1st of October, 2007,  as follows:

Kenneth J. Mendelsohn, Esq.
**JEMISON & MENDELSOHN, P.C.**
1772 Platt Place
Montgomery, Alabama 36117

David E. Allred, Esq.
**LAW OFFICES OF DAVID E. ALLRED**
Post Office Box 241594
Montgomery, AL 36124-1594

OF COUNSEL

-3-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased, | ) ) ) ) | Case No. 2:06cv868-ID-CSC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al., | ) ) ) | |
| Defendants. | ) | |

---

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST EXHIBIT FIVE

---

# Mobb Deep Where Ya Heart At Lyrics

1. [HAVOC TALKING]

Lets do it dunn...My man...That's why I keep my mouth tight.
Ain't got no worries for y'all niggaz man...y'all niggaz is crazy

[PRODIGY]
Hey yo, its hell on earth down here the pavement scorching
Its more on roc when the Mobb walks in
shit gets hot like a ill pot of grits spilled on you
Spit fire with nines but never squealed on you

I understood you should try to take my life
If I was you I would too damn right
If I had drama with a nigga like such as myself
I couldn't even sleep at night until...
I made things right
Pull out guns exchange a fight
Be the first to let off mines ignite the pipes...
and never let the daylight decieve
during the suns' hours niggaz do bleed
Aim for the waist and something on the top gets shot
Niggaz can't shoot never made a thing drop
Keep cream of the crop
fresh out of box shit filled to the top
Smell the barrell when its bolt-locked nigga

Hook1 [PRODIGY]
Have you ever lost a loved one?
Or never understood love 'til you lost one?
Where your heart at?
I left mines behind with my dearly departed
Where your heart at? Strength missing
To take losses is the hardest
The ones that overcome be the calmest
Strive regardless. Where your heart at? Brave-hearted.
Now lets find out where niggaz hearts' at

[HAVOC]
This is to my physical you gone...to me you still here
I be buggin thinking how you doin' up there
Probably watching over me calling out my fouls
Fuck with mad chicks but I take care of my child

I miss that ass tell God I said pardon me
If Your real; He'll forgive me [no doubt]
But I ain't crying no more about how you're gone
Used to hold me down niggaz front its on
Ain't wetting going to jail you better shoot me
Just lost my heart-If I die you comin' wit' me
quickly while I'm pissy they're just bitches thats' a little to frisky
risky on point hope these cats is getting the point whisper out my name
Stand but please don't point call me paranoid
But I'm on point close by the stash joint Got you in my mind
I guess thats why the say love is blind

Hook 2 [PRODIGY]
Strength missing we take losses. be the hardest
The ones that overcome be the calmest. Strive regardless
Where your heart at? Brave-hearted.
You better finish what you started [dunn]
If you ever lost a loved one?
You'll never understand love 'til you lost one.
Where your heart at?
I left mines behind with my dearly departed
Where your heart at? Strength missing
To take losses be the hardest
The ones that overcome be the calmest
Strive regardless. Where your heart at? Brave-hearted.
Now lets find out where niggaz hearts' at

Have you ever lost a loved one?
You'll never understand love 'til you lost one.
Where your heart at?
I left mines' behind wit' my dearly departed
Now where your heart at?

[PRODIGY]
I find myself dozing off with it [guns]
waking up every forty minutes [dun]
Soaking wet dripped to death in it
On top of rules big barells and tools get tested
And hittin off makes my dick get erected
We all strive for a better tommorow
But as far as today your ass gotsa' pay
And ain't no time better than the present one at hand
And never keep your shit too far from your hand

[HAVOC]

Think about this are you with your hands on who you running with
Some timers, Playa' hata's and dick riders
Bent niggaz' that be crashin into dividers
Gettin you into shit got that ass tied up
Got them la'd up got you comin out of your vault
With no plans of giving back live in serious debt.
Your lady fucking other niggaz you a fool for her
Talking 'bout you got money you just using her
Actually loosin' her...