IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased,         )<br>)<br>)<br>)<br>)<br>Plaintiff,         )<br>)<br>v.         )<br>)<br>U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al.,         )<br>)<br>)<br>Defendants.         ) | Case No. 2:06cv868-ID-CSC |

**DEFENDANTS' FIRST MOTION IN LIMINE**
**(EVIDENCE RELATED TO PLAINTIFF'S CLAIMS**
**OF HIRING, RETENTION, ENTRUSTMENT, ETC.)**

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"), and move this Court, in limine, for an Order precluding any evidence and/or improper remarks relating to the Plaintiff's claims for (1) the alleged negligence of USA Truck; (2) the alleged negligent and/or wanton hiring and retention of Theodore L. Johnson; and (3) the alleged negligent and/or wanton entrustment of a vehicle to Theodore L. Johnson. In support thereof, the Defendants state as follows:

1

1.  The Defendants anticipate that the Plaintiff will offer evidence at trial relating to the alleged negligence and/or wantonness of USA Truck in hiring, retaining, and entrusting a tractor-trailer to Theodore Johnson and otherwise failing to follow the Federal Motor Carrier Safety Regulations ("FMCSR"). Such evidence would tend to focus on whether or not Mr. Johnson was an "incompetent" driver. Based on the Plaintiff's Supplemental Brief in Opposition to Defendants' Motion for Partial Summary Judgment (Doc. No. 67), the Defendants expect such evidence to include at least the following:

- Johnson's alleged history of four moving violations;
- Johnson's alleged violations of the "70 Hour Rule" of the FMCSR;
- Johnson's alleged history of log falsification;
- Johnson driving with a cracked windshield; and
- Johnson's prior license suspensions.

None of this evidence has any bearing on the central issue in the case, *i.e.*, whether or not Defendant Johnson negligently and/or wantonly caused the subject accident.

2.  Currently pending before the Court is the Defendants' Motion for Partial Summary Judgment (Doc. No. 16). In the Motion, the Defendants are seeking dismissal of the Plaintiff's claims for the alleged negligence and/or wantonness of

USA Truck in hiring, retaining, and entrusting a tractor-trailer to Theodore Johnson and otherwise failing to follow the Federal Motor Carrier Safety Regulations ("FMCSR"). If the Motion is granted, then said claims will be dismissed and any evidence relating to the claims will therefore be irrelevant.

    3.    Also pending before the Court is the Defendants' Motion for Separate Trials (Doc. No. 62). In this Motion, the Defendants request that–if their Motion for Partial Summary Judgment (Doc. No. 16) is denied–the Court order separate trials and thereby require that the claims against USA Truck for entrustment/hiring/retention/negligence be tried separately from the claims against Theodore Johnson for negligent and wanton driving. If this Motion is granted, then the evidence relating to Mr. Johnson's alleged "incompetence" would only be relevant and admissible in the trial of the entrustment/hiring/retention/negligence claims against USA Truck and would not be admissible in the trial of the negligent/wanton driving claims against Mr. Johnson.

    4.    If either of the pending motions (Doc. Nos. 16 and 62) are granted, then the above-described evidence is due to be excluded from the trial of the negligent/wanton driving claims against Mr. Johnson on the following grounds:

    a.    The evidence is irrelevant to the issues to be tried and is therefore due to be excluded under Rules 401 and 402 of the Federal Rules of Evidence.

    b.    Even if relevant, the evidence is so inflammatory that its probative value is substantially outweighed by the danger of unfair prejudice to the Defendants, requiring exclusion under Rule Fed. R. Evid. 403.

    c.    Such evidence would be improper character evidence of other crimes, wrongs, or acts offered to show action in conformity therewith. Fed. R. Evid. 404(b).

WHEREFORE, premises considered, the Defendants respectfully move this Court to exercise its inherent power over the conduct of trials and order Plaintiff, his attorneys, and every one of his witnesses not to mention the above-described evidence during the course of the trial, including but not limited to, *voir dire* questioning of the venire, opening statement, questioning of witnesses, testimony, closing argument or remarks of any kind, without first securing the prior permission of the Court.

Respectfully submitted,

s/ Lea Richmond, IV
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

I do hereby Certify that on the 7th day of January, 2008, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn, Esq.
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred, Esq.
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

                                        s/ Lea Richmond, IV
                                        **OF COUNSEL**