# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

LANDRIA BRITT, as　　　　　　　)
ADMINISTRATRIX of the　　　　　)
ESTATE OF JOHN W. BRITT,　　　)
deceased,　　　　　　　　　　　)　　　　**Case No. 2:06cv868-ID-CSC**
　　　　　　　　　　　　　　　　)
　　　　　　**Plaintiff,**　　　　)
　　　　　　　　　　　　　　　　)
**v.**　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
**U S A TRUCK, Inc.; THEODORE** )
**LEVERNE JOHNSON; et al.,**　　 )
　　　　　　　　　　　　　　　　)
　　　　　　**Defendants.**　　　 )

---

## DEFENDANTS' SECOND MOTION IN LIMINE
## (INSURANCE COVERAGE)

---

COME NOW the Defendants and move this Court, in limine, for an Order precluding improper remarks regarding their liability insurance coverage or its policy limits, or the lack thereof,  showing as follows:

During the trial of this case, it is possible that the Plaintiff may refer to Defendants' liability insurance coverage.  The existence of such coverage or the policy limits applicable simply have no relevance to this matter.  Rather, the only possible use of such evidence is to unfairly prejudice Defendants in the eyes of the

1

jury. Accordingly, any evidence of or reference to the existence of Defendants' insurance coverage or its limits must be excluded from these proceedings.

"Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411; see also Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982); Kiernan v. Van Shaik, 347 F.2d 775 (3rd Cir.1965)(holding that the trial court was correct in barring statement containing reference to insurance on relevancy and public policy grounds); Bowie v. Sorrell, 1113 F.Supp. 373, (D.C. 1953)("that evidence as to insurance coverage is inadmissible and prejudicial to defendant and the admission of such testimony or argument of counsel disclosing insurance coverage is reversible error.")

The Federal Courts recognize that "evidence directly or indirectly showing or tending to show that the defendant in a personal injury or death action carries liability insurance, protecting himself against liability to third persons on account of his own negligence, is not admissible." 29 Am Jur 2nd Evidence § 487(citations omitted). Of the rationales supporting the general exclusionary principle, the most prevalent is that the mention of insurance coverage will induce juries in close cases to opt for a finding of liability, where otherwise they might find non-liability, out of sympathy against a defendant not thought personally responsible for paying any judgment. 29 Am Jur 2nd

Evidence § 484.  Thus, evidence of or reference to the existence or non-existence of Defendants' insurance coverage or its limits should be excluded because it is irrelevant, unfairly prejudicial, and would confuse the issues and mislead the jury.

Based on the foregoing reasons, Defendants respectfully request that the Court issue an Order excluding from trial any evidence of or reference to the existence or non-existence of Defendants' insurance coverage or limits of any such coverage.

Respectfully submitted,

s/ Lea Richmond, IV
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

I do hereby Certify that on the 7th day of January, 2008, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn, Esq.
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred, Esq.
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

s/ Lea Richmond, IV
**OF COUNSEL**

4