# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as ADMINISTRATRIX of the ESTATE OF JOHN W. BRITT, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) |
| U S A TRUCK, Inc.; THEODORE LEVERNE JOHNSON; et al., | )<br>) |
| Defendants. | ) |

Case No. 2:06cv868-ID-CSC

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANTS' EXPERT / MOTION TO STRIKE EXPERT

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"), and respond to the Plaintiff's "Motion to Compel Deposition of Defendants' Expert / Motion to Strike Expert" (Doc. No. 68) as follows:

1.   The sole ground for the Plaintiff's motion appears to be that Defendant Theodore Johnson's post-accident drug test was not produced by the Defendants until October 30, 2007, which was four days after the deposition of the Defendants' toxicology expert, Dr. Andrew Mason. The Plaintiff claims that she would be

prejudiced by not being allowed to question Dr. Mason regarding Defendant Johnson's test results. Even assuming the Plaintiff had no knowledge of or ability to obtain the test prior to October 30, 2007, this argument is baseless.

     2.    Dr. Mason is the Defendants' expert–not the Plaintiff's–and was retained to offer toxicology opinions regarding the post-accident drug test of the Plaintiff's decedent, John Britt, which was "positive" for marijuana. Dr. Mason was not hired by the Defendants to offer any opinions regarding the post-accident test of Defendant Johnson. Accordingly, any questioning of Dr. Mason regarding Mr. Johnson's test would be beyond the scope of Dr. Mason's retention and therefore beyond the scope of permissible expert discovery.

     3.    Rule 26(a)(2) of the Federal Rules of Civil Procedure establishes the permissible scope of expert discovery. The Rule provides that the opposing party is entitled to "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). The Plaintiff has already been provided this information–both through the Defendants' expert disclosures and through the deposition of Dr. Mason on October 26, 2007. Unless as rebuttal to the Plaintiff's expert (as discussed below), Dr. Mason will not "express" opinions regarding Defendant Johnson's test at trial.

4. The Plaintiff has never disclosed a toxicology expert of her own. Accordingly, it is clear that the Plaintiff is now trying to turn Dr. Mason into her expert by forcing him to answer questions regarding Defendant Johnson's test. This is beyond the purposes for which the Defendants hired Dr. Mason and is an improper use of expert discovery. If the Plaintiff wants expert opinions regarding Mr. Johnson's test, then the Plaintiff's remedy is to hire her own expert–not to convert the Defendants' expert to her own use.

5. Even though the deadline for the Plaintiff to do so has long passed, the Defendants have not opposed the Plaintiff hiring a toxicology expert. Still, the Plaintiff has not disclosed such an expert. If the Plaintiff ever discloses such an expert to evaluate Defendant Johnson's test, then Dr. Mason would only offer rebuttal opinions in response. It would be improper for the Plaintiff to force Dr. Mason to give his rebuttal opinions before the Plaintiff offers primary opinions through her own expert. If the Court were to allow this to happen, it would effectively reverse the parties' burden of proof on Johnson's test and reverse the proper order of expert disclosure.

6. The Defendants still invite the Plaintiff to hire a toxicology expert of her own–so long as said expert's opinions (and all other Rule 26 information) are fully disclosed a reasonable time prior to trial, said expert is made available for deposition

a reasonable time prior to trial, and the Defendants are permitted to offer rebuttal testimony.

7.     As a separate issue, Defendant Johnson's post-accident test was a urine-based test and should not even be admissible at trial. [See Defendants' Third Motion In Limine, Doc. No. 79].  Accordingly, forcing Dr. Mason to be re-deposed regarding the test would be futile and a waste of all parties' time and money.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request this Honorable Court to enter an order denying the Plaintiff's motion (Doc. No. 68).

Respectfully submitted,

s/ Lea Richmond, IV
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

**CERTIFICATE OF SERVICE**

      I do hereby Certify that on the 7th day of January, 2008, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn, Esq.
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred, Esq.
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

                                                    s/ Lea Richmond, IV
                                                    **OF COUNSEL**