IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, <br><br> *Plaintiff,* <br><br> vs. <br><br> U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.,* <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br><br> CIVIL ACTION NO. 2:06cv868-ID-CSC |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DELAY TRIAL

NOW COMES LANDRIA BRITT TYLER, Administratrix of the Estate of JOHN W. BRITT, Deceased, the plaintiff, and opposes the defendants' motion to delay the trial of this case by offering her objections to defendants' motion as follows:

1. Sharp practices by the defendants have caused the discovery issues cited in defendants' motion (Doc. 74) to exist. The defendants withheld evidence from the plaintiff and failed to cooperate with scheduling and taking of depositions, which practices made it necessary for the depositions listed in Paragraph 3 of defendants' motion (Doc. 74) to be necessary.[1]

---

[1] The details of defendants' resistance to plaintiff's discovery efforts are detailed in plaintiff's Motion for Sanctions (Doc. 23) filed October 9, 2007, now pending before this Court, and include the necessity of sending a total of eight notices for the defendants' depositions after 17 contacts for scheduling.

2. The plaintiff can be ready to try this case on January 28, 2008, which is the date that was assigned for trial when Judge DeMent issued the Uniform Scheduling Order on November 27, 2006.

3. It is, however, true that there are some important motions pending before the Court, the resolution of which will have an impact on the trial and the plaintiff would, of course, defer to the Court's judgment on scheduling due to those pending motions.

4. However, the Court should be aware that the defendants have withheld evidence from the plaintiff and have engaged in sharp practices which have delayed preparation for trial and have resulted in increased expense for the plaintiff. The evidence withheld from the plaintiff included Defendant Johnson's positive marijuana test. Those test results were not produced to the plaintiff until October 31, 2007, even though a request for production had been filed seeking post-accident drug tests on the defendant driver, on September 6, 2006, or 13 months before the positive result was produced.

5. The plaintiff therefore, did not know of that issue when defendants' expert, Mason, was deposed on Friday, October 26, 2007 in Boone, North Carolina. Therefore, the plaintiff did not ask Mason, who the defendants contend is a marijuana expert, questions about the particulars of Defendant Johnson's marijuana level. For instance, Defendant Johnson had a marijuana level of 117 ng/ml on a sample taken the morning after the plaintiff's husband was killed. The plaintiff's husband had a level of 5.3 ng/ml. Mason, the defendants' expert, has given an opinion that the plaintiff's husband, at 5.3 ng/ml, was "impaired"; however, Defendant Johnson's level was over 22 times that of the plaintiff's

husband, but since the defendants withheld the defendant's marijuana test from the plaintiff, plaintiff's counsel did not know at Mason's deposition to ask him about Johnson's marijuana level.

6. Interestingly, after Mason's deposition on October 26th, the defendants, on Tuesday, October 30, 2007, mailed additional documents responsive to plaintiff's September 6, 20<u>06</u> request for production, which included Johnson's marijuana test, and those documents were received by plaintiff's counsel on October 31, 2007, which is the Wednesday **after** Mason's deposition was taken on Friday, October 26, 2007 in Boone, North Carolina.

7. Other evidence was withheld as well. Defendant Johnson had given a statement to the Montgomery Police Department the night of the fatal collision in which he admitted having smoked marijuana and the defendants withheld that information until Wednesday, October 24, 2007, which was one week to the day **after** defendants' expert, Van Calhoun, was deposed on Wednesday, October 17, 2007.

8. Further information regarding the necessity of the depositions listed in defendants' Doc. 74, Paragraph 3(A)-(H), is as follows:

> (A)-(C)  The depositions of Plaintiff Landria Britt Tyler, Savannah Britt, and Ashley Britt:
>
> The plaintiff has been available for deposition at the convenience of the defendants and, in fact, by correspondence dated April 6, 2007, plaintiff's counsel invited the defendants

                to depose Landria Britt on April 18, 2007, which was one of the dates that plaintiff's counsel had suggested for the depositions of the defendants. (See Exhibit A attached hereto.) Nothing was ever done by the defendants to schedule the plaintiff's deposition, but she has been available upon reasonable request. The plaintiff's two daughters similarly can be available and since all of these depositions would be short, and the defendants have simply failed to take the depositions, the trial should not be delayed for reasons involving these three depositions.

(D)-(E)      The depositions of Dr. Paredes/Robusky and Dr. Labay:

                The defendants have known from the outset in the case that the plaintiff would not stipulate to the admission of the NMS test results, which are the subject of the Paredes/Robusky/Labay depositions. In fact, the defendants' counsel on July 16, 2007 requested that plaintiff's counsel respond "in writing" as to whether or not the plaintiff would oppose the NMS documents and plaintiff's counsel responded on July 29, 2007 that no such stipulation would be agreed upon by the plaintiff (see Exhs. B and C).

-4-

(F)  The re-deposition of Mason:

This deposition is made necessary solely due to the sharp practices of the defendants as detailed in the plaintiff's motion to compel now pending before this Court (Doc. 68).

(G)  The deposition of Mike Neal:

Mike Neal is the former Director of Safety of Defendant U S A and was the employee selected by Defendant U S A Truck, Inc. to sign Defendant U S A's interrogatory responses on behalf of that defendant. The plaintiff noticed the deposition of Mike Neal and the U S A 30(b)(6) representatives for November 2, 2007 in Van Buren, Arkansas. Those notices were sent to the defendants on October 22, 2007. However, when plaintiff's counsel arrived in the deposition room on Friday, November 2, 2007, the defendants informed at that time that Mr. Neal would not be present and during the ensuing U S A depositions taken that day, the plaintiff learned that, in fact, Mike Neal had left the employment of U S A on or about August 3, 2007, which was three months prior to the depositions. Moreover, plaintiff's counsel has learned that Mr. Neal continued to reside in Fort Smith, Arkansas until approximately the last week in December, 2007. If the

        defendants had not withheld from the plaintiff the information that Mike Neal was no longer employed with U S A, plaintiff could have attempted to subpoena him for deposition to be taken in Fort Smith on the same date as the other U S A depositions.

(H)     Deposition of Brian Brunelli.

        Mr. Brunelli is the Lab Director for Quest Diagnostics, which is a company hired by Defendant U S A Truck to conduct post-accident drug testing on its employees in compliance with DOT regulations. Mr. Brunelli's deposition is made necessary at this time because the defendants withheld from the plaintiffs the information about Defendant Johnson's positive drug test until October 30, 2007.

9.     The defendants, in their motion (Doc. 74), also cite their desire to settle the case, however, it is obvious that defendants' lack of good faith and fair dealing, as well as violation of the *Federal Rules of Civil Procedure* by withholding evidence from the plaintiff has made more difficult the process of attempting to address settlement.

WHEREFORE, THE PREMISES CONSIDERED, the plaintiff respectfully requests that the Court order and direct:

(a)     That the defendants' named expert, Mason, be submitted for re-deposition by the plaintiff;

(b)     That the Court enter such further Orders as to the scheduling of the trial as the Court deems appropriate and equitable, the foregoing considered.

Respectfully submitted,

/s/ *David E. Allred*
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th day of January, 2008 electronically filed the foregoing *Plaintiff's Opposition to Defendants' Motion to Delay Trial* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216

/s/ David E. Allred
OF COUNSEL

# DAVID E. ALLRED, P.C.
*ATTORNEY & COUNSELOR AT LAW*

7030 FAIN PARK DRIVE, SUITE 9
MONTGOMERY, ALABAMA 36117
POST OFFICE BOX 241594
MONTGOMERY, ALABAMA 36124-1594

TELEPHONE: (334) 396-9200
FACSIMILE: (334) 396-9977

**DAVID E. ALLRED**
*Board Certified Civil Trial Specialist*
*National Board of Trial Advocacy*

E-MAIL:   dallred@allredpclaw.com

April 6, 2007

Thomas L. Oliver, II, Esq.
Lea Richmond, IV, Esq.
**CARR ALLISON, P.C.**
100 Vestavia Parkway
Birmingham, Alabama 35216

*By Facsimile* (205) 822-2057

   Re:   <u>Landria Britt, etc. v. U S A Truck, Inc., et al.</u>
          U. S. District Court, Middle District, Northern Division
          Civil Action No. 06-cv-868-ID-CSC

Dear Lawyers:

   Since I did not receive a response from anyone about deposition dates, I have noticed the depositions of the driver and the 30(b)(6) representative of U S A for April 18th starting at 10:00 a.m. at my office. I really did not want to notice it, but I could not get either of you to respond to my requests about deposition dates, therefore, I had no choice.

   I have also enclosed a draft of a motion to compel in the case which I plan to file unless I get responses to the discovery requests that Kenny filed back in September, 2006. I really do not want to have to file that motion to compel either, so I hope that you will respond.

   There had been some discussion about taking the deposition of Landria Britt and we will certainly get her available. I would anticipate her deposition to be short and if you want to take it on the 18th, that is agreeable with us. I plan to get a court reporter for the driver and the U S A deponents.

                                             Yours truly,

                                             **COPY**

                                             David E. Allred

DEA/bgf
Enclosures
cc:   Kenneth J. Mendelsohn, Esq. (*By Facsimile* (334) 213-5663)


EXHIBIT A



100 Vestavia Parkway
Birmingham, AL 35216
Phone (205) 822-2006
Fax (205) 822-2057
www.carrallison.com

Lea Richmond, IV
Direct Dial (205) 949-2919
LNR@carrallison.com

July 16, 2007

David E. Allred, Esq.
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

    RE:    Landria Britt v. U S A Truck, et al.
             In the United States District Court, Middle District of Alabama
          Case No.:    2:06cv868-ID-CSC

Dear David:

    With regard to the toxicology results from National Medical Services, Inc., ("NMS"), for the decedent, please advise in writing whether you will stipulate to the chain of custody outlined in the enclosed Litigation Packet I received from NMS. I understand that your objection to the toxicology results has to do with the accuracy and the reliability of the tests performed, not the technical chain of custody. According to NMS, technically proving the chain of custody would involve as many as ten depositions, or more. On the other hand, testimony as to the methodology and reliability of the tests used might only require one or two depositions. I simply do not want anyone to incur the unnecessary cost involved in technically proving the chain of custody. Please advise.

                        Very truly yours,

                        Lea Richmond, IV

LR,IV/lkt
Enclosure

**EXHIBIT B**



## David Allred

**From:** David Allred
**Sent:** Sunday, July 29, 2007 4:48 PM
**To:** 'lnr@carrallison.com'
**Cc:** 'tlo@carrallison.com'
**Subject:** Landria Britt v. USA Truck, Theodore Laverne Johnson

Lea:
This will advise that we are not in a position to stipulate to any issues regarding NMS.
David

DAVID E. ALLRED
DAVID E. ALLRED, P.C.
7030 FAIN PARK DRIVE
MONTGOMERY, ALABAMA 36117
P.O. BOX 241594 (36124-1594)
TELEPHONE: 334-396-9200
FACSIMILE:   334-396-9977
E-MAIL:       DALLRED@ALLREDPCLAW.COM



EXHIBIT C

1/7/2008