IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LANDRIA BRITT, as | ) | |
| ADMINISTRATRIX of the | ) | |
| ESTATE OF JOHN W. BRITT, | ) | |
| deceased, | ) | Case No. 2:06cv868-ID-CSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U S A TRUCK, Inc.; THEODORE | ) | |
| LEVERNE JOHNSON; et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT**

_____

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**, (hereinafter "Defendants"),and, in accordance with this Court's December 20, 2007 Order, submit their responsive supplemental brief in support of their Motion for Partial Summary Judgment, stating as follows:

## I. __INTRODUCTION__

On September 4, 2007, the Defendants moved for summary judgment as to all claims except the Plaintiff's negligence claim.  The Court deferred its ruling as

to Counts II-V, which include claims of negligent/wanton entrustment and negligent hiring, supervision and retention, asking for supplemental briefing from the Plaintiff outlining "all evidence upon which she relies to prove Johnson's incompetence and how that evidence demonstrates Johnson's inability to properly drive a vehicle."

From Plaintiff's brief, it is clear that the evidence on which she relies is not enough to create a fact question as to Mr. Johnson's driving ability. Upon analysis, the Court will see that the Plaintiff is attempting to "make a mountain out of a molehill," and that **most of the violations to which she points do not have anything to do with Mr. Johnson's ability to drive safely.** Since the Plaintiff fails to provide substantial evidence that Mr. Johnson was an incompetent driver, summary judgment for Defendants on Counts II-V is proper.

## II.  ARGUMENT AND CITATION TO AUTHORITY

### THE EVIDENCE ON WHICH THE PLAINTIFF RELIES DOES NOT SUFFICE UNDER ALABAMA LAW TO PRECLUDE SUMMARY JUDGMENT ON COUNTS II-V.

"The doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with manifestations of the incompetence of the driver as a basic requirement of a

negligent entrustment action." Mason v. New, 475 So. 2d 854, 856 (Ala. 1985) (citations omitted). The same is true of the doctrines of negligent hiring, supervision and retention. See Voyager Ins. Cos. v. Whitson, 867 So. 2d 1065, 1073 (Ala. 2003) ("A party alleging negligent or wanton supervision and hiring must also prove the underlying wrongful conduct of employees.") (citations omitted); and Gardner v. State Farm Mut. Automotive Ins. Co., 842 So. 2d 1, 10 (Ala. Civ. App. 2002) (a plaintiff alleging negligent retention must present substantial evidence of repeated, specific acts of incompetency).

In her supplemental brief, the Plaintiff submits the following to support her allegation that Mr. Johnson was an incompetent driver: (1) the moving violations listed in Mr. Johnson's employment application; (2) the September 2005 service errors record referencing the 70 hour rule; and (3) the fact that he had a broken windshield at the time of the subject accident. As the Court knows, she has also earlier submitted the suspensions of Mr. Johnson's driver's license. **For the reasons outlined below, this evidence is either irrelevant or insufficient under Alabama law, and the Plaintiff fails to meet her burden of showing the substantial evidence of incompetence required of her.** Thus, her claims of negligent/wanton entrustment and negligent hiring, supervision and retention should not be allowed reach a jury.

### A.    Mr. Johnson's Prior Moving Violations Are Not Sufficient To Support The Plaintiff's Allegation Of Incompetency.

First, Plaintiff points to the four (4) minor moving violations for which Mr. Johnson had been cited in the ten (10) years prior to the subject accident.[1]  Mr. Johnson complied with the request to list each of these violations in the appropriate section on his application for employment with USA Truck.  See Britt/USA Truck00295, a copy of which is attached hereto as Ex. 3.  These citations – for (1) improper passing[2], (2) inattentive driving[3], (3) speeding (74 in a 65); and (4) improper lane direction – can hardly be said to indicate that Mr. Johnson's operation of a truck posed an "unreasonable risk of physical harm to himself and others" as contemplated by the Alabama Supreme Court in Pryor v. Brown & Root USA, Inc., 674 So. 2d 45, 51 (Ala. 1995) (following Keller v. Kiedinger, 389 So.

---

[1]  "3.   For each traffic violation you have had for ten years before this collision, give the date and location of the alleged violation and the result of any citation.
**RESPONSE:  To the best of my recollection:**
       **5/05: Delaware: Improper lane direction; paid fine.**
       **3/05: Delaware:  Speeding; paid fine.**
       **5/04: Delaware: Inattentive driving; paid fine.**
       **10/02:  Delaware:  Improper passing; paid fine.**"
Resp. of Theodore Leverne Johnson to Pl.'s First Interrogs., a copy of which is attached hereto as Ex. 1.  See also, Johnson's MVR, Britt/USA Truck00195, a copy of which is attached hereto as Ex. 2.

[2]  Mr. Johnson passed on the shoulder of the road.  See Britt/USA Truck00303, a copy of which is attached hereto as Ex. 4.

[3]  Mr. Johnson was talking on a cell phone while driving.  See Britt/USA Truck00303.

2d 129 (Ala. 1980), in which Restatement (Second) of Torts § 390 (1965), was adopted as the law in Alabama).

As in the case at bar, the plaintiff in <u>Pryor</u> alleged negligence on the part of the employer because of the employee's prior driving record. <u>Id</u>. That driver employee had been charged with DUI <u>and</u> had received two speeding tickets during the 10 years before that accident. <u>Pryor</u>, 674 So. 2d at 51. That court affirmed summary judgment for the defendant employer. The <u>Pryor</u> court held that the employee's "prior driving record – two speeding tickets and a suspended prosecution of a DUI charge over a 10 year period – [was] not sufficient to support a claim of negligent entrustment" because the plaintiff "failed to present substantial evidence that [the employee] was an incompetent driver." 674 So. 2d at 52.

In the present case, Mr. Johnson's driving record does not include any serious charges such as driving under the influence, but only reflects tickets for such minor trespasses as traveling nine (9) miles over the speed limit (74 in a 65) and talking on his cell phone while he was driving.[4] Comparing Mr. Johnson's ten-year driving record to that of the employee in <u>Pryor</u>, it is easy to see that Mr. Johnson's record -- with nothing serious like a DUI, only one relatively minor

---

4 We would expect that in today's culture, one would be hard-pressed to find an American driver who has <u>not</u> committed at least one of these two offenses in the past ten years!

speeding ticket and three minor moving violations -- does not support the Plaintiff's claims against USA Truck in Counts II-V. Summary judgment should issue on those claims.

> **B.    The Plaintiff's Evidence Of A Possible 70 Hour Rule Violation Is Not The Substantial Evidence Of Incompetence Required To Support Counts II-V Of Plaintiff's Complaint.**

An internal audit by USA Truck of Mr. Johnson's September 2005 entries on the company's TDSM (Trip Data Safety Management) computer system indicated that he may have driven in excess of the 70 hour rule over seven (7) consecutive days during that month (September 20-27, 2005). <u>See</u> Britt/USA Truck00370, a copy of which is attached hereto as Ex. 5. USA Truck's internal audits consisted of entry clerks manually entering the information from drivers' logs into the TDSM. Log auditors were then responsible for reviewing the drivers' logs and counseling drivers over the telephone as to possible errors and proper entry of hours of service on their logbooks. Affidavit of Casey Hansen, ¶ 4, attached hereto as Ex. 6.

In her supplemental brief, the Plaintiff grossly misconstrues the computer-generated listing of service errors resulting from this audit, stating that "USA concluded in that audit that Johnson had falsified his logs and that, in fact, for

seven days in a row, Johnson had operated a USA truck in violation of DOT Regulations by exceeding the 70 hour rule." Pl.'s Supplemental Brief, pg. 3. This is simply not true.

As quoted in Footnote 2 of Plaintiff's brief, this document reflects no such conclusions, but simply notifies Mr. Johnson that "Due to log falsifications **OR ERRORS**, you have been moved to Phase 1." (emphasis added). Britt/USA Truck 00370, Ex. 5. This language in no way indicates a finding on the part of USA Truck that Mr. Johnson had, in fact, falsified his logs or violated the 70 hour rule, but simply that a service error was noted. Hansen Aff., ¶ 7, Ex. 6; Britt/USA Truck00370. In fact, USA Truck made no conclusions or findings of any kind based upon the information in Britt/USA Truck00370. Id. at ¶ 8. Instead, the company used this listing of service errors to counsel Mr. Johnson as to possible errors and to proper entry of hours of service on his logbooks. Id.

When USA Truck's TDSM audits show consecutive service errors referencing the 70 hour rule, such as those noted on Britt/USA Truck00370, this can represent either an error on the part of (1) the driver, (2) the entry clerk, or (3) the log auditor, or a possible violation of the rule. Hansen Aff. at ¶ 5. Thus, the notations on Britt/USA Truck00370 do not necessarily represent that a 70 hour rule

violation occurred; they could reflect nothing more than an entry error on the part of Mr. Johnson or the entry clerk, or an error by the log auditor. Id. at ¶¶ 5-6.

Moreover, the Department of Transportation does not utilize the TDSM system or printouts such as Britt/USA Truck00370 in determining compliance with hours of service requirements under the Federal Motor Carrier Safety Regulations. Hansen Aff. at ¶ 9. Instead, the DOT utilizes each driver's written logs to determine compliance with requirements such as the 70 hour rule.

As proof that Mr. Johnson was an incompetent driver, the Plaintiff points to an internal listing of service errors that could be the result of one or more data entry errors. This is hardly the substantial evidence the Plaintiff must bring in order to survive summary judgment under Alabama law. <u>She has made no showing that Mr. Johnson actually violated the 70 hour rule at any time during his tenure with USA Truck.</u>

**C.     A Broken Windshield Is Not Evidence Of Driver Competency Under Alabama Law.**

The Plaintiff also submits the fact that the windshield of the truck Mr. Johnson was driving at the time of the subject accident was broken. Although the Plaintiff is correct in stating that a broken windshield is a defective one under DOT

regulations, her logic thereafter breaks down in her attempt to make the fact that Mr. Johnson's windshield was defective somehow mean that Mr. Johnson was "a completely incompetent driver."

**The Alabama Supreme Court has made it quite clear that where driver competence is the question, actual driving ability is the only issue.** Halford v. Alamo Rent-A-Car, LLC, 921 So. 2d 409, 415 (Ala. 2005) ("Our caselaw demonstrates, however, that we are solely concerned with a person's actual driving ability . . ."). The Halford court reaffirmed the proper method under Alabama law of determining the competence or incompetence of one to whom an automobile is entrusted: "the presentation of evidence relevant to that person's mental and physical abilities and his or her prior driving experience and record." 921 So. 2d at 417. Evidence that Mr. Johnson's windshield was broken has absolutely no relevancy to his ability to drive or his prior driving experience and record. Therefore, it should be disregarded as to the question of his competency, and the Plaintiff's claims dismissed as a matter of law.

**D.    Evidence Of The Suspensions of Mr. Johnson's Driver's License Is Not Probative Of His Competency As A Driver.**

As the Court outlines in its Order, Mr. Johnson has had his driver's license suspended for failure to appear in court and failure to maintain insurance on his personal vehicle.  <u>See</u> Britt/USA Truck 00295, Ex. 3; Johnson's Resp. to Pl.'s First Interrogs., No. 6, Ex. 1.  Each of these suspensions is based on a nonmoving violation, as the Court has surmised, and the Plaintiff has certainly failed to prove otherwise.

The Court is correct as to the instructiveness of the decision in <u>Halford v. Alamo Rent-A-Car, LLC</u>, 921 So. 2d 409, 415 (Ala. 2005), despite the fact that the Plaintiff now points to other evidence in her supplemental brief to try to avoid it. <u>Halford</u> remains illustrative since the Alabama Supreme Court faced a quite similar situation to the instant one, in that the driver involved had her license suspended for failure to appear in court on more than one occasion.  921 So. 2d at 414.  The <u>Halford</u> driver's license had been suspended twice for failure to appear and to pay a fine for a traffic violation.  <u>Id</u>.  Faced with this evidence, the <u>Halford</u> court reasoned that "As concerns [the driver's] actual ability to properly operate a motor vehicle, then, both suspensions appear to be administrative in nature -- not related to [the driver's] actual driving habits or abilities." <u>Id</u>.

The court in <u>Halford</u> held the following:

> "Under our caselaw, we cannot conclude that evidence that Williams's driver's license had been suspended or evidence indicating that such a suspension had previously occurred constitutes substantial evidence of Williams's incompetence as a driver. This conclusion is supported by the fact that details in the record are sparse about the nature of the first suspension. There is no information about the nature of the violation for which Williams was cited in 1993. Without further knowledge of the nature of Williams's first traffic violation, we cannot determine whether the underlying conduct indicated any incompetence in driving a vehicle or whether the violation was, like the second, a nonmoving one. The burden of presenting such evidence was upon the plaintiffs, and because we have no further information beyond the fact of the 1993 traffic violation, we do not deem the evidence presented to be substantial evidence indicating Williams's incompetence."

921 So. 2d at 414.

Just like the situation in <u>Halford</u>, the proffered evidence of Mr. Johnson's driver's license suspensions is accompanied by related evidence indicating that he had been previously licensed.  <u>See</u>, <u>e.g.</u>, Britt/USA Truck00195.  Therefore, he had necessarily passed the required licensing test, which goes to prove his competency.  <u>Id</u>.  Even more, Mr. Johnson's driver's license was valid at the time of the accident (<u>id</u>.), unlike that of the driver in <u>Halford</u>, so evidence of Mr. Johnson's suspensions

are even less probative in the instant case, since the Plaintiff has failed to show that they indicate any incompetence in driving a vehicle.

The Plaintiff, in her supplemental brief, quotes heavily from <u>Mason v. New</u>, 475 So. 2d 854 (Ala. 1985), but the facts in that case differ drastically from the one at bar such that any reliance by her is misplaced.  This is because, very much unlike Mr. Johnson, the defendant driver in <u>Mason</u> had no license at the time of the subject accident due to the fact that she could not pass her written driver's test.  <u>Id</u>. at 855.  The <u>Mason</u> court held that evidence of the driver's "lack of a driver's license and three-time failure of her driver's license test prior to the accident, although not conclusive, was probative of her possible inexperience and lack of skill."  <u>Id</u>. at 856.

Here, Mr. Johnson had passed his driver's license exam and had a valid Delaware commercial driver's license at the time of the accident.[5]  On top of that, he had also passed the driving test given by USA Truck.  <u>See</u> Britt/USA

---

5 <u>See</u> Johnson's MVR, Britt/USA Truck00195, Ex. 2.  <u>See also</u>, Johnson's Resp. to Pl.'s First Interrogs., Ex. 1:

> "7.    How many commercial driving licenses did you possess at the time of the collision?
> **RESPONSE:  One.**
>
> 8.    Give the state, drivers license number and expiration date for each CDL you have ever had.
> **RESPONSE:  Delaware; 1300631; 1/25/2009."**

Truck00284, a copy of which is attached hereto as Ex. 7; Britt/USA Truck00331-332, copies of which is attached hereto as Ex. 8. Therefore, in contrast to the situation before the Mason court, the Plaintiff has failed to show how the fact that Mr. Johnson did not possess an active license on a few occasions would in any way be probative of a lack of driving experience or skill. The Plaintiff's claims contained in Counts II-V are factually unsupported and should be disposed of on summary judgment.

## III. CONCLUSION

It is obvious upon examination that the evidence proffered by Plaintiff is insufficient to support her claim that Mr. Johnson was an incompetent driver. Here, the Plaintiff attempts to make a big deal of what really does not amount to much and certainly does not amount to the substantial evidence of incompetence needed to meet her burden so that her allegations of negligent entrustment, hiring, retention, or supervision can go forward. The Plaintiff has not overcome the Defendants' *prima facie* showing that there is no genuine issue of material fact regarding Counts II-V. Therefore, the Defendants' motion for summary judgment should be granted as to those claims.

s/ Lea Richmond, IV
Thomas L. Oliver, II (ASB-3153-r53t)
Lea Richmond, IV (ASB-8479-l74r)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

<u>**CERTIFICATE OF SERVICE**</u>

I, Lea Richmond, IV, do hereby Certify that on the 8th day of January, 2008, a true and correct copy of the foregoing has been furnished by electronic mail using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn
**JEMISON, MENDELSOHN & JAMES**
1772 Platt Place
Post Office Box 241566
Montgomery, Alabama 36124

David E. Allred
**Law Offices of David E. Allred**
Post Office Box 241594
Montgomery, AL 36124-1594

s/ Lea Richmond, IV
**OF COUNSEL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as ADMINISTRATRIX )
of the ESTATE OF JOHN W. BRITT, )
deceased, )
                                 )       Case No. 2:06cv868-ID-CSC
           Plaintiff, )
                                   )
v. )
                                   )
U S A TRUCK, Inc; THEODORE )
LEVERNE JOHNSON; et al., )
                                   )
          Defendants. )

---

## RESPONSES OF THEODORE LEVERNE JOHNSON
## TO PLAINTIFF'S FIRST INTERROGATORIES

---

COMES NOW Defendant **Theodore Leverne Johnson** (hereinafter "the Defendant")

and, without waiving any of his previous general and specific objections to Plaintiff's First

Interrogatories, now responds to same as follows:

    1.     Please give your legal name, current address and age.

**RESPONSE:** **Theodore Leverne Johnson; 2 Canoe Ct., Newark, DE, 19702; 25 years old.**

    2.     Have you ever been convicted of any of the following driving offenses:

         a.     Driving a commercial motor vehicle while under the influence of alcohol

              where your blood alcohol concentration was 0.04 percent or more or

              driving under the influence of alcohol as prescribed by state law?

         b.     Refusing to undergo alcohol testing as required by any state or

              jurisdiction?

-1-

EXHIBIT 1

      c.     Driving a commercial motor vehicle while under the influence of a controlled substance?

      d.     Leaving the scene of an accident involving a commercial motor vehicle?

      e.     A felony involving the use of a commercial motor vehicle?

**RESPONSE: No.**

3.     For each traffic violation you have had for ten years before this collision, give the date and location of the alleged violation and the result of any citation.

**RESPONSE: To the best of my recollection:**

     **5/05: Delaware; Improper lane direction; paid fine.**

     **3/05: Delaware; Speeding; paid fine.**

     **5/04: Delaware; Inattentive driving; paid fine.**

     **10/02: Delaware; Improper passing; paid fine.**

4.     Have you ever been involved in any other motor vehicle collision in which you were driving and, if so, please give a brief description of each such collision including the name, address, and telephone number of all other persons involved, the date, place and time of the collision, the owner of the vehicle which you were driving, and the name and current address of the person who was at fault.

**RESPONSE: No.**

5.     Have you ever been cited by any law enforcement agency for violations related to a U S A Truck tractor trailer driven by you?

**RESPONSE: Yes.**

6.     If your driver's license has ever been suspended or revoked, please give the date, state and reason for same.

**RESPONSE: 11/10/04, 12/20/04 and 1/12/05 – all for failure to appear in court; Delaware.**

-2-

2/2/06 – failure to maintain insurance; Delaware - personal vehicle.

7.    How many commercial driving licenses did you possess at the time of the

collision?

**RESPONSE:  One.**

8.    Give the state, drivers license number and expiration date for each CDL you

have ever had.

**RESPONSE:  Delaware; 1300631; 1/25/2009.**

9.    Have you ever received an out of service order?  If so, state the violation, the

date received and the amount of fine and costs paid.

**RESPONSE:  To the best of my recollection, yes - air brake leak; New York, December of**

**2005.**

10.    Has the company for which you were driving at the time of the collision provided

you with a copy of the Federal Motor Carrier Safety Regulations?  Is (sic.) so, when?

**RESPONSE:  Yes; 7/30/05.**

11.    State the name of all liability insurance companies or carriers that protect you for

this accident, including your basic motor vehicle coverage and all excess or umbrella policies.

**RESPONSE:  The Defendant does not possess the information requested.**

12.    State the limits of insurance on each policy identified in the preceding

interrogatory.

**RESPONSE:  The Defendant does not possess the information requested.**

13.    At the time of the collision who were you acting on behalf of?

**RESPONSE:  USA Truck, Inc.**

14.    State the full name and owner of the vehicle you were driving at the time of the

collision.

RESPONSE: USA Truck, Inc.

    15.    At the time of the collision, who were you employed by?

RESPONSE: USA Truck, Inc.

    16.    Give the name and address of the person who gave you permission or authority to use the tractor-trailer on the day of the accident.

RESPONSE: USA Truck, Inc.

    17.    State the number of hours you had been on duty in the 24 hours before the collision.

RESPONSE: I cannot specifically recall. Please reference documents produced by USA Truck, Inc.

    18.    State the number of hours you had been on duty in the 7 days before the collision.

RESPONSE: I cannot specifically recall. Please reference documents produced by USA Truck, Inc.

    19.    State the number of consecutive hours and/or minutes you had been driving prior to the accident.

RESPONSE: To the best of my recollection, I had driven approximately 9 hours since the start of my day. I cannot recall how many hours/minutes I had driven since my last stop.

    20.    State each activity you were performing for the entire 7 day period leading up to the accident and include the amount of time for each such activity.

RESPONSE: The Defendant objects to the extent that this inquiry is overly broad and unduly burdensome. Additionally, the Defendant contends that the term "activity" is vague and ambiguous.

21.    State the purpose of the trip you were making at the time of the collision, from where you departed, and your intended destination.

**RESPONSE:  Purpose: delivery of freight from Amsterdam, NY, to Houston, TX.**

22.    Describe the exact route that you followed on the date of the collision from the point where your trip commenced to the point where the collision occurred.

**RESPONSE: On the date of the accident, I traveled from Haw River, NC, down Interstate 85 South through South Carolina and Georgia to Montgomery, Alabama.  In Montgomery, I merged onto Interstate 65 South and took the Southern Boulevard exit, making a left hand turn onto Southern Boulevard.  I then traveled on Southern Boulevard in an eastbound direction, under the overpass and approximately 1/8 of a mile until I entered the middle turn lane to make a left-hand turn into the eastern-most entrance of the TA truck stop.**

23.    State the exact time you left the place of departure.

**RESPONSE:  To the best of my recollection, I departed from a Pilot truck stop in Haw River, NC shortly after noon.**

24.    State each time, if any, you stopped between the time of departure and the time of the collision.

**RESPONSE: To the best of my recollection, I stopped at a rest area on the South Carolina border.  Later in the afternoon or early evening, I stopped at a Pilot truck stop on I-285 in Atlanta to get something to eat.**

25.    Did you deviate in any manner from your planned route prior to the collision?  If so, explain.

**RESPONSE:  No.**

26.    Describe in your own words how this collision occurred.

RESPONSE: I was making a left-hand turn into the parking lot of the TA Truckstop. I waited for oncoming traffic to clear and then initiated my turn across the three-lane road. John Britt's pickup truck and two other vehicles were all about the same, safe distance away. In the midst of my left-hand turn, I noticed that Mr. Britt's pickup was now significantly ahead of the other two oncoming vehicles. Mr. Britt's pickup entered my blind spot and the next thing I remember is feeling a jolt. I then looked out the left side mirror and witnessed Mr. Britt's vehicle exiting the underside of my trailer and saw that the cab of his truck had been sheared off.

27.    What type of maneuver were you making at the time of the collision?

RESPONSE: Left-hand turn.

28.    Why were you going to the T A Truckstop?

RESPONSE: To stop for the night.

29.    If you contend that John Britt was in any way negligent in causing this wreck, describe your position in detail.

RESPONSE: Yes. Mr. Britt was under the influence of illegal drugs at the time of the subject accident. He failed to slow down, brake, swerve or in any way attempt to avoid colliding with my vehicle.

30.    Identify all equipment in the cab of the tractor you were driving at the time of the collision that provided satellite communication or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

RESPONSE: Qualcomm.

-6-

31.    State the name, address and phone number of each person who witnessed or claims to have witnessed the collision.

**RESPONSE:**  **James Gregory Williams, 8851 Sky View Drive, Cottondale, AL 35423; 205-553-6265.**

**John Dill, 3901 Rivera Road, Montgomery, AL 36108; 334-284-2978.**

32.    Identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

**RESPONSE:**  **The identity of expert witnesses who will be called at trial has not yet been determined.  The Defendant reserves the right to supplement this response as discovery in this case and investigation of the subject accident develops.**

THEODORE LEVERNE JOHNSON

STATE OF _Delaware_ )

COUNTY OF _New Castle_ )

Before me, a Notary Public in and for said County, in said State, personally appeared _Theodore L. Johnson_ whose name is signed to the foregoing Response to First Interrogatories, and who is known to me or has provided proper identification and who, being by me first duly sworn and deposed, said that he has knowledge of the facts stated in the foregoing Interrogatories, and that the said facts as therein stated are true and correct.

Subscribed and sworn to before me on this the 20th day of _October_, 2007.

NOTARY PUBLIC
My Commission Expires: _09/17/2009_

EMERY T. GHOLSTON
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES SEPTEMBER 17  2009

-7-



# US MVR Express

Customer Name:         U S A Truck - Personnel (44028)
Actor Name:            Brenda Brantley ()
Customer Reference:
Customer Sub:                                                    46699427
SSN:                   221649506

```
================================================================================
                        .... M V R   R E P O R T ....
---------------------------------------------------------------------------
STATE: DELAWARE
                        D R I V E R   I N F O R M A T I O N
---------------------------------------------------------------------------
JOHNSON, THEODORE LEVERNE
18 STEPHANIE DR                    REF:
CHRISTIANA LANDING
BEAR(NEW CASTLE), DE 197010000
LICENSE: 1300631

DOB:01/25/82 SOC/SEC:              SEX:M HGT:5'03" WT:270 EYES:BRO  HAIR:
REQUESTED AS/ALSO KNOWN AS: JOHNSON 1300631 012582
---------------------------------------------------------------------------
                        D R I V E R   L I C E N S E   I N F O R M A T I O N
---------------------------------------------------------------------------
CLASS                ISSUED    EXPIRES   STATUS
---------------------------------------------------------------------------
CDL CLASS A          01/28/04 01/25/         VALID                RESTRICTIONS
                                         CDL: VALID
M I S C E L L A N E O U S / S T A T E   S P E C I F I C   I N F O R M A T I O N
---------------------------------------------------------------------------
CLASS: CDL-A=COMB VEH>26,000 GVWR, TOWED UNIT>10,001 GVWR
     ENDOR : N, T
ENDOR: N=TANK, T=DOUBLES/TRIPLES
ORGISS: 06/17/1999
MISC: IMAGE ON FILE Y IMAGE DATE 01/28/2004  ID CARD# 0000000  DUP 02
MISC: ORGAN DONOR N
MISC: DRIVER ED CODE C5  FUTURE ACTION R  COMMERCIAL TRANSFER 10/28/2002
MISC: TOT VIOLS 4  TOT POINTS 4
---------------------------------------------------------------------------
                        D R I V I N G   R E C O R D   I N F O R M A T I O N
---------------------------------------------------------------------------
TYPE V/S-DATE C/R-DATE DESCRIPTION
                                                                  V/C-CODE  PTS
CONV 04/22/05 05/25/05 DR PROPER LANE/DIRECTION
                       REFNUM:DRA33892  COMML VEH:0  HAZ MATL:0    4126 A3
CONV 02/20/05 03/29/05 CT:E7  FINE:02
                       SPEEDING 74 65
                       REFNUM:SPU37644  COMML VEH:0  HAZ MATL:0    4169
```

EXHIBIT 2

Britt/USA Truck00195

# DRIVING RECORD

## (To be completed by driver, maintenance, sales, or management applicants)

Has your license ever been suspended or revoked? ( ) YES (X) NO   If yes, explain:*_____

Have you ever been convicted of driving under the influence of alcohol or drugs? ( ) YES (X) NO   When?_____

Do you posses a commercial driver's license? Yes  What endorsements? All but Passenger  Restrictions? NONE  TANKER & DOUBLES/TRIPLES

Driver's License Number:* 1300631     State:* DE     Expiration Date:* 1·25·09

### LIST ALL DRIVER'S LICENSES HELD IN THE PAST THREE (3) YEARS

| State* | License Number* | Type | Expiration Date* |
|--------|-----------------|------|------------------|
| DE | 1300631 | CLASS A | 1/25/09 |
| DE | 1300631 | OP | GAVE UP |
| | | | |
| | | | |

### TRAFFIC VIOLATIONS
LIST ALL TRAFFIC CONVICTIONS, FORFEITURES, OR SUSPENSION OF LICENSE IN A MOTOR VEHICLE (other than parking violations) FOR THE PAST TEN (10) YEARS.  (If none, write NONE)*

| Date | Location (State) | Charge | For Speeding - List M.P.H. Over Limit | Penalty |
|------|-----------------|--------|---------------------------------------|---------|
| 10/02 | DE | Improper Passing | | Fine |
| 5/04 | DE | Inattentive Driving | | Fine |
| 3/05 | DE | Speeding | 74 in a 65 | Fine |
| 5/05 | DE | Improper lane Direction | | Fine |
| 11/04 | DE | Failed to appear in Court | | Suspension |
| 12/04 | DE | Failed to appear in Court | | Suspension |
| 1/05 | DE | Failed to appear in Court | | Suspension |

### ACCIDENT RECORD
LIST __ALL__ ACCIDENTS YOU HAVE BEEN INVOLVED IN WHILE OPERATING A TRUCK, CAR, OR MOTORCYCLE, OR OTHER MOTORIZED VEHICLE, INCLUDING PROPERTY DAMAGE. INCLUDE __ALL__ ACCIDENTS WHETHER AT FAULT OR NOT AT FAULT FOR THE PAST 10 YEARS.
(If none, write NONE)

| Date* | Type | Nature of Accident* (Head-on, etc.) | Were You At Fault? | Were You Ticketed? | Fatalities* | Injuries* | Amount of Property Damage |
|-------|------|-------------------------------------|--------------------|--------------------|-------------|-----------|---------------------------|
| | | NONE | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |

Britt/USA Truck00295

**RELEASE:** I hereby authorize release on my driving record to USA Truck, Inc., which will include but is not limited to the record of all accidents in which I have been involved and of all arrests and warning tickets which have been issued to me.

x _____
(Applicant Signature)

* D.O.T. Required

EXHIBIT 3     (4)

P. 3

Referral Source: Career Journal
Recruiter: Darnatia Holloway
*For Office Use Only*
School Code: _____
Recruiter Code: _____

**USA TRUCK**

**EXPRESS APPLICATION**
1-800-237-4642
Fax: 1-479-471-2646

OTR ✓    Student
School: _American driving School_
Location of School: _Newcastle DE_
Dates Attended: _8/02 to 8/02_
OK to run DAC : Yes ✓ No _____

Date: _____, 20____
Name: _Theodore  L  Johnson_
Address: (Street) _2 Canoe court_
City, State, & Zip: _Newark  DE 19702_
License No.: _1300631_          State: _DE_

SSN: _221 64 9506_
DOB: _01-25-82_  Ht: _6'3_  Wt: _265_
Phone: (_302_) _738-0652_
Haz-Mat: Yes _____ No ✓ Exp. Date: _____

**THE ESSENTIAL FUNCTION OF OUR ROAD DRIVER JOB IS:**
Must be available for work 24 hours per day, 7 days per week, working 70 hours in 8 days (drive a continuous 10 hours), be gone from principle
residence up to two weeks at a time.
We require ability to fingerprint (load/unload) cargo up to 75 pounds per item.
Our equipment requires: Dollying trailer, sliding tandems, pulling king pin and hood for pre-trip inspections and fueling the truck.
Must be legally able to enter/exit Canada.

Must be able to read and speak the English language sufficiently to converse with the general public, to understand highway traffic signs and
signals in the English language, to respond to official inquiries, and to make entries on reports and records.

Can you perform the job functions just described? Yes ✓  No _____
1. Are you a citizen of the United States: Yes ✓  No _____
2. Are you legally eligible for employment in the United States? Yes ✓  No _____  If no, do you have a Permanent Resident Alien Card? _____
3. How many days were you absent from work last year? _2_
4. Do you currently hold a DOT medical certificate? Yes ✓ No _____  Expiration Date: _____
   Any DUI's or other drug/alcohol related conviction? Yes _____ No ✓
   Any moving violations in the past 5 years? Yes ✓ No _____  (1) _Talkingon Cellar_ (2) _passing on shoulder_ (3) _____
   Has your license ever been suspended? Yes ✓ No _____  Explain: _Not paying tickets_
   Any accidents in the last 3 years? Yes _____ No ✓  Explain: _____
   Have you ever been convicted of a felony or criminal offense? Yes ✓ No _____  Explain: _2001 theft_
   May we contact your present employer? Yes ✓ No _____                     _01  no jail_
                                                                             _2yrs probation_

____ent or most recent employer: (Work History Last 10 Years)
____mpany Name: _Davis Company_
____ne: (_302_) _328-5100_                              City: _New Castle_  State: _DE_
____m _Sept '04_                       Contact: _James_
____ion: _Driver_                      To: ~~Present~~ Present _Present_
____ of Equipment Driven: _Straight truck_   # States: _2_
____n for Leaving: _Present_

____PLOYED:           Business or Personal Contact: _____
(Mo. Yr.) ___ To: ___ (Mo Yr)  Phone #: _____            Britt/USA Truck00303

*(Continued on Back)*                              H/R Revised: 5/01

**EXHIBIT 4**

USA TRUCK, INC
LOG ERRORS
FOR PERIOD: 09-01-2005 THRU 10-01-2005


JOHNSON, THEODORE LEVERNE 22164950 6          6519   16    B
------------------------------  ------------------          ----  -----  -----
DRIVER NAME                     EMPLOYEE ID NUMBER          UNIT  FLEET  GROUP


DUE TO LOG FALSIFICATIONS OR ERRORS YOU HAVE BEEN MOVED TO PHASE 1


ERRORS SECTION: ACCUMULATED SERVICE ERRORS FOR 30 DAY PERIOD
          BEGINNING 09-01-2005: ERROR RATE =  26.67%

| LOG DATE | TYPE | SERVICE ERROR DESCRIPTION |
|----------|------|---------------------------|
| 09-20-2005 | 70_HR_RULE | EXCEEDING 70 HOUR RULE AT 10:30 |
| 09-21-2005 | 70_HR_RULE | EXCEEDING 70 HOUR RULE AT 10:45 |
| 09-22-2005 | 70_HR_RULE | EXCEEDING 70 HOUR RULE AT 10:45 |
| 09-23-2005 | 70_HR_RULE | EXCEEDING 70 HOUR RULE AT 10:45 |
| 09-24-2005 | 70_HR_RULE | EXCEEDING 70 HOUR RULE AT 05:00 |
| 09-25-2005 | 70_HR_RULE | EXCEEDING 70 HOUR RULE AT 11:00 |
| 09-26-2005 | 70_HR_RULE | EXCEEDING 70 HOUR RULE AT 09:30 |
| 09-27-2005 | 70_HR_RULE | EXCEEDING 70 HOUR RULE AT 06:15 |

Britt/USA Truck00370

EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as )
ADMINISTRATRIX of the )
ESTATE OF JOHN W. BRITT, )
deceased, ) Case No. 2:06cv868-ID-CSC
)
Plaintiff, )
)
v. )
)
U S A TRUCK, Inc.; THEODORE )
LEVERNE JOHNSON; et al., )
)
Defendants. )

## AFFIDAVIT OF CASEY HANSEN

Before me, the undersigned notary public, personally appeared Casey Hansen, who duly states and testifies to the following:

1.    I am over the age of nineteen (19), of sound mind, and have personal knowledge of the matters attested to herein.

2.    I am Casey Hansen. I hold the position of Senior Safety Supervisor with USA Truck, Inc.

3.    During 2005, USA Truck, Inc. employed the TDSM computer system in auditing drivers' logs to ensure proper entry of hours of service and compliance with the Federal Motor Carrier Safety Regulations. The Federal Motor Carrier Safety Regulations require that a driver not drive more than 70 hours in eight (8) consecutive


EXHIBIT 6

days.

4.     Entry clerks manually entered the information from drivers' logs into the TDSM.  Log auditors were then responsible for reviewing the drivers' logs and counseling drivers over the telephone as to possible errors and proper entry of hours of service on their logbooks.

5.     Consecutive service errors referencing the 70 hour rule, such as those noted on the computer-generated document labeled "Britt/USA Truck00370" can represent either an error in entry on the part of (1) the driver, (2) the entry clerk, or (3) the log auditor, or a possible violation of the rule.

6.     The service errors noted in Britt/USA Truck00370 do not necessarily represent 70 hour rule violations.

7.     Britt/USA Truck00370 reflects absolutely no conclusions on the part of USA Truck, Inc. but simply notifies Mr. Johnson that "Due to log falsifications or errors, you have been moved to Phase 1."  This language does not indicate any type of finding on the part of USA Truck that Mr. Johnson had, in fact, falsified his logs or violated the 70 hour rule, but simply that a service error was noted.

8.     USA Truck, Inc. made no conclusions or findings of any kind based upon the information in Britt/USA Truck00370, but instead simply used it to counsel Mr. Johnson as to possible errors and to proper entry of hours of service on his logbooks.

9.     The Department of Transportation does not utilize the TDSM system or printouts such as Britt/USA Truck00370 in determining compliance with hours of service requirements under the Federal Motor Carrier Safety Regulations.

Casey Hansen

-2-

USA TRUCK, INC.

STATE OF ARKANSAS          )

COUNTY OF CRAWFORD     )

Before me, a Notary Public in and for said County, in said State, personally appeared Casey Hansen, whose name is signed to the foregoing Responses to First Interrogatories, and who is known to me or has provided proper identification and who, being by me first duly sworn and deposed, said that he has knowledge of the facts stated in the foregoing Interrogatories, and that the said facts as therein stated are true and correct.

Sworn to and subscribed before me on this the 8th day of January, 2008.

NOTARY PUBLIC

My Commission Expires: 2-08-14

OFFICIAL SEAL
JERI L. PARTLOW
NOTARY PUBLIC-ARKANSAS
CRAWFORD COUNTY
MY COMMISSION EXPIRES: 02-08-14

-3-

# FINAL ROAD TEST

*(The following is to be completed by the examiner)*

| SKILL | GRADE | REMARKS |
|---|---|---|
| Pre-Trip Inspection | P | |
| Drop & Hook | P | |
| Operation/Controls | P | |
| Shifting | P | |
| Turning | P | |
| Backing | P | |
| Parking | P | |
| Ramp Speeds | P | |
| Underpass/Clearance | P | |

Examiner: _____  Road Test: **P/F**  **Date**
P   9-2-05

Examiner: **DB**  Log/Map Test:  **P**   **9-2-05**

Examiner: _____  Qualcomm Test:  P   9-2-05

*Grading scale: P=Pass, F=Fail,  N=Not tested*

Comments:_____
_____
_____
_____
_____

Britt/USA Truck00284

Student Driver Workbook    EXHIBIT 7

13

# USA TRUCK

Carrier: USA Truck, Inc.

<u>Instructions to Carrier:</u> If the road evaluation is successfully completed, the person who gave it must complete this certificate of road evaluation in duplicate, retain the original in the files of the employing carrier, and provide a copy to the person examined. (See 391.31)(e)(f)(g)(l)(2) of the Motor Carrier Safety Regulations).

Driver's Name Theodore Johnson Social Security No. 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
Commercial Driver's License No. 1300631          State  DE.
Type of Power Unit  TRACTOR          Type of Trailer(s) VAN

This is to certify that the above-named driver was given a road evaluation under my supervision on 9-2 20 05 consisting of approximately 10 miles of driving. It is my considered opinion that this driver possesses sufficient driving skill to operate safely the type of commercial motor vehicle listed above.

_____          Examiner
Signature of Examiner               Title

USA Truck, Inc.          3108 Industrial Park Road          Van Buren, Ar 72956
                         Organization and Address of Examiner

Britt/USA Truck00331

Revised 2/14/00

EXHIBIT 8



**USA TRUCK**
Student Road Evaluation
Carrier: **USA Truck, Inc.**

**Instructions to Carrier:** If the road evaluation is successfully completed, the person who gave it must complete this certificate of road evaluation in duplicate, retain the original in the files of the employing carrier, and provide a copy to the person examined. (See 391.31)(e)(f)(g)(!)(2) of the Motor Carrier Safety Regulations).

Driver's Name _____ Theodore Johnson _____ Social Security No. ___ 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 _____
Commercial Driver's License No. _ 1300631 _____ State ___ DE ____
Type of Power Unit __ 703 _____ Type of Trailer(s) _ VAN __

This is to certify that the above-named driver was given a road evaluation under my supervision on _____ 7-29 20 05 _ consisting of approximately three miles of driving. It is my considered opinion that this driver possesses sufficient driving skill to operate safely the type of commercial motor vehicle listed above.

_____          _____
**Signature of Examiner**                          **Title**

USA Truck, Inc. _____ 3108 Industrial Park Road _____ Van Buren, Ar 72956
Organization and Address of Examiner

Britt/USA Truck00332

Revised 2/14/00