IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LANDRIA BRITT, as Administratrix )
of the Estate of JOHN W. BRITT, )
Deceased, )
 )
       *Plaintiff,* )
 )
vs. )    CIVIL ACTION NO. 2:06cv868-ID-CSC
 )
U S A TRUCK, INC.; THEODORE )
LEVERNE JOHNSON, *et al.,* )
 )
       *Defendants.* )

## PLAINTIFF'S REQUESTED JURY CHARGES

NOW COMES the plaintiff, **LANDRIA BRITT TYLER**, Administratrix of the Estate of

JOHN W. BRITT, Deceased, by and through her attorneys, and respectfully submits to the

Court the attached requested jury charges.

Respectfully submitted this the 15th day of February, 2008.

Respectfully submitted,


   /s/ *Kenneth J. Mendelsohn*
KENNETH J. MENDELSOHN


  /s/ *David E. Allred*
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:     (334) 396-9977

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
Telephone:    (334) 213-2323
Facsimile:     (334) 213-5663

### CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of February, 2008 electronically filed the

foregoing *Plaintiff's Requested Jury Charges* with the Clerk of the Court for the United States

District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF

system, which will send notification of such filing to:

      Thomas L. Oliver, II, Esq.
      Lea Richmond, IV, Esq.
      CARR ALLISON
      100 Vestavia Parkway
      Birmingham, Alabama 35216

                __/s/ David E. Allred_____
                OF COUNSEL

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 1

Plaintiff Landria Britt says that her husband was killed by Defendants Johnson and U S A Truck, Inc.'s  negligent conduct.  To recover damages on this claim, Landria Britt must prove to your reasonable satisfaction all of the following:

1.      That Theodore Leverne Johnson and/or U S A Truck, Inc. was negligent.

2.      That John Britt was killed; and

3.      That Defendant Johnson's and/or U S A Truck, Inc's negligence was a cause of John Britt's death.

APJI 28.00.

GIVEN _____          REFUSED _____

### PLAINTIFF'S REQUESTED JURY CHARGE NO. 2

The driver of a motor vehicle upon a public highway is under a duty to exercise reasonable care to avoid inflicting injury upon others who may be lawfully using the same public highway.

Reasonable care means such care as a reasonably prudent person would exercise under the same or similar circumstances.

APJI 26.00.

GIVEN _____          REFUSED _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 3

A driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway. A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a vehicle which he could have discovered in time to avoid the injury.

A driver is also negligent if he sees a vehicle located in a dangerous situation upon a highway and does not then exercise due care to avoid injury.

APJI 26.08.

GIVEN _____        REFUSED _____

## <u>PLAINTIFF'S REQUESTED JURY CHARGE NO. 4</u>

If one is guilty of negligence which occurs or combines with the negligence of another, and the two combine to produce injury, each negligent person is liable for the resulting injury and the negligence of each will be deemed the proximate cause of the injury.

APJI 33.01.

GIVEN _____          REFUSED _____

## Plaintiff's Requested Jury Charge No. 5

      Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result.  Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury.

APJI 29.00.


         Given _____        Refused _____

## Plaintiff's Requested Jury Charge No. 6

Contributory negligence is a defense only as to actions based upon negligence. Contributory negligence is not a legal defense to the plaintiff's cause of action based upon wantonness.

APJI 32.02A.

GIVEN _____        REFUSED _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 7

In this case, Landria Britt claims that the defendant, U S A Truck, Inc., is guilty of wrongfully destroying, hiding, or concealing material evidence, including attempts to influence a witness's testimony.  If you are reasonably satisfied from the evidence that the defendant did or attempted to wrongfully destroy, hide, or conceal material evidence, then that fact may be considered as an inference of Defendant U S A's guilt, culpability, or awareness of the defendants' negligence.

APJI 15.13.
*Liberty National Life Ins. Co. v. Sanders,* 792 So.2d 1069 (Ala.2000)

GIVEN _____        REFUSED _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 8

The cause of harm is that cause that naturally and probably brings about the harm.

APJI 33.00.

GIVEN _____        REFUSED _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 9

The Alabama Rules of the Road consist of a number of statutes enacted into law by your legislature regulating the flow of traffic upon the highways of this State.

The violation of certain of these Rules of the Road by persons using the public highways is negligence as a matter of law. Such negligence, however, in order to be actionable on the part of the plaintiff or a defense on the part of the defendant must proximately contribute to the injury complained of by the plaintiff.

I will now read to you certain of these Rules of the Road, the violation of which is negligence as a matter of law. The fact that I read these statutes is no indication that any of these statutes has been violated or that any such violation proximately caused or proximately contributed to the injury complained of by the plaintiff. It is for you to decide whether or not the statutes have been violated and whether or not any such violation proximately caused or proximately contributed to the injury complained of by the plaintiff, depending on what you find the facts to be.

APJI 26.11

*Code of Alabama*, § 32-5A-111 reads as follows:

"The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."

*Code of Alabama*, § 32-5A-133 reads as follows:

"(a)   No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.

(b)   A signal of intention is turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

*Code of Alabama*, § 32-9A-2 reads as follows:

"(a) . . . no person may operate a commercial motor vehicle in this state, or fail to  maintain required records or reports, in violation of the federal motor

carrier safety regulations as prescribed by the U. S. Department of Transportation."

I further charge you members of the jury, that the Federal Motor Carrier Safety Regulations in effect at the time of the occasion complained of read as follows:

*Osborne Truck Lines, Inc. v. Langston*, 454 So.2d 1317, 1325 (Ala. 1984).

**§382.213 Controlled substances use:**

"(a)    No driver shall report for duty or remain on duty requiring the performance of safety-sensitive functions when the driver uses any controlled substance . . .

(b)    No employer having actual knowledge that a driver has used a controlled substance shall permit the driver to perform or continue to perform a safety-sensitive function."

**§382.215 Controlled substances testing:**

"No driver shall report for duty, remain on duty or perform a safety-sensitive function, if the driver tests positive or has adulterated or substituted a test specimen for controlled substances.    No employer having actual knowledge that a driver has tested positive or has adulterated or substituted a test specimen for controlled substances shall permit the driver to perform or continue to perform safety-sensitive functions.

[66 FR 43106 August 17, 2001]"

**§392.4 Drugs and other substances:**

.   .   .   .   .
"(a)(1)   Any 21 CFR 1308.11 Schedule 1 substance;

(a)(2)    An amphetamine or any formulation thereof (including, but not limited, to 'pep pills,' and 'bennies');

(a)(3)   A narcotic drug or any derivative thereof; or

(a)(4)   Any other substance, to a degree which renders the driver incapable

of safely operating a motor vehicle."

**§40.87:**

I charge you that under the FMCSRs, the cut-off limit for initial and confirmation tests for marijuana metabolites are 50 ng/ml initial and 15 ng/ml confirmation. If you find from the evidence that Defendant Johnson's test results showed a concentration in excess of these levels, then Johnson's level exceeded the limit allowed under the regulations, and Johnson did not meet DOT qualifications to operate a tractor-trailer rig.

**§395.3 Maximum driving time for property-carrying vehicles:**

.  .  .  .  .

"(a)  No motor carrier shall permit or require any driver used by it to drive a property-carrying commercial motor vehicle, nor shall any such driver drive a property-carrying commercial motor vehicle:

(a)(1)  More than 11 cumulative hours following 10 consecutive hours off duty; or

(a)(2)  For any period after the end of the 14th hour coming on duty following 10 consecutive hours off duty, except when a property-carrying driver complies with the provisions of §395.1(o) or §395(e)(2)."

**§395.8 Driver's record of duty status:**

"(a) Except for a private motor carrier of passengers (nonbusiness), every motor carrier shall require every driver used by the motor carrier to record his/her duty status for each 24 hour period using the methods prescribed in either paragraphs (a)(1) or (2) of this section.

(a)(1)  Every driver who operates a commercial motor vehicle shall record his/her duty status, in duplicate, for each 24 hour period.

.  .  .  .  .

(f)(1)  **Entries to be current**.  Drivers shall keep their record of duty status current to the time shown for the last change of duty status."

**§393.60 Glazing in specified openings:**

.  .  .  .  .

"(c)  *Windshield condition*.  With the exception of the conditions listed in paragraphs (c)(1), (c)(2), and (c)(3) of this section, each windshield shall be free of discoloration or damage in the area extending upward from the height of the top of the steering wheel (excluding a 51 mm (2 inch) border at the top of the windshield) and extending from a 25 mm (1 inch) border at each side of the windshield or windshield panel.  *Exceptions:*

.  .  .  .  .

(e)  *Prohibition on obstructions to the driver's field of view* — (1) *Devices mounted at the top of the windshield*.  Antennas, transponders, and similar devices must not be mounted more than 152 mm (6 inches) below the upper edge of the windshield.  These devices must be located outside the area swept by the windshield wipers, and outside the driver's sight lines to the road and highway signs and signals."

## §392.3 Ill or fatigued operator:

"No driver shall operate a motor vehicle, and a commercial motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. However, in a case of grave emergency where the hazard to occupants of the commercial motor vehicle or other users of the highway would be increased by compliance with this section, the driver may continue to operate the commercial motor vehicle to the nearest place at which that hazard is removed.

[35 FR 7800, May 21, 1970, as amended at 60 FR 38746, July 28, 1995]."

GIVEN _____        REFUSED _____

## P<small>LAINTIFF'S</small> R<small>EQUESTED</small> J<small>URY</small> C<small>HARGE</small> N<small>O.</small> 10

If you are reasonably satisfied by the evidence that Defendant U S A Truck, Inc. negligently entrusted the tractor-trailer rig to Defendant Theodore Leverne Johnson, whom the defendant, U S A, knew or by the exercise of reasonable care should have known was incompetent to use or operate the tractor-trailer truck and that the plaintiff's husband was killed as a proximate result of Defendant Johnson's incompetence, then in such event Defendant U S A Truck, Inc. is responsible to Landria Britt for such damages.

APJI 28.20.

G<small>IVEN</small> _____          R<small>EFUSED</small> _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 11

In lawsuits such as this, all persons are jointly and severally liable for the proximate results of their negligence.

APJI 28.08.


GIVEN _____          REFUSED _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 12

A principal is liable to others for the negligent acts or omissions of his agent, done within the scope of his employment and within the line of his duties.

APJI. 3.06.


GIVEN _____        REFUSED _____

## Plaintiff's Requested Jury Charge No. 13

When knowledge of a technical subject matter might be helpful the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness' income.

FEDCIV-JI11 BI 5.2.

GIVEN _____          REFUSED _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 14

The plaintiff claims the defendants wantonly operated their motor vehicle, Defendant U S A wantonly entrusted the tractor-trailer truck, Defendant U S A wantonly failed to train, monitor, and supervise Defendant Johnson and that the defendants wantonly injured John Britt as a proximate consequence of the defendants' wantonness.

The defendants by answer deny that they were wanton.

This presents for your determination the following:

Was either defendant guilty of wantonness as claimed by the plaintiff?

If so, was the wantonness of either defendant the proximate cause of any injury sustained by the plaintiff?

If so, what sum of money will fairly and reasonably compensate the plaintiff for the injury so sustained, taking also into consideration the question of punitive damages as will be explained to you later?

If either of the above elements are not proven to your reasonable satisfaction as to any defendant, then the plaintiff would not be entitled to recover against that defendant under the plaintiff's claim based on wanton conduct.

APJI 21.02.

GIVEN _____          REFUSED _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 15

In a suit brought for a wrongful act, omission, or negligence causing death the damages recoverable are punitive and not compensatory. Damages in this type of action are entirely punitive, imposed for the preservation of human life and as a deterrent to others to prevent similar wrongs. The amount of damages should be directly related to the amount of wrongdoing on the part of the defendants. In assessing damages you are not to consider the monetary value of the life of the decedent, for damages in this type of action are not recoverable to compensate the family of the deceased from a pecuniary standpoint on account of his death nor to compensate the plaintiff for any financial or pecuniary loss sustained by her or the family of the deceased on account of his death.

Your verdict should be based on sympathy, passion or bias, but should be directly related to the culpability of the defendants and the necessity of preventing similar wrongs in the future.

APJI 11.18.

GIVEN _____          REFUSED _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 16

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case; and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages you must first award compensatory damages or nominal damages. Further, the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in wantonness with regard to the plaintiff.

Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in the minds of the jury a firm conviction and a high probability as to the correctness of their conclusion. Proof by clear and convincing evidence requires a level or proof greater than a preponderance of the evidence or a substantial weight of the evidence, but less than beyond a reasonable doubt.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

APJI 11.03.

GIVEN _____        REFUSED _____

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 17

When an agent commits wantonness within the line and scope of his employment, his principal is also liable for such wantonness regardless of the principal's lack of actual participation in such wantonness of his agent.

APJI 29.02.

GIVEN _____          REFUSED _____