## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LANDRIA BRITT, as** | ) | |
| **ADMINISTRATRIX of the** | ) | |
| **ESTATE OF JOHN W. BRITT,** | ) | |
| **deceased,** | ) | **Case No. 2:06cv868-ID-CSC** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U S A TRUCK, Inc.; THEODORE** | ) | |
| **LEVERNE JOHNSON; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

---

COME NOW the Defendants, **Theodore L. Johnson** and **USA Truck, Inc.**,

(hereinafter "Defendants"), pursuant to the Court's Order (Doc. 98) and proposes the

following jury instructions:

## I.    NEGLIGENCE—ELEMENTS OF LIABILITY

Plaintiff, Landria Britt, as the Administratrix of the Estate of John W. Britt, deceased, claims that the negligent conduct of Theodore L. Johnson caused John W. Britt's death.

To recover damages on this claim, Landria Britt, as the Administratrix of the Estate of John W. Britt, deceased, must prove to your reasonable satisfaction all of the following:

1. That Theodore L. Johnson was negligent;

2. That John W. Britt died; and

3. That Theodore L. Johnson's negligence was a cause of John W. Britt's death.

See Alabama Pattern Jury Instruction 28.00

_____ Accepted; _____ Denied.

## II.     NEGLIGENCE—DEFINITION

Negligence is the failure to use reasonable care to prevent harm to oneself or others.  A person's conduct is negligent when *[he/she]* either does something that a reasonably prudent person would not do in a similar situation, or *[he/she]* fails to do something that a reasonably prudent person would have done in a similar situation. You must decide if Theodore L. Johnson was negligent in this situation.

<u>See</u> <u>Alabama Pattern Jury Instruction</u> 28.01.

_____ Accepted;  _____ Denied.

## III.   PROXIMATE CAUSE - DEFINITION

The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred. See Gooden v. City of Talladega, 966 So. 2d 232, 239 (Ala. 2007)(quoting Martin v. Arnold, 643 So. 2d 564, 567 (Ala. 1994)).

_____ Accepted;  _____ Denied.

## IV.    PLAINTIFF'S NEGLIGENCE CLAIM—GENERAL DENIAL

The Plaintiff claims that Theodore L. Johnson was negligent in and about the operation of his motor vehicle and that his negligence proximately caused the death of John W. Britt.   The Defendants, in answer to Plaintiff's Complaint, deny that Theodore L. Johnson acted negligently.

This presents for your determination the following.

Was Theodore L. Johnson negligent as claimed by the Plaintiff?

If so, was such negligence of Theodore L. Johnson  the proximate cause of the death of John W. Britt?

If either of the above elements are not proven to your reasonable satisfaction as to Theodore L. Johnson, then your verdict should be in favor of the Defendants. See Alabama Pattern Jury Instruction 21.01

_____ Accepted; _____ Denied.

## V.   PLAINTIFF'S NEGLIGENCE CLAIM—DEFENSE OF CONTRIBUTORY NEGLIGENCE

The Defendants have also interposed a defense of contributory negligence. By this defense the Defendants claim that at the time and place specified, John W. Britt was negligent in and about the operation of his motor vehicle by failing to keep a proper lookout and by operating his vehicle while under the influence of marijuana, and that John W. Britt's own negligence proximately caused or proximately contributed to cause his death.

If you are reasonably satisfied from the evidence that John W. Britt was guilty of contributory negligence as claimed by the Defendants, the Plaintiff would not be entitled to recover.

See Alabama Pattern Jury Instruction 21.03

_____ Accepted; _____ Denied.

## VI.    CONTRIBUTORY NEGLIGENCE PER SE

Just as you were instructed the Plaintiff could prove negligence on the part of Theodore L. Johnson by proving to your reasonable satisfaction that he had violated a rule of the road, the Defendants can (likewise) prove contributory negligence on the part John W. Britt by proving to your reasonable satisfaction that John W. Britt violated a rule or rules of the road; however, before such violation would be a defense on the part of the Defendants, such violation must proximately cause or proximately contribute to the injury complained of by the Plaintiff.

I will now read to you certain of these rules of the road, the violation of which is contributory negligence as a matter of law.  The fact that I read these statutes is no indication that any of these statutes have been violated or that such violation proximately caused or proximately contributed to the injury complained of by the Plaintiff.  It is for you to decide whether or not the statutes have been violated and whether or not any such violation proximately caused or proximately contributed to the injury complained of by the Plaintiff, depending on what you find the facts to be.

### § 32-5A-191.  DRIVING UNDER THE INFLUENCE

**(a)** A person shall not drive or be in actual physical control of any vehicle while:

**(3)** Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;

-7-

**(5)** Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving.

See Alabama Pattern Jury Instruction 26.19

_____ Accepted; _____ Denied.

## VII.  DUTY TO KEEP A LOOKOUT

A driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of hazards upon the highway.  A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant driver would have seen, and is negligent or contributory negligent if he fails to discover a hazard which he could have discovered in time to avoid the injury.  A driver is also negligent or contributory negligent if he sees a hazard located in a dangerous situation upon a highway and does not then exercise due care to avoid the accident.

See Alabama Pattern Jury Instruction 26.08

_____ Accepted; _____ Denied.

## VIII.  VOLUNTARY INTOXICATION

A person who is voluntarily intoxicated must use the same care as a sober person would use in a similar situation.   A person who voluntarily becomes intoxicated is required to exercise the same degree of care as is required of a sober person under the same or similar circumstances. It is proper for you to consider whether or not the defendant was intoxicated, together with all other facts and circumstances, in determining whether or not the defendant was negligent at the time of the occurrence.

See Alabama Pattern Jury Instruction 28.14

_____ Accepted; _____ Denied.

## IX.    WRONGFUL DEATH

In a suit brought for a wrongful act, omission, or negligence causing death the damages recoverable are punitive and not compensatory.  Damages in this type of action are entirely punitive, imposed for the preservation of human life and as a deterrent to others to prevent similar wrongs.  The amount of damages should be directly related to the amount of wrongdoing on the part of the Defendants.   In assessing damages you are not to consider the (pecuniary) (monetary) value of the life of the decedent, for damages in this type of action are not recoverable to compensate the family of the deceased from a (pecuniary) (monetary) standpoint on account of his death, nor to compensate the plaintiff for any financial or pecuniary loss sustained by her or the family of the deceased on account of his death.

Your verdict should not be based on sympathy, prejudice, passion or bias, but should be directly related to the culpability of the Defendants and necessity of preventing similar wrongs in the future.

See Alabama Pattern Jury Instruction 11.18

_____ Accepted; _____ Denied.

s/ Lea Richmond, IV
Thomas L. Oliver, II (ASB-3153-R53T)
Lea Richmond, IV (ASB-8479-l74R)
**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:    (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2008, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Mendelsohn, Esq.
JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117

David E. Allred, Esq.
LAW OFFICES OF DAVID E. ALLRED
Post Office Box 241594
Montgomery, AL 36124-1594

 s/ Lea Richmond, IV
OF COUNSEL

-12-