IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANDRIA BRITT, as Administratrix of the Estate of JOHN W. BRITT, Deceased, | )<br>)<br>)<br>) |
| *Plaintiff,* | )<br>) |
| vs. | ) CIVIL ACTION NO. 2:06cv868-ID-CSC<br>) |
| U S A TRUCK, INC.; THEODORE LEVERNE JOHNSON, *et al.*, | )<br>)<br>) |
| *Defendants.* | ) |

## PLAINTIFF'S FIRST SUPPLEMENTAL REQUESTED JURY CHARGES

Now comes the plaintiff, **Landria Britt Tyler**, Administratrix of the Estate of John W. Britt, Deceased, by and through her attorneys, and respectfully submits to the Court the attached supplemental requested jury charges.

Respectfully submitted this the 15th day of February, 2008.

Respectfully submitted,

   /s/ *Kenneth J. Mendelsohn*
KENNETH J. MENDELSOHN

   /s/ *David E. Allred*
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663

### CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of February, 2008 electronically filed the foregoing *Plaintiff's First Supplemental Requested Jury Charges* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

>   Thomas L. Oliver, II, Esq.
>   Lea Richmond, IV, Esq.
>   CARR ALLISON
>   100 Vestavia Parkway
>   Birmingham, Alabama 35216

                                        __/s/ David E. Allred_____
                                        OF COUNSEL

## P<small>LAINTIFF'S</small> R<small>EQUESTED</small> J<small>URY</small> C<small>HARGE</small> N<small>O</small>. 18

If a person, without fault of his own, is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, and the fact, if it be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence, but the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances.

APJI 28.15.

G<small>IVEN</small> _____        R<small>EFUSED</small> _____